Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

Vs.                          Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

**Elena Sammons**
**Michael Sammons**
    **Third-party Plaintiffs**

    Vs.
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
    **Third –Party Defendants**

## FIRST AMENDED THIRD PARTY COMPLAINT

Third-Party Plaintiffs, **Michael and Elena Sammons**, file this "First Amended Third-Party Complaint" against **Cede & Co., The Depository Trust Company ("DTC"),** and **COR Clearing** and allege as follows:

1

## **THE PARTIES**

1. The original Plaintiff is China Energy Corporation ("CEC"), a Nevada domestic corporation doing business in China.

2. Third-Party Plaintiff Elena Sammons is a resident and citizen of the State of Texas.

3. Elena Sammons was the beneficial owner of 650,000 shares of China Energy Corporation ("CEC"), held in a retirement account with stockbroker Just2Trade.

4. Third-Party Defendant Cede & Co. is the shareholder of record for the 650,000 shares of CEC.  The primary place of business of Cede & Co. is New York City, New York.

5. Third-Party Defendant DTC is the nation's largest securities depository; its nominee Cede & Co. is the registered owner of certificated and uncertificated/book-entry stocks and bonds for its paticipants which include COR Clearing.

6. Through its nominee Cede & Co., the DTC acts like a clearing house to settle trades in corporate and municipal securities.  The primary place of business of DTC is New York City, New York.

7. Third-Party Defendant COR Clearing is a participant of DTC and is responsible for the clearing and settlement of stock trades of customers of Just2Trade, including Elena Sammons. The primary place of business of COR Clearing is Omaha, Nebraska.

8. All three Third-Party Defendants have the fiduciary obligation to cooperate with each other to timely and properly assert dissenters' rights for a beneficial shareholder and customer of Just2Trade upon proper and timely request by such customer.

9. Michael Sammons is a resident and citizen of the State of Texas, and has been married to Elena Sammons for 19 years, first moving to Texas in 1998.

10. All funds in the retirement account with Just2Trade were earned and deposited by Elena Sammons while Michael and Elena Sammons were married and living in Texas.

11. Michael Sammons has an equal community property financial interest in all assets held in the retirement account in the name of "Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA", including the 650,000 shares of CEC, see <u>Texas Family Code</u> Sec. 3.002, Sec. 3.003, and Sec 3.102(c), and had primary responsibility to control and manage such retirement account.

... 

## JURISDICTION AND VENUE

12. Jurisdiction of this Court exists pursuant to 28 USC §1332, §1441 and §1446, and §2201 where complete diversity of citizenship exists, and the amount in controversy is approximately $3,068,000. This is a removed action based upon NRS 92A.300-500 seeking declaratory judgments.

13. Venue is proper in this district because the rights, obligations, and activities that give rise to this action were to be performed in the District of Nevada.

14. The original Complaint was filed in state court on September 27, 2013 in the 1st Judicial District Court for the County of Carson City, Nevada. See Exhibit A, attached.

15. The petition for Removal to U.S. District Court from the state court was filed on October 8, 2013.

## GENERAL ALLEGATIONS

16. On July 3, 2013, CEC filed a Certificate of Amendment to its Articles of Incorporation, effecting a 1 for 12, 000,000 cash-out reverse split.

17. Prior to the reverse split, and in anticipation of the reverse split, Michael Sammons requested that Cede & Co., the shareholder of

record for all shares of CEC shares beneficially owned by Michael and/or Elena Sammons, provide a "Consent Letter" which would have allowed Michael and Elena Sammons to handle perfecting their dissenter's rights on their own, pursuant to NRS 92A.400(2).

18. NRS 92A.400(2) states that: "A beneficial stockholder may assert dissenter's rights as to shares held on his or her behalf only if the beneficial stockholder: (a) submits to the subject corporation the *written consent of the stockholder of record to the dissent ...*"

19. DTC responded to the request by refusing to provide a "Consent Letter" and DTC further stated that if a shareholder wanted to dissent he or she must allow DTC to handle it for the beneficial shareholder, for which DTC would charge each account a fee of $400.

20. The 650,000 shares of CEC beneficially owned by Elena Sammons were registered in the name of Cede & Co., the nominee name of DTC.

21. Cede & Co. is the nominee name used by DTC, and holds shares of stock in the Cede & Co. nominee name in order to expedite stock transactions.

22. Cede & Co. and the DTC are separate legal entities.

23. On or about July 11, 2013, CEC's stock transfer agent, Quicksilver Stock Transfer, LLC ("Quicksilver") mailed (a) a form transmittal

letter (for consenting stockholders) and (b) a dissenters' rights notice with a form demand letter attached ("Dissenter's Rights Package") to Cede & Co.

24. The Dissenter's Rights Notice sent to Cede & Co. stated that CEC must receive a Payment Demand letter and stock certificates from any dissenting shareholder desiring a judicial appraisal, within 30 days of receipt of the Dissenter's Rights Notice.

25. On or about August 2, 2013, Cede & Co., the shareholder of record of 650,000 shares held for beneficial shareholder Elena Sammons, delivered an "Assertion of Appraisal Rights" to CEC on behalf of Elena Sammons, and stated that further correspondence should be addressed to "Elena Sammons, MD." However, this "fill-in-the-blank" letter contained two typos: (i) Elena Sammons' street address was listed as "145706 Seekers St", rather than the correct "15706 Seekers St", and (ii) the number of shares listed was "650,800" rather than the correct "650,000 shares."

26. On August 7, 2013, Elena Sammons delivered to CEC a Payment Demand Letter, stating (a) the number of shares held prior to February 20, 2013, and (b) demanding 28.93 Chinese yuan per share

for each of her 650,000 shares for a total of 18,804,500 Chinese yuan. This was equivalent to $4.72/share for a total of $3,068,000.

27. The Payment Demand Letter had the correct address and number of shares.

28. On or about August 8, 2013, Cede & Co. delivered to CEC a withdrawal of the "assertion of dissenters' rights" for the (incorrect total) 650,800 shares of CEC for Elena Sammons, and simultaneously delivered a new "assert appraisal (or dissenters') rights" for the (correct total) of 650,000 shares of CEC beneficially owned by "Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA" with instructions that future correspondence should be a addressed to "Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA".

29. On or about August 9, 2013 Elena Sammons delivered to CEC a short letter noting the two typos and requesting that their records be corrected.

30. On August 1, 2013 the 650,000 shares of CEC were not represented by a specific certificate, but rather were "book entry" in the name of Cede & Co. on the books of Quicksilver.

31. It was not necessary for the Third-Party Defendants to order a new certificate for the 650,000 shares of CEC included in the Cede & Co. "book entry" total on the books of Quicksilver, because pursuant to NRS 92A.440(3) "once a stockholder ... in the case of uncertified shares makes a demand for payment that shareholder loses all rights as a stockholder."

32. By unnecessarily ordering a new physical stock certificate the Third-Party Defendants created the risk of untimely delivery of such certificate which, pursuant to the requirements in the Dissenters" Rights Notice, could terminate the right to appraisal.

33. The Third-Party Defendants failed to deliver the new 650,000 share CEC certificate within the deadline stated in the Dissenters' Rights Notice and CEC elected to terminate the right to appraisal.

34. Due to the joint decisions and actions of Cede & Co., the DTC, and COR Clearing, which unnecessarily caused Quicksilver to print and deliver a new stock certificate for 650,000 shares, in the name of Cede & Co., to COR Clearing, the stock certificate was not delivered to CEC within the time required by the Dissenters' Rights Notice and CEC elected to terminate the right to appraisal.

35. Due to the joint decisions and actions of Cede & Co., the DTC, and COR Clearing, which unnecessarily caused Quicksilver to print and deliver a new stock certificate for 650,000 shares, in the name of "Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA", to COR Clearing, the stock certificate was not delivered to CEC within the time required by the Dissenters' Rights Notice and CEC elected to terminate the right to appraisal.

36. On or about September 27, 2013, CEC delivered to Elena Sammons a letter stating that due to the following alleged filing errors the dissent and demand for appraisal for the 650,000 shares was invalid and her right to appraisal was terminated:

   (a) "Your stock certificate, registered in the name of CEDE & Co., was not deposited with the Company within the 30 days after the Dissenters' Rights Notice was delivered to CEDE & Co., as required in the Dissenters' Rights Notice and by NRS Section 92A.440(1)(c) and NRS Section 92A.440(5)."

   (b) (not relevant)

   (c) "It appears that the Shares with respect to which you have attempted to exercise dissenters' rights are actually legally and beneficially owned by Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA ("Fiduciary"), so that the demand and certifications required by NRS Section 92A.440 (1) were required to be made by the Fiduciary rather than you in your individual capacity."

(d) "The first assertion of dissenters' rights made by CEDE & Co. on your behalf was subsequently withdrawn and voided by CEDE & Co. That assertion of dissenters' rights was deficient because it stated that you were the beneficial owner of the shares in your individual capacity and that you beneficially owned 650,800 Shares, which was also incorrect. Later, a new assertion of dissenters' rights was made by Cede & Co. with respect to such Shares on behalf of the Fiduciary. However, the new assertion of dissenters' rights was delivered to the transfer agent for the Company (rather than to the Company itself, as required by the terms of the Dissenters' Rights Notice) well after the deadline required by the Dissenters' Rights Notice and by NRS Section 92A.440(1)(b) and NRS 92A.440(5).

37. On September 27, 2013, CEC filed this original action in state court claiming that Elena Sammons forfeited her dissenter's rights due to the above, and other, errors by Cede & Co. See <u>Exhibit A</u>, attached.

**CLAIM FOR RELIEF**

38. Third-Party Plaintiffs incorporate by reference each of the allegations previously stated in this Third-Party Complaint as though set forth fully herein.

39. Pursuant to NRS 92A.440(1), a stockholder who receives a dissenters rights package and who wishes to exercise dissenter's rights must do the following:

      (a)    Demand payment;
      (b)    Certify when shares acquired;
      (c)    Deposit the stock certificates, if any, in accordance with the terms of the notice.

40. The Third-Party Defendants jointly assumed responsibility for properly asserting Elena Sammons dissenter's rights pursuant to NRS 92A.300-500 for which a fee of $400 was to be paid pursuant to a contract or binding agreement between the Third-Party Defendants and Just2Trade for intended third-party beneficiary Elena Sammons.

41. But for such breach of contract, breach of fiduciary obligations, and negligence, represented by the errors identified in #36(a),(c), and (d) above, Elena Sammons would have perfected her right to judicial appraisal of her 650,000 shares of CEC.

42. Accordingly, Michael and Elena Sammons request a declaration that if they failed to perfect their right to judicial appraisal of the 650,000 shares of CEC it was caused by error(s) of the Third-Party Defendants which constituted breach of contract, breach of fiduciary obligations, and/or negligence.

**PRAYER FOR RELIEF**

**WHEREFORE**, Michael and Elena Sammons pray for relief against the Third-Party Defendants as follows:

1. A judicial declaration that, but for the errors of the Third-Party Defendants, the Third-Party Plaintiffs would have perfected their right to judicial appraisal of the 650,000 shares of CEC;
2. Costs;
3. For such other and further relief in the Third-Party Plaintiffs' favor as this Court deems just and proper.

Respectfully submitted:

_____
Elena Sammons, pro se

_____
Michael Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 29 day of JAN, 2014.

_____
Michael Sammons, pro se

12