```
GORDON SILVER                                          REC'D & FILED
MICHAEL FEDER
Nevada Bar No. 7332                                    2013 SEP 27 PM 4:40
MFeder@gordonsilver.com
JUSTIN J. BUSTOS                                       ALAN GLOVER
Nevada Bar No. 10320                                BY     V. Alegria   CLERK
JBustos@gordonsilver.com                               _____
ANJALI D. WEBSTER                                           DEPUTY
Nevada Bar No. 12515
AWebster@gordonsilver.com
100 W. Liberty Street, Suite 940
Reno, NV 89501
Telephone: (775) 343-7500
Facsimile: (775) 786-0103

ULMER & BERNE LLP
FRANCES FLORIANO GOINS
Ohio Bar No. 0018631
(pro hac vice application to be submitted)
fgoins@ulmer.com
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
Telephone: (216) 583-7202
Facsimile: (216) 583-7203

Attorneys for China
Energy Corporation
```

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF CARSON CITY

| | |
|---|---|
| CHINA ENERGY CORPORATION, a Nevada corporation, | CASE NO. |
| Plaintiff, | DEPT. NO. |
| vs. | |
| ALAN T. HILL; ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 10/07/2008, JUN HE, and RANDY DOCK FLOYD, | |
| Defendants. | |

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7500

## COMPLAINT

CHINA ENERGY CORPORATION files this Complaint against ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 10/07/2008, JUN HE, and RANDY DOCK FLOYD (collectively, "Defendants") and alleges as follows:

### I. THE PARTIES

1. Plaintiff China Energy Corporation ("CEC") is a Nevada domestic corporation.

2. Defendant Alan T. Hill is an individual and resident of Albuquerque, New Mexico. Mr. Hill claims to be the beneficial owner of a total of 665,039 shares of CEC, 185,400 shares in his individual capacity and 479,639 shares through TD Ameritrade, as the Trustee of a Roth IRA.

3. Defendant Michael Sammons is an individual and resident of San Antonio, Texas. Mr. Sammons and Dr. Elena Sammons claim to be the joint beneficial owners of 350,000 shares of CEC.

4. Defendant Elena Sammons is an individual and resident of San Antonio, Texas. In addition to the shares that she claims to beneficially own jointly with Mr. Sammons, Dr. Sammons claims to be the beneficial owner of an additional 650,000 shares of CEC through Delaware Charter Guarantee & Trust, as Trustee of a Roth IRA.

5. Thomas S. Vredeveoogd is the Trustee of defendant Kimberly J. Vredevoogd Trust U/A 10/07/2008 and resident of Byron Center, Michigan. Mr. Vredevoogd, as Trustee, claims to be the beneficial owner of 396,450 shares of CEC.

6. Defendant Jun He is an individual and resident of The Woodlands, Texas. Mr. He claims to be the beneficial owner of 62,725 shares of CEC.

7. Defendant Randy Dock Floyd is an individual and resident of Aynor, South Carolina. Mr. Floyd claims to be the beneficial owner of a total of 9,285 shares of CEC, 5,900 shares through ConBraco Industries, and 3,375 shares either through an entity by the name of "ShareBuilder" or in his individual capacity.

///

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7500

## II. JURISDICTION AND VENUE

8. Jurisdiction in this Court is appropriate under Article 6, Section 6 of the Nevada Constitution and NRS 92A.490(4).

9. The amount in controversy is in excess of $10,000.

10. Venue is proper in the First Judicial District pursuant to NRS 13.010 because the rights, obligations, and activities that give rise to this action were and are to be performed in the County of Carson City.

11. Venue is also proper in the First Judicial District pursuant to NRS 92A.490(2) because CEC's principal office in Nevada is located in the County of Carson City.

## III. GENERAL ALLEGATIONS

12. CEC produces and processes raw coal primarily for domestic heating, electrical generation and coking purposes for steel production in the People's Republic of China.

13. On July 3, 2013, CEC filed a Certificate of Amendment to its Articles of Incorporation, effectuating a 1 for 12,000,000 reverse stock split.

14. Prior to the reverse stock split, CEC's stock was publicly traded on the Over the Counter Bulletin Board securities market under the ticker symbol CHGY.

15. Each defendant in this action was, or claims to be, a beneficial owner of CEC stock.

16. None of the defendants were stockholders of record as of July 11, 2013. The shares of CEC in which the defendants claim beneficial ownership were, as of July 11, 2013, owned of record by Cede & Co.

17. Cede & Co. operates as a clearing house that holds shares of stock in its name in order to expedite stock transactions.

18. On July 11, 2013, CEC's stock transfer agent, Quicksilver Stock Transfer, LLC, sent (a) a form transmittal letter (for consenting stockholders) and (b) a dissenters' rights notice with a form demand letter attached (collectively, the "General Notice Package"), to a total of seven stockholders of record that resided outside of the People's Republic of China.

Gordon Silver
Attorneys At Law
Suite 640
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7500

19. The dissenters' notice sent to the stockholders of record provided that CEC must receive the demand for payment within 30 days of the notice.

20. Following the July 11, 2013, General Notice Package, CEC began receiving demand letters from dissenting stockholders.

21. Pursuant to Chapter 92A of the Nevada Revised Statutes, stockholders have a limited ability to exercise dissenters' rights with respect to certain corporate actions.

22. Each of the individual defendants sent demand letters and documents ("Demand") to CEC purporting to exercise their dissenter's rights.

23. However, each Demand was deficient in one or more ways in that each Demand failed to comply with the requirements of NRS 92A.440.

24. As a result of the deficiencies, on September 25, 2013, CEC wrote a letter to each individual defendant informing each defendant that the materials submitted to CEC do not satisfy the requirements of NRS 92A.440.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY RELIEF)

25. CEC incorporates by reference each of the allegations previously stated in this Complaint as though set forth fully herein.

26. Pursuant to Chapter 30 of the Nevada Revised Statutes, this Court has the power to declare rights, status and other legal relations concerning dissenters' rights under Chapter 92A of the Nevada Revised Statutes.

27. An actual controversy exists between CEC and Defendants because each individual defendant has sent materials to CEC purporting to exercise their dissenter's rights and seeking payment, and CEC has rejected each Demand because each and every Demand failed to comply with one or more requirements under Nevada law for exercising dissenter's rights as set forth in more detail in the following paragraphs.

28. Pursuant to NRS 92A.440, a stockholder who receives a dissenter's notice and who wishes to exercise dissenter's rights must do the following:

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775)-343-7500

(a) Demand payment;

(b) Certify whether the stockholder or the beneficial owner on whose behalf he or she is dissenting, as the case may be, acquired beneficial ownership of the shares before the date required to be set forth in the dissenter's notice for this certification; and

(c) Deposit the stockholder's certificates, if any, in accordance with the terms of the notice.

29. On July 11, 2013, CEC caused a dissenters' rights notice to be sent to Cede & Co., the record stockholder for all of the shares of CEC in which the Defendants claim beneficial ownership.

30. Each notice stated that, within 30 days of the date that the Notice is delivered, each dissenting stockholder must: (i) deliver the completed Demand Letter; (ii) certify whether the stockholder acquired beneficial ownership of the shares before the date set forth in the Demand Letter; and (iii) deliver the certificates representing the dissenting shares to the Company.

31. Each notice further informed dissenting stockholders that the failure to comply would result in waiving the right to demand payment.

32. In accordance with the dissenters' rights notice, the last day for a stockholder to exercise dissenter's rights was August 10, 2013.

33. Defendants and each individual defendant failed to comply with the dissenters' rights notice and NRS 92A.440(c) in that they failed to timely deposit the stockholder's certificates on or before August 10, 2013, as required by the dissenters' rights notice.

34. In the alternative, since August 10, 2013, fell on a Saturday, Defendants and each individual defendant failed to comply with the dissenters' rights notice and NRS 92A.440(c) in that they failed to timely deposit the stockholder's certificates on or before August 12, 2013.

35. Individual defendants Alan T. Hill, Michael Sammons, Elena Sammons, and Trustee Thomas S. Vredeveoogd failed to comply with NRS 92A.440(a) in that the purported demand was expressed in Chinese Yuan instead of U.S. Dollars.

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7500

36. Individual Defendants Alan T. Hill, Trustee Thomas S. Vredeveoogd, and Randy Floyd failed to comply with NRS 92A.440(b) in that the demands were made in the name of beneficial owner rather than the legal owner.

37. Individual Defendants Jun He and Randy Floyd also failed to comply with NRS 92A.440(c) in that the demand letters stated that the owner was a record holder of Dell, Inc. shares rather than CEC shares.

38. Pursuant to NRS 92A.440(5), "[t]he stockholder who does not demand payment or deposit his or her certificates where required, each by the date set forth in the dissenter's notice, is not entitled to payment for his or her shares under this chapter."

39. Because each individual defendant failed to comply with one or more provisions of NRS 92A.440, no defendant is entitled to payment for his or her shares under Nevada's dissenters' rights statute.

40. Accordingly, CEC requests a declaration that each and every defendant failed to comply with Chapter 92A of the Nevada Revised Statutes and, therefore, that no defendant is entitled to payment under Chapter 92A.

41. As a result of Defendants' actions, CEC was forced to initiate this action. CEC is entitled to an award of its reasonable attorneys' fees and costs associated with this action.

## SECOND (ALTERNATIVE) CLAIM FOR RELIEF
## (PETITION FOR FAIR VALUE DETERMINATION)

42. CEC incorporates by reference each of the allegations previously stated in this Complaint as though set forth fully herein.

43. In the event the Court finds that one or more defendants complied with Chapter 92A, CEC petitions this Court for a fair value determination.

44. Pursuant to NRS 92A.490, if a demand for payment remains unsettled, the subject corporation shall commence a proceeding within sixty (60) days after receiving the demand and petition the court to determine the fair value of the shares and accrued interest.

45. Each defendant has demanded payment in varying amounts from CEC.

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775)-343-7500

46. This petition is timely because each defendant's demand was made less than sixty (60) days prior to the date of this petition.

47. Prior to the reverse stock split, CEC calculated the Fair Value of CEC stock as $0.14 per share.

48. As a result, stockholders that did not hold at least 12,000,000 pre-split shares are entitled to be paid $0.14 per pre-split share.

49. CEC seeks a judicial determination of the fair value of CEC stock prior to the reverse stock split and confirmation from the Court that the fair value prior to the reverse stock split was $0.14 per share.

50. As a result of Defendants' actions, CEC was forced to initiate this action. CEC is entitled to an award of its reasonable attorneys' fees and costs associated with this action.

## PRAYER FOR RELIEF

WHEREFORE, CEC prays for relief against Defendants as follows:

1. That judgment be awarded in favor of CEC in the form of a judicial declaration that:

   a. Each and every individual defendant failed to comply with NRS 92A.440; and

   b. No defendant is entitled to payment for his or her shares under Chapter 92A of the Nevada Revised Statutes.

2. In the alternative, for a judicial determination that the fair value of CEC prior to the reverse stock split was $0.14 per share.

3. For all CEC's attorneys' fees, costs and interest according to law; and

4. For such other and further relief in CEC's favor as this Court deems just and proper.

///
///
///
///
///

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7600

## AFFIRMATION

### Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 27th day of September, 2013.

GORDON SILVER

By: _____
MICHAEL FEDER
Nevada Bar No. 7332
JUSTIN J. BUSTOS
Nevada Bar No. 10320
ANJALI D. WEBSTER
Nevada Bar No. 12515

ULMER & BERNE LLP
FRANCES FLORIANO GOINS
Ohio Bar No. 0018631
(*pro hac vice* application to be submitted)

*Attorneys for China Energy Corporation*

Gordon Silver
Attorneys At Law
Suite 940
100 West Liberty Street
Reno, Nevada 89501
(775) 343-7500