**GORDON SILVER**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: mfeder@gordonsilver.com
JUSTIN J. BUSTOS
Nevada Bar No. 10320
Email: jbustos@gordonsilver.com
ANJALI D. WEBSTER
Nevada Bar No. 12515
Email: awebster@gordonsilver.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: (775) 343-7500
Fax: (775) 786-0103

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS *(Admitted Pro Hac Vice)*
Email: fgoins@ulmer.com
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7202
Fax: (216) 583-7203

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 1007/2008, JUN HE, and RANDY DOCK FLOYD,<br><br>Defendants. | CASE NO. 3:13-cv-00562-MMD-VPC |

**PLAINTIFF CHINA ENERGY CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL SAMMONS' AND ELENA SAMMONS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SHARES NOT REPRESENTED BY CERTIFICATES**

PLAINTIFF CHINA ENERGY CORPORATION ("CEC"), by and through its attorneys at the law firms of GORDON SILVER and ULMER & BERNE LLP, hereby submits this

Memorandum in Opposition to Defendant Michael Sammons' and Elena Sammons' Motion for Partial Summary Judgment regarding Shares Not Represented by Certificates (Doc. 104) (the "Motion"). This Opposition is supported by the following memorandum of points and authorities, Federal Rule of Civil Procedure 56, all pleadings and papers on file herein, and any other materials this Court may choose to consider.

For the reasons set forth below, the Defendants' Motion should be denied.

## MEMORANDUM OF POINTS & AUTHORITIES

The Sammonses, through their Motion, seek to excuse their failure to deposit certificates evidencing their shares with CEC prior to the deadline for compliance with NRS 92A.440 on two interrelated bases.

First, the Sammonses claim, based entirely on inadmissible hearsay, that their shares in CEC were "book entry" and/or uncertificated shares and that they could perfect their right to appraisal under NRS 92A.440 without submitting physical stock certificates. But the Sammonses admit that prior to the deadline to demand a dissenter's appraisal – August 12, 2013 – physical stock certificates existed for their shares in CEC. (Doc. 104 at 4, ¶14).[1] Further, the Sammonses admit that that they failed to deposit those certificates with CEC prior to the deadline to comply with NRS 92A.440.

Then, recognizing that physical stock certificates existed and that they failed to deposit those certificates on or before the August 12, 2013 deadline, the Sammonses argue that the General Notice Package that CEC sent to all stockholders of record pursuant to NRS 92A.380 and 92A.430 was misleading because it stated (allegedly wrongly) to the stockholders of record that certificates needed to be submitted in order to perfect any would-be dissenters' right to appraisal. As explained below, the Sammonses' argument that the General Notice Package was misleading is contrary to law because, *inter alia*, CEC supplied all stockholders of record with a

---

[1] Exactly 30 days after the date of the General Notice Package was August 10, 2013. That date fell on a Saturday. CEC has assumed, for argument only, that the deadline would be extended to the next regular business day. Under that paradigm, the latest date for submitting the demand letter and share certificates would have been Monday, August 12, 2013. CEC works on this assumption because whether the deadline was August 10 or August 12 is irrelevant: neither one of the Sammonses' certificates was delivered to CEC until August 14.

copy of Sections 300 through 500, inclusive, of NRS Chapter 92A, as required by NRS 92A.380. By supplying the full text of the applicable statutory provisions, CEC, as a matter of law, fully informed all stockholders of record as to the proper means for perfecting their right to appraisal.

## FACTS

As CEC has explained in its previous memoranda in opposition to various other purportedly dispositive motions that have been filed by these Defendants, this case arose from a 12,000,000:1 reverse stock split effectuated by CEC, a Nevada corporation, on July 3, 2011 (the "Reverse Stock Split"). In connection with corporate actions like the Reverse Stock Split, a Nevada corporation must deliver a notice of dissenters' rights to all stockholders of record, pursuant to NRS 92A.380 and 92A.430. Here, CEC and the Sammonses agree that, following the Reverse Stock Split, CEC, through its stock transfer agent, Quicksilver Stock Transfer, LLC, delivered a dissenters' rights notice (the "General Notice Package") to Cede & Co., the stockholder of record for the 1,000,000 shares of CEC stock at issue in the Sammonses' Motion, and that the General Notice Package stated that all would-be dissenters needed to comply with the strict requirements of NRS 92A.440 within thirty days of that notice in order to perfect their right to dissent.[2]

Nearly all of the facts necessary for the determination of the present Motion have already been placed into evidence in support of CEC's Motion for Partial Summary Judgment on Count I as to the Sammons Defendants. Rather than reiterate all of those facts here, CEC incorporates by reference the "Facts and Procedural History" section set forth in its Motion for Partial Summary Judgment on Count I as to the Sammons Defendants as if fully rewritten herein along with the declarations and affidavit attached thereto. (*See* Doc. 71 at 2-5 & Exs. 1-5). In addition to those facts, CEC submits the following:

Physical stock certificates for the Sammonses' 1,000,000 shares of CEC stock were printed by Quicksilver, CEC's stock transfer agent, pursuant to a request from the stockholder of

---

[2] Indeed, many of the facts in this case are undisputed, as explained in CEC's Motion for Partial Summary Judgment on Count I as to the Sammons Defendants. (*See* Doc. 71 at 2 & n.1).

record, Cede & Co., well in advance of August 12, 2013. (*See generally* Affidavit of Jodi Godfrey at ¶¶1-6).[3] On July 31, 2013, Quicksilver printed a certificate representing the Sammonses' 350,000 shares of CEC stock in the name of the record stockholder Cede & Co. (*Id.* at ¶¶3-4; *id.* Exs. A-1, A-2). On August 8, 2013, Quicksilver printed a certificate representing the 650,000 shares of CEC stock held in Dr. Sammons's IRA trust account with the Delaware Guarantee and Trust Co, in the name of the record stockholder Cede & Co. (*Id.* at ¶¶5-6; *id.* Exs. B-1, B-2).

## LAW AND ARGUMENT

The Sammonses' Motion should be denied for at least two independent reasons. First, the Sammonses have failed to submit admissible evidence in support of their Motion. Second, the Sammonses' Motion proceeds from the erroneous premise that the General Notice Package, sent by CEC to all stockholders of record on July 11, 2013, was misleading or otherwise inadequate. On both of these bases, the Sammonses' Motion should be denied.

### I. The Sammonses' Motion Must be Denied Because the Sammonses Have Failed to Support their Motion with Admissible Evidence.

The entire factual basis for the Sammonses' Motion, which asks the Court to rule that their shares were uncertificated shares, is an incomplete and unauthenticated set of pages that supposedly compose part of the stock transfer journal kept by CEC's stock transfer agent, Quicksilver. (*See* Motion at Exs. 1-2). As CEC has previously stressed, the Sammonses' failure to adhere to the Federal Rules of Evidence to support the facts that they purport to rely on dooms their Motion to failure. *See Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). Here, the authentication and admissibility of the Sammonses' Exhibit B to their Motion are supported only by their claim that those pages are "business records of Quicksilver Stock Transfer, LLC" and the assertion in their Motion that those pages compose part of the "Quicksilver Stock Transfer Journal." (*See*

---

[3] The Affidavit of Jodi Godfrey is attached hereto as **Exhibit 1**.

Doc. 104 at 5 & n.5; Exs. A-B). The only "evidence" the Sammonses have submitted is an affidavit from Mr. Sammons purporting to attest to facts about which Mr. Sammons cannot possibly have personal knowledge and attaching documents that, as presented by Mr. Sammons's faulty affidavit, amount to nothing more than inadmissible hearsay. *See Orr*, 285 F.3d at 773.

While Mr. Sammons's affidavit states that those pages are "business records," the affidavit wholly fails to lay the foundation for their admission or explain how he can be qualified to swear to such a conclusion, as required by Fed. R. Evid. 803(6). "A writing is admissible under th[e business records exception to the hearsay rule] only if two foundational facts are proved: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. These facts must be proved through the testimony of the custodian of the records or other qualified witness. . ." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1183 (9th Cir. 1988) (affirming summary judgment and rejecting purported business records, as inadmissible hearsay, for failure to lay the proper foundation under Fed. R. Evid. 803(6)); *Cambra v. Chevron Int'l Exploration & Prod.*, 318 F. App'x 488, 491 (9th Cir. 2008).

The affidavit of Mr. Sammons does not come close to establishing the necessary facts, nor could it. Mr. Sammons is not a "qualified witness." He cannot attest, based on his own personal knowledge, that the pages he submitted to Court meet the strict criteria for the business records exception to the hearsay rule. He is not the "custodian of the records," nor is he otherwise qualified to attest to the requisite foundation; therefore, his affidavit cannot make those records admissible at summary judgment. *See Beyene*, 854 F.2d at 1183. Thus, while he attempts to verify that they are "business records," even that statement is inadmissible at this stage and should be disregarded. *See Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) ("Declarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible . . . .") (Citing Fed. R. Civ. P. 56(c)(4)). Having failed to lay the necessary foundation under Rule 803(6), the Sammonses may not rely on Exhibit B to support this Motion. Since the Sammonses have offered no other evidence to support their claim

that CEC's shares were uncertificated, they fail to meet their burden to establish through admissible evidence, under Fed. R. Civ. P. 56, that they are entitled to summary judgment on that issue.[4]

Thus, the Sammonses' Motion must be denied.

### II. The Sammonses' Motion Should be Denied Because Physical Stock Certificates Existed Prior to the Deadline to Comply with NRS 92A.440 but the Sammonses Failed to Submit Timely Them.

The Sammonses' Motion must also be denied because the Sammonses' underlying premise – that their CEC shares were uncertificated – is wrong. The main thrust of the Motion is that the Sammonses fulfilled the requirements of NRS 92A.440 simply by submitting payment demand letters in advance of the August 12, 2013 deadline to comply with NRS 92A.440 because, they claim, no physical certificates for their shares existed. Yet, the record reflects that the stockholder of record for the Sammonses' shares, Cede & Co, requested that physical stock certificates be printed for the Sammonses' 350,000 shares on July 29, 2013 and for the 650,000 shares held in Dr. Sammons's trust account on August 8, 2013. (Godfrey Aff. ¶¶3-6; *id.* Exs. A-1, A-2, B-1, and B-2). The record also reflects that those physical certificates were printed on July 31, 2013 and August 8, 2013, respectively. (*Id.*).

As the Sammonses have acknowledged on numerous occasions, in order to perfect their right to a dissenter's appraisal, the Sammonses needed to comply with NRS 92A.440(1)(a)-(c). Under sub-part (c) of that section, a stockholder, must "[d]eposit the stockholder's certificates, if any, in accordance with the terms of the notice." The record demonstrates that stock certificates existed evidencing the 1,000,000 shares of CEC stock allegedly held by the Sammonses no later than August 8, 2013. (*See* Godfrey Aff. ¶¶3-6; *id.* Exs. A-1, A-2, B-1, and B-2). Thus, the Sammonses, in order to perfect their right to dissenter's appraisal, needed to deposit those

---

[4] Indeed, the Court should enter judgment in CEC's favor on this issue, pursuant to CEC's Motion For Partial Summary Judgment on Count I as to the Sammons Defendants, Doc. 71, because CEC has presented the sworn Declaration of Wengxiang Ding demonstrating that CEC's Board of Directors has not authorized the issuance of any uncertificated shares of CEC stock. (*See* Ding Decl., ¶3-4, attached to CEC's Motion For Partial Summary Judgment on Count I as to the Sammons Defendants, Doc. 71). As provided in NRS 78.235(1) and (4), that means that CEC's shares were certificated at the time of the Reverse Stock Split at issue in this case. (*See* Doc. 71 at 9-10).

certificates with CEC prior to the August 12, 2013 deadline. They failed to do so, and therefore forfeited their right to appraisal. *See* NRS 92A.440(5); *Smith v. Kisorin USA, Inc.*, 254 P.3d 636, 641 & n.3 (Nev. 2011).

### III. The Sammonses' Excuses for Noncompliance with NRS 92.440 Find No Support in the Law and Should be Disregarded.

The Sammonses recognize – and openly admit – that they failed to deposit the physical stock certificates, which existed prior to the August 12, 2013 deadline, with CEC on or before that date. (*See* Doc. 104 at 5). The Sammonses are left to argue that the General Notice Package that CEC sent to all stockholders of record pursuant to NRS 92A.380 and 92A.430 was somehow misleading because it (allegedly wrongly) informed all stockholders of record that certificates needed to be submitted with any demand for payment. (*See* Doc. 104 at 9). But CEC attached a copy of the NRS Chapter 92A, Sections 300 through 500, inclusive, in accordance with NRS 92A.430 to the General Notice Package.[5] As a matter of law, this procedure fully and adequately informed the stockholders of record of the requirements for demanding a dissenter's appraisal under Nevada law. *See, e.g., Nelson v. R-B Rubber Prods, Inc.*, Case No. Civ. 03-656, 2005 WL 1334538, *4-5 (D. Or. June 3, 2005) (rejecting beneficial stockholders' claim that dissenters' rights notice was misleading where the notice included a copy of the dissenters' rights statute).[6]

Thus, the Sammonses' excuses are unavailing. As a matter of law, CEC fully informed the record stockholder – Cede & Co – of its rights and obligations under NRS Chapter 92A.

---

[5] The Dissenter's Rights Notice was attached as Exhibit A to Alan Shinderman Affidavit submitted in support of CEC's Motion for Partial Summary Judgment on Count I of the Complaint as to the Sammons Defendants.

[6] The applicable dissenters' rights statute, like the Nevada statute, requires that the subject corporation provide a copy of the relevant provisions of the Oregon statute. *See* ORS 60.576(2)(e).

## CONCLUSION

For the forgoing reasons, the Sammonses' Motion for Partial Summary Judgment regarding Shares Not Represented by Certificate (Doc. 104) should be denied.

DATED this 29th day of January 2014.

        **GORDON SILVER**

        /s/ Justin J. Bustos
        MICHAEL N. FEDER
        Nevada Bar No. 7332
        JUSTIN J. BUSTOS
        Nevada Bar No. 10320
        ANJALI D. WEBSTER
        Nevada Bar No. 12515
        100 W. Liberty Street, Suite 940
        Reno, Nevada 89501

        **ULMER & BERNE LLP**
        FRANCES FLORIANO GOINS
        *(Admitted Pro Hac Vice)*
        1660 West 2nd Street, Suite 1100
        Cleveland, OH 44113

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned, an employee of Gordon Silver, hereby certifies that she served a copy of **PLAINTIFF CHINA ENERGY CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL SAMMONS' AND ELENA SAMMONS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SHARES NOT REPRESENTED BY CERTIFICATES** via CM/ECF on January 29th, 2014, to the following individuals:

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
*Attorney for Thomas S. Vredevoogd, Trustee of the Kimberly J. Vredevoogd Trust UA 1007/2008*

**And by U.S. Mail**, postage prepaid, to the following individuals:

Alan T. Hill
9501 Avenida Del Oso NE
Albuquerque, NM 87111
*Defendant in Proper Person*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
*Defendant in Proper Person*

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

/s/ Cindy S. Grinstead
An employee of GORDON SILVER