Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
 Plaintiff

Vs.        Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
 Defendants

**Elena Sammons**
**Michael Sammons**
 **Third-party Plaintiffs**

 Vs.
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
 **Third –Party Defendants**

## RESPONSE TO CEDE/DTC MOTION TO DISMISS

 Third-Party Plaintiffs, **Michael and Elena Sammons**, file this Response to Third-Party Defendants Cede & Co. ("Cede") and the Depository Trust Company ("DTC") and allege as follows:

1

## ARGUMENT

"On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiffs] favor." *See* Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Furthermore, when considering a motion to dismiss a pro se complaint, the court must interpret the complaint liberally to raise the strongest arguments that the allegations suggest. *See* Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000) (internal citations omitted); *see also* Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted) (noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The "facts" alleged are quite specific in the First Amended Third Party Complaint ("FAC"):

- (a) There was a contract between the parties in which for a $400 payment to DTC, Cede, as the shareholder of record for the Sammonses' shares, would take those actions necessary to comply with Nevada law to perfect dissenters' rights to appraisal; FAC #19
- (b) Cede delivered a Dissenters' Rights letter to China Energy Corporation ("CEC") in Nevada but with so many factual errors that it was void, FAC #25, and had to be resubmitted, FAC #28, and then included even more errors; FAC #36(c), 36(d)

    (c)    Cede/DTC/COR[1] ordered an unnecessary stock certificate be printed, FAC #31-33;

    (d)    The unnecessary stock certificate was untimely delivered by COR Clearing to CEC in Nevada, FAC #33, which caused CEC to terminate or deny the Sammonses' right to appraisal. FAC #34, 36(a)

    (e) The above actions of Cede/DTC/COR failed to comply with Nevada law for perfecting a dissenter's right of judicial appraisal. NRS 92A.300-500; FAC #37

The instant FAC seeks only a declaratory judgment, not damages. Cede/DTC/COR had a duty of due care to take those steps necessary to comply with the Nevada dissenters' rights statutes to perfect the right to judicial appraisal. The Sammonses seek a declaration that the steps Cede/DTC/COR took failed to comply with the statutory requirements of the Nevada Dissenters' Rights statutes. NRS 92A.300-500.

A motion to dismiss a declaratory judgment claim tests whether the Complaint presents a concrete present controversy on which the court can and should issue its declaration. As a result, **a motion to dismiss "is seldom an appropriate pleading in actions for declaratory judgments** ... It is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." N.C. Consumers Power, Inc. v. Duke Power Co., 206 S.E.2d 178, 182 (N.C. 1974)(emphasis added)

The Federal Rules of Civil Procedure, specifically Rule 57, "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed.

---

[1] At this stage of the pleadings it is not entirely clear the role each played, although it is clear each played an active role. Apparently for the $400 fee DTC was orchestrating the actions of Cede and COR. DTC relied upon Cede to submit an accurate appraisal letter (which it failed to do). Cede/DTC then relied upon COR Clearing to timely deliver the stock certificate to Nevada (which it failed to do).

R.Civ.P. 57. The Advisory Committee's Notes accompanying the 1937 adoption of Rule 57 of the Federal Rules of Civil Procedure explain that "[t]he controversy must necessarily be of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared." Fed.R.Civ.P. 57 advisory committee's note (internal quotation marks and citations omitted).

Cede/DTC claim they had no contractual or other duty to properly perfect dissenters' rights in Nevada. Yet the FAC clearly details a contract: (a) the Sammonses were to pay $400 to DTC, and (b) Cede/DTC/COR were to take the steps necessary to comply with Nevada law to perfect their dissenters' right to appraisal. FAC #20. In addition to the $400 contract, Cede/DTC/COR also had a legal duty to properly perfect dissenters' rights pursuant to **UCC § 8-506:**

> "A securities intermediary shall exercise rights with respect to a financial asset if directed to do so by an entitlement holder. A securities intermediary satisfies the duty if:
>
> (1) the securities intermediary acts with respect to the duty as agreed upon by the entitlement holder and the securities intermediary; or
>
> (2) in the absence of agreement, the securities intermediary either places the entitlement holder in a position to exercise the rights directly or exercises due care in accordance with reasonable commercial standards to follow the direction of the entitlement holder."

"Securities intermediary" means: (i) a clearing corporation; or (ii) a person, including a bank or broker, that in the ordinary course of its business maintains securities accounts for others and is acting in that capacity. UCC §8-102(a)(5).

Cede/DTC admit they are "financial intermediaries" subject to the "due care" standard of care required by UCC §8-506. Cede/DTC motion @ pg. 3. See also Sutter Opportunity Fund 2 LLC v. Cede & Co., 838 A. 2d 1123 (Del. Ch. 2003) ("Cede & Co. is actually the second tier financial intermediary. The plaintiffs hold their units through broker Paine Webber, and Paine Webber holds the units of the plaintiffs and others through Cede & Co. Paine Webber has acknowledged that it is the principal and Cede & Co. is its agent in similar contexts.")

The parties' $400 contract and UCC §8-506 give rise to the Sammonses' claim, and the Declaratory Judgment Act provides an avenue through which the Court can hear the controversy in which all parties to this case have an interest, specifically whether Cede/DTC/COR complied with Nevada law by timely delivering proper documents and stock certificates to CEC in Nevada as they were obligated to pursuant to the $400 contract, UCC §8-506, and NRS 92A300-500.

Given these undisputed facts, it is difficult to understand the Cede/DTC argument that they owed no duty of performance or due care to the Sammonses in asserting dissenters' rights in Nevada.[2]

---

[2] If the court concludes that dismissal is warranted under Rule 12(b)(6), the dismissal should be with leave to amend unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

## PERSONAL JURISDICTION

Cede/DTC also argues that they have no connections to the State of Nevada. This argument is also difficult to understand. As a result of the $400 contract, as well as the duty of due care imposed pursuant to UCC 8-506, Cede/DTC had to accomplish several things within the State of Nevada. Indeed, **everything** required of them to perfect the Sammonses' dissenters' rights had to be completed **in Nevada**: (a) timely delivery of a Dissenters' Rights/Appraisal Demand to CEC agent in Nevada, and (b) timely delivery of stock certificates to CEC agent in Nevada. NRS 92A.300-500. Cede/DTC/COR attempted to do just that (although the Dissenters' Rights/Appraisal Demand letter delivered to CEC in Nevada was defective, and the delivery of stock certificates by Cede/DTC/COR to CEC in Nevada was untimely). But **all** required actions by Cede/DTC/COR occurred or were at least attempted **in Nevada.**

It is hardly surprising that a declaratory judgment is sought in Nevada to determine whether the obligations arising from the $400 contract and UCC § 8-506, all required to be performed in Nevada, and which were attempted in Nevada, were properly performed or performed with due care.

## IMPLEADER

The law encourages the consolidation of lawsuits because it reduces the court's workload and because it expedites the adjudication of rights. **It also seeks to avoid inconsistent judgments for lawsuits resulting from the same injury.** Consolidating cases that are based on similar facts, parties or

circumstances helps to accomplish both goals. Therefore, the Federal Rules of Civil Procedure recognize four different legal mechanisms to achieve this goal: joinder, impleader, interpleader and intervention.[3] These legal mechanisms attempt to expedite lawsuits and to achieve finalization of parties' rights as quickly and conveniently as possible by adding parties and claims to a pending lawsuit.

Count 1 of the original Complaint seeks a declaratory judgment that the shareholder of record (Cede & Co.) and/or the beneficial shareholders (the six Defendants) failed to comply with the Nevada dissenters rights statutes as required to perfect their right to judicial appraisal of their shares. But the six individual beneficial shareholders had little to do with following Nevada state law necessary to perfect dissenters' rights. As beneficial shareholders they had no right to assert dissenters' rights. Smith v. Kisorin, 254 P.3d 636 (Nev. 2011). Only Cede, as the sole shareholder of record, could legally assert dissenters' rights on behalf of the beneficial shareholders. Id. As such, Cede/DTC charged $400 per beneficial shareholder account to do just, and Cede/DTC assumed, in fact insisted upon, almost compete responsibility for perfecting those dissenters' rights.

Cede/DTC/COR can hardly now be heard to complain that they must defend actions and inactions they took which appear, on the surface, to have failed to comply with Nevada law for perfecting dissenters' rights.

---

[3] While it seemed apparent Cede/DTC/COR. needed to be added to this case, it was not at all clear how to best accomplish this simple objective. In retrospect probably joinder under Rule 20(a)(2), FRCP, would have been simplest as the facts and issues are identical. Alternatively a separate suit against Cede/DTC/COR was contemplated since the Court would have probably consolidated the two suits because of the identical facts and issues. The initial Third-Party Complaint (which sought damages), Dkt. 116, resembled the new suit approach. The First Amended Third-Party Complaint, Dkt. 128, sought to resemble a Rule 20(a)(2)(B) joinder, seeking only to make Cede & Co. a party to the Count 1 declaratory judgment.

**WHEREFORE**, the Motion to Dismiss should be denied.

Respectfully submitted:

*/s/ Michael Sammons/*
Michael Sammons, pro se

*/s/ Elena Sammons/*
Elena Sammons, pro se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 21 day of Feb, 2014.

*/s/ Michael Sammons/*
Michael Sammons, pro se