Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

Vs.                          Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

**Elena Sammons**
**Michael Sammons**
    **Third-party Plaintiffs**

Vs.
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
    **Third –Party Defendants**

## MOTION TO CLARIFY DISCOVERY SCHEDULE

    Comes the Defendant-Third party Plaintiff, Michael Sammons, and moves this Honorable Court to clarify the existing discovery schedule.

    For "good cause" Judge Du granted leave to implead Third-Party Defendants Cede & Co. ("Cede"), the Depository Trust Company ("DTC"), and COR Clearing.  Dkt. 115.  The Third-Party Defendants have now appeared. Dkt. 141, 142.

1

In part due to the added parties, the Court extended the discovery schedule from 6 months to 7 ½ months. Dkt. 134.

Local rules and precedent require added parties to comply with previously ordered discovery schedules. However, Docket entry #152 appears to be to the contrary by stating "Discovery Plan/Scheduling Order due 4/6/2014." Therefore the Defendant requests clarification as to how the existing Discovery Plan as set by the Court in Dkt. 134, is effected by Dkt. Entry #152 which appears to require an entirely new Discovery Plan to be filed on 4/6/2014.

Finally, Third-Party Defendants Cede and DTC appear to seek a stay of all discovery pending decision on their Rule 12(b) motion to dismiss. See Cede/DTC Motion to Dismiss, pg. 8 n.2., Dkt. 152. This "motion" should be denied. Judge Du has already found "good cause" for adding these parties, and even a "preliminary peek" at the Rule 12 motion reveals it has little merit.[1]

**WHEREFORE**, upon the Court's consideration as to whether the added Third-Party Defendants (Cede/DTC/COR) shall comply with the existing Discovery Schedule (as is normally required under the local rules and precedent absent good cause) an appropriate Order to clarify the obligations of the parties as to discovery going forward should issue.

---

[1] A party seeking a stay of discovery carries the "heavy burden" of making a "strong showing" why discovery should be stayed. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The pendency of dispositive motions may justify a stay of discovery in a matter. See Trzaska v. Int'l Game Technology, 2011 WL 1233298 at *3 (D. Nev 2011). In such cases, courts take a "preliminary peek" at the merits of the dispositive motion "to see if on its face there appears to be an immediate and clear possibility that it will be granted." Id.; see also Hardy v. Global Options Services, Inc., USDC Nev. Nov. 14, 2013, Case No. 2:13-cv-00514-GMN.

This "motion" should be denied for two reasons. First, Judge Du has already found "good cause" for adding these Third-Party Defendants. Dkt. 115. Second, and the Court is invited to "take a preliminary peek" at the Motion to Dismiss (Dkt. 152) and the Response (Dkt. 153) to that motion, the Motion to Dismiss has little, if any, arguable merit.

Respectfully submitted:

_/s/ Michael Sammons_
Michael Sammons, pro se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the __21__ day of __Feb__, 2014.

_/s/ Michael Sammons_
Michael Sammons, pro se