LOUIS M. BUBALA III
State Bar No. 8974
(lbubala@armstrongteasdale.com)
BRET F. MEICH
State Bar No. 11208
(bmeich@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

PETER TEPLEY
(ptepley@rumberger.com), *admitted pro hac vice*
MEREDITH LEES
(mlees@rumberger.com), *admitted pro hac vice*
REBECCA BEERS
(rbeers@rumberger.com), *admitted pro hac vice*
RUMBERGER, KIRK & CALDWELL, PC
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

Attorneys for Third-Party Defendant COR Clearing, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALAN HILL, et al.,<br><br>　　　　　　Defendants,<br><br>ELENA SAMMONS AND MICHAEL SAMMONS,<br>　　　　　　Third-Party Plaintiffs<br><br>vs.<br><br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING<br><br>　　　　　　Third-Party Defendants. | 3:13-CV-562-MMD-VPC<br><br>**MOTION TO DISMISS AND/OR TO STRIKE THIRD-PARTY COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 14(a)** |

Third-Party Defendant COR Clearing, LLC ("COR") respectfully moves this Court to dismiss and/or to strike, pursuant to Federal Rule of Civil Procedure 14(a)(4), the First Amended Third-Party Complaint of Third-Party Plaintiffs Elena Sammons and Michael Sammons (collectively, the "Sammons").[1] This motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Sammons' operative Third-Party Complaint against COR, the First Amended Third-Party Complaint (Doc. 128), is due to be dismissed or stricken because it does not comply and cannot comply with the requirements of Rule 14(a) of the Federal Rules of Civil Procedure.[2] Under Rule 14(a)(1) of the Federal Rules of Civil Procedure, a defending party like the Sammons "[m]ay, as third-party plaintiff, serve a summons and complaint on a nonparty [such as COR] *who is or may be liable to it for all or part of the claim against it*." Fed. R. Civ. P. 14(a)(1) (emphasis added). In this case, a third-party complaint cannot be properly asserted against COR because Plaintiff China Energy Corporation ("CEC") is not seeking to hold the Sammons liable for anything. Instead, CEC seeks either: (a) a declaration that the Sammons did not properly exercise their dissenters' rights and that CEC owes them nothing for their shares, *see* Doc. 2-1 at ¶ 40, or (b) a determination from the Court that the fair value of the Sammons' CEC shares is $0.14 per share, *see id.* at ¶ 49, in which

---

[1] COR makes this motion without waiver of its right to move to compel arbitration should this Court deny its motion to dismiss and/or strike.

[2] The Sammons' Third-Party Complaint (Doc. 116) has been replaced and superseded by the Sammons' First Amended Third-Party Complaint (Doc. 128). *See Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent.") (quotation and punctuation omitted).

-1-

case CEC would owe the Sammons money for their shares. Under either scenario, the Sammons cannot satisfy Rule 14's requirements, and the Court should dismiss or strike the Sammons' Third-Party Complaint against COR.

## RELEVANT FACTS

**The Relief Sought in the CEC Complaint**

The Sammons seek to pull COR – which operated solely as the clearing firm for Just2Trade where Third-Party Plaintiff Elena Sammons maintains a brokerage account, *see* Doc. 128 at ¶ 7 – into this action in order to seek a declaration that *if* the Sammons failed to perfect their dissenter's rights, then that failure was caused by "error(s) of the Third-Party Defendants which constituted breach of contract, breach of fiduciary obligations, and/or negligence," Doc. 128 at ¶ 42. CEC's original Complaint, which named the Sammons and others as defendants and which was removed to this Court, seeks a declaratory judgment that the Defendants, including the Sammons, did not properly assert their dissenters' rights under Chapter 92A of the Nevada Revised Statutes in connection with a 12,000,000 to 1 cash-out reverse split of CEC stock and thus are due nothing for their CEC shares. *See* Doc. 2-1 at ¶ 40.

In the alternative, the CEC Complaint asks the Court to value the Defendants' shares of CEC stock at $0.14 per share. *See id.* at ¶¶ 48-49. If the Court were to determine that the value of the Sammons' stock is $0.14 per share, as alleged by CEC, *see id.* at ¶ 49, then CEC would owe the Sammons $91,000.00 (650,000 x $0.14). *See* Doc. 128 at ¶¶ 3, 11 (alleging that the Sammons are the

beneficial owner of 650,000 shares of CEC); *see also* Doc. 2-1 at ¶ 4. The CEC Complaint does not seek to hold the Sammons liable to CEC for anything.³

**The Third-Party Complaint**

After Defendants removed this action on October 8, 2013, *see* Doc. 2, the Sammons sought leave to file a third-party complaint against Cede & Co. ("Cede"), The Depository Trust Company ("DTC") and COR (collectively the "Third-Party Defendants") in an attempt to establish that, if the Sammons failed to timely dissent to the cash-out reverse split of CEC stock, then DTC, Cede, and/or COR and not the Sammons are responsible for that failure. *See* Doc. 54 at 3-4. This Court granted that requested leave, noting, *inter alia*, that the motion was unopposed, which under Local Rule 7-2(d) constitutes consent to the motion being granted. *See* Doc. 115 at 2.⁴

On January 22, 2014, the Sammons filed the original Third-Party Complaint against COR and the other Third-Party Defendants. *See* Doc. 116. Before service was perfected on the Third-Party Defendants, the Sammons filed the First Amended Third-Party Complaint (the "Amended Third-Party Complaint"). *See* Doc. 128. The only count alleged in the Amended Third-Party Complaint seeks a declaratory judgment that "if [the Sammons] failed to perfect their right to judicial appraisal of the 650,000 shares of CEC it was caused by error(s) of the Third-Party Defendants which constituted breach of contract, breach of fiduciary obligations, and/or negligence," and does not seek

---

³ CEC does include a bald prayer for relief in the form of attorneys' fees and costs. *See* Doc. 2-1 at ¶¶ 41, 50; *see id.* at Prayer for Relief, ¶ 3. However, CEC cites no statutory or contractual authority for such relief and those claims do not affect this motion. "Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005).

⁴ COR was not a party to this action at the time the Sammons requested leave to file a third-party complaint and thus did not have an opportunity to oppose that request and argue the authorities discussed herein.

damages against the Third-Party Defendants.[5] *Id*. at ¶ 42. The Sammons allege that the Third-Party Defendants assumed responsibility for properly asserting Elena Sammons' dissenter's rights pursuant to NRS 92A.300-500 and failed to carry out these alleged duties properly. *See id*. at ¶ 40. Specifically, the Sammons allege that: (1) Cede sent an assertion of appraisal rights to CEC, which contained two typographical errors, *see id.* at ¶ 25; (2) Cede withdrew the original assertion of appraisal rights and simultaneously submitted a subsequent assertion of appraisal rights with different instructions to CEC, *see id.* at ¶ 28; (3) the Third-Party Defendants unnecessarily ordered a new stock certificate which delayed delivery of the certificate to CEC, *see id.* at ¶ 32; and (4) the Third-Party Defendants failed to timely deliver the new stock certificate to CEC, *see id.* at ¶ 33. Simply stated, the Sammons seek a declaration that *if* this Court determines they failed to perfect their dissenters' rights, it was because of the alleged "errors" of COR and the other Third-Party Defendants. They do not seek to transfer any liability asserted against them to COR.

## PLEADING STANDARD FOR THIRD-PARTY COMPLAINTS

Rule 14 of the Federal Rules of Civil Procedure sets out the following requirements for impleader:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Fed. R. Civ. P. 14(a)(1). Rule 14(a)(4) provides that "[a]ny party may move to strike the third-party claim . . . ."[6]

---

[5] In the original Third-Party Complaint, the Sammons sought compensatory damages of $3,680,000 against the Third-Party Defendants. *See* Doc. 116 at 10. The Amended Third-Party Complaint abandons that damages claim. *See* Doc. 128 at 12.

[6] While Rule 14(a)(4) permits motions to "strike" third-party complaints, courts in this Circuit have, on a third-party defendant's motion, regularly dismissed complaints for failure to comply with Rule

Although the purpose of third-party practice under Rule 14 "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim," *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986),

> [t]*he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.* The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Wright & Miller *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)) (affirming the dismissal of a third-party complaint for failure to comply with Rule 14's requirements) (emphasis added). Moreover, the Ninth Circuit has adopted "narrow impleader requirements" and a "narrow approach" to evaluating the propriety of third-party complaints. *Wausau Underwriters Ins. Co. v. Cont'l Cas. Co.*, No. CV-07-0056, 2008 WL 793618, at *5, *4 (E.D. Wash. Mar. 24, 2008) (comparing caselaw from other circuits and from the Ninth Circuit and applying the "narrow interpretation" of Rule 14(a) adhered to by the Ninth Circuit and other courts across the country).

While "[t]he decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court," *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), there must be "some possible scenario under which the third party

---

14(a)(1)'s requirements for impleader. *See, e.g., Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988) (affirming trial court's dismissal of third-party complaint); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (same); *Am. Contractors Indem. Co. v. Bigelow*, Case No. CV 09-08108, 2010 WL 5638732, at *3 (D. Ariz. July 28, 2010) (dismissing third-party complaint pursuant to Rule 14); *Uldricks v. Kapaa 382 LLC*, Case No. 07-00117, 2007 WL 2694409, at *3-5 (D. Haw. Sept. 11, 2007) (same).

defendant may be liable for some or all of the defendant's liability to the plaintiff" to justify impleader, *Uldricks v. Kapaa 382 LLC*, Case No. 07-00117, 2007 WL 2694409, at *3 (D. Haw. Sept. 11, 2007) (quotation omitted).

## ARGUMENT

The Sammons' Amended Third-Party Complaint is due to be dismissed because it fails to comply with Rule 14's requirements for a third-party complaint. Because the CEC Complaint does not seek to impose liability on the Sammons, the Amended Third-Party Complaint does not "attempt[ ] to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff, " which is the "crucial characteristic of a Rule 14 claim." 6 Wright & Miller *Fed. Prac. & Proc. Civ.* § 1446 (3d ed. 2013) (quoted in *Stewart*, 845 F.2d at 200).

Here, CEC has filed a complaint seeking declaratory relief.[7] The only two possible outcomes of CEC's action are (1) that this Court will find that the Sammons did not properly raise and assert their dissenters' rights and, as a result, CEC owes the Sammons nothing; or (2) that this Court will find that the Sammons did properly dissent, will value the shares in dispute on its own, and will determine that CEC owes the Sammons some finite sum of money, which CEC asserts is $0.14 per share, *see* Doc. 2-1 at ¶ 49. Accordingly, there is no scenario under which the Sammons will be subject to "liability asserted against [them] by [CEC]." 6 Wright & Miller *Fed. Prac. & Proc. Civ.* § 1446 (3d ed. 2013) (quoted in *Stewart*, 845 F.2d at 200). Therefore, although the Amended Third-Party Complaint "is a related claim" to relief requested in CEC's complaint, any liability to which COR may be subject is not "secondary or derivative" of the Sammons' liability as is required by Rule

---

[7] As pointed out in note 3, CEC also made a bald prayer for attorneys' fees with no citation to any basis in law or in contract for this relief. *See* Doc. 2-1 at ¶¶ 41, 50.

14. *See One 1977 Mercedes Benz*, 708 F.2d at 452. Indeed, the Sammons are not and cannot be subject to any liability as a result of any outcome in the underlying complaint; thus, a third-party claim against COR is improper. *See Uldricks*, 2007 WL 2694409, at *3 (to justify impleader, there must be "some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to the plaintiff") (quotation omitted).

**Case Law from Courts in this Circuit Supports Dismissal of the Amended Third-Party Complaint**

Case law from courts in this Circuit supports COR's motion to dismiss or strike the Sammons Amended Third-Party Complaint. Courts in this Circuit have dismissed or denied leave for the filing of third-party complaints where the proposed third-party defendant was not or could not be liable to the third-party plaintiff for all or part of the third-party plaintiff's liability to the original plaintiff. In *Stewart*, the Ninth Circuit affirmed the trial court's dismissal of the defendant/third-party plaintiff Meridian's third-party complaint in a case where it had been sued for securities fraud, common law fraud, and other misrepresentation and fraud-related claims concerning the sale of oil and gas well interests to the plaintiffs. 845 F.2d at 198-99. After being sued for securities fraud related to the sales, Meridian, the seller defendant, attempted to implead two other companies which had sold the gas and oil well interests to Meridian. *See id.* at 199. Meridian argued that it had purchased the oil and gas well interests from the third-party defendants as a result of the same fraudulent misrepresentations Meridian was alleged to have made to the plaintiffs such that, if Meridian was liable to the plaintiffs for securities fraud and misrepresentations, then the third-party defendants must also be liable to Meridian for the same violations, as the Meridian made the same sales pitch to plaintiffs that the third-party defendants had made to Meridian. *See id.*

The Ninth Circuit affirmed the trial court's dismissal of the third-party complaint, finding that, although the same subject matter (the oil and gas wells) were involved, the district court did not abuse its discretion in finding that "there was no derivative or secondary liability involved." *Id.* at 200. Thus, in *Stewart*, although a finding against Meridian could have bolstered or assisted in proving Meridian's claim against the third-party defendants, the third-party defendants' liability to Meridian was not "derivative" of Meridian's liability to the plaintiffs.

Similarly, in *Uldricks*, the district court for the District of Hawaii dismissed a third-party complaint for failure to comply with Rule 14's requirements. There, the plaintiff Uldricks sued Kapaa 382 for breach of an agreement to pay a $1.050 million fee associated with a development loan, and Kapaa 382 subsequently impleaded Uldricks' employer, U.S. Financial Mortgage Corporation ("USFMC"), alleging that USFMC had breached its own contractual duties associated with procuring the loan funding, that its performance in paying the fee was excused as a result of USFMC's breaches, and that USFMC was liable for Uldricks' acts or omissions based upon a theory of *respondeat superior*, among other allegations. *See* 2007 WL 2694409, at *2. The district court granted USFMC's motion to dismiss the third-party complaint observing that:

> These claims are related to but not derivative of Uldricks' breach of contract claim against Kapaa 382. Kapaa 382 does not attempt to transfer to USFMC the liability asserted against it by the Uldricks; instead, Kapaa 382 claims that USFMC is liable to it for breach of contract and fraud based on the same transaction underlying Uldricks' Complaint. "The third-party plaintiff is not alleging that third-party defendants share fault, but that third-party defendants were completely at fault. A third-party plaintiff cannot boot-strap a defense to fraud into a case for joint tortfeasor liability." *Gabriel Capital, L.P. v. NatWest Fin., Inc.*, 137 F. Supp. 2d 251, 265 (S.D.N.Y. 2000) . . . The fact that the claims asserted in the Complaint and Third-Party Complaint are, as Kapaa 382 characterizes them, "inextricably intertwined," does not satisfy the standard for third-party practice under Rule 14. It is not sufficient that the claims asserted in the Third-Party Complaint merely arise from the same transaction or occurrence as the underlying suit. *Impleader is narrower,*

> *requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant.*

*Uldricks*, 2007 WL 2694409, at *4 (emphasis added, punctuation and citations omitted). *See also Am. Contractors Indem. Co. v. Bigelow*, Case No. CV 09-08108, 2010 WL 5638732, at *2 (D. Ariz. July 30, 2010) (dismissing third-party complaint and observing that, "[a]s the crucial characteristic of a Rule 14(a) claim is that the third-party plaintiff is attempting to transfer to the third-party defendant the liability asserted by the original plaintiff; the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.").

**Case Law from Courts in Other Circuits also Supports Dismissal**

While the Ninth Circuit notably has "narrow impleader requirements," *Wausau Underwriters*, 2008 WL 793618, at *5, courts in other circuits have reached the same result where the third-party plaintiff was not seeking to pass on all or part of its liability on to the third-party defendant. *See SE Mortg. Co. v. Mullins*, 514 F.2d 747, 749-50 (5th Cir. 1975) ("[T]he third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or . . . the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim. . . . The suggestion that a separate and independent claim can be made the proper subject of a third party complaint because, but for the violation of duty alleged the main claim would not have matured, has been rejected by this and other courts."); *U.S. Fire Ins. Co. v. Reading Mun. Airport Auth.*, 130 F.R.D. 38, 39 (E.D. Pa. 1990) ("If U.S. Fire prevails in its declaratory judgment action, it will be entitled to a judgment that it is not obligated under the Insurance Contract with respect to defendant Donald Freeman's claim against defendant Airport Authority. That does not create a claim against

defendant/third-party plaintiff Airport Authority for which third-party defendant Mast & Moyer could be liable in all or in part. Therefore the fundamental prerequisite of joinder under Fed. R. Civ. P. 14(a) is not met.").[8]

**The Amended Third-Party Complaint Fails to Fulfill the Crucial Characteristic of a Third-Party Claim**

Because the Sammons cannot be subject to liability as a result of the outcome of CEC's claim for declaratory relief, COR cannot be liable to the Sammons for any part of CEC's original claim. Accordingly, the Third-Party Complaint is improper under Rule 14 and is due to be dismissed. The "crucial characteristic of a Rule 14 claim . . . that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff," *Stewart*, 845 F.2d at 200 (quoting 6 Wright & Miller *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)), is missing here. Due to the nature of the causes of action in the CEC Complaint, which do not seek to impose any liability on the Sammons, there is no "possible scenario under which the third party defendant [COR] may be liable for some or all of the defendant's [the Sammons'] liability to the plaintiff [CEC]," and the Sammons' Amended Third-Party Complaint against COR is improper. *See Uldricks*, 2007 WL 2694409, at *3.

---

[8] Conversely, some district courts in other circuits across the country have taken a more lenient stance with regard to Rule 14's requirements in cases where the underlying claim is a declaratory judgment action. *See, e.g.*, *Country Mut. Ins. Co. v. Rocky Mountain Constr. Co.*, No. 12-453, 2013 WL 438940, at *2-5 (D. Colo. Feb. 5, 2013); *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568-70 (S.D.N.Y. 1983). However, under the controlling precedent in this Circuit which is comparatively "narrow," *see Wausau*, 2008 WL 793618, at *5, the Amended Third-Party Complaint fails to comply with the requirements for a third-party complaint.

**CONCLUSION**

For the reasons stated above, the Sammons' Amended Third-Party Complaint does not satisfy the requirements to maintain a third-party complaint under Rule 14 and it is due to be stricken or dismissed. The CEC Complaint simply does not seek to impose any liability on the Sammons. Thus, the Sammons have no liability asserted against them to transfer to COR, which is the crucial element of a claim allowed under Rule 14(a). *See Stewart*, 845 F.2d at 200. The plain text of Rule 14(a)(1), which permits the filing of third-party complaints only against "a nonparty who is or may be liable to [a defendant] for all or part of the [plaintiff's] claim against [the defendant]," simply does not support a third-party complaint here. Based upon the requirements of Rule 14 as well as the Ninth Circuit's narrow interpretation of that rule, the Sammons' Amended Third-Party Complaint is due to be dismissed or stricken.

Respectfully submitted,

DATED: February 24, 2014.

LOUIS M. BUBALA III (SBN 8974)
BRET F. MEICH (SBN 11208)
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

By: /s/ *Bret F. Meich*
      Bret F. Meich

| | |
|---|---|
| 1 | |
| 2 | PETER TEPLEY (admitted *pro hac vice*)<br>MEREDITH LEES (admitted *pro hac vice*) |
| 3 | REBECCA BEERS (admitted *pro hac vice*)<br>RUMBERGER, KIRK & CALDWELL, PC. |
| 4 | 2204 Lakeshore Drive, Suite 125<br>Birmingham, AL 35209-6739 |
| 5 | Telephone (205) 327-5550<br>Facsimile (205) 326-6786 |
| 6 | |
| 7 | By: /s/ *Peter Tepley*<br>        Peter Tepley |

-12-

## CERTIFICATE OF SERVICE

I, Barbara Salinas, certify that on February 24, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list or served the foregoing via U.S. Mail, properly addressed and postage prepaid, as noted.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 24, 2014, at Reno, Nevada.

Justin J. Bustos                                              (VIA CM/ECF)
Anjali D. Webster
GORDON SILVER
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

Michael N. Feder                                           (VIA CM/ECF)
GORDON SILVER
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169

Frances Floriano Goins                                  (VIA CM/ECF)
ULMER & BERNE LLP
1660 West 2"" Street, Suite 1100
Cleveland, OH 44113
*Attorneys for Plaintiff China Energy Corporation*

Richard L. Elmore, Esq.                                 (VIA CM/ECF)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for Defendant Thomas S. Vredevoogd*

Daniel T. Hayward                                         (VIA CM/ECF)
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
*Attorney for The Depository Trust Company and Cede & Co.*

| | | |
|---|---|---|
| 1 | Michael Sammons | (VIA U.S. MAIL) |
| 2 | Elena Sammons<br>15706 Seekers St | |
| 3 | San Antonio, TX 78255<br>*Defendants / Third-Party Plaintiffs Pro Se* | |
| 4 | | |
| 5 | Randy Dock Floyd<br>4000 Goff Road | (VIA U.S. MAIL) |
| 6 | Aynor, SC 29511<br>*Defendant Pro Se* | |
| 7 | Jun He | (VIA U.S. MAIL) |
| 8 | 231 Split Rock Rd.<br>The Woodlands, TX 77381 | |
| 9 | *Defendant Pro Se* | |
| 10 | Alan T. Hill<br>9501 Avenida Del Oso NE | (VIA U.S. MAIL) |
| 11 | Albuquerque, NM 87111<br>*Defendant Pro Se* | |
| 12 | | |
| 13 | | By: /s/*Barbara Salinas*<br>     Barbara Salinas |

-14-