Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

China Energy Corporation
      Plaintiff

      Vs.                       Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
      Defendants

**Elena Sammons**
**Michael Sammons**
      **Third-party Plaintiffs**

      **Vs.**
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
      **Third –Party Defendants**

## OPPOSITION TO MOTION TO DISMISS
## AND/OR STRIKE FILED BY COR CLEARING

Come the Third-Party Plaintiffs, Michael and Elena Sammons, and submit this Opposition to Third-Party Defendant COR Clearing ("COR")'s "Motion to Dismiss and/or Strike Third-Party Complaint," Dkt. 161:

**ARGUMENT**

COR presents a single argument: Rule 14(a) can never allow defendants in declaratory judgment actions to maintain a third-party complaint, because the defendant to a declaratory judgment action can never be found liable to the plaintiff; i.e., in declaratory judgment actions monetary damages are never at issue, so there is no liability which can be shifted from the Defendant to the Third-Party Defendant.

The Ninth Circuit has ruled squarely to the contrary.  EEOC v. Peabody Western Coal Co., 610 F. 3d 1070 (9th Cir 2010)("declaratory judgment is available in a Rule 14(a) impleader" even though no monetary liability at issue).  And the Ninth Circuit is not alone.

Moore's notes that, despite the fact that the declaratory judgment defendant has no liability that can be passed on to a third-party defendant, courts have allowed impleader in such a case. James Wm. Moore et al., Moore's Federal Practice - Civil § 14.04 (2010).  Moore's cites to a number of district court cases in which courts have found that policy considerations of judicial economy have warranted a loosening of the requirements of Rule 14(a)(1). Id.

The weight of recent authority allows impleader under Rule 14(a) in declaratory judgment actions, as long as the same facts and law are involved, based upon principles of judicial economy.  See Federated Mutual Insurance Company v. Ever-Ready Oil Co., No. 09-CV-857 (D. NM. Mar 29, 2012)("Giant's third-party claim is based - dependent even - upon Federated's declaratory judgment claim. As such, and in light of the liberal construction accorded to Rule 14, the Court finds that Giant's third-party complaint is appropriate.); Hartford Casualty Ins. Co. v. Moore, No. 08-cv-1350 (C.D. Ill. Jan20, 2010)("the

outcome of the claims in the Third-Party Complaint is dependent on the outcome of Hartford's suit for **declaratory judgment"**)

Furthermore, COR overlooks the potential damage to be suffered by the Defendants.  A declaration in favor of the Plaintiff (CEC) based upon a finding that Cede/DTC/COR failed to perfect the Sammonses' dissenters' rights, will mean the loss of the right to appraisal to the Plaintiffs (a loss which Sammons estimates to be in excess of $3 million, Dkt. 116), for which Cede/DTC/COR would be liable.  As explained by the Court in State College Area School District v. Royal Bank of Canada, 825 F. Supp. 2d 573, 582 (M.D. Pa. 2011):

> "Consistent with the decisions ... of many district courts throughout the country and respected authorities on federal civil practice, we hold that where a **declaratory judgment** in a plaintiff's favor may result in a loss to the defendant, the broad purposes of Rule 14(a) permit the defendant to join a third-party defendant who may be liable to it, in whole or in part, for that loss."

Accord Colony Insurance Company v. Peterson, No. 1:10-CV-581 (M.D. NC May 22, 2012)(" we hold that where a **declaratory judgment** in a plaintiff's favor may result in a loss to the defendant, the broad purposes of Rule 14(a) permit the defendant to join a third-party defendant who **may** be liable to it, in whole or in part, for that loss.").

Because a **declaratory judgment** in plaintiff CEC's favor **may** result in a loss to the defendant – the loss of payment of "fair value" for their 650,000 shares of CEC -  joinder of the parties (Cede/DTC/COR) responsible for that possible loss was proper under Rule 14(a).

Rule 14(a) is particularly appropriate where the facts, witnesses, and

legal issues are *exactly* identical.[1]  See generally <u>Mutual Insurance Company v.</u>
<u>Rocky Mountain Construction Company</u>, LLC, No. 12-CV-00453 (D. Colo. Feb 5,
2013):

> "The general purpose of Rule 14 is to settle related matters in one
> litigation as far as possible and obtain consistent results from identical
> or similar evidence, thus preventing a duplication of effort for the courts
> and serving the interests of judicial economy." <u>*Patten v. Knutzen,* 646 F.</u>
> <u>Supp. 427, 429 (D. Colo. 1986)</u>. Since Rule 14 aims to reduce the
> multiplicity of litigation, <u>*U.S. v. Yellow Cab Co.,* 340 U.S. 543, 556 (1951)</u>,
> it should be construed liberally.
>
> "Rule 14(a) [does] not preclude all third-party actions in which the
> third-party defendant would not be held liable directly for the judgment
> of the original defendant." *Id.* (quoting <u>*Old Republic Ins. Co. v. Concast,*</u>
> <u>*Inc.,* 99 F.R.D. 566, 569 n.1 (S.D.N.Y.1983)</u> (citing <u>*McGee v. United States,*</u>
> <u>62 F.R.D. 205, 208-09 (E.D. Pa.1973)</u>). Otherwise, according to these
> courts, "a strict interpretation of Rule 14(a) makes it impossible for
> defendants to declaratory judgment actions to maintain a third-party
> complaint, as the defendant to a declaratory judgment action will never
> be found liable to the plaintiff." *Id.* (quoting *Hartford Cas. Inc. Co. v.*
> *Moore,* No. 08-cv-1350, 2010 WL 323502, at *3 (C.D. Ill. Jan. 20, 2010).
>
> "One of the primary objectives of third-party procedure is to avoid
> circuitry and multiplicity of actions." <u>*King Fisher Marine Service, Inc.,*</u>
> <u>893 F.2d at 1155</u> (citing <u>*Noland Co. v. Graver Tank & Mfg. Co.,* 301 F.2d</u>
> <u>43, 49-50 (4th Cir.1962)</u>)."

COR relies upon dicta from <u>Wausau Underwrites Ins. Co. v. Cont'l Cas.</u>
<u>Co.,</u> No. CV-07-0056 (E.D. Wash. Mar 24, 2008)("it is not necessary for the

---

[1] The law encourages the consolidation of lawsuits because it reduces the court's
workload and because it expedites the adjudication of rights. **It also seeks to avoid**
**inconsistent judgments for lawsuits resulting from the same injury.**  Consolidating
cases that are based on similar facts, parties or circumstances helps to accomplish both
goals. Therefore, the Federal Rules of Civil Procedure recognize four different legal
mechanisms to achieve this goal: joinder, impleader, interpleader and intervention. These
legal mechanisms attempt to expedite lawsuits and to achieve finalization of parties' rights
as quickly and conveniently as possible by adding parties and claims to a pending lawsuit.

Court to decide Marsh's Rule 14(a) argument ...") and two Ninth Circuit cases, neither of which involved identical facts and law.  United States v. One 1977 Mercedes Benz, 708 F. 2d 444 (9th Cir 1983)( "the natures of the two claims are entirely different and independent"), and "Stewart v. American Intern. Oil & Gas, 845 F.2d 196, 199 (9th Cir 1988)("The district court found that the transaction which gave rise to the original complaint and the transaction which gave rise to the third-party complaint were completely separate.")

United States v. One 1977 Mercedes Benz, supra, actually supports the Sammons third-party complaint, as the Ninth Circuit noted that "economy in trying ... (these) claims together" would have allowed the district court to combine those two separate cases as a matter of discretion had it so desired. Id. at 452.

In the case at bar, the facts and law are not similar, they are **identical**. The facts, witnesses, and law are **identical**.  The declaration sought is **identical**.  Indeed, the original declaration is actually targeted to the acts and omissions of the third-party defendants, not the acts and omissions of the original defendants.

Count 1 of the original Complaint seeks a declaration that dissenters' rights were not properly perfected.  While it references the beneficial shareholders (the original defendants), the law is clear that only the shareholder of record (Cede & Co. in this case) can assert dissenters' rights. Smith v. Kisorin USA, Inc., 254 P. 3d 636 (Nev. 2011)(assertion of dissenters' rights by beneficial shareholder invalid – only Cede & Co., as shareholder of record, may properly assert dissenters' rights).  Suffice it to say, where the beneficial shareholder defendants were prohibited by law from asserting dissenters' rights, they could not have failed to do so properly.  Only the third-

party defendants (shareholder of record Cede, and its agents DTC and COR) had the legal right or ability to assert dissenters' rights, and, as alleged in the both the original complaint and the third-party complaint, they failed to act properly under Nevada law to perfect those rights.

### Alternative Consideration under Rule 13 or Rule 20

The Supreme Court has instructed lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy. See United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).  While it seems apparent Cede/DTC/COR, who insisted upon assuming responsibility for, and for taking those actions necessary to perfect, dissenters' rights, should be parties to this action, it was not clear how best to add them to the case.

Since the Sammonses allege they were charged $400 by DTC for perfecting their dissenters rights, and DTC relied upon Cede and COR to execute the necessary steps, some type of contract or third-party beneficiary contract and agent relationship was in place, and Cede/DTC/COR are responsible for any negligent errors in performance.  Cf.  Flickinger v. Harold C. Brown & Co., Inc., 947 F. 2d 595, 600 (2nd Circuit 1991) (shareholder was intended third-party beneficiary to contract between broker and clearing firm). Sutter Opportunity Fund 2 LLC v. Cede & Co., 838 A. 2d 1123 (Del. Ch. 2003)("Cede & Co. is actually the second tier financial intermediary. The plaintiffs hold their units through broker Paine Webber, and Paine Webber holds the units of the plaintiffs and others through Cede & Co. Paine Webber has acknowledged that it is the principal and Cede & Co. is its agent in similar contexts.")

The Sammonses could have:

(a)     filed a suit based upon **breach of contract** - but damages cannot be proved until this Court decides Count 2 of the original Complaint;

(b)     filed a **declaratory judgment** action seeking the exact same declaration sought by China Energy Corporation ("CEC") in Count 1 of the original complaint (that Cede & Co., as shareholder of record, failed to comply with Nevada statutory requirements to perfect its right to appraisal);

(c)     filed under **Rule 13** to add Cede/DTC/COR as counter-claim parties;

(d)     filed under **Rule 20** to add Cede/DTC/COR as party defendants to Count 1 of the original Complaint;

(e)     filed under **Rule 14(a)** a third-party complaint adding Cede/DTC/COR (which, of course, they did).

In retrospect, Rule 20 (or possibly Rule 13), rather than Rule 14, probably should have been cited.  Cede/DTC/COR would have simply been added as co-defendants rather than third-party defendants; although the result is the same – Cede/DTC/COR would be added as parties and would be bound by the Court's ultimate decision as to whether dissenters' rights were properly perfected by Cede/DTC/COR.

Courts must construe pro se pleadings liberally.  Hughes v. Rowe, 449 US 5, 9 (1980).  If a pro se party pleads facts sufficient to warrant relief, but misstates the applicable rule or statute, the court should simply apply the correct rule or statute or should freely allow amendment.  Indeed, such errors in joinder rule selection have been excused by courts even when made by experienced attorneys.  Levine v. Landy, 860 F. 2d 184, 187 (ND NY 2012)(third-party claims raised pursuant to Rule 14(a) rejected but considered and allowed pursuant to Rule 20); Stonecrest Partners, LLC. V. Bank of Hampton Roads, No. 7:10-CV-63-FL (defendants' third-party claim

under Rule 14(a) rejected but redesignated as a counterclaim pursuant to Rule 13(h) "in an effort to avoid multiplicity of litigation, minimize the circuitry of actions, and foster judicial economy"); In re Moore, Bankr. Ct, No. 09-11408 (W.D. Pa. Jan 7, 2011) (motion filed under the wrong rule considered under the proper rule "to secure the just, speedy, and inexpensive determination of the case"); Ryan v. Illionios Dept. of Children & Fam Serv, 185 F. 3d 751, 764 (7th Cir 1999)(" It is of no moment therefore that Ryan and Gillespie's complaint identified the wrong statute as the basis for their claim, as long as their allegations gave notice of a legally sufficient claim.")

The joinder rules, such as Rule 13 and Rule 20, are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Should they Court find that Rule 14(a) can never apply to declaratory judgment cases, even where the cases, facts, and law are identical, as COR argues, then the Court should consider joinder of the third-party claims directly under either Rule 13 or Rule 20, or allow the pro se Defendants leave to amend their pleading to cite and rely upon Rule 13 or Rule 20 to properly add COR as a party.

## Severance

FRCP Rule 14(a)(4) allows the Court to sever a third-party claim if the claim is not appropriate for joinder to the original complaint.  This also

promotes judicial efficiency and economy by preserving progress on the issues, and preserves discovery progress. The Third-Party Complaint clearly states a valid claim for a declaratory judgment. Indeed, also for judicial economy and to protect against inconsistent verdicts, it should be tried at the same time as the original complaint. Both cases involve the same facts, witnesses, and issues of law. In every factual and legal perspective the two cases are identical.

**WHEREFORE**:

 (a) the Motion to Dismiss and/or Strike should be denied; or

 (b) the Third-Party Complaint should be considered under either Rule 13 or Rule 20 and joinder of COR allowed; or

 (c) the Third-Party Plaintiffs should be allowed to file an amended pleading adding COR Clearing as a party to Count 1 of the original Complaint pursuant to Rule 13 or Rule 20; or

 (d) the Third-Party Complaint should be severed and tried as a separate declaratory judgment case pursuant to Rule 14(a)(4) (and then both cases consolidated for trial).

Respectfully submitted:

Michael Sammons, pro se

Elena Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the _25_ day of ___Feb___, 2014.

_____

Michael Sammons, pro se