**GORDON SILVER**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: mfeder@gordonsilver.com
JUSTIN J. BUSTOS
Nevada Bar No. 10320
Email: jbustos@gordonsilver.com
ANJALI D. WEBSTER
Nevada Bar No. 12515
Email: awebster@gordonsilver.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel: (775) 343-7500
Fax: (775) 786-0103

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS *(Admitted Pro Hac Vice)*
Email: fgoins@ulmer.com
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel: (216) 583-7202
Fax: (216) 583-7203

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION, a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 1007/2008, JUN HE, and RANDY DOCK FLOYD, <br><br> Defendants. | CASE NO. 3:13-cv-00562-MMD-VPC |

**PLAINTIFF CHINA ENERGY CORPORATION'S MOTION TO MODIFY THE DISCOVERY PLAN AND SCHEDULING ORDER**

PLAINTIFF CHINA ENERGY CORPORATION ("CEC"), by and through its attorneys at the law firms of GORDON SILVER and ULMER & BERNE LLP, hereby moves for an order modifying the discovery plan and scheduling order, as amended by the Court's February 4, 2014,

Minute Order (Dkt. No. 134). This Motion is made pursuant to Federal Rule of Civil Procedure 16(b)(4). This Motion is supported by the following memorandum of points and authorities, all pleadings and papers on file herein, and any other materials this Court may choose to consider.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

CEC is seeking to modify the Discovery Plan and Scheduling Order (Dkt. No. 86), as amended by the Court's February 4, 2014, Minute Order (Dkt. No. 134), to conduct discovery in two phases. First, all discovery, with the exception of expert disclosures and discovery, will occur in accordance with the current discovery schedule. Second, in the event the Court determines that any defendant is entitled to a fair value determination, the parties shall have sixty (60) days in which to disclose experts and conduct expert discovery. CEC is seeking to modify the scheduling order out of a desire to economize, expedite, and simplify the issues in this case.

In accordance with the Court's suggestion at the last settlement conference (Dkt. No. 134), prior to filing this Motion, CEC requested that all parties agree to bifurcate the various claims for relief in this case. (Decl. of J. Bustos ¶ 3, **Exhibit 1**; Feb. 26, 2014, Letter, **Exhibit 2**.) Mr. Sammons rejected CEC's proposal to bifurcate the claims, but offered to agree to modify the scheduling order to conduct expert discovery following the Court's determination that any Defendant is entitled to an appraisal of his or her shares. (Feb. 27, 2014, 6:21 a.m. Email, **Exhibit 3**.) CEC and Mr. Sammons ultimately agreed to resolve the dispute in the manner Mr. Sammons suggested, which is the proposal set forth in this motion. *See* (Feb. 27, 2014, 11:28 a.m. Email, **Exhibit 4**.) This proposal has also been agreed to by Defendants Dr. Sammons, Alan Hill, and Jun He. *Id.*; (Feb. 27, 2014, Email from A. Hill, **Exhibit 5**; Feb. 27, 2014, Email from J. He, **Exhibit 6**.)

Cede & Co., the Depository Trust Company, and COR Clearing (collectively, the "Third Party Defendants") informed the undersigned that they need additional time to evaluate CEC's proposal in light of the fact they have only recently become parties to this case. *Id.* ¶ 7. Similarly, Mr. Vredevoogd indicated that he needed more time to evaluate the proposal. *Id.* ¶ 8. CEC did

not receive a response from Defendant Randy Dock Floyd. (Decl. of J. Bustos ¶ 9, **Exhibit 1.**)

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On September 27, 2013, CEC filed its Complaint in the First Judicial District Court of the State of Nevada, in and for the County of Carson City. (Ex. 1 to the Opp'n to Mot. for Partial Summ. J. (Dkt. No. 36).) The action was subsequently removed to this Court on October 8, 2013. (Notice of Removal (Dkt. No. 2).)

CEC's Complaint contains two alternative claims for relief. CEC's first claim for relief seeks declaratory relief regarding whether any defendant complied with NRS 92A.440. (Compl. ¶¶ 25-41, Ex. 1 to the Opp'n to Mot. for Partial Summ. J. (Dkt. No. 36).) Alternatively, CEC's second claim seeks a fair value determination only "[i]n the event the Court finds that one or more defendants complied with Chapter 92A." *Id.* ¶ 43.

On January 22, 2014, the Court entered an Order (Dkt. No. 115) granting Defendants Michael and Elena Sammons' unopposed Motion for Leave to File Third Party Complaint. Michael Sammons and Elena Sammons filed their original Third Party Complaint (Dkt. No. 116) against the Third Party Defendants on January 22, 2014. A First Amended Third Party Complaint was subsequently filed on January 29, 2014. (First Am. Third Party Compl. (Dkt. No. 128).) It alleges that any failure to perfect Michael and Elena Sammons' dissenter's rights was caused by the error(s) of the Third-Party Defendants. *Id.* ¶ 42.

In light of the nature of CEC's claims and the Third-Party claims, CEC submits that conducting discovery in two phases would serve to economize, expedite, and simplify the issues in this case.

## III.   LEGAL STANDARD

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). The district court has broad

discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson,* 975 F.2d at 607).

## IV. DISCUSSION

CEC requests that the Court modify the discovery plan and scheduling order to conduct discovery in two phases. Under this proposal, the first phase would require all discovery, with the exception of expert discovery, to proceed in accordance with the current discovery schedule. The second phase would consist of expert disclosures and expert discovery and would begin upon the Court's determination that any Defendant is entitled to an appraisal of his or her shares.

### A. Proposed Modified Discovery Plan And Scheduling Order

CEC's respectfully requests that the Court modify the discovery plan and scheduling order to conduct discovery in two phases as follows:

**Discovery Phase I:**

In accordance with the February 4, 2014, Minute Order (Dkt. No. 134), fact discovery will proceed in accordance with the following deadlines:

*Discovery cut-off*:

Thursday, May 22, 2014

*Deadline to amend pleadings/add parties*:

Friday, February 21, 2014

*Dispositive motions relating to CEC's First claim for relief*:

Monday, June 23, 2014

**Discovery Phase II:**

Expert disclosures and discovery shall proceed on an expedited sixty (60) day schedule as follows:

*Disclosure of expert reports*:

Thirty (30) days following the Court's determination that any Defendant complied with NRS 92A.440.

///

///

*Disclosure of rebuttal reports*:

Fifteen (15) days following disclosure of initial expert reports.

*Expert depositions*:

Fifteen (15) days following the deadline to disclose rebuttal expert reports.

### B. Good Cause Exists To Modify The Discovery Plan And Scheduling Order

Good cause exists to modify the scheduling order to conduct discovery in two phases. The various claims for relief in this case are dependent upon a determination of whether any defendant complied with NRS 92A.440. Thus, as this Court is aware, in the event CEC prevails with respect to its first claim for relief, no defendant is entitled to a fair value determination. NRS 92A.490. *Smith v. Kisorin USA, Inc.*, 254 P.3d 636, 641 n.3 (Nev. 2011).

Similarly, the claims against the Third Party Defendant are premised on a finding that Michael and Elena Sammons did not comply with NRS 92A.440. Thus, any finding that Michael and Elena Sammons perfected their dissenter's rights and complied with NRS 92A.440 would be dispositive of the First Amended Third Party Complaint (in the event the claims do not get dismissed for the reasons outlined in the Third Party Defendants' motions to dismiss (Dkt. Nos. 152, 161)). (First Am. Third Party Compl. (Dkt. No. 128).)

The determination of whether any defendant complied with NRS 92A.440 will be based on the fact discovery that occurs in this case. On the other hand, the determination of the fair value of CEC shares will be largely driven be expert opinion as to valuation. This expert testimony has no bearing on whether any defendant complied with NRS 92A.440. And in fact, a determination regarding compliance with NRS 92A.440 could render expert discovery as to valuation irrelevant.

CEC submits that conducting discovery in two phases would further the interests of convenience by simplifying and economizing the final resolution of this dispute. By awaiting a determination as to CEC's first claim for relief, neither the parties nor the Court need concern themselves with complex issues surrounding valuation and foreign currency restrictions in China, which CEC contends impacts a final valuation determination. By separating issues

concerning valuation, the case becomes simplified and both the parties and the Court can focus on the relevant discrete issues surrounding liability and damages.

Furthermore, the expense associated with valuation experts is likely to be considerable. This motion is filed in an effort to avoid unnecessary expenses in the event it is ultimately determined no defendant has a right to a fair value determination.

## V. DISCUSSION

In light of the above, CEC respectfully requests that the Court modify the discovery plan and scheduling order to conduct discovery in two phases as outlined above.

DATED this 28th day of February, 2014.

**GORDON SILVER**

/s/ Justin J. Bustos
MICHAEL N. FEDER
Nevada Bar No. 7332
JUSTIN J. BUSTOS
Nevada Bar No. 10320
ANJALI D. WEBSTER
Nevada Bar No. 12515
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS
*(Admitted Pro Hac Vice)*
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned, an employee of Gordon Silver, hereby certifies that she served a copy of **PLAINTIFF CHINA ENERGY CORPORATION'S MOTION TO MODIFY THE DISCOVERY PLAN AND SCHEDULING ORDER** via CM/ECF on February 28th 2014, to the following individuals:

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
*Attorney for Thomas S. Vredevoogd,*
*Trustee of the Kimberly J. Vredevoogd Trust*
*UA 1007/2008*

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Daniel T. Hayward
Laxalt & Nomura, Ltd.
9600 Gateway Drive
Reno, NV 89521
*Attorneys for Third Party Defendant*
*Cede & Co.*

Daniel T. Hayward
Laxalt & Nomura, Ltd.
9600 Gateway Drive
Reno, NV 89521
*Attorneys for Third Party Defendant*
*The Depository Trust Company*

Louis M. Bubala, III
Armstrong Teasdale, LLPO
50 W. Liberty Street
Suite 950
Reno, NV 89501
*Attorneys for Third Party Defendant*
*COR Clearing, LLC*

And by U.S. Mail, postage prepaid, to the following individuals:

Alan T. Hill
9501 Avenida Del Oso NE
Albuquerque, NM 87111
*Defendant in Proper Person*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
*Defendant in Proper Person*

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

/s/ Cindy S. Grinstead
An employee of GORDON SILVER