Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile:  (775) 322-1865
*Attorneys for Third-Party Defendants*
*Cede & Co. and The Depository Trust Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION, a Nevada Corporation, | Case No. 3:13-cv-00562-MMD-(VPC) |
| Plaintiff, | |
| vs. | |
| ALAN T. HILL, et al., | REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS AND/OR STRIKE OF DEFENDANTS CEDE & CO. AND THE DEPOSITORY TRUST COMPANY |
| Defendants. | |
| ELENA SAMMONS and MICHAEL SAMMONS, | |
| Third-Party Plaintiffs, | |
| vs. | |
| CEDE & CO., et al., | |
| Third-Party Defendants. | |

///

///

///

Third-Party Defendants Cede & Co. ("Cede") and The Depository Trust Company ("DTC") (together, the "DTC Defendants") submit this reply brief (the "Reply") in further support of their motion (the "Motion," Dkt. 152) in accordance with Rules 12(b)(2) and (6) and 14(a)(4) of the Federal Rules of Civil Procedure (the "Federal Rules") to dismiss with prejudice and/or to strike the first amended third-party complaint (the "FAC," Dkt. 128). The Reply is based on the FAC, the Motion and supporting declaration and is supported by the following memorandum of points and authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      SUMMARY OF ARGUMENT**

Third-Party Plaintiffs make clear in their opposition to the Motion (the "Opposition," Dkt. 156) that they seek to side-step the requirements of the Federal Rules in order to drag the DTC Defendants into this action.  The Opposition completely fails to salvage the FAC – Third-Party Plaintiffs' second attempt to sue the DTC Defendants – for at least the following reasons.

Even as *pro se* litigants, Third-Party Plaintiffs must comport with the basic procedural and substantive pleading requirements under the Federal Rules.  As set forth in the Motion, the FAC falls markedly short of these requirements.  And, it is black-letter law that Third-Party Plaintiffs cannot recast the FAC by raising new allegations for the first time in their Opposition.  Despite Third-Party Plaintiffs' re-imagination of the FAC, the FAC does not contain a single allegation to support either the assertion of personal jurisdiction or Third-Party Plaintiffs' purported claims for breach of contract, breach of fiduciary duty and negligence (the "State Law Claims").

Third-Party Plaintiffs also do not contest the nature of the services the DTC Defendants provide to the securities industry and the legal and regulatory framework under which the DTC Defendants operate. *See* Motion at 4.[1] For this reason, as a matter of law, Third-Party Plaintiffs can never properly assert – even through myriad successive amendments – the State Law Claims as against the DTC Defendants. As a result, there exists no present or justiciable controversy as against the DTC Defendants. Third-Party Plaintiffs' claim for declaratory relief, therefore, fails along with the State Law Claims.

Third-Party Plaintiffs' purported impleader also fails from a procedural standpoint. As set forth in the Motion, courts in this Circuit have repeatedly held that:

> a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. . . . It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.

*United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (internal citations omitted). Nowhere does the Opposition rebut, as observed in the Motion, that Third-Party Plaintiffs do not stand to incur <u>any</u> liability in the underlying action brought against them by China Energy Corporation (the "CEC Action"). The Opposition, while long on rhetoric, does not explain why the weight of binding Ninth Circuit authority should not apply under the facts of this case. Accordingly, Third-Party Plaintiffs cannot invoke Rule 14 to drag the DTC Defendants into this action.

---

[1] As noted in the Motion at 3, n.1, this Court may take judicial notice of approval orders of the Securities and Exchange Commission (the "SEC") published in the Federal Register as well as other applicable statutes that set forth the legal and regulatory framework under which the DTC Defendants operate. (Motion at 3, n.1.)

Finally, amendment of the complaint for <u>a second time</u> would be futile because, as noted, Third-Party Plaintiffs cannot obtain personal jurisdiction over or sufficiently plead <u>any</u> claims for relief as against the DTC Defendants.  Accordingly, Third-Party Plaintiffs' request for leave to amend the complaint should be denied.

For these reasons, as set forth more fully below and in the Motion, the FAC should be dismissed with prejudice or stricken as against the DTC Defendants, and Third-Party Plaintiffs' request for leave to amend should be denied.

ARGUMENT

### A.      The Court Lacks Personal Jurisdiction Over the DTC Defendants.

A *pro se* plaintiff, like any other plaintiff, bears the burden of pleading personal jurisdiction as against the defendant.  *Peterson v. Morris*, 502 F. App'x 698 (9th Cir. 2013) (affirming dismissal of *pro se* plaintiff's claims for lack of personal jurisdiction where plaintiff failed to adequately plead same).  As noted in the Motion at 9, the FAC clearly does not meet this burden because it is completely devoid of any allegations from which personal jurisdiction could be asserted over the DTC Defendants.

Third-Party Plaintiffs seek to cure this glaring defect by raising new factual allegations for the first time in the Opposition.  Before dealing with these new allegations, it is essential to note that neither the FAC <u>nor</u> the Opposition come close to satisfying Third-Party Plaintiffs' burden to plead personal jurisdiction:

- the Declaration of Peter J. Gleeson (the "Gleeson Declaration") accompanying the Motion sets forth that none of the DTC Defendants are licensed to do business in Nevada, have offices in Nevada, sell or lease property in Nevada, or have a Nevada mailing address.  (*See* Gleeson Decl. ¶ 10);

///

3

- the FAC does not allege that the DTC Defendants purposefully availed themselves of the privilege of conducting business in Nevada.  (Motion at 9);

- the FAC does not allege that any officer or employee of the DTC Defendants ever traveled to Nevada or directed communications to any Nevada resident, for any purpose related to the allegations in the FAC.  (Motion at 9-10);

- the FAC does not allege that the DTC Defendants ever undertook a single act in Nevada, directed at Nevada, or intended to have any special consequence in Nevada; any contacts with Nevada were incidental or fortuitous.  (Motion at 10);

- the FAC does not allege that the DTC Defendants ever engaged in wrongful conduct individually targeting a known Nevada resident (Third-Party Plaintiffs are not even Nevada residents).  (Motion at 11); and

- the FAC does not allege any basis for overcoming the established policy reasons for declining jurisdiction here.  (Motion at 11.)

In the face of their defective amended pleading, the Opposition takes a new approach to personal jurisdiction by alleging for the very first time that:

> As a result of the $400 contract, as well as the duty of due care imposed pursuant to UCC 8-506, Cede/DTC had to accomplish several things within the State of Nevada. Indeed, **everything** required of them to perfect the Sammonses' dissenters' rights had to be completed **in Nevada**: (a) timely delivery of a Dissenters' Rights/Appraisal Demand to CEC agent in Nevada, and (b) timely delivery of stock certificates to CEC agent in Nevada. NRS 92A.300-500. Cede/DTC/COR attempted to do just that (although the Dissenters' Rights/Appraisal Demand letter delivered to CEC in Nevada was defective, and the delivery of stock certificates by Cede/DTC/COR to CEC in Nevada was untimely). But **all** required actions by Cede/DTC/COR occurred or were at least attempted **in Nevada**.

(Opposition at 6 (emphasis in original).)

In the first instance, because the FAC is bereft of any mention of a "$400 contract" claim or that the DTC Defendants sought to accomplish (or attempt to accomplish) <u>anything</u> in Nevada, the new allegations are not cognizable in connection with the Motion.  Courts

have uniformly held that a plaintiff may not amend a defective complaint with brand new facts and arguments in opposition to a motion to dismiss. *See Int'l Game Tech., Inc. v. Fed. Ins. Co.*, 3:13-cv-00026-RCJ-WGC, 2014 U.S. Dist. LEXIS 18364, at *6 n.4 (D. Nev. Feb. 13, 2014); *In re AgriBioTech Secs. Litig.*, CV-S-99-144-PMP(LRL), 2000 U.S. Dist. LEXIS 5682, at *19 n.3 (D. Nev. Mar. 2, 2000); 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("[t]he court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)"). Accordingly, Third-Party Plaintiffs' newly-minted jurisdictional allegations cannot cure their defective pleading.

In any event, even now there are no allegations that Third-Party Plaintiffs paid the alleged $400 to the DTC Defendants, as opposed to Third-Party Defendant COR Clearing LLC ("COR," together with the DTC Defendants, the "Third-Party Defendants"), a DTC Participant that, as noted in the FAC at ¶ 7, provided clearance and settlement services for its customer, Just2Trade, which was the broker through which Third-Party Plaintiffs acquired their interests in CEC. There are no allegations that the DTC Defendants had any contact with the Third-Party Plaintiffs, as opposed to dealing with various financial institutions, irrespective of where they were located, incidental to the DTC Defendants' role in processing securities transactions outside of Nevada. Thus, even if they were to be considered (which they should not), Third-Party Plaintiffs' new allegations do not amount to anything more than, at best, allegations of incidental or fortuitous contacts with the forum state as opposed to any advertent decision by the DTC Defendants to take advantage of the laws of Nevada. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (finding the purposeful

1   availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as

2   a result of 'random,' 'fortuitous,' or 'attenuated' contacts'"); *Terracom v. Valley Nat'l Bank*,

3   49 F.3d 555, 560 (9th Cir. 1995) ("[t]he purposeful availment standard requires more than

4   foreseeability of causing injury in another state") (citations omitted); *Minelab Americas, Inc.*

5   *v. UKR Trade, Inc.*, Case No. 2:12-cv-00827-GMN-NJK, 2013 U.S. Dist. LEXIS 44595, at

6   *7 (D. Nev. Mar. 28, 2013) (finding plaintiff must allege facts from which Court can

7   conclude that nonresident defendant has taken deliberate action toward forum state or that

8   nonresident defendant's efforts were purposefully directed toward forum residents; holding

9   that plaintiff failed to carry its burden of establishing jurisdiction over defendants because it

10  failed to provide evidence that defendants targeted Nevada through advertising or were aware

11  of any customer base in state of Nevada) (internal quotation marks omitted).

12      Indeed, Third-Party Plaintiffs are not even residents of Nevada, reflecting the

13  tangential connection to this forum (FAC ¶ 9) and belying any notion that the DTC

14  Defendants "targeted" a known Nevada resident. (*See* Motion at 10-11.)  With or without the

15  Opposition, the FAC should be dismissed.

16      **B.      Third-Party Plaintiffs Have Failed to State the Essential Elements of Any
            of the Causes of Action Against the DTC Defendants.**

17

18      *Pro se* plaintiffs are not excused from compliance with the most fundamental

19  pleading requirements under the Federal Rules. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d

20  1000, 1010-11 (9th Cir. 2011) (recognizing the pleading standard for *pro se* litigants is less

21  ///

22  ///

23

24

1   stringent, but still applying *Iqbal* and *Twombly* to dismiss claims).[2]  As noted in the Motion

2   at 14-15, the FAC falls woefully short of fundamental pleading requirements because it fails

3   to state cognizable claims for breach of contract, breach of fiduciary obligations, negligence

4   and declaratory relief against the DTC Defendants.[3]

5           <u>First</u>, Third-Party Plaintiffs have failed to plead facts sufficient to state a claim for

6   breach of contract.  In order to plead this claim, a complaint (not an opposition brief) must

7   allege that the parties entered into a contract, defendant breached and plaintiff suffered

8   damages.  *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006).  Here, as

9   noted in the Motion at 15-16, the FAC does not allege a written contract, or any facts that

10   would support an implied contract or one from which Third-Party Plaintiffs would derive

11   third-party benefits.

12           Third-Party Plaintiffs purport to (but cannot) recast the FAC by introducing brand

13   new facts in the Opposition that:

14

---

15 [2] *See also Doe v. Fed. Dist. Court*, 467 F. App'x 725, 727 (9th Cir. 2012) (applying *Iqbal/Twombly* to dismiss claim and stating "although pro se pleadings are construed liberally, even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong'" (quoting

16 *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995)); *Burd v. JP Morgan Chase*, 2:13-cv-337 JCM(PAL), 2013 U.S. Dist. LEXIS 59360, at *7 (D. Nev. Apr. 25, 2013) (recognizing that *pro se*

17 litigants are held to less stringent pleading standard, but dismissing claims under *Iqbal/Twombly* because "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record") (quotations and citation omitted); *Wiesner v. Pro*, Case No. 2:13-cv-00315-KJD-GWF, 2013 U.S. Dist. LEXIS

18 134242, at *1 (D. Nev. Sept. 18, 2013) (dismissing claims of *pro se* litigant pursuant to *Iqbal/Twombly* and stating "a pro se litigant is not excused from knowing the most basic pleading requirements") (quotations and

19 citation omitted).

20 [3] The FAC does not even set forth the elements for any of these purported claims for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("Rule 8 does not empower respondent to plead the bare elements of his cause

21 of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss"); *Aevoe Corp. v. Ae Tech. Co.*, Case No. 2:12-cv-00053-GMN-NJK, 2013 U.S. Dist. LEXIS 31647, at *11 (D. Nev.

22 Mar. 7, 2013) (granting motion to dismiss where plaintiffs failed to plead elements of cause of action even as a bare conclusion); *Pica v. Wachovia Mortg.*, No. 2:09-cv-02372-GEB-KJN, 2010 U.S. Dist. LEXIS 48624, 26, (E.D. Cal. Apr. 14, 2010) (granting motion to dismiss where plaintiff failed to plead basic elements of claim).

23

24

- [t]here was a contract between the parties in which for a $400 payment to DTC, Cede, as the shareholder of record for the Sammonses' shares, would take those actions necessary to comply with Nevada law to perfect dissenters' rights to appraisal. (Opposition at 2); and

- the FAC clearly details a contract: (a) the Sammonses were to pay $400 to DTC, and (b) Cede/DTC/COR were to take the steps necessary to comply with Nevada law to perfect their dissenter rights to appraisal.  (Opposition at 4.)

As noted above in Section A (pp. 4-5), Third-Party Plaintiffs are precluded from raising (and this Court must ignore) new facts for the first time in opposition to a motion to dismiss.[4]  *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (new allegations raised for first time in opposition to motion to dismiss are "irrelevant for Rule 12(b)(6) purposes").

Nor would these newly-forged facts – even if accepted as true – repair the deficiencies of the FAC.  Third-Party Plaintiffs' new allegations tellingly fail to plead whether the alleged contract was written or implied, who the parties were to it, or whether Third-Party Plaintiffs indeed paid $400 pursuant to the alleged contract.  *See Butcher v. Mortgage Elec. Registration Sys.*, No. 3:11-cv-00886-ECR-WGC, 2012 U.S. Dist. LEXIS 124162, at *7-8 (D. Nev. Aug. 30, 2012) (dismissing breach of contract claim because

---

[4] Third-Party Plaintiffs, therefore, must be constrained to the solitary allegation in the FAC that <u>all</u> "Third-Party Defendants jointly assumed responsibility for properly asserting Elena Sammons dissenters' rights … pursuant to a contract or binding agreement between the Third-Party Defendants and Just2Trade for intended third-party beneficiary Elena Sammons." (FAC ¶ 40.)  Of course, as noted in the Motion at 16, this bare allegation and legal conclusion lumped against <u>all</u> Third-Party Defendants, without more, is insufficient to sustain a cause of action for breach of contract against <u>the DTC Defendants</u>. *See Hoff v. United States*, Case No. 2:12-cv-00235-MMD-PAL, 2012 U.S. Dist. LEXIS 178701, at *9 (D. Nev. Dec. 17, 2012) (finding grouping of multiple defendants together for purposes of asserting broad allegations insufficient for pleading purposes under Federal Rules).

1   merely alleging existence of contract constituted legal conclusion that court need not accept

2   as true); *Peshek v. Litton Loan Servicing*, Case No. 2:10-cv-00812-GMN-RJJ, 2011 U.S.

3   Dist. LEXIS 110304, at *18-19 (D. Nev. Sept. 26, 2011) (dismissing plaintiff's breach of

4   contract claim because plaintiff did not sufficiently allege acceptance of offer such that

5   binding contract resulted).   There is no allegation that Third-Party Plaintiffs were DTC

6   Participants, had any account at DTC or indeed ever communicated with DTC (as opposed to

7   their own broker, Just2Trade, and COR, a provider of clearing and settlement services for

8   customers of Just2Trade, including Third-Party Plaintiffs (FAC ¶ 7)).

9          These material omissions are hardly surprising.  As explained in the Motion at 16, the

10  DTC Defendants' (actually, DTC's) relationship is with its Participants.   In this case, that

11  Participant was COR, not COR's customers (Just2Trade, which in turn had an account for

12  Third-Party Plaintiffs).  *See* NRS § 104.8115, NY U.C.C. 8-115, Off. cmt. 4 ("a securities

13  intermediary owes duties *only to its own entitlement holders*") (emphasis added); *see also*

14  Motion at 3-4 (describing DTC's role as an SEC-registered clearing agency).[5]   Under

15  *Twombly* and *Iqbal*, the plausible conclusion to be drawn from all this is that Third-Party

16  Plaintiffs had no contractual or other relationship with the DTC Defendants but only with

17  their broker, Just2Trade, and COR, which provided clearance and settlement services for

18  Third-Party Plaintiffs as customers of Just2Trade, and CEC, the company in which they

19  owned shares.

20

21  [5] As an SEC-registered "clearing agency," DTC is a "clearing corporation" for the purposes of Article 8 of the U.C.C. (NRS § 104.8102(5), NY U.C.C. § 8-102(5)) and, therefore, by definition, a "securities intermediary"
22  (NRS § 104.8102(14), NY U.C.C. § 8-102(14)).  "Entitlement holders," in turn, are "identified in the records of the securities intermediary as the person having a securities entitlement against the securities intermediary."
23  *See* NRS § 104.8102(5), NY U.C.C. § 8-102(5).

24

<u>Second</u>, as noted in the Motion at 17-19 and reflected above, Third-Party Plaintiffs' fiduciary duty and negligence claims are infirm because they have not pled (nor could they) the existence of a relationship with the DTC Defendants that could give rise to any cognizable legal duty. Third-Party Plaintiffs seek to address this infirmity by citing to U.C.C. §8-506, which provides:

> A <u>securities intermediary</u> shall exercise rights with respect to a <u>financial asset</u> if directed to do so by an <u>entitlement holder</u>. A securities intermediary satisfies the duty if:
>
> (1) the securities intermediary acts with respect to the duty as agreed upon by <u>the entitlement holder</u> and the securities intermediary; or
>
> (2) in the absence of agreement, the securities intermediary either places the entitlement holder in a position to exercise the rights directly or exercises due care in accordance with reasonable commercial standards to follow the direction of <u>the entitlement holder</u>.

(Opposition at 4 (emphasis added).) This provision of the U.C.C, however, only confirms why, as a matter of law, the DTC Defendants owe no duty to Third-Party Plaintiffs. Third-Party Plaintiffs have not alleged – nor could they – that they are an "entitlement holder" with respect to DTC. DTC's "entitlement holders" are its Participants. *See supra*, n.5. In this case, DTC's entitlement holder, to which it would owe the duties set forth in U.C.C §8-506, would be COR, and no other party. (Motion at 16); *see also* June 4 SEC Order, at *6; U.C.C. §§ 8-506-508; U.C.C. § 8-507 cmt.3 ("One of the basic principles of the indirect holding system is that securities intermediaries owe duties only to their own customers"); NRS § 104.8115, NY U.C.C. 8-115, Off. cmt. 4 ("a securities intermediary owes duties *only to its*

///

///

*own entitlement holders*") (emphasis added).  COR would owe these duties to its entitlement holder, Just2Trade, which would, in turn, owe these duties to Third-Party Plaintiffs.[6]

Accordingly, as a matter of law, and as set forth in the Motion at 17-19, the DTC Defendants owe no duty to Third-Party Plaintiffs, precluding any claims for breach of fiduciary duty and negligence.

<u>Third</u>, Third-Party Plaintiffs appear to allege that declaratory relief is appropriate here because there exists a "concrete present controversy" of "justiciable nature" as between them and the DTC Defendants.  (Opposition at 3-4.)  These naked allegations and bare legal conclusions, without more, do not support a claim for declaratory relief.

Initially, as noted above (pp. 4-5), these allegations that are nowhere to be found in the FAC must be ignored for the purposes of the Motion.  *See Schneider,* 151 F.3d at 1197 n.1 (new allegations raised for first time in opposition to motion to dismiss "irrelevant for Rule 12(b)(6) purposes").  The FAC also does not set forth the substantive elements for a claim for declaratory relief and, therefore, fails to meet fundamental pleading requirements under the Federal Rules.  *See Couturier v. Am. Invsco Corp.*, Case No. 2:12-cv-01104-APG-NJK, 2013 U.S. Dist. LEXIS 73317, at *15-16 (D. Nev. May 22, 2013) (dismissing claim for declaratory relief, stating that claim "does not meet the pleading standard set forth in *Twombly* and *Iqbal*").

---

[6] The relationship between DTC and its Participants (such as COR) is governed by DTC's SEC-approved Rules and Procedures, which control even where they conflict with Article 8 of the U.C.C.  NRS § 104.8111.  DTC's Procedures incorporate its Participant service guides, which provide, for example, that DTC expressly disclaims, *inter alia*, liability for inaccuracies with respect to information provided by DTC concerning a Participant's securities deposited with DTC.  *See* http://www.dtcc.com/~/media/Files/Downloads/legal/service-guides/Deposits.ashx.  It is inconceivable, therefore, that DTC could owe a greater duty to a customer of a broker that uses the clearing services of a Participant, with whom DTC has no legal or contractual relations (such as Third-Party Plaintiffs), than to DTC's own Participants.

Additionally, Third-Party Plaintiffs' inability to state cognizable claims for relief completely bars any claim for declaratory relief. *See State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 109 Nev. 926, 928, 860 P.2d 176, 178 (1993) ("It is axiomatic that a court cannot provide a remedy unless it has found a wrong"); *Douglas v. Don King Prods., Inc.*, 736 F. Supp. 223, 225 (D. Nev. 1990) (finding declaratory relief unavailable in controversies involving only "future or speculative rights").[7]

Accordingly, Third-Party Plaintiffs' State Law Claims and request for declaratory relief should be dismissed.

C.    **Third-Party Plaintiffs Have Improperly Used the Impleader Procedure to Draw the DTC Defendants into this Litigation.**

While far from clear, the Opposition appears to argue at 6-7, without citation to any authority, that efficiency dictates that the DTC Defendants be a part of this case through one of the following procedural mechanisms: joinder, impleader, interpleader and intervention. The FAC, however, only draws the DTC Defendants into this action using the impleader procedure under Rule 14(a) of the Federal Rules.[8]  The Motion sets forth, and the Opposition

---

[7] In addition, as noted in Section C below, there does not exist a present or justiciable controversy because the CEC action could yield a result that renders moot all of Third-Party Plaintiffs' purported claims for relief in this action.

[8] The FAC contains no allegations, and the DTC Defendants need not address, whether joinder, interpleader and intervention are appropriate here.  The DTC Defendants would, however, note that their joinder as defendants to the CEC Action by Third-Party Plaintiffs is not appropriate because Third-Party Plaintiffs are defendants in that action; the question of joining the claims against the DTC Defendants and COR in a single action is immaterial to the controlling question of joining the DTC Defendants as defendants in the CEC Action.  Interpleader is not appropriate here because there does not exist a common *res* in dispute among all parties.  Of course, intervention is not appropriate here because the DTC Defendants have not moved to intervene, nor are their rights implicated by the outcome of the CEC Action.

1  does not contest, that binding Ninth Circuit precedent provides that Third-Party Plaintiffs

2  may not invoke the impleader procedure because the DTC Defendants will not incur

3  derivative or secondary liability as a result of the outcome of the CEC Action. *See One 1977*

4  *Mercedes Benz*, 708 F.2d at 452 ("a third-party claim may be asserted only when the third

5  party's liability is in some way dependent on the outcome of the main claim and the third

6  party's liability is secondary or derivative. . . . It is not sufficient that the third-party claim is

7  a related claim; the claim must be derivatively based on the original plaintiff's claim")

8  (affirming dismissal of third-party complaint for failure to comply with requirements of Rule

9  14) (internal citations omitted).[9]

10     Here, Third-Party Plaintiffs concede (Opposition at 3) that CEC brought the CEC

11  Action seeking <u>only</u> declaratory relief against the Third-Party Defendants, among others.

12  The Opposition does not even attempt to rebut that the CEC action will produce <u>only</u> one of

13  two results:

14        (1)     this Court will find that Third-Party Plaintiffs did not properly assert their
                  dissenters' rights and that CEC owes nothing to them; or

15

16

17

---

18  Third-Party Plaintiffs also do not contest that none of the DTC Defendants received notice of or had an
    opportunity to be heard with respect to Third-Party Plaintiffs' leave to file the original third-party complaint
19  against Third-Party Defendants. (Motion at 6.)

20  [9] *See also TRC & Assocs. v. Nuscience Corp.*, Case No. 2:13-cv-6903-ODW(CWx), 2014 U.S. Dist. LEXIS
    4061, at *6 (C.D. Cal. Jan. 13, 2014), citing *One 1977 Mercedes Benz*, 708 F.2d at 452 ("[i]t is not sufficient
    that a third-party claim is related or arises out of the same set of facts"); *Stewart v. Am. Int'l Oil & Gas Co.*, 845
21  F.2d 196, 200 (9th Cir. 1988) (dismissing third-party complaint and observing that "[t]he crucial characteristic
    of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted
    against him by the original plaintiff.  The mere fact that the alleged third-party claim arises from the same
22  transaction or set of facts as the original claim is not enough") (quoting 6 Fed. Prac. & Proc. § 1446 at 257
    (1971 ed.).

23

24

(2)    this Court will find that the Third-Party Plaintiffs did properly dissent, will value the Shares in dispute, and will determine that CEC owes them money with respect to the Shares.

Neither the FAC nor the Opposition set forth how either of these scenarios will give rise to any liability on the part of Third-Party Plaintiffs.  As a result, as noted in the Motion at 13, it is impossible, therefore, for the CEC action to give rise to the type of "secondary or derivative" liability that would justify impleader under Rule 14(a). *See One 1977 Mercedes Benz*, 708 F.2d at 452.

Accordingly, Third-Party Plaintiffs' purported impleader of the DTC Defendants remains ripe to be stricken under Rule 14(a)(4) and/or the FAC should be dismissed.

**D.    Third-Party Plaintiffs' Request for Leave to Amend the FAC Should be Denied.**

Third-Party Plaintiffs' request for leave to amend <u>a second time</u> (Opposition at 5, n.2) should be denied.  Permitting yet another amendment at this stage would be futile because, as noted, no claims can ever properly be asserted as against the DTC Defendants.  Amendment would also add unnecessary additional burden on the Court's and the DTC Defendants' time and resources, especially insofar as the pending CEC Action could completely moot any purported claims against the DTC Defendants.  *See Ioane v. United States*, No. 3:08-CV-00517-BES-RAM, 2009 U.S. Dist. LEXIS 73250, at *8 (D. Nev. Aug. 10, 2009) ("[i]n general, before dismissing a pro se complaint, a district court should give a pro se litigant leave to amend the complaint and a statement explaining the complaint's deficiencies.  Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (dismissing *pro se* plaintiff's request for leave

to amend because the court could not conceive facts that might sustain his claims) (internal citations omitted); *Moon v. Countrywide Home Loans, Inc.*, No. 3:09-CV-00298-ECR-VPC, 2010 U.S. Dist. LEXIS 11281, at *14-15 (D. Nev. Feb. 9, 2010) ("[t]hough we are aware that Plaintiff is appearing pro se, and understand how daunting it can be to attempt to navigate our legal system without the assistance of an attorney, we will not grant Plaintiff leave to amend his Amended Complaint because granting leave to amend would likely be futile"). Accordingly, Third-Party Plaintiffs' request for leave to amend should be denied.

Based on the foregoing, as well as the reasons set forth in the Motion and accompanying declaration, the FAC should be dismissed with prejudice and/or stricken as against the DTC Defendants, and Third-Party Plaintiffs' request for leave to amend should be denied, together with such other and further relief as the Court deems appropriate.

Dated:  March 3, 2014

LAXALT & NOMURA, LTD.

By: _____
Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
9600 Gateway Drive
Reno, Nevada  89521

*Attorneys for Third-Party Defendants*
*Cede & Co. and The Depository Trust Company*

1

## CERTIFICATE OF SERVICE

2        I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen

3    (18) years, and I am not a party to, nor interested in, this action.  On this 3rd day of March,

4    2014, I caused to be served a true and correct copy of the forgoing by method indicated

5    XX_____        by Court's CM/ECF Program

6    And addressed to the following:

7    Anjali D. Webster, Esq.
     Justin J. Bustos, Esq.
8    Gordon Silver
     100 W. Liberty Street
9    Reno, 89501

10   Michael N. Feder, Esq.
     Gordon Silver
11   3960 Howard Hughes Parkway, 9th Floor
     Las Vegas, NV  89169
12
     Frances Floriano Goins, Esq.
13   Ulmer & Berne LLP
     1660 West 2nd Street, Ste 1100
14   Cleveland, OH  44113
     *Attorneys for Plaintiff China Energy Corporation*
15
     Michael Sammons
16   15706 Seekers Street
     San Anotnio, TX 78255
17   *Defendant/Third Party Plaintiff*

18   Richard L. Elmore, Esq.
     Holland & Hart LLP
19   5441 Kietzke Lane, 2nd Floor
     Reno, NV  89511
20   *Attorneys for Defendant Thomas S. Vredevoogd*

21

22

23

24

1   LOUIS M. BUBALA III
    State Bar No. 8974
2   (lbubala@armstrongteasdale.com)
    BRET F. MEICH
3   State Bar No. 11208
    (bmeich@armstrongteasdale.com)
4   ARMSTRONG TEASDALE LLP
    50 West Liberty, Suite 950
5   Reno, NV 89501
    Telephone: (775) 322-7400
6   Facsimile: (775) 322-9049
    Counsel for Third Party Defendant COR Clearing
7
    And by U.S. Mail to Pro Se Parties addressed as follows:
8
    Elena Sammons
9   15706 Seekers St
    San Antonio, TX 78255
10  *Defendants / Third-Party Plaintiffs (Pro Se)*

11  Randy Dock Floyd
    4000 Goff Road
12  Aynor, SC 29511
    *Defendant (Pro Se)*
13
    Jun He
14  231 Split Road Rd
    The Woodlands, TX 77381
15  *Defendant (Pro Se)*

16  Alan T. Hill
    9501 Avenida Del Oso NE
17  Albuquerque, NM 87111
    *Defendant (Pro Se)*
18

19                          An employee of Laxalt & Nomura, Ltd.

20

21

22

23

24