1  LOUIS M. BUBALA III
   State Bar No. 8974
2  (lbubala@armstrongteasdale.com)
   BRET F. MEICH
3  State Bar No. 11208
   (bmeich@armstrongteasdale.com)
4  ARMSTRONG TEASDALE LLP
   50 West Liberty, Suite 950
5  Reno, NV 89501
   Telephone: (775) 322-7400
6  Facsimile: (775) 322-9049

7  PETER TEPLEY
   (ptepley@rumberger.com), *admitted pro hac vice*
8  MEREDITH LEES
   (mlees@rumberger.com), *admitted pro hac vice*
9  REBECCA BEERS
   (rbeers@rumberger.com), *admitted pro hac vice*
10 RUMBERGER, KIRK & CALDWELL, PC
   2204 Lakeshore Drive, Suite 125
11 Birmingham, AL 35209-6739
   Telephone (205) 327-5550
12 Facsimile (205) 326-6786

13 Attorneys for Third-Party Defendant COR Clearing, LLC

14              UNITED STATES DISTRICT COURT

15                   DISTRICT OF NEVADA

16

17
   CHINA ENERGY CORPORATION,            )   3:13-CV-562-MMD-VPC
18                                       )
                      Plaintiff,         )
19                                       )
   vs.                                   )
20                                       )   **REPLY IN SUPPORT OF MOTION
   ALAN HILL, et al.,                    )   TO DISMISS AND/OR TO STRIKE
21                                       )   THIRD-PARTY COMPLAINT FOR
                      Defendants,        )   FAILURE TO COMPLY WITH
22                                       )   FEDERAL RULE OF CIVIL
   ELENA SAMMONS AND MICHAEL            )   PROCEDURE 14(a)**
23 SAMMONS,                             )
                 Third-Party Plaintiffs  )
24 vs.                                   )
                                         )
25 CEDE & CO., THE DEPOSITORY TRUST     )
   COMPANY, AND COR CLEARING            )
26                                       )
                      Third-Party        )
27 _____Defendants.___)

28

Third-Party Defendant COR Clearing, LLC ("COR") respectfully submits this Reply in Support of its Motion to Dismiss and/or to Strike, pursuant to Federal Rule of Civil Procedure 14(a)(4), the First Amended Third-Party Complaint of Third-Party Plaintiffs Elena Sammons and Michael Sammons (collectively, the "Sammons").[1]

## I.    The Sammons Misconstrue the Requirements of Rule 14.

COR has moved to dismiss the Sammons' Amended Third-Party Complaint because it fails to meet the crucial characteristic of a proper Rule 14 third-party claim. As set forth in COR's Motion to Dismiss (Doc. # 161), under Federal Rule of Civil Procedure 14(a)(1), a defendant "[m]ay, as third-party plaintiff, serve a summons and complaint on a nonparty [such as COR] *who is or may be liable to it for all or part of the claim against it.*" Fed. R. Civ. P. 14(a)(1) (emphasis added). A plain reading of this rule presupposes that the defendant/third-party plaintiff must be subject to some liability that the defendant/third-party plaintiff seeks to pass on to the third-party defendant. Indeed, the Ninth Circuit Court of Appeals has explained that "[t]he crucial characteristic of a [proper] Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Wright & Miller *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)).

Here, the Sammons' Amended Third-Party Complaint fails because, in the original complaint filed by China Energy Corporation ("CEC"), <u>the Sammons are not subject to any liability, regardless of the outcome of either of the claims raised by CEC</u>. Accordingly, there is <u>no potential liability</u> for the Sammons to transfer to COR, and third-party practice under Rule 14 is inappropriate here.

---

[1] COR makes this motion without waiver of its right to move to compel arbitration should this Court deny its motion to dismiss and/or strike.

The Sammons misconstrue COR's argument regarding the application of Rule 14's requirements, as well as the Ninth Circuit's interpretation of them, to mean that COR is asserting that:

> Rule 14(a) can never allow defendants in declaratory judgment actions to maintain a third-party complaint, because the defendant to a declaratory judgment action can never be found liable to the plaintiff; i.e., in declaratory judgment actions monetary judgments are never at issue, so there is no liability which can be shifted from the Defendant to the Third-Party Defendant.

Doc. # 165 at 2. This is an incorrect application of COR's argument here. Moreover, this Court is not faced with a broad policy decision of determining a blanket rule with regard to the interplay between declaratory judgment actions and Rule 14(a). Instead, this Court is merely faced with deciding whether or not the Sammons' Amended Third-Party Complaint is appropriate given the facts at issue in this specific declaratory judgment action.

COR does not take the position that there could never be a situation in which a third-party impleader complaint would be appropriate where the underlying claim sought only declaratory or injunctive relief.[2] However, to comply with the "crucial characteristic" and essential requirement of a third-party claim, there must be some type of liability at stake as a result of the outcome of the declaratory judgment action. For example, the Ninth Circuit Court of Appeals case that the Sammons rely upon to assert their blanket rule – that <u>any</u> declaratory judgment action is appropriate for third party practice – is actually a situation in which the "crucial characteristic of a Rule 14 claim . . . [–] that defendant is attempting to transfer to the third-party defendant the liability asserted

---

[2] In fact, COR specifically pointed out in note 8 of its Motion to Dismiss that, under different factual and legal scenarios, courts have allowed a third-party claim in certain declaratory judgment actions, citing to this Court two of the very cases that the Sammons rely upon in their opposition to COR's Motion, *see* Doc. # 161 at 10 n.8.

against him by the original plaintiff" – is fulfilled. *Stewart*, 845 F.2d at 200. As explained further herein, the Ninth Circuit Court of Appeals' decision in *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) ("*Peabody*"), which involved a unique situation in which one government agency was bringing a claim for violation of federal law against a private company for adhering to hiring preferences that had been required by another government agency, demonstrates that third-party practice is permissible in a case involving requests for declaratory and prospective injunctive relief, so long as there is an effort to transfer liability from the original defendant to the third-party defendant. The Sammons' attempt to boil COR's motion and argument into a broad-based, universal rule is simply inappropriate here. On the factual allegations before this Court and under the mandatory precedent that controls this Court's decision-making, the Sammons' Amended Third-Party Complaint against COR is improper under Rule 14(a) and thus must be dismissed.

## II.   The Caselaw the Sammons Cited Does Not Require Denial of COR's Motion.

The caselaw that the Sammons rely upon in their Opposition (Doc. # 165) does not mandate denial of COR's Motion. The Sammons citation to district court cases from this and other circuits does not support disregarding the "crucial characteristic" of a third-party complaint in this case. None of those cases bind this Court. What does bind this Court, however, are decisions from the Ninth Circuit Court of Appeals.

### A.   *Peabody* does not create the broad rule that the Sammons represents that it creates.

The Sammons' reliance on *Peabody* is misplaced. The Sammons quote a snippet from that opinion – "declaratory judgment is available in a Rule 14(a) impleader," 610 F.3d at 1087 (quoted in Doc. # 165 at 2) – but fail to explain to the Court the very complicated and unique fact situation that led to the Ninth Circuit's ruling in *Peabody* and fail to inform the Court that the Ninth Circuit in

1    *Peabody* neither addresses its prior caselaw on Rule 14(a) nor conducts any analysis of what is
2    required for impleader under Rule 14(a).

3        In *Peabody*, the EEOC brought an action for damages and for prospective injunctive relief (a
4    form of liability) against Peabody, a coal company that leased mining rights from the Navajo Indian
5    Nation. *See* 610 F.3d at 1074-76. The leases provided that, in hiring employees to work in the mines,
6    Peabody had to give special preference to members of the Navajo Nation and that, if these
7    preferential hiring requirements were not adhered to, both the Navajo Nation and the Department of
8    the Interior ("Interior") would have the right to cancel the leases. *See id.* The Secretary of the Interior
9    (the "Secretary") was responsible for approving and overseeing the terms of this lease between the
10   Navajo Nation and Peabody, and Interior drafted the leases and had authority to mandate that the
11   preferential hiring provisions be included. *See id.* at 1075. The EEOC sued Peabody for damages and
12   for prospective relief, claiming that the preferential hiring policies violated Title VII. *See id.* at 1075-
13   76.

14       Peabody successfully added the Navajo Nation to the litigation as an indispensible party, and
15   part of the issue on appeal was whether or not the Navajo Nation could add the Secretary as a party
16   to the litigation as well. *See id.* at 1076.  The Ninth Circuit first found that, although injunctive and
17   monetary relief against the Navajo Nation was unavailable as a matter of law, joinder of the Navajo
18   Nation under Rule 19, not Rule 14(a), was feasible and appropriate given that the outcome of the
19   EEOC's claim with regard to the Peabody/Navajo contract would be *res judicata* as to the Navajo
20   Nation. *See id.* at 1080. The Ninth Circuit then considered the need to make the Secretary a party to
21   the litigation to ensure that Interior would be bound by any finding with regard to the propriety of
22   the preferential hiring terms that the Secretary included in the lease. *See id.* at 1080-81. The Ninth

Circuit noted that if the Secretary were not included, Peabody could be legally precluded from complying with the terms of the lease as a result of the outcome of the EEOC's lawsuit, but the Secretary could nonetheless punish Peabody for not complying with the lease or unilaterally cancel the lease because the Secretary and Interior would not also be bound by the outcome of the EEOC's suit. *See id.* The Ninth Circuit found that the EEOC's claims for monetary relief against Peabody should be dismissed under Rule 19(b), but that the EEOC's claims for prospective injunctive relief could be continued if Peabody and the Navajo Nation were able to file a third-party complaint under Rule 14(a) against the Secretary. *See id.* at 1084.. In doing so, the Ninth Circuit concluded,

> We conclude that prospective relief in the form of an injunction or declaratory judgment is available in a Rule 14(a) impleader against the Secretary. Such prospective relief against the Secretary is enough to protect Peabody and the Nation, both with respect to EEOC's request for injunctive relief against Peabody and with respect to any res judicata effect against the Nation. Such relief would also protect the Secretary because, once brought in as a third-party defendant, he will be able to defend his position on the legality of the leases. We therefore conclude, "in equity and good conscience," that EEOC's claim against Peabody for injunctive relief should be allowed to proceed.

610 F.3d at 1087.

However, nowhere in its unique and highly fact-based opinion, which primarily focuses on the requirements for joinder under Rule 19, did the Ninth Circuit retreat from its prior requirements with regard to Rule 14(a) impleader. In fact, the standard for impleader under Rule 14(a) was not even considered or discussed in the Court's conclusion.

Moreover, in *Peabody*, the addition of the Secretary as a party actually complies with the "crucial characteristic of a Rule 14 claim[, which is] that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart*, 845 F.2d at 200. The EEOC was asserting that the defendant Peabody was liable for violations of Title VII

-5-

1   because it was adhering to the preferential hiring provisions in the leases. Instead of seeking

2   damages, the EEOC sought to enjoin – a form of liability – Peabody from complying with the

3   preferential hiring terms in the leases. However, because it was it was Interior that "drafted the

4   leases and required the inclusion of the Navajo employment preferences," 610 F.3d at 1075, Peabody

5   necessarily had to make the Secretary a party to the litigation because any liability that Peabody had

6   for violations of Title VII was a result of the Secretary's required hiring practices.

7           This transfer of liability – Peabody is liable to the EEOC for violations of Title VII because

8   of the Secretary's actions – is in keeping with the Ninth Circuit's requirements for impleader found

9   in *Stewart*. The only reason that there were non-monetary damages (*i.e.*, prospective injunctive

10  relief) at issue as opposed to monetary damages was because of the nature of the parties to the

11  action.

12          In short, the third-party claim against the Secretary in *Peabody* is consistent with the "crucial

13  characteristic" of a third-party compliant because: (1) the EEOC was seeking to hold Peabody and

14  the Navajo Nation liable for violations of Title VII, which occurred as a result of compliance with

15  the preferential hiring requirements that the Secretary required be in the leases; (2) instead of

16  damages, the EEOC sought to enjoin further violations of Title VII; and (3) Defendants Peabody and

17  the Navajo Nation were seeking to transfer their liability to the Secretary by joining the Secretary as

18  a third-party defendant and seeking an injunction to prohibit the Secretary from requiring them to

19  abide by the preferential hiring requirements in the leases.

20          Here, however, the Sammons will <u>never</u> be liable to CEC for <u>any</u> violations of <u>any</u> statute,

21  and thus there is no liability that the Sammons could pass on to COR under Rule 14(a) third-party

22  practice. Thus *Peabody* is consistent with the Ninth Circuit's prior requirements for the transfer of

liability between defendants/third-party plaintiffs and third-party defendants under Rule 14(a) impleader. *See, e.g., Stewart*, 845 F.2d at 200 (discussing the crucial characteristic of a third-party claim). Those requirements, which the Sammons' Amended Third-Party Complaint does not meet, necessitate dismissal of the Amended Third-Party Complaint.

### B. The other authority that the Sammons rely upon does not require denial of COR's Motion either.

Nor do any of the non-binding authority cited by the Sammons demonstrate that the Sammons' claim against COR meets the "crucial characteristic" of a proper Rule 14 third-party claim. All but one of the cases cited by the Sammons in which a third-party claim was allowed in a declaratory judgment action involved a declaratory judgment action filed by an insurance company to have a court declare the insurer's duties and responsibilities under an insurance policy. In these cases, the defendant insureds filed third-party complaints against the insurance agent/broker alleging that the agent/broker either made misrepresentations regarding the policy coverage or negligently procured the insurance policy at issue. *See Colony Ins. Co. v. Peterson*, No. 1:10-CV-581, 2012 WL 1867047 (M.D.N.C. May 22, 2012), magistrate's report and recommendation adopted in part and reversed in part on other grounds, 2012 WL 4369666 (M.D.N.C. Sept. 24, 2012); *Federated Mut. Ins. Co. v. Ever-Ready Oil Co.*, No. 09-CV-857, Dkt. No. 113 (D.N.M. Dec. 22, 2010);[3] *Hartford Cas. Inc. Co. v. Moore*, No. 08-CV-1350, 2010 WL 323502 (C.D. Ill. Jan. 20, 2010). One of the insurance coverage cases upon which the Sammons rely explicitly acknowledges

---

[3] To the knowledge of counsel for COR, this decision is not reported and is not otherwise published on any common commercially-available electronic database. Therefore, counsel for COR has merely provided the docket entry for this case and has not provided a citation to a commercial electronic database. The Sammons improperly directed this Court to the district court's summary judgment ruling in *Federated*; the docket number and date listed here refer to the *Federated* court's decision on the third-party defendant's motion to dismiss or strike the third-party complaint.

1   that there is "tendency of nationwide court decisions to recognize what the court called 'a

2   declaratory judgment action **exception**' to Rule 14 when insurance agents were impleaded into a

3   declaratory action brought by their employer." *Country Mut. Ins. Co. v. Rocky Mtn. Constr. Co.,*

4   *LLC*, No. 12-CV-00453, 2013 WL 438940, at *3 (D. Colo. Feb. 5, 2013) (quoting *Nat'l Fire Ins.*

5   *Co. of Hartford v. Nat'l Cable Television Coop., Inc.*, No. 10-2532, 2011 WL 1430331, at *2 (D.

6   Kan. April 14, 2011)) (emphasis added). Thus these cases do not stand for the general proposition

7   that impleading third-party defendants is always proper in a declaratory judgment action.

8           In fact, the Sammons cited only one district court case, *State College Area School District v.*

9   *Royal Bank of Canada*, 825 F. Supp. 2d 573 (M.D. Penn. 2011), that did not involve a declaratory

10  judgment in the insurance coverage context. However, the *State College* court specifically held that

11  the unique facts in the *State College* case were directly analogous to the cases in which the

12  insurance coverage exception to Rule 14 was applied to a declaratory judgment action. *See id.* at

13  582. In *State College*, the plaintiff filed a declaratory judgment action requesting that the court

14  declare the validity and enforceability of a swap agreement with a subsidiary of Royal Bank related

15  to a bond issuance. *See id.* at 576. In relation to the swap agreement, two law firms provided

16  opinion letters regarding the validity of the bonds and the swap agreement. *See id.* In the declaratory

17  judgment action, if the Court determined that the swap agreement was null and void, Royal Bank

18  would lose millions of dollars in interest payments from State College. *See id.* at 577. Royal Bank

19  filed third-party claims against the law firms alleging that if the swap agreement was declared void

20  or unenforceable, the law firms were liable to Royal Bank for their negligent misrepresentations

21  regarding the validity of the swap agreement. *See id.*

While recognizing that there is a split of authority in the Third Circuit regarding whether Rule 14 can be utilized in a declaratory judgment action even in the insurance coverage context, the *State College* court found that in each instance where a district court in the Third Circuit permitted a third-party complaint to be filed in a declaratory judgment action to determine the validity of an insurance contract, the third-party claim was allowed when the defendants "impleaded a party who had made certain representations about the contract's validity or terms," which the court found was present in *State College*. *Id*. at 582.  No such representations are present here, and the insurance coverage exception recognized in the cases the Sammons cite is not applicable.

The other cases relied upon by the Sammons are completely inapplicable because they do not involve the propriety of third-party claims in a declaratory judgment action. Instead, these cases deal with third-party claims for contribution or indemnification asserted against the defendant/third-party plaintiff. *See United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951); *King Fisher Marine Serv., Inc.*, *v. 21st Phoenix Corp.*, 893 F.2d 1155 (10th Cir. 1990); *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F. 2d 43 (4th Cir. 1962); *Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986). Therefore, these cases have no bearing on the specific issue before this Court and  are not relevant to this Court's decision on COR's Motion.

**C.    The Ninth Circuit's binding precedent in *One 1977 Mercedes Benz* and *Stewart* requires dismissal of the Amended Third-Party Complaint.**

The Sammons' argument that Ninth Circuit cases should be ignored in favor of district court opinions, primarily from other circuits, because, as the Sammons assert, *One 1977 Mercedes Benz* and *Stewart* do not "involve[e] identical facts and law," Doc. # 165 at 5, is misplaced. Regardless of whether these two cases concern "identical facts," the binding precedent in the Ninth Circuit governs the outcome of this action. Based upon the holdings of *One 1977 Mercedes Benz* and *Stewart* and the

standards for Rule 14(a) third-party practice elucidated in those opinions, the Sammons' third-party complaint is improper and must be dismissed.

### 1.    The holding of *One 1977 Mercedes Benz* requires dismissal.

The Sammons argument that the Ninth Circuit's observation in *One 1977 Mercedes Benz* that there would have been "some economy in trying these claims together" offers support for its position is without merit. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (quoted in Doc. # 165 at 5). In *One 1977 Mercedes Benz*, the federal government filed a forfeiture action against an automobile that was allegedly used to transport narcotics. *See id.* at 446. The owner of the car, Aimee Webb, sought to file a third-party complaint against various law enforcement personnel and organizations, claiming that the seizure of the automobile violated her constitutional rights and, as a result, was improper, but the district court dismissed her third-party complaint, finding that it was not within the scope of Rule 14. *See id.* After the district court granted summary judgment to the government on the forfeiture claim, Webb appealed the dismissal of her third-party complaint and the order granting summary judgment. *See id.* The Ninth Circuit affirmed the judgment on the forfeiture action and also affirmed the district court's other challenged order, finding that "the third-party complaint was properly dismissed because it was outside the scope of rule 14." *Id.*

The Ninth Circuit found that, although Webb's claims regarding the constitutionality of the seizure of her vehicle were "related to . . . the original forfeiture claim," "the natures of the two claims are entirely different and independent" such that the trial court did not abuse its discretion in dismissing the third-party complaint despite the fact that there may have been "some economy in trying these claims together." *Id.* at 452. This result was reached because, although "[t]he decision to

allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court," "a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative. . . . It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Id.* (citations omitted). Like the Sammons' claims against COR, Webb's third-party claims against the law enforcement officials and agencies were of a personal nature that were related to the basic facts underlying the original complaint but did not seek to pass on any liability arising out of the original action. Therefore, as in *One 1977 Mercedes Benz*, dismissal of the Sammons' third-party complaint is appropriate here.

## 2. The holding of *Stewart* requires dismissal.

Five years later, in *Stewart*, the Ninth Circuit again affirmed the dismissal of an improperly-pled third-party complaint. In *Stewart*, the defendant/third-party plaintiff Meridian had been sued for securities fraud, common law fraud, and other misrepresentation and fraud-related claims concerning the sale of oil and gas well interests to the plaintiffs. 845 F.2d at 198-99. Meridian then attempted to implead two other companies from which it had originally purchased the gas and oil well interests, asserting that it had purchased the interests based upon the same alleged fraudulent misrepresentations that plaintiffs allegedly relied upon in purchasing the interests from Meridian. *See id.* at 199. Meridian argued that if it was liable to the plaintiffs for securities fraud and misrepresentations, then the third-party defendants must also be liable to Meridian for the same violations, as the Meridian made the same sales pitch to plaintiffs that the third-party defendants had made to Meridian. *See id.*

The Ninth Circuit affirmed the trial court's dismissal of the third-party complaint, finding that, although the same subject matter (the oil and gas wells) were involved, the district court did not abuse its discretion in finding that "there was no derivative or secondary liability involved." *Id.* at 200. Thus, in *Stewart*, although a finding of liability on the part of Meridian in the underlying claim could have bolstered or assisted in proving Meridian's claim against the third-party defendants, the third-party defendants' liability to Meridian was not "derivative" of Meridian's liability to the plaintiffs and thus was an improper use of a third-party complaint. As the Ninth Circuit put it , Meridian's third-party complaint failed to fulfill "[t]he crucial characteristic of a Rule 14 claim[:] . . . that defendant is attempting <u>to transfer</u> to the third-party defendant the liability asserted against him by the original plaintiff." *Id.* (emphasis added, quotation omitted).

Although the facts in *One 1977 Mercedes Benz* and *Stewart* are slightly different – as all cases are --, the law that the Ninth Circuit established in those cases is directly on point and is controlling here. The Ninth Circuit requires derivative liability and the attempt to transfer liability from a defendant/third-party plaintiff to a third-party defendant for a proper Rule 14 impleader action. Neither of those required criteria are met here despite the Sammons' arguments to the contrary.

   **3.**  **The Sammons' argument that the facts and law at issue are identical is incorrect.**

The Sammons' argument that the facts and law in the underlying claim and their third-party claim are identical is simply incorrect. The Sammons argue that that the facts and the law that are at issue in CEC's underlying complaint and in their third-party complaint against COR are not merely similar but rather "are **identical**. The facts, witnesses, and law are **identical**. The declaration sought is **identical**." Doc. # 165 at 5 (emphasis in original). In CEC's underlying complaint, CEC seeks a

declaration as to whether or not the Sammons' dissenters' rights were properly exercised under Nevada law. *See* Doc. # 2-1 at 5-7. While the answer to this question is necessary for determination of the Sammons' right to bring their claims against COR, these claims are not identical.

In the third-party complaint, the Sammons seek a declaratory judgment against COR and the other third party defendants asking the Court to declare that if the Sammons failed to perfect their right to judicial appraisal of 650,000 CEC shares that failure was caused by (1) breach of contract; (2) breach of fiduciary duty; and/or (3) negligence on the part of third party defendants . *See* Doc. # 128 at ¶¶ 41-42. In the CEC's underlying complaint, the only law at issue is whether or not Nevada's requirements for exercising dissenters' rights have been fulfilled. However, the Amended Third-Party Complaint raises issues related to the interpretation of contracts that are not relevant to the determinations under Nevada Revised Statute § 92A.440 at issue in the underlying complaint, in addition to wholly separate claims concerning the existence of legal and fiduciary duties that are distinct from the determinations under Nevada Revised Statute § 92A.440. Simply put, "[t]hese claims are related to but not derivative of the original . . . claim. Further, the natures of the two claims are entirely different and independent." *One 1977 Mercedes Benz* 708 F.2d at 452. Despite the Sammons' arguments, the law that the Court of Appeals has established in this Circuit requires dismissal of the Sammons' third-party complaint for failure to comply with the requirements of Rule 14(a).

**III.     The Sammons Cannot Bring Claims Against COR in This Action Pursuant to Either Rule 13 or Rule 20.**

In the Sammons' response, they concede that impleader or third-party practice is not the proper vehicle for their assertion of claims against COR. *See* Doc. # 165 at 7 ("In retrospect, Rule 20

(or possibly Rule 13), rather than Rule 14, probably should have been cited."). However, the Sammons' suggestion that this Court reorganize their claims for them in the form of permissive joinder (Rule 20) or a counterclaim or crossclaim (Rule 13) simply cannot be accommodated under the Federal Rules of Civil Procedure. Neither procedural vehicle is a proper one for bringing the Sammons' claims against COR in this case – even in the case of highly sophisticated *pro se* plaintiffs.

**A.     The Sammons can not bring claims against COR under Rule 13.**

A counterclaim or crossclaim by the Sammons against COR is not possible here. A counterclaim may only be raised against an <u>existing</u> opposing party. *See* Fed. R. Civ. P. 13(a)(1) (setting forth the types of facts which give rise to a compulsory counterclaim, which is "any claim that – at the time of its service – the pleader has against an opposing party . . . "). Likewise, a crossclaim may only be raised against an <u>existing</u> coparty. *See* Fed. R. Civ. P. 13(g) (setting out the parameters for a crossclaim, which is "any claim by one party against a coparty" which meets certain requirements). Given that COR was not party to the underlying complaint that CEC brought against the Sammons, the Sammons cannot allege any claims against COR in this action pursuant to Rule 13.

**B.     The Sammons can not bring claims against COR under Rule 20.**

Rule 20 also fails to provide the Sammons with a mechanism for bringing claims against COR in this action. Rule 20 establishes the methods by which a party may be permissively (as opposed to compulsively) joined to an action. The venerable treatise Wright and Miller explains,

> Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The

purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, et al. *Federal Practice & Procedure* § 1652 (3d ed. 2013). Citing Wright and Miller, the Ninth Circuit has explained: "Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Permissive joinder under Rule 20(a) (1) allows multiple plaintiffs to join as plaintiffs in one action if they have shared rights to relief arising from the same transaction or occurrence with common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(1). Permissive joinder under Rule 20(a) (2) allows a plaintiff to join multiple defendants in one action if the plaintiff asserts against them a right to relief arising from the same transaction or occurrence with common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Rule 20 simply does not provide a mechanism for a defendant, on its own, to bring in a new primary defendant in an action (indeed, no rule permits a defendant to do so on his own). *Cf. Patraka v. Armco Steel Co.* 495 F. Supp. 1013, 1020-21 (M.D. Pa. 1980) ("While the Commonwealth may be jointly or alternatively liable to the plaintiffs, no extended list of authorities need be cited for the proposition that a plaintiff is under no obligation whatsoever to name as defendants all who may have contributed to or caused his injuries. . . . Nor must the plaintiff join a party who may be responsible for a superseding and intervening negligent act."). Moreover, Rule 20 does not provide a defendant with the right to assert, as a plaintiff, a claim against a third party in the same action unless the defendant is joining third parties to a counterclaim against the original

plaintiff. Without alleging a counterclaim, a defendant may only bring claims against a third party as a plaintiff in accordance with the provisions of Rule 14.

The Sammons reliance in part upon a decision from the Northern District of New York wherein, as the Sammons put it, "third-party claims raised pursuant to Rule 14(a) [were] rejected but [were] considered and allowed pursuant to Rule 20." is without merit. *See* Doc. # 165 at 7. What the Sammons do not tell this Court is that, in *Levine v. Landy*, 860 F. Supp. 2d 184, 187-88 (N.D.N.Y. 2012), the defendant brought a counterclaim against the plaintiff and then attempted to bring claims against new defendants in a third-party complaint. There, the court dismissed the third-party claims and found that the defendant could bring in the two new defendants via Rule 20's permissive joinder provisions <u>only</u> on its counterclaim against the original plaintiff. *See id.* Here, however, the Sammons did not bring a counterclaim against CEC and thus cannot permissively join COR as a defendant under Rule 20. For this reason, *Levine* does not supply authority for the Sammons to raise claims against COR here. Simply put, just like Rule 14, neither Rule 13 nor Rule 20 provide a basis for the Sammons to bring a claim against COR in this action.

## CONCLUSION

For the reasons stated herein and in COR's Motion to Dismiss, the Sammons' Amended Third-Party Complaint does not satisfy the requirements to maintain a third-party complaint under Rule 14 and it is due to be stricken or dismissed. The plain text of Rule 14(a)(1), which permits the filing of third-party complaints only against "a nonparty who is or may be liable to [a defendant] for all or part of the [plaintiff's] claim against [the defendant]," and the Ninth Circuit's standards for Rule 14 impleader simply do not support a third-party complaint here. Finally, the Sammons' claims cannot be properly brought against COR via a Rule 13 counterclaim or crossclaim or via permissive

1   joinder under Rule 20. Therefore, the Sammons' claims against COR are due to be dismissed from

2   this action.

3          Respectfully submitted,

4

5   DATED: March 7, 2014.                    LOUIS M. BUBALA III (SBN 8974)
                                             BRET F. MEICH (SBN 11208)
                                             ARMSTRONG TEASDALE, LLP
6                                            50 West Liberty, Suite 950
                                             Reno, NV 89501
7                                            Telephone: (775) 322-7400
                                             Facsimile: (775) 322-9049
8
                                             By:___/s/ *Bret F. Meich*_____
9                                                  Bret F. Meich

10
                                             PETER TEPLEY (admitted *pro hac vice*)
11                                           MEREDITH LEES (admitted *pro hac vice*)
                                             REBECCA BEERS (admitted *pro hac vice*)
12                                           RUMBERGER, KIRK & CALDWELL, PC.
                                             2204 Lakeshore Drive, Suite 125
13                                           Birmingham, AL 35209-6739
                                             Telephone (205) 327-5550
14                                           Facsimile (205) 326-6786

15
                                             By: */s/ Peter Tepley*_____
16                                                Peter Tepley

17

18

19

20

21

22

23

24

25

26

27

28
                                        -17-

<u>CERTIFICATE OF SERVICE</u>

I, Peter Tepley, certify that on March 7, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list or served the foregoing via U.S. Mail, properly addressed and postage prepaid, as noted.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 7, 2014, at Reno, Nevada.

Justin J. Bustos                                    (VIA CM/ECF)
Anjali D. Webster
GORDON SILVER
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

Michael N. Feder                                  (VIA CM/ECF)
GORDON SILVER
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169

Frances Floriano Goins                          (VIA CM/ECF)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
*Attorneys for Plaintiff China Energy Corporation*


Richard L. Elmore, Esq.                         (VIA CM/ECF)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for Defendant Thomas S. Vredevoogd*

Daniel T. Hayward                               (VIA CM/ECF)
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
*Attorney for The Depository Trust Company and Cede & Co.*

Michael Sammons                                 (VIA U.S. MAIL)

-18-

1   Elena Sammons
    15706 Seekers St
2   San Antonio, TX 78255
    *Defendants / Third-Party Plaintiffs Pro Se*
3

4   Randy Dock Floyd                              (VIA U.S. MAIL)
    4000 Goff Road
5   Aynor, SC 29511
    *Defendant Pro Se*
6

7   Jun He                                        (VIA U.S. MAIL)
    231 Split Rock Rd.
    The Woodlands, TX 77381
8   *Defendant Pro Se*

9   Alan T. Hill                                  (VIA U.S. MAIL)
    9501 Avenida Del Oso NE
10  Albuquerque, NM 87111
    *Defendant Pro Se*
11

12                                   By: /s/*Peter Tepley*
                                          Peter Tepley
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     -19-