Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

China Energy Corporation
     Plaintiff

     Vs.                      Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
     Defendants

**Elena Sammons**
**Michael Sammons**
     **Third-party Plaintiffs**

     **Vs.**
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
     **Third –Party Defendants**

## Motion for Review by U.S. District Judge
## of Magistrate's Order Dated April 24, 2014

Comes the Defendant-Third Party Plaintiff ("TP-P"), Michael Sammons, and moves this Honorable Court review the Order staying discovery pending decision on motions to dismiss issued by the Magistrate on April 24, 2014. Dkt. 205.  FRCP, Rule 73(a) and 28 USC §636.

## PROCEDURAL POSTURE OF THE CASE

For "good cause" Judge Du granted leave to implead Third-Party Defendants Cede & Co. ("Cede"), the Depository Trust Company ("DTC"), and COR Clearing, LLC ("COR") (collectively "TP-D")[1]. Dkt. 115.  The Amended Third-Party Complaint ("TP-C") was filed on January 29, 2014.  Dkt. 128.

The TP-D filed motions to dismiss on **six** alternative grounds (personal jurisdiction, improper Rule 14(a) impleader, inadmissible Rule 56(d) affidavit, failure to allege a contract, futile further amendment, and impossible severance.) Dkt. 152.  TP-P filed an Amended Opposition.  Dkt. 156.  TP-D filed an Amended Reply.  Dkt. 200.  By Order dated April 24, 2014 U.S. Magistrate Cooke, convinced the motions to dimiss would be granted, stayed discovery as to the TP-D until the motions to dismiss were granted. Dkt. 205. The Order contained no findings of fact or law, nor even a hint as to which of the **six** grounds was persuasive.[2]

---

[1] "Good cause" was avoiding a second successive lawsuit and trial on the same issue: whether Cede & Co. properly perfected dissenter's rights under Nevada law.  The original complaint could well result in a declaration that the TP-P's 650,000 share of CEC are not entitled to judicial appraisal because Cede & Co. failed to timely deliver stock certificates. But if Cede & Co. was not a party to the original action, the TP-P would have to file a successive lawsuit seeking the very same declaration that Cede & Co. failed to properly perfect dissenter's rights.  The threat of a successive lawsuit on the exact same facts and law, as well as the possibility of inconsistent verdicts on the exact same facts and law, was the basis for the "good cause" finding allowing the impleader of Cede/DTC/COR.

[2] The Plaintiff can only guess as to the Magistrate's thinking.  Since the Magistrate must have concluded that any possible amendment would be futile, and having ruled out any possible severance as is typically required in such cases by Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998) ("Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew (by granting dismissal only to see the same issues filed anew)."), one can only guess that the Magistrate found no jurisdiction.  So the same case was refiled in Omaha, Nebraska, where U.S. District Judge Joseph Bataillon will no doubt be wondering why a case with every visible connection to Nevada was bounced to Nebraska.  The April 24, 2014 order certainly contains no clues.

Judge Cooke in staying discovery simply cited <u>Tradebay, LLC v. Ebay, Inc.</u>, 278 FRD 597, 603 (D. Nev. 2011), a decision which held that a party seeking a stay of discovery bears a "heavy burden."  An Order which simply implies that the "heavy burden" has been met but without any findings or law or analysis requires the District Judge to conduct a *de novo* review. <u>Thompson v. American Family Mutual Insurance Company</u>, No.2:09-Dist. Court, D. Nevada 2011 ("the magistrate judge has made no findings of law or fact in the disputed orders ... (so) ... the court finds it necessary to review the issues *de novo*").

## PROPRIETY OF A DISCOVERY STAY

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. <u>Skellercup Indus. Ltd. v. City of L.A.</u>, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

The moving party must show more than an apparently meritorious Rule 12(b)(6) motion. <u>Twin City Fire Insurance v. Employers of Wasau</u>, 124 F.R.D 652, 653 (D. Nev. 1989); <u>Turner Broadcasting System, Inc. v. Tracinda Corp.</u>, 175 F.R.D. 554, 556 (D. Nev. 1997) Citing the Ninth Circuit's decision in <u>Wood v. McEwen</u>, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added).

3

In a pro se case, a stay is appropriate only when the Court can perceive of no possible amendment which could overcome the grounds asserted for dismissal. In the case at bar, not only is such an amendment possible, there is also the fact that severance would be appropriate even if there was no possible amendment. "Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew." Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989).

The following facts and arguments[3] show that the motions to dismiss at most require an amended complaint, or in the alternative severance is appropriate, and therefore a stay of discovery needlessly delays resolution of the issues in violation of Wood v. McEwen, supra:

### CORRECTION OF FACTUAL ERRORS

The TP-D Motion to Dismiss/Strike and Reply misstates the true facts (see "Affidavit of Michael Sammons" attached as Exhibit A):

1. " ... the (TP-C presents state law) claims for breach of contract, breach of fiduciary duty and negligence ..." Reply, pg. 1  **However, the Amended Third Party Complaint ("TP-C") presents only one claim: for a declaratory judgment that the TP-D failed to comply with Nevada law in asserting dissenters rights on behalf of the TP-P.**

2. The TP-D did not attempt to accomplish anything in Nevada. Reply, pg. 4.  **However, the TP-C at #25 states that Cede & Co. "delivered an 'Assertion of Appraisal Rights' (letter) to CEC." A copy of that letter, on Cede & Co. letterhead, signed by Cede & Co., and addressed and**

---

[3] These facts and arguments are from the TP-P's Amended Opposition to the motions to dismiss. However, not all issues raised in that Opposition are presented here; any issues not presented are abandoned for purposes of this discovery stay review.

**delivered to the CEC corporate agent in Carson City, NV, has already been filed in this case**. See Exhibit D, attached.  After that defective letter, Cede & Co. sent a second (equally defective) letter to CEC in Nevada.  See Exhibit E, attached.  Finally the DTCC, parent company of the DTC, directly contacted the CEC transfer agent in Nevada and ordered a new 650,000 share stock certificate be printed and shipped from Nevada to the DTC in New York.  Exhibit F, attached.

3. There was no $400 contract.  Reply, pg. 4.   **However, the DTC stated that if the TP-P wanted to dissent in Nevada they could only do so if they allowed the DTC to handle the dissent and agreed to a $400 fee.  TP-C #19;** see also Exhibit B, attached (published "DTC Fee Schedule").  Thereafter the DTC attempted to perfect the TP-P's dissenter's rights for which the TP-P incurred a $400 fee.  TP-C #25-36. See also Affidavit of Michael Sammons, attached as Exhibit A.

4. There are no allegations that Third-Party Plaintiffs paid the alleged $400 to the DTC Defendants, as opposed to COR Clearing.  Reply, pg. 5. DTC stated it would charge $400 for asserting the TP-P's dissenter's rights, and **the TP-P were the ones required to pay the $400 charged by the DTC**.  See Exhibit B attached (published "DTC Fee Schedule") and Affidavit of Michael Sammons, attached as Exhibit A.

5. Third-Party Plaintiffs failed to state essential elements of their state law causes of action. Reply, pg. 6.  **Again, the TP-P are not claiming any state law torts or seeking damages; the TP-P seek only a declaration that the TP-D failed to comply with Nevada dissenters' rights statutes  and as a result the TP-P lost their right to judicial appraisal of their 650,000 shares of CEC stock.**

## SUMMARY OF THE ARGUMENT

Count 1 of the original Complaint seeks a declaration as to whether the stockholder of record (Cede & Co.) perfected dissenters' rights.  Dkt. 2.  All six defendants were required to rely upon Cede & Co., which is owned and controlled by DTC, to *timely* deliver the appraisal demand and stock certificates.  As a matter of law, only the stockholder of record (Cede & Co.) had the legal right and ability to assert dissenters' rights.  Smith v. Kisorin USA, Inc., 254 P. 3d 636 (Nev. 2011)(assertion of dissenters' rights by beneficial shareholder invalid – only Cede & Co., as shareholder of record, may assert dissenters' rights.)

Therefore, Count 1 of the original Complaint actually seeks a declaration that Cede & Co., the stockholder of record, failed to comply with those state requirements necessary to perfect appraisal rights for the beneficial shareholders.  Cede & Co. is not named as an original defendant (but could have been), presumably because Cede & Co. is a nominal party with no real financial interest in the outcome – **but** with the filing of the TP-C, Cede & Co. now appropriately faces potential future litigation and financial liability (in a subsequent suit or arbitration for damages if errors by Cede/DTC caused the TP-P to lose their right to judicial appraisal).

DTC charges $400 per broker account for handling assertions of dissenters' rights.  TP-C at 19; see also Exhibit B, published "DTC Fee Schedule."  Cede was required to deliver a Payment Demand letter to CEC, but Cede (twice) prepared a defective demand letter; TP-C at 24, 25, 28, 36(c), 36(d).  NRS 92A.440(1)(a).  Cede was also required to timely deliver stock certificates pursuant to the dissenters' rights notice.  NRS 92A.440(1)(c).  The DTCC, through its parent company the DTCC, directly contacted Quicksilver in Nevada and caused a new 650,000 stock certificate to be printed and shipped

to the DTC in New York.  Then the DTC shipped the certificate to COR, and in the end COR failed to timely deliver the stock certificates to the CEC in Nevada; TP-C at 30-33, 36(a).

Cede/DTC raise six grounds for dismissal, but only three merit discussion: (1) lack of personal jurisdiction, (2) invalid impleader under Rule 14, and (3) failure to state a claim.  Each shall be addressed in turn.

## PERSONAL JURISDICITON

"On a ... motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiffs] favor." *See* <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  Furthermore, when considering a motion to dismiss a pro se complaint, the court must interpret the complaint liberally to raise the strongest arguments that the allegations suggest. *See* <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2d Cir.2000) (internal citations omitted); *see also* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980) (internal citations omitted) (noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  The "facts" alleged are quite specific in the First Amended Third Party Complaint ("FAC"):

(a) There was an agreement to pay **$400 to DTC**.  In return Cede, as the shareholder of record for the Sammonses' shares, agreed to take those actions necessary to comply with Nevada law to perfect the TP-P's dissenter's rights to appraisal; FAC #19

(b)    Cede prepared a Dissenters' Rights letter addressed to CEC in Nevada with so many factual errors that it was void, FAC #25, and had to be resubmitted, FAC #28, and was resubmitted with even more errors; FAC #36(c), 36(d)

(c)    DTCC, the parent of DTC, ordered an unnecessary stock certificate be printed and shipped from Nevada to the DTC in New York, FAC #31-33; <u>Exhibit F</u>, attached

(d)    The stock certificate was subsequently untimely delivered by COR Clearing to CEC in Nevada, FAC #33, which caused CEC to deny the TP-P's right to appraisal.  FAC #34, 36(a)

Notwithstanding all this activity directed directly at CEC and its agents in Nevada, Cede/DTC argue that they had no connections to the State of Nevada.   However, **everything** required of Cede, with thehelp of DTC and COR, to perfect the Sammonses' dissenters' rights had to be completed **in Nevada**: (a) timely delivery of a Dissenters' Rights/Appraisal Demand to the CEC agent in Nevada, and (b) timely delivery of stock certificates to the CEC agent in Nevada.  NRS 92A.440.

Where else but in Nevada could one possibly expect to seek a declaratory judgment to determine whether the obligations arising from the $400 contract and UCC § 8-506, **all required to be performed in Nevada**, and which were **attempted in Nevada**, complied with the requirements of Nevada law.

### Improper Impleader under Rule 14(a)

Cede/DTC next argue that Rule 14(a) can never allow defendants in declaratory judgment actions to maintain a third-party complaint, because in declaratory judgment cases there is never any monetary liability which can be shifted from the Defendant to the Third-Party Defendant.

The Ninth Circuit has ruled squarely to the contrary.  <u>EEOC v. Peabody Western Coal Co.</u>, 610 F. 3d 1070, 1087 (9th Cir 2010)("declaratory judgment is available in a Rule 14(a) impleader" even though no monetary liability at issue).  And the Ninth Circuit is not alone.

Moore's notes that, despite the fact that the declaratory judgment defendant has no liability that can be passed on to a third-party defendant, courts have allowed impleader in such a case. James Wm. Moore et al., Moore's Federal Practice - Civil § 14.04 (2010).  Moore's cites to a number of district court cases in which courts have found that policy considerations of judicial economy have warranted a loosening of the requirements of Rule 14(a)(1). <u>Id.</u>

The weight of recent authority allows impleader under Rule 14(a) in declaratory judgment actions, as long as the same facts and law are involved, based upon principles of judicial economy.  See <u>Federated Mutual Insurance Company v. Ever-Ready Oil Co.</u>, No. 09-CV-857 (D. NM. Mar 29, 2012)("Giant's third-party claim is based - dependent even - upon Federated's declaratory judgment claim.  As such, and in light of the liberal construction accorded to Rule 14, the Court finds that Giant's third-party complaint is appropriate."); <u>Hartford Casualty Ins. Co. v. Moore</u>, No. 08-cv-1350 (C.D. Ill. Jan20, 2010)("the outcome of the claims in the Third-Party Complaint is dependent on the outcome of Hartford's suit for declaratory judgment")

Furthermore, the TP-D overlook the potential loss that could be suffered by the TP-P.  A declaration in favor of the Plaintiff (CEC) based upon a finding that Cede, as the stockholder of record, failed to perfect dissenters' rights, will mean the loss of payment for "fair value" of their 650,00 shares at a loss they estimate to exceed $3 million, Dkt. 116).  As explained by the Court in <u>State</u>

College Area School District v. Royal Bank of Canada, 825 F. Supp. 2d 573, 582 (M.D. Pa. 2011):

> "Consistent with the decisions ... of many district courts throughout the country and respected authorities on federal civil practice, we hold that where a declaratory judgment in a plaintiff's favor may result in a loss to the defendant, the broad purposes of Rule 14(a) permit the defendant to join a third-party defendant who may be liable to it, in whole or in part, for that loss."

Accord Colony Insurance Company v. Peterson, No. 1:10-CV-581 (M.D. NC May 22, 2012)(" we hold that where a declaratory judgment in a plaintiff's favor may result in a loss to the defendant, the broad purposes of Rule 14(a) permit the defendant to join a third-party defendant who *may* be liable to it, in whole or in part, for that loss.")

Because a declaratory judgment in plaintiff CEC's favor may result in a loss to the defendants (TP-P) – the loss of their right to judicial appraisal and eventual payment of $3 million for the "fair value" for their 650,000 shares of CEC -  and the TP-D may be liable to the TP-P for that loss – impleader under Rule 14(a) was proper.

Rule 14(a) is particularly appropriate where the facts, witnesses, and legal issues are *exactly* identical.  See generally Mutual Insurance Company v. Rocky Mountain Construction Company, LLC, No. 12-CV-00453 (D. Colo. Feb 5, 2013):

> "The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." Patten v. Knutzen, 646 F. Supp. 427, 429 (D. Colo. 1986). Since Rule 14 aims to reduce the multiplicity of litigation, U.S. v. Yellow Cab Co., 340 U.S. 543, 556 (1951), it should be construed liberally.

"Rule 14(a) [does] not preclude all third-party actions in which the third-party defendant would not be held liable directly for the judgment of the original defendant." *Id.* (quoting <u>Old Republic Ins. Co. v. Concast, Inc.</u>, 99 F.R.D. 566, 569 n.1 (S.D.N.Y.1983) (citing <u>McGee v. United States</u>, 62 F.R.D. 205, 208-09 (E.D. Pa.1973)). Otherwise, according to these courts, "a strict interpretation of Rule 14(a) makes it impossible for defendants to declaratory judgment actions to maintain a third-party complaint, as the defendant to a declaratory judgment action will never be found liable to the plaintiff." *Id.* (quoting <u>Hartford Cas. Inc. Co. v. Moore</u>, No. 08-cv-1350, 2010 WL 323502, at *3 (C.D. Ill. Jan. 20, 2010).

**"One of the primary objectives of third-party procedure is to avoid circuity and multiplicity of actions."** (emphasis added)

Cede/DTC rely upon two Ninth Circuit cases, neither of which involved identical facts and law. <u>United States v. One 1977 Mercedes Benz</u>, 708 F. 2d 444, 452 (9th Cir 1983)( "the natures of the two claims are entirely different and independent"), and "<u>Stewart v. American Int'l. Oil & Gas</u>, 845 F.2d 196, 199 (9th Cir 1988)("The district court found that the transaction which gave rise to the original complaint and the transaction which gave rise to the third-party complaint were completely separate.")

<u>United States v. One 1977 Mercedes Benz</u>, supra, actually supports the Sammons third-party complaint, as the Ninth Circuit noted that "economy in trying ... (these) claims together" would have allowed the district court to combine those two separate cases as a matter of discretion had it so desired. <u>Id</u>. at 452.

In the case at bar, the facts and law are not similar, they are **identical**. The facts, witnesses, and law are **identical**. The declaration sought is **identical**. Indeed, the original declaration is actually targeted to the acts and omissions of the TP-D, not the acts and omissions of the original defendants.

Count 1 of the original Complaint seeks a declaration that dissenters' rights were not properly perfected.  While it references the beneficial shareholders (the original defendants), the law is clear that only the shareholder of record (Cede & Co. in this case) can assert dissenters' rights. Smith v. Kisorin USA, Inc., 254 P. 3d 636 (Nev. 2011)(assertion of dissenters' rights by beneficial shareholder invalid – only Cede & Co., as shareholder of record, may assert dissenters' rights).

### Failure to Plead Elements of Causes of Action

Cede/DTC fail to understand that the TP-P only seek a declaratory judgment.

A motion to dismiss a declaratory judgment claim tests whether the Complaint presents a concrete present controversy on which the court can and should issue its declaration.  A **motion to dismiss "is seldom an appropriate pleading in actions for declaratory judgments** ...  It is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." N.C. Consumers Power, Inc. v. Duke Power Co., 206 S.E.2d 178, 182 (N.C. 1974)(emphasis added)

The Federal Rules of Civil Procedure, specifically Rule 57, "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R.Civ.P. 57.  The Advisory Committee's Notes accompanying the 1937 adoption of Rule 57 of the Federal Rules of Civil Procedure explain that "[t]he controversy must necessarily be of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be

declared." Fed.R.Civ.P. 57 advisory committee's note (internal quotation marks and citations omitted).

The TP-P do not, at this stage, need to prove negligence, breach of contract, breach of intended third-party contract, or breach of duty under UCC 506.  That lawsuit or arbitration will come later (assuming the TP-P prevail on their TP-C seeking a declaration that the TP-D failed to comply with the requirements of Nevada law in trying to perfect dissenters' rights on behalf of the TP-P).   This is more than enough to establish "an actual, genuine existing controversy" warranting a declaratory judgment.

### Alternative Consideration under Rule 13 or Rule 20

The Supreme Court has instructed lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy. See United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).  While it seems apparent Cede/DTC, who insisted upon assuming responsibility for, and for taking those actions necessary to perfect, dissenters' rights, should be parties to this action, it was not clear how best to add them to the case.

Since the DTC charges $400 for asserting dissenters rights, and the DTC relied upon Cede and COR to execute the necessary steps, some type of contract or third-party intended beneficiary contract and/or agent relationship was in place, and the TP-D are responsible for any errors in performance.  Cf.  Flickinger v. Harold C. Brown & Co., Inc., 947 F. 2d 595, 600 (2nd Circuit 1991) (shareholder was intended third-party beneficiary to contract between broker and clearing firm).  Sutter Opportunity Fund 2 LLC v. Cede & Co., 838 A. 2d 1123 (Del. Ch. 2003)("Cede & Co. is actually the second tier financial intermediary. The plaintiffs hold their units through broker Paine Webber, and Paine Webber holds the units of the plaintiffs and others

through Cede & Co.  Paine Webber has acknowledged that it is the principal and Cede & Co. is its agent in similar contexts.")

The Sammonses could have:

(a)   filed a suit based upon **breach of contract** - but damages cannot be proved until this Court decides Count 2 of the original Complaint;

(b)   filed a separate **declaratory judgment** action seeking the exact same declaration sought by China Energy Corporation ("CEC") in Count 1 of the original complaint (that Cede & Co., as shareholder of record, failed to comply with Nevada statutory requirements to perfect its right to appraisal);

(c)   filed under **Rule 13** to add Cede/DTC/COR as counter-claim parties;

(d)   filed under **Rule 20** to add Cede/DTC/COR as party defendants to Count 1 of the original Complaint;

(e)   filed under **Rule 14(a)** a third-party declaratory judgment complaint adding Cede/DTC/COR (which, of course, they did).

Perhaps FRCP, Rule 20, rather than Rule 14, could have been cited; although the result is the same – Cede/DTC/COR would be added as parties and would be bound by the Court's ultimate decision as to whether dissenters' rights were properly perfected by Cede/DTC/COR.

Courts must construe pro se pleadings liberally.  Hughes v. Rowe, 449 US 5, 9 (1980).  If a pro se party pleads facts sufficient to warrant relief, but misstates the applicable rule or statute, the court should simply apply the correct rule or statute or should freely allow amendment.  "(A) number of courts, in the interest of justice, have permitted the recharacterization of claims where warranted," frequently considering Rule 14 motions under Rule 20 even in counseled cases.  National Fire Insurance Company Of Hartford v. National Cable Television Cooperative, No. 10-2532 (D. Kan. Apr 14, 2011)(**collecting cases** from the Dist. RI, Dist. Md., MD Fla., and Dist. Haw.)

See also Levine v. Landy, 860 F. Supp. 2d 184, 187 (ND NY 2011); Stonecrest
Partners, LLC. v. Bank of Hampton Roads, No. 7:10-CV-63-FL (E.D. NC. Aug 18,
2011) .

 The joinder rules, such as Rules 13, 14, and 20, are "to be construed
liberally in order to promote trial convenience and to expedite the final
determination of disputes, thereby preventing multiple lawsuits." League to
Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.
1977) (citation omitted). "Under the Rules, the impulse is toward entertaining
the broadest possible scope of action consistent with fairness to the parties;
joinder of claims, parties and remedies is strongly encouraged." United Mine
Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

 "If the (proposed added parties) are not present before the court, they
will not be bound by any decree of invalidity, thereby creating the possibility
of future lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning
Agency, Id. at 917.  This opens the door to successive duplicate lawsuits and
inconsistent verdicts.

 Should the Court find that this case is not appropriate for a third-party
complaint pursuant to Rule 14(a), then the Court should consider joinder or
realignment of the parties directly under either Rule 13 or Rule 20, or allow
the pro se Defendants leave to amend their pleading to cite and rely upon Rule
13 or Rule 20 to properly add Cede/DTC as parties.

**Severance**

 FRCP Rule 14(a)(4) allows the Court to sever a third-party claim if the
claim is not appropriate for joinder to the original complaint.  This also
promotes judicial efficiency and economy by preserving service, progress on
the issues, and progress on discovery.  The Third-Party Complaint states a

valid claim for a declaratory judgment.   Indeed, also for judicial economy and to protect against inconsistent verdicts, it should be tried at the same time as the original complaint.  Both cases involve the same facts, witnesses, and issues of law.  In every factual and legal perspective the two cases are identical.

The TP-D imply this Court should simply dismiss the TP-C, which would require the TP-P to refile the TP-C as a new declaratory judgment action.  This would lose all the progress on service, the issues, and discovery.   Given the identical facts and questions of law, this Court would then simply consolidate the two separate declaratory judgment cases for bench trial.  The suggestion of the TP-D that the TP-P be required to file the exact claim anew, in a new separate declaratory judgment action, does not "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citation omitted). "Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew." Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989).

The TP-D must be added to this case in the interests of justice, a full and final airing of the facts and issues of whether dissenter's rights were properly perfected, and to promote judicial efficiency and economy.  However, how to do so in the simplest and most efficient manner is a rather confusing problem the Court is uniquely qualified to unravel.

## CONCLUSION

The above discussion makes clear that the TP-D should, under some procedure, be tried along with the original defendants, either as (1) TP-D,

(2) additional parties through an amended complaint, or through

(3) severance and consolidation for trial.

     **WHEREFORE**, the stay of discovery should be lifted and this case be allowed to proceed on its merits.

Respectfully submitted:

Michael Sammons, pro se

Certificate of Service

     I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the ___1___ day of ___May___, 2014.

Michael Sammons, pro se



# AFFIDAVIT OF MICHAEL SAMMONS

I, Michael Sammons, am a Defendant-Third Party Plaintiff in this case, and aver under the penalty of perjury that the following facts are true and correct and are known to me based upon personal knowledge or authenticated business communications from the Third-Party Defendants or their principals or agents (including TD Ameritrade, Just2Trade, COR Clearing):

1. In this case Just2Trade was our stock broker.
2. COR Clearing was the clearing firm used by Just2Trade.
3. COR Clearing is a participant and part-owner of the Depository Trust Company ("DTC").
4. Cede & Co. is the nominee name used by the DTC for registering stock and is owned by the DTC.
5. DTC charges $400 for asserting dissenters' rights. We agreed to pay the $400 and Cede/DTC agreed to handle the dissent and take the steps necessary to perfect our dissenters' rights under Nevada law.
6. Until discovery is conducted it is not clear whether that $400 fee was charged directly by DTC, or the $400 was to be charged to COR Clearing and then passed through to us.
7. The DTC caused a dissenters' rights letter from Cede & Co. (on Cede letterhead, signed by Cede, address to CEC in Nevada) to be delivered to COR for the purpose of delivery to the corporate agent of China Energy Corporation ("CEC") in Carson City, Nevada.
8. The DTC caused a second dissenters' rights letter from Cede & Co. (on Cede letterhead, signed by Cede, address to CEC in Nevada) to be delivered to COR for the purpose of delivery to the corporate agent of China Energy Corporation ("CEC") in Carson City, Nevada.
9. Upon direct instructions from the DTC or its parent company DTCC, Cede & Co. ordered a certificate from the CEC transfer agent in Las Vegas, NV, for delivery from Nevada to DTC in New York.
10. CEC denied us appraisal rights because CEC alleges that Cede & Co. as stockholder of record failed to properly perfect dissenters' rights.

1

11.     CEC denied us appraisal rights because CEC alleges that Cede & Co. failed to comply with Nevada law because Cede & Co. prepared a defective Dissenters' Rights Letter for delivery to CEC in Nevada.  In fact, two efforts and deliveries were made to CEC in Nevada and, according to CEC, both were fatally defective.

12.     CEC denied us appraisal rights because CEC alleges that COR Clearing failed to timely deliver the stock certificate as required by Nevada law to CEC in Nevada.


_Michael Sammons_

Michael Sammons

EXHIBIT B



# GUIDE TO THE 2014 DTC Fee Schedule

# DTCC

# Guide to the 2014 DTC Fee Schedule >> 13

Effective January 1, 2014

| FEE NAME | AMOUNT ($) | CONDITIONS | FEE ID |
|---|---|---|---|
| Internal cross-receive | 20.00 | Per receive | 332 |
| OTW reclaim receive | 50.00 | Per item | 368 |
| **Other Services** | | | |
| Return to customer | | | |
| Return of security | 0.30 | Per security | 238 |
| Transportation | 12.00 | Per trip | 236 |
| Pass-through fees | At cost | Postage, agent fees, and any other out-of-pocket expense | 517 |
| Long position | 0.05 | Per CUSIP per day | 520 |
| Research | 100.00 | Per hour of research | 521 |

## Reorganization Services

### Reorganization

| | | | |
|---|---|---|---|
| Shipping charge for early CD redemption | At cost | | 525 |
| Proxy record date meeting | 1.00 | Per participant record date position; applies to holders identified on the record date capture for proxy meetings | 533 |
| Processing of dissent letter or shareholder demand | 400.00 | Per dissent letter or shareholder demand processed | 534 |
| Photocopy | 55.00 | Per inquiry | 649 |
| Research | 55.00 | Per inquiry | 650 |

## Withdrawal Services

### Direct Registration System (DRS)

| | | | |
|---|---|---|---|
| Establishment of DRS account and subsequent mailing transaction | 0.55 | Per transaction advice for mailing and handling | 515 |
| DQ through DRS (receive or deliver) | 0.45 | Per transaction | 666 |
| Initiation of DRS Profile transaction | 0.31 | Per transaction | 281 |
| Approval of DRS Profile transaction by Limited Participant Account | 0.10 | Per transaction | 539 |

DTCC Non-Confidential (White)

Updated: January 6, 2014

*Delivered to Secretary of State 8/2/13.*
*D. Gleason*

(EXHIBIT D)

Cede & Co.
c/o The Depository Trust Company
55 Water Street
New York, NY 10041

Date: 7/29/2013

China Energy Corporation
c/o United Corporate Services, Inc
202 South Minnesota Street
Carson City, NE 89703
Contact person: Wenxiang Ding, President and CEO
*(Name and Title)*

Attention: Wenxiang Ding

Cede & Co., the nominee of The Depository Trust Company ("DTC"), is a holder of record of

shares of ___China Energy Corporation___, DTC is informed by its Participant,
*(name of Issue)*

___COR Clearing___ ("Participant"), that ___650,800___ (the "Shares")

are beneficially owned by ___Dr. Elena Sammons___ customer of Participant.
*(name of customer)*

In accordance with instructions received from Participant on behalf of its customer, we hereby assert appraisal (or dissenters') rights with respect to the Shares.

Future correspondence on this matter should be directed to :
Elena Sammons, MD
145706 Seekers St.
San Antonio, TX 78255
210-858-6199
michaelsammons@yahoo.com

with copies directed to the attention of
Anh Mechals
Manager, Corporate Actions & Dividends
COR Clearing
9300 Underwood Ave. Suite 400
Omaha, NE 68114
402-384-6179

Very truly yours,

Cede & Co.

BY: _____
Partner
*Lori-Ann Trezza, partner*

Appraisal_Dissenters_Rights_Instruction_OPEN.docx

Please submit forms to demandanddissent@dtcc.com

**EXHIBIT D**

**Cede & Co.**
c/o The Depository Trust Company
55 Water Street
New York, NY 10041

Date: August 7, 2013

China Energy Corporation
c/o United Corporate Services, Inc
202 South Minnesota Street
Carson City, NE 89703
Contact Person:  Wenxiang Ding, President and CEO

Attention:  Wenxiang Ding, President and CEO

Cede & Co., the nominee of The Depository Trust Company ("DTC"), is a holder of record of shares of
CHINA ENERGY CORPORATION CUSIP NUMBER 16939M103

DTC is informed by its Participant,

COR Clearing LLC that

650,000 (# of shares) shares are beneficially owned by

Delaware Charter Guarantee & Trust FBO: Elena Sammons R/O IRA.  In accordance with instructions received from
Participant on behalf of its customer, we hereby assert appraisal (or dissenters') rights with respect to the Shares.

Future correspondence on this matter should be directed to
Delaware Charter Guarantee & Trust
FBO Elena Sammons R/O IRA
15706 Seekers St.
San Antonio, TX 78255-3302

with copies directed to the attention of

COR Clearing
9300 Underwood Avenue
Suite 400
Omaha, NE 68114
Attn: Anh Mechals

Very truly yours,
Cede & Co.

BY: _____
       Partner

Date :            *Lori-Ann Trezza, partner*



*EXHIBIT F*

**DTCC.**

**The Depository Trust &
Clearing Corporation**
18301 Bermuda Green Drive
Tampa, Florida 33647

August 8, 2013

Tel: 813-470-1154
Fax:813-470-1096
ahedgeman@dtcc.com

Jodi Godfrey
QUICKSILVER STOCK TRANSFER
~~6201 15TH Ave~~
~~Brooklyn, NY 11219~~
Phone: (702) 629-1883

Dear Ms. Godfrey.                                          **REVISED**

**RE: DISSENT FOR CHINA ENERGY CORP
CUSIP: 16939M103**

Enclosed is an SCL drawdown for 1,046,450 shares of China Energy Corp due to a
**dissent.** Please issue TWO stock certificates totaling 1,046,450 shares of CUSIP
16939M103 in the name of Cede & Co.

Please issue the certificates in the following breakdown:

**1 X 650,000**
**REDACTED**

Please forward the certificates to:

The Depository Trust Company
140-58th Street
Brooklyn NY 11220
Loading Dock 7E
ATTN: Bernard Wyllie

Please use our Fed-Ex number 272976465 when sending the certificates to DTC.

If you have any questions, please call Andrea Hedgeman at 813-470-1154 or Katharine
Horace at 813-470-1197.

Thank you,

Andrea Hedgeman
Andrea Hedgeman
Reorg Mandatory

*Subsidiaries:*
*The Depository Trust Company*
*National Securities Clearing Corporation*
*Fixed Income Clearing Corporation*

DTCC Confidential

**EXHIBIT B-2**