AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| China Energy Corporation <br> *Plaintiff* <br> v. <br> Alan T. Hill, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:13-CV-0562-MMD-VPC <br> (If the action is pending in another district, state where: |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  Delaware Charter Guaranty & Trust Company; Corporation Service Company
2711 Centerville Rd, Suite 400, Wilmington, DE 19808

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Attached hereto as "Exhibit A"

| Place: GORDON SILVER <br> 100 W. Liberty Street, Suite 940 <br> Reno, Nevada 89501 | Date and Time: <br> 05/30/2014 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: APRIL 29, 2014

_____           OR           _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

CLERK OF COURT

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:



AFFIDAVIT OF SERVICE

| Case: 3:13-CV-0562-MMD-VPC | Court: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA | County: , | Job: 343051 (620269) |
|---|---|---|---|
| Plaintiff / Petitioner: CHINA ENERGY CORPORATION | | Defendant / Respondent: ALAN T HILL, et al. | |
| Received by: Heaven Sent Legal Services | | For: GORDON SILVER | |
| To be served upon: DELAWARE CHARTER GUARANTY & TRUST COMPANY c/o CORPORATION SERVICE COMPANY | | | |

I, Philip Falkowitz , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** DELAWARE CHARTER GUARANTY & TRUST COMPANY c/o CORPORATION SERVICE COMPANY, Company: 2711 CENTERVILLE RD STE 400, WILMINGTON, DE 19808
**Manner of Service:** Registered Agent, Apr 29, 2014, 2:44 pm
**Documents:** SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, EXHIBIT A (Received Apr 29, 2014 at 1:41pm)

**Additional Comments:**
1) Successful Attempt: Apr 29, 2014, 2:44 pm at Company: 2711 CENTERVILLE RD STE 400, WILMINGTON, DE 19808 received by DELAWARE CHARTER GUARANTY & TRUST COMPANY c/o CORPORATION SERVICE COMPANY. Age: 57; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'3"; Hair: Blond; Eyes: Hazel; Relationship: Other;
Ms. Susan Rhea accepted the paperwork, but did not sign for it . She wore glasses. She sat at the reception desk. The delivery of paperwork was at said address.

_____  04/29/2014
Philip Falkowitz        Date

Heaven Sent Legal Services
421 N 7th St Suite 422
Philadelphia, Pa 19123
215-260-3073

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

4/3/14         October 10, 2017
Date           Commission Expires

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JONATHON R. SANDLER, Notary Public
City of Philadelphia, Phila. County
Commission Expires October 10, 2017

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JONATHON R. SANDLER, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 10, 2017

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

# EXHIBIT A

## "EXHIBIT A"

## DEFINITIONS

The following definitions apply to the document requests contained in this Exhibit A:

A.   The terms **"You"** and **"Your"** refer to Delaware Charter Guaranty & Trust Company and all of its respective past and present affiliates, partners, representatives, agents, employees, and assigns.

B.   The term **"Just2Trade"** means the securities trading company commonly known as Just2Trade, which is a division of Success Trade Securities, a member of FINRA | SIPC, whose principal place of business is located at 1900 L Street NW Suite 301, Washington, DC 20036.

C.   The term **"document"** means all tangible forms of expression, any written, printed, typewritten, transcribed, recorded, electronically transmitted, or graphic matter, however created, produced, reproduced, or stored (manually, mechanically, computerized, on hard drives or diskettes, electronically, electromagnetically or otherwise), including (without limitation) writings, correspondence, microfilm, microfiche, laser disks, compact discs, CD-ROMs, databases, spreadsheets, computer messages, computer tapes of any type, computer disks of any type, electronic mail, telegrams, telexes or other written communications, facsimile transmissions, contracts, records, agreements, shipping records, invoices, order forms, notes, memoranda, commentaries, summaries, analyses, sheets, bills, money orders, checks, drafts, studies, surveys, diaries, calendars, travel or expense records and vouchers, transmittal slips, cover sheets, reports, minutes, legal pleadings, leases, press releases, mass mailings, promotional literature, books, newspapers, magazines, clippings from newspapers or magazines, brochures, flyers, pamphlets, publications, journals, ledgers, books of account, income tax returns, computations, projections, forecasts, estimates, interoffice communications, intraoffice communications, working papers, diagrams, charts, graphs, indices, studies, questionnaires, tests, surveys, speeches, transcriptions, films, audio tapes, cassettes, and recordings (including, but not limited to, recorded telephone messages), videotapes, cassettes, drawings, graphs, charts, phono-records and recordings, photographs, and any other medium used for the recording, compilation, transmission or storage of information and/or data, whether mechanical, electromagnetic, or other, together with all programs or manuals necessary to interpret such data, and any other data compilations from which information can be obtained or translated if necessary.  Originals, translations, drafts, excerpts, fragments, and nonidentical or annotated copies are deemed to be separate documents.  References herein to an agreement shall include any amendment, modification or extension thereof.

D.   The term **"relating to"** means defining, describing, containing, discussing, embodying, evidencing, mentioning, reflecting, identifying, stating, dealing with, analyzing, or in any way referring to, pertaining to, or relating to something or someone.

Page 1 of 2

  E. The terms **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside its scope.

  F. The term **"communication"** means the transmittal of information by any means.

  G. The term **"including"** means including but not limited to.

## DOCUMENT REQUESTS

1. All documents relating to any Individual Retirement Accounts ("IRA") associated with Just2Trade Account Number: S101 2669-7264 and owned by or for the benefit of Dr. Elena Sammons, whose home address is 15706 Seekers St., San Antonio, TX 78255 (collectively the "Elena Sammons Account").

2. All documents relating to any transfer of 650,000 shares of stock in China Energy Corporation (stock ticker symbol CHGY) to or from the Elena Sammons Account.

3. All documents relating to any deposit, withdrawal, purchase, sale and/or transfer of shares of stock in China Energy Corporation made by you, by Dr. Elena Sammons, by Just2Trade, by Cede & Co., by The Depository Trust Company, by COR Clearing LLC, and/or by any other person or entity in connection with the Elena Sammons Account.

4. Any agreement, including but not limited to the trust agreement, customer agreement, and/or custodian agreement, if any, and all other documents relating to the Elena Sammons Account, and all amendments thereto.

5. All documents relating to the relationship between Dr. Elena Sammons and Delaware Charter Guarantee & Trust Company and/or any trustee, custodian or other person or entity with authority over the Elena Sammons Account.

6. All communications between Dr. Elena Sammons, Just2Trade, Cede & Co., The Depository Trust Company, COR Clearing LLC and/or any other person or entity and Delaware Charter Guarantee & Trust Company relating in any way to the Elena Sammons Account for the time period January 1, 2011 to the present.

7. All documents relating to the exercise (and/or attempted exercise) of dissenters or appraisal rights by Dr. Elena Sammons, by you, by Just2Trade, by Cede & Co., by The Depository Trust Company, by COR Clearing LLC and/or by any other person or entity with respect to 650,000 shares of stock of China Energy Corporation held in the Elena Sammons Account.

8. All documents, including but not limited to account statements, reflecting holdings in and for the Elena Sammons Account for the time period January 1, 2011 to the present.

# CERTIFICATE OF SERVICE

The undersigned, an employee of Gordon Silver, hereby certifies that she served a copy of **SUBPOENA TO PRODUCE DOCUMENTS** via CM/ECF on May 2, 2014 to the following individuals:

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
*Attorney for Thomas S. Vredevoogd, Trustee of the Kimberly J. Vredevoogd Trust UA 1007/2008*

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Edmund J. Gorman Jr.
Attorney at Law, Ltd.
335 W. First Street
Reno, Nevada 89503

Daniel T. Hayward, Esq.
LAXALT & NOMURA
9600 Gateway Drive
Reno, Nevada 89521

Louis M. Bubala III
Bret F. Meich
ARMSTRONG TEASDALE
50 W. Liberty Street, Suite 950
Reno, NV 89501

Peter J. Tepley
Meredith Lees
Rebecca Beers
RUMBERGER KIRK & CALDWELL
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209

And by U.S. Mail, postage prepaid, to the following individuals:

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
*Defendant in Proper Person*

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

/s/ Stephanie J. Glantz
An employee of GORDON SILVER