BRET F. MEICH
State Bar No. 11208
(bmeich@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

PETER TEPLEY
(ptepley@rumberger.com)
MEREDITH LEES
(mlees@rumberger.com)
REBECCA BEERS
(rbeers@rumberger.com)
RUMBERGER, KIRK & CALDWELL, PC
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

Attorneys for Third-Party Defendant COR Clearing, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION, | 3:13-CV-562-MMD-VPC |
| Plaintiff, | |
| vs. | |
| ALAN HILL, et al., | **COR CLEARING, LLC'S RESPONSE TO THIRD-PARTY PLAINTIFF MICHAEL SAMMONS' MOTION FOR REVIEW BY U.S. DISTRICT JUDGE OF MAGISTRATE'S ORDER DATED APRIL 24, 2014** |
| Defendants, | |
| ELENA SAMMONS AND MICHAEL SAMMONS, | |
| Third-Party Plaintiffs | |
| vs. | |
| CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING, LLC | |
| Third-Party Defendants. | |

Third-Party Defendant COR Clearing, LLC ("COR") respectfully submits this response to Third-Party Plaintiff Michael Sammons' ("Sammons") Motion for Review by U.S. District Judge of Magistrate's Order Dated April 24, 2014 (Doc. # 210). Despite its name, the motion appears to be an objection to Judge Cooke's April 24, 2014 order staying discovery "as to third-party defendants, Cede & Co., The Depository Trust Co. and COR Clearing, LLC until the District Court rules on their motions to dismiss" (the "Order Staying Third-Party Discovery") (Doc. # 205). For the reasons discussed below, Sammons' objection is without merit and this Court should affirm the Order Staying Third-Party Discovery. Because no part of the non-dispositive Order Staying Third-Party Discovery is clearly erroneous or contrary to law, this Court should neither modify it nor set it aside. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 1B 3-1(a). In addition, because Judge Cooke did not abuse her discretion in issuing the Order Staying Third-Party Discovery, it should be affirmed by this Court. *See Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 214 (D.N.J. 1997) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.") (citations omitted).

## MEMORANDUM AND POINT OF AUTHORITIES

**I.    RELEVANT PROCEDURAL BACKGROUND AND FACTS**

**A.    The Complaint**

In its complaint, Plaintiff China Energy Corporation ("CEC") seeks either: (a) a declaration that the Defendants, including Michael and Elena Sammons (collectively the "Sammons"), did not properly exercise their dissenters' rights and that CEC owes them nothing for their shares, *see* Doc. # 2-1 at ¶ 40, or (b) a determination from the Court that the fair value of the Sammons' CEC shares is $0.14 per share, *see id.* at ¶ 49, in which case CEC would owe the Sammons money for their shares.

### B.     The Third-Party Complaint

Two months after Defendants removed this action on October 8, 2013, *see* Doc. # 2, the Sammons sought leave to file a third-party complaint against Cede & Co. ("Cede"), The Depository Trust Company ("DTC") and COR (collectively the "Third-Party Defendants"). *See* Doc. # 54 at 3-4.[1] This Court granted that requested leave, noting, *inter alia*, that the motion was unopposed, which under Local Rule 7-2(d) constitutes consent to the motion being granted. *See* Doc. # 115 at 2. COR, Cede, and DTC were not a parties to this action at the time the Sammons requested leave to file a third-party complaint and thus did not have an opportunity to oppose that request.

On January 22, 2014, the Sammons filed the original Third-Party Complaint against COR, Cede, and DTC. *See* Doc. # 116. Before service was perfected on the Third-Party Defendants, the Sammons filed the First Amended Third-Party Complaint (the "Amended Third-Party Complaint"). *See* Doc. # 128.

### C.     COR's Motion to Dismiss the Amended Third-Party Complaint

On February 24, 2014, COR filed its Motion to Dismiss and/or to Strike Third-Party Complaint for Failure to Comply with Federal Rule of Civil Procedure 14(A) ("COR's Motion to Dismiss"), which included a memorandum of points and authorities *See* Doc. # 161. COR moved to the dismiss and/or strike the Amended Third-party Complaint (Doc. # 128) on the grounds that it did not comply and could not comply with the requirements of Rule 14(a) of the Federal Rules of Civil Procedure. *See* Doc. # 161. The next day, the Sammons filed and served an Opposition to COR's Motion to Dismiss. *See* Doc. # 165. COR filed its reply brief in support of COR's Motion to Dismiss on March 7, 2014. *See* Doc. # 174.

---

[1] The citation to page numbers in the Docket entries is to the internal page numbers of those documents.

**D.     The DTC Defendants' Motion to Dismiss the Amended Third-Party Complaint**

On February 20, 2014, Cede and DTC (the "DTC Defendants") filed and served their Motion to Dismiss and/or strike the Amended Third-Party Complaint (the "DTC Defendants' Motion to Dismiss"), which included a memorandum of points and authorities. *See* Doc. # 152. That motion raised three grounds for dismissal: "(a) the Court does not have personal jurisdiction over the DTC Defendants; (b) third-party plaintiffs (the Third-Party Plaintiffs') have made improper use of the impleader rule in bringing an action against the DTC Defendants; and (c) the Third-Party Plaintiffs have not pleaded the essential elements of any of their causes of action against the DTC Defendants." Doc. # 152 at 1. The Sammons filed and served their Response to DTC Defendants' Motion to Dismiss the next day. *See* Doc. # 156. However, on February 24, 2014, the Sammons filed a motion to strike or withdraw their response to the DTC Defendants' Motion to Dismiss. *See* Doc. # 160. On March 3, 2014, the DTC Defendants filed and served their Reply Brief in support of the DTC Defendants' Motion To Dismiss. *See* Doc. # 171. *After* the DTC Defendants had filed their reply brief, the Sammons filed an Amended Response to the DTC Defendants Motion to Dismiss. *See* Doc. # 172.

On March 7, 2014, due to the procedural and other issues raised by the Sammons filing a motion to withdraw their response to the DTC Defendants' Motion to Dismiss (Doc. # 160) and filing an Amended Response (Doc. # 172) after the DTC Defendants had filed their reply brief, the DTC Defendants and the Sammons entered into a stipulation asking: (a) the Magistrate Judge to place the issues on the agenda for the March 21, 2014 Status Conference; (b) asking that the due date for the opposition to the Sammons Motion to Withdraw (Doc. # 160) be continued until April 4, 2014; and (c) asking that the DTC Defendants Reply to the Sammons Amended Response (Doc. # 172) be continued until April 4, 2014. *See* Doc. # 175. On March

-3-

10, 2014, Judge Cooke executed the Proposed Order that had been submitted with the stipulation. *See* Doc. # 178.

### E.     CEC's Motion to Modify the Discovery Plan and Scheduling Order

On February 28, 2014, CEC filed a motion to modify the discovery plan and scheduling order (the "Motion to Modify"). *See* Doc. # 168. COR filed its response to CEC's Motion to Modify on March 17, 2014. *See* Doc. # 181. In pertinent part, COR proposed that Judge Cooke: "delay discovery on the issues raised in the third-party complaint until after the Court rules on COR's pending Motion to Dismiss and/or on the dispositive motions relating to CEC's First Claim for Relief." Doc. # 181 at 2. COR's response noted that "[t]his proposal eliminates the need for the parties to conduct discovery immediately on issues that may never be heard [because] [a]s noted in CEC's Motion to Modify, a finding that 'Michael and Elena Sammons perfected their dissenter rights and complied with NRS 92A.440 would be dispositive of the First Amended Third Party Complaint (in the event the claims do not get dismissed for the reasons outline in the Third Party Defendants' motions to dismiss . . . )'." Doc. # 181 at 2 (citing Doc. # 168 at 5).

On March 17, 2014, the DTC Defendants filed their joinder in COR's Response to the Motion to Modify (Doc. # 182) noting among other things, that the DTC Defendants' Motion to Dismiss had sought a stay of discovery pending a ruling on that motion. *See* Doc. # 182 at 2 n.1.

On March 18, 2014, Michael Sammons filed and served Michael Sammons' Response to Plaintiff's Motion to Modify Discovery. *See* Doc. # 184. As concerns COR's and the DTC Defendants' request for a stay of the discovery related to the Sammons' Amended Third-Party Complaint, Michael Sammons stated in pertinent part that:

> U.S. Magistrate George Foley, Jr., recently issued a thoughtful opinion on the propriety of motions to stay discovery pending a decision on a dispositive motion such as a motion to dismiss. *Abrego v. US Bank Nat'l Assc.* No. 2:13-cv-01795 (January 31, 2014). In pertinent part of that decision, the Court recognized that the Court "must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted." *Id.*

-4-

> Therefore, although the TP-P see no merit in the motions to dismiss, the TP-P admit that the TP-D are entitled to a "preliminary peek" of the TP-D motions to dismiss or strike . . . .

Doc. # 184 at 3.

### F.     The March 21, 2014 Status Conference

At the March 21, 2014, status conference, none of the Third-Party Plaintiffs or Third-Party Defendants objected to Mr. Sammons' suggestions that Judge Cooke take a peak at the pending motions to dismiss to see if a stay of third-party discovery was warranted. As noted in the Amended Minutes for the Status Conference, Judge Cooke granted the Sammons' motion to strike or withdraw their response to the DTC Defendants Motion to Dismiss and allowed the Sammons' Amended Response (Doc. # 172) to stand as their operative response to that motion. *See* Doc. # 192 at 2. Judge Cooke then gave the DTC Defendants until Friday, April 4, 2014, to file a supplemental reply. *See id.*

Judge Cooke deferred ruling on the Third-Party Defendants' request for a stay of third-party discovery pending a ruling by the District Court on the DTC Defendants' Motion to Dismiss and COR's Motion to Dismiss, until after the DTC Defendants filed their supplemental reply. *See id.* She did, however, stay discovery as to the Third-Party Defendants until she issued that ruling. *See id.* Judge Cooke noted that after the DTC Defendants filed and served their supplemental reply that she would review the papers on file concerning the Third-Party Defendants' motions to dismiss and then rule on the requested stay of third-party discovery. *See id.* Judge Cook also extended the discovery cut-off for non-expert discovery in the underlying case to June 23, 2014. *See id* at 3.  That discovery is ongoing.

### G.     The Completion of Briefing on the DTC Defendants' Motion To Dismiss

After receiving an extension of time in which to file their supplemental reply (Doc. # 198),

the DTC Defendants filed and served their supplemental reply brief in support of the DTC Defendants' Motion to Dismiss on April 9, 2014.  *See* Doc. # 200.

### H. The Order Staying Third-party Discovery

Judge Cooke reviewed the parties' briefing on COR's Motion to Dismiss and the DTC Defendants' Motion to Dismiss and issued the Order Staying Third-Party Discovery, which stays discovery as the third-party Defendants Cede, DTC and COR until the District Court rules on their motions to dismiss. *See* Doc. # 205 at 1. In pertinent part, the Order Staying Third-party Discovery states: "[t]he court has reviewed the parties' papers concerning these motions to dismiss and concludes that a motion to stay discovery pending disposition of the third-party defendants' motion to dismiss is warranted. *Tradebay, LLC v. Ebay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011)." *Id.* The Order Staying Third-Party Discovery also states that "in the event the District Court denies the motions to dismiss, the parties shall meet and confer and submit a proposed discovery plan and scheduling order that complies with LR 26-1(e), with discovery deadlines measured from the date of decision of the respective motions to dismiss." *Id.* at 1-2.

### I. Michael Sammons' Motion for Review by U.S. District Judge of Magistrate's Order Dated April 24, 2014

On May 1, 2014, Michael Sammons filed and served his Motion for Review by U.S. District Judge of Magistrate's Order Dated April 24, 2014 (the "Motion for Review"). *See* Doc. # 210. In his Motion for Review, Michael Sammons: (a) argues case law on the "Propriety of a Discovery Stay" that he did not raise in opposition to the request for stay before it was heard by Judge Cooke (Doc. # 210 at 3-4), (b) rehashes the arguments he previously made in opposition to the motions to dismiss (*compare* Doc. # 210 at 6-15 *with* Doc. # 165 at 3-8 and Doc. # 172 at 6, 10-17); and (c) submits an affidavit that is substantially similar to an exhibit to the Sammons' Amended Response to the DTC Defendants' Motion to Dismiss (*compare* Exhibit A to Doc. # 172 *with* Exhibit A to

Doc. # 210).[2] The Motion for Review does not list any specific objections to the Order Staying Third-Party Discovery. *See* Doc. # 210. It does, however, assert that the Order does not even contain a hint of which one of what Michael Sammons calls the six grounds for the motions to dismiss was persuasive. *See* Doc. # 210 at 2.

## II. ARGUMENT

Under the standards of review governing objections to a Magistrate Judge's ruling on a non-dispositive matter, the Order Staying Third-Party Discovery should be affirmed.

### A. The Standard Of Review

A district court may set aside, modify, or reconsider a magistrate judge's written order on a pre-trial matter that is not dispositive of a party's claim or defense *only* where it has been shown that the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 1B 3-1(a). "Thus, the district court must affirm the magistrate judge unless it is left with the 'definite and firm conviction that a mistake has been committed.'" *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 606 (D. Nev. 2005) (quoting *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992) for the standard for clearly erroneous review); *see also WhirlPool Corp. v. CIT Group/Business Credit, Inc.,* 258 F. Supp. 2d 1140, 1142 (D. Haw. 2003) (same). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Ideal Elec.*, 230 F.R.D. at 606 (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)); *see also WhirlPool Corp.,* 258 F. Supp. 2d at 1142 (same). As the Ninth Circuit has graphically described, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must…strike us as wrong with the force of a five-week-old unrefrigerated dead fish."

---

[2] To the extent that Sammons asserts new facts or evidence in his Motion Review, this Court cannot consider them at this juncture. *See Lithuanian Commerce Corp.*, 177 F.R.D. at 213. ("In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge.") (citations omitted).

*Hayes v. Woodford,* 301 F.3d 1054, 1067 n.8 (9th Cir. 2002), *rev'd on other grounds en banc sub nom. Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005) (internal quotation omitted); *see also Pakes v. Yates*, No. C-04-5294, 2007 WL 1655574, at *2 (N.D. Cal. June 7, 2007).

Where the magistrate judge's non-dispositive order at issue concerns a discovery matter, an abuse of discretion standard is appropriate. *See State Farm Mut. Auto Ins. Co. v. CPT Med. Servs. Inc.*, 375 F. Supp. 2d 141 (E.D.N.Y. 2005) ("magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.") (quoting *Universal Acupuncture, Pain Serv., P.C. v. State Farm Mut. Auto Inc. Co.*, 2002 WL 31296317, at * 1 (S.D.N.Y. Oct. 10, 2002); *see also Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery,* 177 F.R.D. 205, 214 (D.N.J. 1997) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.") (quoting *Kresefky v. Panasonic Commc'ns and Sys. Inc.*, 169 F.R.D. 54, 64 (D.N.J. 1996); 12 Charles A. Wright, *et al., Federal Practice and Procedure*; Civil 2d § 3069 (2014) ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of- discretion analysis."). District courts have wide discretion in controlling discovery and their discovery rulings will not be overturned absent clear abuse of discretion. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988).

Under an abuse of discretion standard a reviewing court may not reverse unless it is "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel,* 211 F.3d 1172, 1175 (9th Cir. 2000). Where the magistrate judge has been designated to hear discovery motions, "the magistrate judge's decision . . . is entitled to great deference by the district court." *Toven* v. *Metro. Life Ins. Co.,* 517 F. Supp. 2d 1174, 1175 (C.D. Cal. 2007) (quoting *U.S. v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir. 2001)).

Michael Sammons' claim that the standard of review is de novo which he bases upon an unpublished opinion in the case of *Thompson v. American Family Mut. Ins. Co.*, Case No. 2:09-cv-905 JCM (RJJ), Doc. # 172 (D. Nev. Jan. 31, 2011) is without merit for two main reasons. The first reason is that the magistrate judge in *Thompson* denied three motions to compel in a minute order providing no analysis as to why the motions were denied. *See Thompson*, Case No. 2:09-cv-905 at Docs. # 151, 152, 153, and 172 at 2. In contrast, Judge Cooke drafted a written order, which included a pin-point case citation, which as discussed below sets forth the analysis she undertook. The second reason is that the unpublished decision upon which Sammons relies is contrary to the case law set forth above, which provides the proper highly deferential standard of review that is required here.

**B.     The reasons why the Order to Stay Third-Party Discovery Should be Affirmed**

Michael Sammons' assertion that the Magistrate Judge's Order to Stay Third-Party Discovery should be overturned because it did not provide him with "even a hint as to which of the six grounds [in support of the motions to dismiss] was persuasive" (Doc. # 210 at 2) is without merit. As is clear from a review of pin-point citation to *Tradebay, LLC v. Ebay, Inc.*, provided in the Order to Stay Third-Party Discovery (Doc. # 205 at 1) (citing *Tradebay, LLC. v. Ebay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011)), Judge Cooke was not weighing the merits of the pending motions to dismiss but was instead conducting a different analysis.

*Tradebay* on the very page cited by Judge Cooke, recognizes that in a situation, such as the one present here, where a magistrate judge is taking a preliminary peak at a motion to dismiss (that will be decided by the district court) to determine if a stay of discovery is warranted pending the district court's resolution of the motion to dismiss, the magistrate judge's role is not to prejudge the merits of the motion to dismiss. *See Tradebay,* 278 F.R.D. at 603. Instead, the magistrate judge's "role is to evaluate the propriety of an order staying or limiting discovery with the goal of

accomplishing the objectives of Rule 1" of the Federal Rules of Civil Procedure. *Id.* "[W]ith Rule 1 as its prime directive, [the magistrate judge] must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* That is precisely what Judge Cooke did. Based upon her pin-point site to this page in *Tradebay*, it is clear that Judge Cooke decided that it was more just to stay discovery concerning the Amended Third-Party Complaint until after the District Court rules on the pending motions to dismiss it.

Judge Cooke's decision that it was more just to stay discovery on the third-party claims, was proper, and it should not be overturned. Both COR and the DTC Defendants raise threshold issues as to whether they are properly before this Court. Both COR's Motion to Dismiss and the DTC Defendants Motion to Dismiss assert that they cannot properly be joined as third-parties in this action. *See* Doc. # 152 at 12-14; Doc. # 161; Doc. # 174 at 1-13; Doc. # 200 at 14-15. In addition, the DTC Defendants' assert that the Court does not have personal jurisdiction over them. *See* Doc. # 152 at 8-12; Doc. # 200 at 6-9. Moreover, any claim the Sammons could have against COR or the DTC defendants is contingent on CEC prevailing on count one of its complaint and obtaining a declaration from this Court that the Sammons did not properly exercise their dissenters' rights. As was noted in CEC's Motion to Modify, a "finding that Michael and Elena Sammons perfected their dissenter rights and complied with NRS 92A.440 would be dispositive of the First Amended Third Party Complaint (in the event the claims do not get dismissed for the reasons outline in the Third Party Defendants' motions to dismiss . . .)." Doc. # 168 at 5. (citations omitted).

As COR noted in its response to CEC's Motion to Modify, staying third party discovery pending the outcome of the pending motions to dismiss the third-party claims "eliminates the need for the parties to conduct discovery immediately on issues that may never be heard." *See* Doc. # 181 at 2. As Judge Cooke recognized, in the event the Court denies COR's and the DTC Defendants' Motions to Dismiss, discovery can then take place on the third party claims *See* Doc. #

205 at 1-2. ("[I]n the event the District Court denies the motions to dismiss, the parties shall meet and confer and submit a proposed discovery plan and scheduling order that complies with LR 26-1(e), with discovery deadlines measured from the date of decision of the respective motions to dismiss.").

The Order to Stay Third-Party Discovery which "is entitled to great deference" by this Court, *Toven,* 517 F. Supp. 2d at 1175 (quoting *Abonce-Barrera,* 257 F.3d at 969), should not be set aside, modified or reversed. Given the appropriate standards of review there is not basis for modifying it, reversing it or setting it aside.

The Order to Stay Third Party Discovery is not contrary to law. One of the purposes of motions to dismiss is to allow defendants to challenge the legal sufficiency of the complaint against them without being subject to discovery. *See Rutman Wine Co. v. E.J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (discussing purpose of Rule 12(b)(6)). Michael Sammons did not claim that he needs to conduct discovery in order to oppose the motions to dismiss. Indeed, he has already filed extensive oppositions to them. *See* Doc. #165 and Doc. # 172. The Order to Stay Third Party Discovery (Doc. # 205) is entirely consistent with the case that is cited in that Order. *See Tradebay,* 278 F.R.D. at 603, 608 (staying discovery in that case pending a ruling on the motions to dismiss).

The Order to Stay Third-Party Discovery, which in essence found that it was more just to stay discovery on the third-party claims until the District Court rules on the pending motions to dismiss them, is not clearly erroneous. Given the threshold issues raised in the motions to dismiss of whether COR and the DTC Defendants are proper third-parties, given the fact that Sammons has filed extensive oppositions to the Motions to Dismiss and did not claim that he needed discovery to oppose them, and given the contingent nature of the third party claims, staying third-party discovery pending the resolution of the motions to dismiss is a reasonable way to achieve the goals of Rule 1 of the Federal Rules of Civil Procedure. *See Tradebay,* 278 F.R.D. at 603, 608. Given these facts the Order to Stay Third-Party Discovery simply does not create a "definite and firm conviction that a mistake has been committed." *Ideal Elec.*, 230 F.R.D. at 606 (quoting *Burdick*, 979 F.2d at 1370), and it definitely does not strike one as being "wrong with the force of a five-week-old unrefrigerated dead fish." *Hayes,* 301 F.3d at 1067 n.8.

1    Judge Cooke did not abuse her discretion in issuing the Order to Stay Third-Party
2 Discovery. Mr. Sammons requested that Judge Cooke take a preliminary peak at the motions to
3 dismiss the third-party claims. *See* Doc. # 184 at 3. Without objection from any party, Judge
4 Cooke did so. As part of that review her "role [was] to evaluate the propriety of an order staying or
5 limiting discovery with the goal of accomplishing the objectives of Rule 1" of the Federal Rules of
6 Civil Procedure. *Tradebay, LLC.,* 278 F.R.D. at 603. Judge Cooke exercised that discretion. For
7 the reasons noted above, the Order Staying Third party Discovery was a reasonable way to achieve
8 the goals of Rule 1. Accordingly it is not "beyond the pale of reasonable justification under the
9 circumstances." *Harman,* 211 F.3d at 1175. (Under an abuse of discretion standard a reviewing
10 court may not reverse unless it is "convinced firmly that the reviewed decision lies beyond the pale
11 of reasonable justification under the circumstances.").

## CONCLUSION

For the reasons set forth above, the Order Staying Third-Party Discovery pending the rulings on the fully-briefed motions to dismiss the Amended Third-Party Complaint should be affirmed. It is not contrary to law or clearly erroneous, and Judge Cooke did not abuse her discretion in issuing it.

Respectfully submitted,

DATED: May 19, 2014

BRET F. MEICH (SBN 11208)
ARMSTRONG TEASDALE, LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049

PETER TEPLEY
MEREDITH LEES
REBECCA BEERS
RUMBERGER, KIRK & CALDWELL, PC.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

By: /s/ *Peter Tepley*

CERTIFICATE OF SERVICE

I, Peter Tepley, certify that on May 19, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list or served the foregoing via U.S. Mail, properly addressed and postage prepaid, as noted.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed May 19, 2014, at Birmingham, Alabama.

Justin J. Bustos                                                            (VIA CM/ECF)
Anjali D. Webster
GORDON SILVER
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

Michael N. Feder                                                         (VIA CM/ECF)
GORDON SILVER
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169

Frances Floriano Goins                                               (VIA CM/ECF)
ULMER & BERNE LLP
1660 West 2"" Street, Suite 1100
Cleveland, OH 44113
*Attorneys for Plaintiff China Energy Corporation*

Richard L. Elmore, Esq.                                               (VIA CM/ECF)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for Defendant Thomas S. Vredevoogd*

Daniel T. Hayward                                                       (VIA CM/ECF)
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
*Attorney for The Depository Trust Company and Cede & Co.*

Edmund J. Gorman, Jr.                                                (VIA CM/ECF)
Attorney at Law, Ltd.
335 W. First St.
Reno, NV 89503
*Attorney for Defendant Alan T. Hill*

Michael Sammons                                                       (VIA CM/ECF)
15706 Seekers St
San Antonio, TX 78255
*Defendant / Third-Party Plaintiff Pro Se*

1
2   Elena Sammons                                  (VIA U.S. MAIL)
    15706 Seekers St
3   San Antonio, TX 78255
    *Defendant / Third-Party Plaintiff Pro Se*
4

5   Randy Dock Floyd                               (VIA U.S. MAIL)
    4000 Goff Road
6   Aynor, SC 29511
    *Defendant Pro Se*
7
    Jun He                                         (VIA U.S. MAIL)
8   231 Split Rock Rd.
    The Woodlands, TX 77381
9   *Defendant Pro Se*

10

11
                                          By: /s/*Peter Tepley*
12                                              Peter Tepley

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28