Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
      Plaintiff

      Vs.                     Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
      Defendants

**Elena Sammons**
**Michael Sammons**
      **Third-party Plaintiffs**

      **Vs.**
**Cede & Co.**
**The Depository Trust Company**
**COR Clearing**
      **Third –Party Defendants**

### Reply to COR Clearing's Response
### To Magistrate Order dated April 24, 2014

Comes the Defendant, Michael Sammons, and would reply to "COR Clearings' Response to Appeal of Magistrate's Order dated April 24, 2014" as follows:

## ARGUMENT AND AUTHORITIES

Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (D. Nev. 2011); Twin City Fire Insurance v. Employers of Wausau, 124 F.R.D. 652 (D. Nev. 1989); Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997).

The moving party must show more than an apparently meritorious Rule 12(b)(6) motion. Twin City Fire Insurance v. Employers of Wasau, 124 F.R.D 652, 653 (D. Nev. 1989); Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) Citing the Ninth Circuit's decision in Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam), both of these decisions held that a district court may stay discovery only when it is **convinced** that the Plaintiff will be unable to state a claim for relief (emphasis added).

In a pro se case, a stay is appropriate only when the Court can perceive of no possible amendment which could overcome the grounds asserted for dismissal.  In the case at bar, not only is such an amendment possible, there is also the fact that severance would be appropriate even if there was no possible amendment.  "Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew." Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989).

Courts generally insist on a ***particular and specific demonstration of fact*** as opposed to merely conclusory statements that a stay is warranted. Twin City, 124 F.R.D. at 653

To review the "particular and specific demonstration of fact" found and considered by the magistrate, the district judge needs some hint as to what facts or law the magistrate found or relied upon.  Thompson v. American Family Mutual Insurance Company, No.2:09-Dist. Court, D. Nevada 2011 ("the magistrate judge has made no findings of law or fact in the disputed orders … (so) … the court finds it necessary to review the issues *de novo*").

COR argues that the magistrate did not have to make any findings of fact or law because of "pin-point citation to Tradebay, LLC v. Ebay, Inc, 278 FRD 597, 603 (D. Nev. 2011). "  But the case at bar is a shareholder case, while Tradebay was a trademark case.  The cases have nothing in common as regards the motion to dismiss.

The COR motion to dismiss raised one principal issue:  improper impleader under Rule 14(a).  Dkt. 161.  This involved two sub-issues: (1) whether impleader was proper under Rule 14(a), and (2) if not, whether a severance pursuant to Rule 14(a)(4) was appropriate pursuant to Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998) ("Nothing but a waste of time and resources would be engendered by … forcing these parties to begin anew (by granting dismissal only to see the same issues filed anew)."

Suffice it to say, nothing in Tradebay remotely dealt with either Rule 14(a) impleader or Rule 14(a)(4) severance.

What facts found in Tradebay are applicable to Rule 14(a) impleader: none.

What law found in Tradebay is applicable to Rule 14(a) impleader: none.

What facts found in Tradebay are applicable to Rule 14(a)(4) severance: none.

What law found in <u>Tradebay</u> is applicable to Rule 14(a)(4) severance: none.

Perhaps, had the magistrate provided a *single* supporting fact or a *single* supporting law (at least law relevant to Rule 14(a) impleader or severance), we would see reasoning "wrong with the force of a five-week-old unrefrigerated dead fish." <u>Hayes</u>, 301 F. 3d 1067 n.8.

As Judge Mahan explained:

> "The district judge reviews determinations made by the magistrate judge under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); LR 3-1. However, the court agrees with American Family that the magistrate judge has made no findings of law or fact in the disputed orders. Accordingly, the court finds it necessary to review the issues de novo."

**WHEREFORE**, since the magistrate judge did not make any finds of fact or law, or give any hint of the basis in fact or law for her decision, the U.S. District Judge must conduct a *de novo* review. <u>Thompson v. American Family Mutual Insurance Company</u>, No.2:09-Dist. Court, D. Nevada 2011 ("the magistrate judge has made no findings of law or fact in the disputed orders ... (so) ... the court finds it necessary to review the issues *de novo*").

Respectfully submitted,

Michael Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the _19_ day of _May_, 2014

Michael Sammons, pro se