Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

Vs.                              Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

**Elena Sammons**
**Michael Sammons**
    **Third-party Plaintiffs**

**Vs.**
**Cede & Co., et al**
    **Third–Party Defendants**

### Reply to Cede & Co.'s Response to
### Magistrate's Order dated April 24, 2014

    Comes the Defendant/Third-Party Plaintiff, Michael Sammons, and would reply to "Cede & Co.'s Response to Motion to Review Magistrate's Order dated April 24, 2014," Dkt. 218, as follows:

### ARGUMENT AND AUTHORITIES

    Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (D. Nev. 2011); Twin City Fire Insurance v. Employers of Wausau,

1

124 F.R.D. 652 (D. Nev. 1989); Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554 (D. Nev. 1997). The moving party must show more than an apparently meritorious Rule 12(b)(6) motion. Citing the Ninth Circuit's decision in Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam), both of these decisions held that a district court may stay discovery only when it is **convinced** that the Plaintiff will be unable to state a claim for relief.

In a pro se case, a stay is appropriate only when the Court can perceive of no possible amendment which could overcome the grounds asserted for dismissal. In the case at bar, not only is such an amendment possible, there is also the fact that severance would be appropriate even if there was no possible amendment. "Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew." Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1154 (9th Cir. 1998)(citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989).

Courts generally insist on a ***particular and specific demonstration of fact*** as opposed to merely conclusory statements that a stay is warranted. Twin City, 124 F.R.D. at 653.

To review the ***"particular and specific demonstration of fact"*** found and considered by the magistrate, the district judge needs some hint as to what facts or law the magistrate found or relied upon. As Judge Mahan explained in Thompson v. American Family Mutual Insurance Company, No.2:09-Dist. Court, D. Nevada 2011:

> "The district judge reviews determinations made by the magistrate judge under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); LR 3-1. However, the court agrees with American Family that the magistrate judge has made no findings of law or fact in the disputed orders. Accordingly, the court finds it necessary to review the issues de novo."

2

### Third-Party Plaintiff is Free to Reargue the Merits
### of the Fully Briefed Motion to Dismiss ("MTD")

A motion to stay discovery is only appropriate where a review of the MTD firmly convinces the Magistrate that the MTD will be granted, and further that no amendment or severance to save the case is remotely possible.

While the Motion for Review includes some, but not all, of the facts and arguments in the MTD briefs, it does not raise a single new fact (for convenience the same exhibits are attached). But no new facts are introduced. Since a Motion to Dismiss is not the same as a Motion to Stay, the Third-Party Plaintiff is certainly entitled to argue why the facts and law discussed in the Motion to Dismiss do not warrant a stay of discovery.

In any event, the Defendants do not cite to a single example of a "new" fact or argument being presented in the stay brief but not in the MTD brief.

### The Motion to Dismiss and Order
### to Stay Discovery Will be Moot

Judge Du originally found "good cause" for adding Cede & Co. as a party to this case. Dkt. 115. Indeed, it has now become clear that unless Cede & Co. is added as a party to this case this Court has no jurisdiction. See "Motion to Dismiss Complaint for Want of Jurisdiction." Dkt. 212. Under Nevada law, only Cede & Co., as the stockholder of record, could legally assert dissenter's rights in this case. Smith v. Kisorin USA, Inc., 254 P. 3d 636 (Nev. 2011) (assertion of dissenters' rights by beneficial shareholder invalid – only Cede & Co., as shareholder of record, may assert dissenters' rights.) Only Cede & Co. could submit a dissent/appraisal demand letter, Id., and only Cede & Co. could deliver stock certificates in the name of Cede & Co. Pursuant to NRS 30.130,

3

NRS 92A.430, and NRS 92A.490(3), Cede is an indispensible party – the only absolutely indispensible party – in this case.

Simply stated, this Court has no jurisdiction until, and unless, Cede & Co. is made a party. See "Motion to Dismiss Complaint for Want of Jurisdiction." Dkt. 212.

## SUMMARY AND CONCLUSION

Judge Du found "good cause" to add Cede & Co. to this case. Indeed, as fully explained in the pending Third-Party Plaintiff's "Motion to Dismiss Complaint for Want of Jurisdiction", Dkt. 212, unless Cede & Co. is added as a party, as is required by three separate Nevada statutes, this Court has **no jurisdiction** to proceed at all.

Nevertheless, the Magistrate found that there was little, if any, merit to Judge Du's ruling that "good cause" existed to add Cede & Co. to this case. Further the Magistrate found that it was so obvious that there was not "good cause" that discovery should be stayed until the U.S. District Judge could correct her obvious (to the Magistrate) error in finding "good cause" in the first place.

The Magistrate provided not a single fact or law supporting her rejection of the District Judge's finding of "good cause" for adding Cede & Co. as a party. Without some indication as to what fact or law convinced the Magistrate that there was not "good cause," what exactly is there for the U.S. District Judge to review?

**Since** the Magistrate did not make *any* findings of fact or law, nor give any hint of any factual or legal basis of her decision, the U.S. District Judge must conduct a *de novo* review. Thompson v. American Family Mutual Insurance Company, No.2:09-Dist. Court, D. Nevada 2011 ("the magistrate

4

judge has made no findings of law or fact in the disputed orders ... (so) ... the court finds it necessary to review the issues *de novo*").

**WHEREFORE**, upon considering the Magistrate's Order of April 24, 2014 *de novo* as is required by Thompson v. American Family Mutual Insurance Company, *supra*, and there being no facts or law indicating that Judge Du's previous finding that "good cause" existed to add Cede & Co. was erroneous, and particularly where the jurisdiction of this Court requires Cede & Co. be added as a party, the April 24, 2014 Order Staying Discovery Pending Decision on the Motion to Dismiss should be **VACATED** and the request to stay discovery **DENIED**.

Respectfully submitted,

*/s/ Michael Sammons*
Michael Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the __19__ day of __May__, 2014.

*/s/ Michael Sammons*
Michael Sammons, pro se