Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
      Plaintiff

Vs.                                                          Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
      Defendants

**Elena Sammons**
**Michael Sammons**
      **Third-party Plaintiffs**

      Vs.
Cede & Co., et al
      Third –Party Defendants

## DEFENDANT SAMMONS' FIRST MOTION IN LIMINE FOR PRETRIAL DETERMINATION OF ADMISSILITY OF EVIDENCE

Comes the Defendant, Michael Sammons, and moves this Court for a pretrial ruling on the admissibility of certain documents pursuant to Federal Rule of Evidence 104(a). (District courts "must decide any preliminary question about whether … evidence is admissible.")  The documents are authenticated and admissible pursuant to FREvd Rules 803(6) and/or 901.

The evidence at issue is comprised of two electronic messages, and one attachment thereto, from TD Ameritrade dated July 29, 2013 to Defendant

1

Michael Sammons.  Exhibit A, attached. Should this Court decide that this evidence is not admissible, the Defendant requests an exception to the June 23, 2014 discovery cutoff date for the *limited* purpose of deposing TD Ameritrade to authenticate the two messages.[1]  The Defendant has contacted counsel for the Plaintiff, who cannot stipulate to admissibility at this time.[2]

## ARGUMENT AND POINTS OF AUTHORITY

By this motion, the Defendant seeks a pretrial ruling on the admissibility of electronic messages sent via a secure message system from TD Ameritrade to Michael Sammons on July 29, 2013.  The electronic messages reveal that on July 29, 2013 TD Ameritrade sent by UPS overnight delivery a "dissenters' rights" demand letter to China Energy Corporation or its agent ("CEC").  The Defendant also has an authenticated proof of delivery from UPS showing delivery to CEC on July 30, 2013.  Exhibit B, attached.  The messages therefore are central to the Defendant's argument that the dissent letter was received by CEC on July 30, 2013 (on which date there was no stock certificate in existence), prior to July 31, 2013 when a physical stock certificate for the Defendant's 350,000 shares of CEC was first printed.

These electronic messages can be authenticated pursuant to **FREvid Rule 803(6)**(business records exception) and/or **FREvid Rule 901**.

---

[1] TD Ameritrade was served with a subpoena on May 4, 2014 for a deposition to be held on June 18, 2014.  The deposition was postponed pending a decision by the Court on this motion.  The inconvenience of a deposition upon a non-party should be avoided if a less intrusive alternative to authenticate necessary evidence is available.

[2] In an email exchange with counsel for CEC on May 28, 2014 it was determined that a decision on this matter from CEC would not be available until on or about, or after, June 6, 2014.  Because of the June 23, 2014 discovery cutoff date – and the possible need to depose TD Ameritrade - the Defendant decided prudence dictated that the motion be filed – Defendant agreed to withdraw the motion if at some point CEC decides not to oppose the admissibility of this evidence.

## Federal Rule of Evidence Rule 803(6)

FREvid Rule 803(6) provides that "business records of regularly conducted activity" may qualify as an exception to the heresay rule.

As U.S. District Judge Barbier explained in <u>In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico</u>, on April 20, 2010, MDL No. 2179, 2012 WL 85447 (E.D. La. Jan. 11, 2012), whether a particular electronic message or email is admissible as a "business record" depends on its content and the circumstances under which it was prepared.   He identified five requirements that a party has to satisfy in order to show that an email is subject to the business records exception:

(1)  The email must have been sent or received at or near the time of the event(s) recorded in the email.
(2)  The email must have been sent by someone with knowledge of the event(s) documented in the email.
(3)  "The email must have been sent or received in the course of a regular business activity ... which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a business duty on its employee to report or record the information within the email."
(4)  It "must be the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email."
(5)  A custodian or qualified witness must attest that these conditions have been fulfilled.

The attached declaration of the TD Ameritrade records custodian establishes each of these requirements.[3]

---

[3] The TD Ameritrade declaration does not strictly comply with 28 USC §1746; this oversight will be corrected before the documents are introduced at trial.

## Federal Rule of Evidence 901

The foundational "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." United States v. Crosgrove, 637 F.3d 646, 658 (6th Cir. 2011)(quoting Rule 901(a)). This is not an exacting burden, United States v. Gagliardi, 506 F.3d 140, 151 (2d Cir. 2007), and a party may establish the authenticity of an exhibit through circumstantial evidence. Crosgrove, 637 F.3d at 658. The party must only make a prima facie showing of authenticity so that a reasonable jury could infer that the messages are in fact what the party claims. United States v. Black, 767 F.2d 1334, 1342 (9th Cir.1985) (quoting 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 901(a)[01], at 901-16 to -17 (1983)). Once this threshold showing has been made, any questions concerning the genuineness of the item bear on the weight of the evidence, rather than its admissibility. See United States v. Knox, 166 F.3d 1215, 1998 WL 777986, at *3 (6th Cir. Oct. 22, 1998) (unpublished). Rule 901 sets forth an illustrative, non-exhaustive list of methods that can be employed to authenticate exhibits. See FED. R. EVID. 901(b)(1)–(10). Though Rule 901 does not specifically mention authentication of electronic or email messages, and the Ninth Circuit has not yet addressed it, other federal courts have recently approved of authenticating electronic and text messages through a variety of flexible methods, including those listed in Rule 901(b).

In addition, Michael Sammons, to whom the messages were sent and received, has submitted an affidavit stating that he personally received, read, and recalls the two messages from July 29, 2013. Exhibit C, attached. This is sufficient, by itself, to authenticate these electronic messages. See Adamah v.

Tayson (In re E.D.T.), No. 09-CV-5477, 2010 WL 2265308, at *3 n.4 (E.D.N.Y. May 28, 2010) (testimony of participant sufficient to authenticate text messages); Read v. Teton Springs Golf & Casting Club, LLC, No. 08-CV-00099, 2010 WL 5158882, at *7 (D. Idaho Dec. 14, 2010) (deposition testimony of recipient sufficient to authenticate email).

Finally, the electronic messages have distinctive characteristics that serve to authenticate them. FED. R. EVID. R. 901(b)(4) (authentication can be achieved through "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken in conjunction with all the circumstances"); United States v. Jones, 107 F.3d 1147, 1150 (6th Cir. 1997) See US v. Safavian, 435 F. Supp. 2d at 36, 40 (D.D.C. 2006)(distinctive characteristics sufficient to authenticate emails where emails contained names of senders and recipients and contents discussed various professional matters); United States v. Siddiqui, 235 F.3d 1318, 1322 (11th Cir. 2000) (emails authenticated by contents—including email address, automatic reply to sender, and use of nicknames—and context where messages indicated knowledge of matter at issue). The content and substance of these messages, coming directly from the large well-known national stockbroker TD Ameritrade, and where the context of the messages clearly indicates knowledge of the matter at issue, are more than sufficient to authenticate these electronic messages (with credibility weight to be determined by the fact finder).

## CONCLUSION

**WHEREFORE**, the Court is requested to issue a decision finding that the two electronic messages and one attachment, discussed herein and attached to this motion, are admissible for trial. In the alternative, the Defendant requests

5

an exception to the June 23, 2014 discovery cutoff date for the *limited* purpose to deposing TD Ameritrade as to the two electronic messages.

Respectfully submitted,

*/s/ Michael Sammons*
Michael Sammons, pro se

Certificate of Service

A true and exact copy was mailed or emailed to all parties this 28th day of May, 2014.

*/s/ Michael Sammons*
Michael Sammons

EXHIBIT A



[FOR DOMESTIC U.S. RECORDS]

**DECLARATION OF Cindy M. Vacek CERTIFYING RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY**

I, the undersigned, Cindy M. Vacek, declare that:

1. I am employed by TD Ameritrade Inc as Manager, Regulatory Compliance and by reason of my position am authorized and qualified to make this declaration. I am the custodian of records and I am familiar with the company's record keeping practices.

2. I further certify that the documents attached hereto are true copies of records that were:

    (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;
    (b) kept in the course of regularly conducted business activity; and
    (c) made by the regularly conducted business activity as a regular practice.

I declare that the foregoing is true and correct. Executed on May 23, 2014.

_____
Cindy M. Vacek
Manager
Regulatory Compliance
TD Ameritrade Inc.

200 S 108TH AVE,
Omaha, NE 68154

www.tdameritrade.com

| | |
|---|---|
| From: | Message Center Client Services <clientservices@inbox.amtd.com> (Secure Mail) |
| To: | ▓▓▓▓▓▓ |
| Date: | 7/29/13 1:30 PM |
| Subject: | {SN=KR}{CAT=C}{PR=N}{NR=<merge name="NR" type="KanaField"/>}{NES=<merge name="NES" type="KanaField"/>}{NEA=<merge name="NEA" type="KanaField"/>}{KC=KR_CSR}CHGY dissent paperwork |
| Case ID: | 45808742 |

Mr. Sammons,

It was good talking to you today. Per your request, I am sending you the attached Assertion of Appraisal Rights letter that is being delivered to the Company via overnight mail. Please do not hesitate to reach out to me if you need anything further. You can reach me at 888-723-8504, extension 201611.

Regards,

William Schaben
Assistant Manager - Corporate Actions and Dividends
TD Ameritrade, Inc.

naField"/>}{NES=<merge name="NES" type="KanaField"/>}{NEA=<merge name="NEA"

Jul. 29. 2013 11:21AM                                                                No. 9120   P. 1/1
Jul. 25. 2013 10:45AM                                                                No. 9066   P. 2

                                    Cede & Co.
                          C/O The Depository Trust Company
                                    55 Water St
                                 New York, NY 10041
                              Attn: Proxy Department

                                                    Date: July 25, 2013

CHINA ENERGY CORPORATION
C/O UNITED CORPORATE SERVICES, INC.
202 SOUTH MINNESOTA STREET
CARSON CITY, NEVADA 89703


ATTN: WENXIANG DING, PRESIDENT AND CEO


Cede & Co., the nominee of The Depository Trust Company ("DTC"), is a holder of record of shares of CHINA ENERGY CORPORATION; DTC is informed by TD Ameritrade #188, that 350,000 shares are beneficially owned by Michael & Elena Sammons.

In accordance with instructions received from TD Ameritrade #188 on behalf of Michael & Elena Sammons, we hereby assert dissenters' rights with respect to the 350,000 shares.

Future correspondence on this matter should be directed to:
Michael & Elena Sammons
15706 Seekers ST
San Antonio, TX 78255-3302

With copies directed to the attention of:

TD Ameritrade
ATTN: Corporate Actions Dept.
4700 Alliance Gateway Freeway,
Ft Worth, TX 76177




                                              Very truly yours,


                                              Cede & Co.
                                              BY: _____
                                                   Partner

                                                    *Lori-Ann Trezza, partner*



APPDISRT.KCS

From: ▓▓▓▓▓▓▓▓▓▓▓▓@inbox.amtd.com> (Secure Mail)
To: Message Center Client Services <apexclientservices@inbox.amtd.com>
Cc:
Date: 7/29/13 5:49 PM
Subject: Re: Re: CHGY dissent paperwork
Case ID: 45808742

Thank you William!

===============================================================================

On 07/29/13 3:43 PM Message Center Client Services wrote:

Mr. Sammons,

Thanks for the follow up. TD Ameritrade received the original document from DTC today, and it has since been placed in the mail for overnight delivery to the Company with a delivery date of tomorrow. The tracking number for the package is 1Z68X0X21396866037 and can be tracked on www.ups.com.

Regards,

William Schaben
Assistant Manager - Corporate Actions and Dividends
TD Ameritrade, Inc.

(KMM79701305V26728L0KM)

Re: Re: CHGY dissent paperwork   - 1

# DECLARATION CERTIFYING RECORDS OF REGULARLY CONDUCTED ACTIVITY

I, __Chmilah M. Freeman__ (Name), am employed by __United Parcel Service, Inc. (UPS)__ (Name of Entity).

My official title is __Paralegal__ (Title). As part of my duties as a __Paralegal__ (Title), I am familiar with the records that __UPS__ (Name of Entity) keeps in the ordinary course of business. I am familiar with the types of documents received, created and relied upon by __UPS__ (Name of Entity) in the ordinary course of its business.

I certify that I have reviewed the records attached hereto and that these records are the original or duplicates of the original records kept in the custody of __UPS__ (Name of Entity).

**LIST DOCUMENTS:**

I hereby certify that:

A. Such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

B. Such records were kept in the course of a regularly conducted business activity;

C. The business activity made such records as a regular practice;

D. If such record is not the original, such record is a duplicate of the original.

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE: _____

Executed on this __8th__ (day) day of __May__ (month), __2014__ (year), at __Atlanta__ (city), __GA__ (state).

| **Searched Inquiry Number:** | **Tracking Number:** | **Service Level:** |
|---|---|---|
| 1Z68X0X21396866037 | 1Z68X0X21396866037 | NEXT DAY AIR SAVER |

**Associated Tracking Numbers:**

[ Search ]  Select an Associated Tracking Number and click on Search to execute the search

| **Delivery Address** | **Type:** | | **Date:** | **Time:** |
|---|---|---|---|---|
| 202 S MINNESOTA ST | DELIVERED | | 07/30/13 | 10:50 |
| CARSON CITY NV 89703 | **Received By:** | **Location:** | **Late Air Reason:** | |
| UNITED STATES | BROOKS | RECEIVER | | |

**Delivery Status:**
SIGNATURE OBTAINED

| **Shipper Name:** | **Shipper Number:** | **Stop Type:** |
|---|---|---|
| TD AMERITRADE HEADQUARTERS | 68X0X2 | COMMERCIAL |
| **Package ID:** | **Package Weight:** | **Saturday Delivery Charge:** |
| | 0.00 | NO |

**Remarks:**

**Original Receiver:**                                **Reason:**

**Return Address:**

**Monetary**

**DIAD Detail**

Copyright © 2000-2014 UPS, Inc. All Rights Reserved.



Copyright © 2000-2014 UPS, Inc. All Rights Reserved.;

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

**China Energy Corporation**
  **Plaintiff**

Vs.         Case No.   3:13-CV-562-MMD-VPC

**Alan Hill, et al**
  **Defendants**

# AFFIDAVIT OF MICHAEL SAMMONS

I, Michael Sammons, hereby aver under penalty of perjury the following to be true and correct and based upon my personal knowledge:

1. Attached to the Motion in Limine are two electronic messages from William Schaben, then and now an executive or employee of TD Ameritrade, to me dated and received on July 29, 2013. Also attached thereto is an "Assertion of Appraisal Rights" letter from Cede & Co. to China Energy Corporation which was attached to the first email.
2. I personally received and read these electronic messages on July 29, 2013.

I declare, pursuant to 28 USC §1746 and under penalty of perjury, that the foregoing statements are true and correct:

Executed on  5/28/14          _____
                       Michael Sammons

1