**GORDON SILVER**
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: mfeder@gordonsilver.com
JUSTIN J. BUSTOS
Nevada Bar No. 10320
Email: jbustos@gordonsilver.com
ANJALI D. WEBSTER
Nevada Bar No. 12515
Email: awebster@gordonsilver.com
100 W. Liberty Street, Suite 940
Reno, Nevada 89501
Tel:  (775) 343-7500
Fax: (775) 786-0103

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS *(Admitted Pro Hac Vice)*
Email:  fgoins@ulmer.com
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
Tel:  (216) 583-7202
Fax:  (216) 583-7203

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 1007/2008, JUN HE, and RANDY DOCK FLOYD,<br><br>Defendants. | CASE NO.  3:13-cv-00562-MMD-VPC |

**PLAINTIFF CHINA ENERGY CORPORATION'S  MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL SAMMONS' MOTION TO DISMISS FOR WANT OF JURISDICTION**

PLAINTIFF CHINA ENERGY CORPORATION ("CEC"), by and through its attorneys at the law firms of GORDON SILVER and ULMER & BERNE LLP, hereby submits this

Memorandum in Opposition to Defendant Michael Sammons' Motion to Dismiss for Want of Jurisdiction (Dkt. No. 212) (the "Motion"). This Opposition is supported by the following memorandum of points and authorities, Federal Rule of Civil Procedure 12, all pleadings and papers on file herein, and any other materials this Court may choose to consider.

For the reasons set forth below, the Defendants' Motion should be denied.

## **MEMORANDUM OF POINTS & AUTHORITIES**

With this Motion, Mr. Sammons asks the Court, nearly nine months after this case began, to dismiss CEC's Complaint on the grounds that CEC did not join Cede & Co. in this action because he thinks Cede & Co., the record stockholder of his shares of CEC stock, was the only proper party to this action. In making that erroneous argument, Mr. Sammons again demonstrates his failure to grasp the holdings of the Supreme Court of Nevada in *Smith v. Kisorin USA, Inc.*, 254 P.3d 636 (2011).

The main argument presented by Sammons's Motion is his mistaken contention that under the *Smith* case **only Cede & Co.**, the record stockholder for his CEC shares, had a right under NRS Chapter 92A to dissent from the reverse stock split effectuated by CEC on July 3, 2013. On that basis, Mr. Sammons proceeds to say that CEC was required to name Cede & Co. as a defendant in this matter because it has an "interest which would be affected by the declaration" sought in Count I of CEC's Complaint. (Motion at 2 (citing NRS 30.130)).

Mr. Sammons is wrong, and his Motion should be denied. The Defendants in this case, though they all failed to adequately perfect their rights to a dissenters' appraisal under NRS 92A.440, are the proper parties to this case because (1) they are the only persons who are real parties in interest as to the outcome of this litigation and (2) all of them would have had dissenters' rights had they not forfeited those rights by failing to fulfill the requirements of NRS 92A.440.

  I. **Cede & Co. Has No Interest that Could be Affected by the Declaration Sought in Count I of CEC's Complaint Because it Has No Real Interest in the Appraisal Action.**

Cede & Co. has no interest in the outcome of this litigation because it has no right to

receive payment for any of the shares at issue in this case. As the Nevada Supreme Court stated in *Smith*, Cede & Co. acts as "the nominee for the Depository Trust Company," with which many brokers and beneficial stockholders hold their shares in "street name." 254 P.3d at 638. "The term 'street name' refers to a brokerage firm's name in which securities ***owned by another*** are registered." *Id.* & n.1 (citing Black's Law Dictionary 1557 (9th ed. 2009)). The "beneficial holder of stock holds equitable title to corporate stock . . . ." *Id.* In other words, only a beneficial stockholder owns the stock at issue and only the beneficial stockholder has the right to receive the proceeds from an appraisal action. A record holder like Cede & Co., by contrast, is the mere nominee holding shares "in trust" for the beneficial owner and has no right to the value of the shares. *See* Black's Law Dictionary 1214 (9th ed.) (defining, *inter alia*, "owner," "beneficial owner," and "record owner"); *see also id.* at 1554 (defining "stockholder of record").

Thus, regardless whether the beneficial owners succeed in pursuing an appraisal action here, Cede & Co., as record owner, has no right to payment for the shares at issue and has no "interest which would be affected by the declaration" sought in Count I of CEC's Complaint.

## II.   The Defendants Are Proper Parties to this Case Both Under the Nevada Dissenters Rights Statute and Under the *Smith* Case.

Mr. Sammons also argues, under the Supreme Court of Nevada's holdings in *Smith*, that he and his fellow defendants have no rights to dissent and are not proper parties to Count I of the Complaint. Mr. Sammons is, again, wrong.

First, the plain language of the Nevada dissenters' rights statute, NRS Chapter 92A, Sections 300 through 500, runs directly contrary to Mr. Sammons's assertion. Section 92A.380(1) provides that "***any stockholder*** is entitled to dissent" from certain corporate actions. (emphasis added). The term "stockholder," in turn, is a defined term under the statute; it means "a stockholder of record ***or*** a beneficial stockholder of a domestic corporation." NRS 92A.325 (emphasis added). Therefore, there is no merit to Mr. Sammons's contention that he and his fellow defendants, as beneficial stockholders, "are not entitled to dissenter's rights" in the first instance. (See Motion at 3).[1] To the contrary, the statute expressly provides for beneficial

---

[1] As explained in numerous papers already before this Court, Mr. Sammons, along with all of his fellow defendants,

stockholders to assert dissenters' rights and specifies exactly the means by which they may assert such rights. *See generally* NRS 92A.300-500.[2]

Second, while the *Smith* case does make two holdings that are directly relevant to the outcome of Count I of CEC's Complaint, neither of those holdings comes close to standing for the proposition that Mr. Sammons relies upon in this Motion. The Nevada Supreme Court first held that a Nevada corporation "is not required to send dissenters' rights notices to beneficial owners because publicly traded corporations do not have access to contact information for all beneficial owners and are, in fact, unable to obtain this information unless the beneficial owner does not object." *Id.* at 640 (citing, *inter alia*, 17 C.F.R. § 240.14b-2(b)(4)(ii)(B) (2010)). The Court therefore held that beneficial owners, like the plaintiffs in *Smith* and Mr. Sammons here, "are not entitled to be sent a dissenter's rights notice under NRS 92A.410 and NRS 92A.430." *Id.* On that basis, the Court found that the corporation at issue fulfilled its obligation to provide notice of a right to dissent when, as CEC did in this case, it sent a dissenters' rights notice to the stockholder of record, Cede & Co. *Id.*

Next, contrary to Mr. Sammons's claims, *Smith* does not hold that the beneficial stockholders never had a right to dissent. Instead, after holding that only Cede & Co. was "entitled to receive a dissenters' rights notice," the Nevada Supreme Court held that the beneficial owners in that case had "lost their right to dissenter's appraisal" because they "failed to submit a sufficient demand for payment with the[ir] stock certificates attached." *Id.* & n.3. If the beneficial holders never had a right to dissenters' appraisal, as Sammons now claims in his Motion, they could not logically have "lost their right" by failing to submit their stock certificates with their demand for payment.

///

―――――――――――――――― (continued)
did fail to ***properly*** assert dissenter's rights in this case because he failed to meet the strict prerequisites of NRS 92A.440. That does not mean, however, that he never had any rights at all. Instead, he and the other Defendants waived the rights they had when they failed to adhere to NRS 92A.440.

[2] A beneficial stockholder may only assert his or her dissenters' rights after obtaining the record stockholder's "written consent." *See Smith*, 254 P.3d at 241 & n.3 (citing NRS 92A.400(2)(a)). But, once a beneficial stockholder obtains that written consent, he may exercise dissenters' rights if he complies with the requirements of NRS 92A.440.

Simply stated, a thing that does not exist cannot be lost. The Nevada Supreme Court could not have held in *Smith* that the beneficial stockholders had no right to dissent but also hold that they "lost their right" to dissent by failing to timely dissent and submit their certificates to the subject corporation. Thus, Mr. Sammons's claim that he and the other defendants are not the proper parties to this action – because they never had any dissenters rights at all – is legally erroneous. Furthermore, because Mr. Sammons and the other defendants in this case are the proper parties to CEC's Complaint and no other parties needed to be joined, Mr. Sammons's Motion should be denied.

### III. Even Assuming that Cede & Co. is a Proper Party to this Case, Mr. Sammons has Cured Any Purported Deficiency in CEC's Complaint by Joining Cede & Co. Via His Third-Party Complaint.

Finally, Mr. Sammons's final contention that neither Count I nor Count II may proceed without Cede & Co.'s involvement is of no consequence. As he openly concedes in his Motion, Mr. Sammons has joined Cede & Co. by filing his Third-Party Complaint against it, alleging that Cede & Co. mishandled his demand.[3] Thus, while Mr. Sammons is wrong in contending that Cede & Co. is a necessary party to this action, even if this were a deficiency, he has cured it.

For this reason, also, Mr. Sammons's Motion should be denied.

---

[3] Notably, if Cede & Co. really was a party that had an interest that needed to be protected under the Nevada Declaratory Judgment Act, NRS 30.130, then it would stand to reason that it would attempt to assert a dissenters' rights claim against CEC. It has not done so because it no doubt recognizes that it has no beneficial interest in the outcome of this litigation and no right to whatever proceeds the defendants may be entitled to receive. Thus, it is undisputed that Cede & Co. did not exercise dissenters' rights. As a result, if Mr. Sammons was correct that Cede & Co. is actually the real party in interest in this case, the Court should enter Judgment in favor of CEC declaring that no stockholder complied with Chapter 92A of the Nevada Revised Statutes and, therefore, that no defendant is entitled to payment under Chapter 92A.

## CONCLUSION

For the foregoing reasons, Defendant Michael Sammons' Motion to Dismiss for Want of Jurisdiction (Dkt. No. 212) should be denied.

DATED this 6th day of June 2014.

**GORDON SILVER**

    /s/ Justin J. Bustos
MICHAEL N. FEDER
Nevada Bar No. 7332
JUSTIN J. BUSTOS
Nevada Bar No. 10320
ANJALI D. WEBSTER
Nevada Bar No. 12515
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS
*(Admitted Pro Hac Vice)*
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that I am an employee of GORDON SILVER, and that on this date, pursuant to FRCP 5(b), hereby certifies that she served a copy of **PLAINTIFF CHINA ENERGY CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL SAMMONS' MOTION TO DISMISS FOR WANT OF JURISDICTION** via CM/ECF to the following individuals:

| | |
|---|---|
| Richard L. Elmore, Esq.<br>Holland & Hart<br>5441 Kietzke Lane, 2nd Floor<br>Reno, NV 89511<br>*Attorney for Thomas S. Vredevoogd, Trustee of the Kimberly J. Vredevoogd Trust UA 1007/2008* | Michael Sammons<br>15706 Seekers St<br>San Antonio, TX 78255<br>*Defendant in Proper Person* |
| Edmund J. Gorman Jr.<br>Attorney at Law, Ltd.<br>335 W. First Street<br>Reno, Nevada 89503 | Daniel T. Hayward, Esq.<br>LAXALT & NOMURA<br>9600 Gateway Drive<br>Reno, Nevada 89521 |
| Bret F. Meich<br>ARMSTRONG TEASDALE<br>50 W. Liberty Street, Suite 950<br>Reno, NV 89501 | Peter J. Tepley<br>Meredith Lees<br>Rebecca Beers<br>RUMBERGER KIRK & CALDWELL<br>2204 Lakeshore Drive, Suite 125<br>Birmingham, AL 35209 |

And by U.S. Mail, postage prepaid, to the following individuals:

| | |
|---|---|
| Elena Sammons<br>15706 Seekers St<br>San Antonio, TX 78255<br>*Defendant in Proper Person* | Randy Dock Floyd<br>4000 Goff Road<br>Aynor, SC 29551<br>*Defendant in Proper Person* |
| Jun He<br>231 Split Rock Rd<br>The Woodlands, TX 77381<br>*Defendant in Proper Person* | |

DATED this 6th day of June, 2014.

                                         /s/ Cindy S. Grinstead
                                         An employee of GORDON SILVER