Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

vs.                                    Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

**Elena Sammons, et al**
    **Third-party Plaintiffs**

**vs.**
**Cede & Co., et al**
    **Third –Party Defendants**

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
## TO MOTION TO DISMISS COMPLAINT
## FOR WANT OF JURISDICTION

Comes the Defendant, Michael Sammons, and would Reply to Plaintiff China Energy Corporation ("CEC")'s Opposition to Motion to Dismiss for Want of Jurisdiction, Dkt. 224, as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

"The statutory language, statutory history, and prior judicial decisions all make clear that only a stockholder of record may demand an appraisal."

1

Enstar Corp. v. Senouf, 535 A. 2d 1351, 1352 (Del. 1987) (emphasis added)("demands for appraisals made by the beneficial owners of stock, rather than the stockholders of record, [are] invalid, even [if] the identity of the holder of record [is] known."). Accord Roam-Tel Partners v. AT&T Mobility Wireless Operations Holdings, Inc., CA-5745-VCS (Del. Ch. Dec 17, 2010)("**only record owners have the authority to demand and perfect appraisal rights**")

As the court in Dirienzo v. Steel Partners Holdings LP, (Del. Ch. 2009) explained:

> "This Court has repeatedly held that **only stockholders of record have standing to pursue an appraisal**. Consistent with that principle, the Court has held that a *beneficial owner* of shares has no right to demand appraisal ..." (emphasis added)

These Delaware cases are persuasive authority in Nevada.[1]

CEC seeks a declaration in Count 1 of this case that: "**The Defendants in this case ... all failed to adequately perfect their rights to a dissenters' appraisal.**" CEC Opposition, pg. 2, lines 20-21. But all the "Defendants in this case" are *beneficial stockholders*, and as every case over the past several decades, from numerous states, has held, "**only record owners have the authority to demand and perfect appraisal rights.**" Roam-Tel Partners, *supra*.

---

[1] NRS 92A.300-.500 governs the rights of stockholders who dissent from certain corporate actions in Nevada, and these statutes were "patterned after, or are identical to, the provisions of the 1984 Model Business Corporation Act." American Ethanol, Inc. v. Cordillera Fund, 252 P. 3d 663 (Nev. 2011). "Because the Legislature relied upon the Model Act and the Model Act relies heavily on New York and Delaware case law, we look to the Model Act and the law of those states in interpreting the Nevada statutes." Cohen v. Mirage Resorts, Inc., 62 P.3d 720, 726 n. 10 (Nev. 2003).

If a beneficial stockholder has no "**authority to demand and perfect appraisal rights**" what good is a declaration that that same beneficial stockholder "**failed to adequately perfect their (non-existent) right to a dissenter's appraisal**"?

It is undisputed that Cede & Co. was the stockholder of record for all of the Defendants' shares in this case. Complaint, Dkt. 2 at #16. Therefore, only Cede & Co., as the stockholder of record, had "authority to demand and perfect appraisal rights." Roam-Tel Partners, supra. The Defendants are all just beneficial stockholders. Nevertheless, CEC asserts that the "Defendant (beneficial stockholders) had ... dissenters' rights." CEC Opposition, pg. 2, line 22-23.

CEC relies solely upon NRS 92A.380 which does indeed provide that "any stockholder is entitled to dissent" - but NRS 92A.380 must be read in conjunction with NRS 92A.400(2)(a) which requires that when "any stockholder" is a beneficial stockholder (as opposed to a stockholder of record) he may only dissent after obtaining "written consent" of the stockholder of record.

So while a beneficial stockholder may dissent pursuant to NRS 92A.380, that same beneficial stockholder may *only* dissent if he submits "written consent" from the stockholder of record pursuant to NRS 92A.400(2)(a). Without "written consent" from the stockholder of record (Cede & Co. in this case) the Defendant beneficial stockholders had no right to assert or perfect dissenter's right to appraisal.

CEC reluctantly, in a footnote, concedes that a "beneficial stockholder may only assert ... dissenters' rights after obtaining the record stockholder's written consent." See Opposition, page 4 n.2. (citing Smith v. Kisorin USA, Inc., 254 P. 3d 636, 641 n.3 (Nev. 2011)). The problem is that CEC has never even

3

alleged, let alone proven, that Cede & Co. ever provided or intended to provide "written consent" which would have allowed each beneficial stockholder to assert and perfect dissenters' rights on their own. Indeed, some beneficial stockholders asked for such a "written consent" from Cede & Co., but Cede & Co. flatly refused. See "Amended Third-Party Complaint," Dkt. 128, at #13-15.

The record clearly establishes that the dissenters' (appraisal) rights demand letters in this case were executed, signed and delivered to CEC by Cede & Co. Cf. CEC MPSJ Reply, Dkt. 130, Exh. A and Exh. C to Barr Aff (two Cede & Co. dissenters' rights letter on Cede letterhead and signed by Cede – a similar letter was delivered to CEC by Cede & Co. for every defendant beneficial stockholder in this case).

As detailed in the "Third-Party MSJ", Dkt. 183, Cede & Co., as the stockholder of record, took all the steps it considered necessary to perfect dissenter's rights to appraisal – nothing was asked of the beneficial stockholder. As an example and as detailed in that MSJ, Elena Sammons delivered a payment demand letter to CEC - which was invalid under <u>Roam-Tel Partners</u>, supra (only a stockholder of record may assert and perfect dissenter's right to appraisal). Cede on the other hand did all of the following: (1) sent an "Assertion of Dissenter's Rights Letter" on 8/1/2013; (2) requested a new stock certificate be printed on 8/8/2013; (3) delivered a letter withdrawing dissenter's rights on 8/16/2013; (4) delivered a new letter again asserting dissenter's rights on 8/16/2013; and (5) delivered the new stock certificate to CEC on 8/26/2013. These were all the steps Cede believed were necessary to perfect dissenter's right to appraisal in Nevada.

The timeline of events clearly shows that Cede was handling *all* aspects of the dissent, and had not provided "written consent" which would have

allowed Elena Sammons to take all these steps to perfect dissenter's right to appraisal on her own. There is nothing to indicate Cede expected the beneficial stockholders to take any action at all.

Next CEC's brief appears to argue that the Nevada Supreme Court, *through dicta in a footnote*, expanded the statutory right of beneficial stockholders to dissent to not only beneficial stockholders with "written consent" from the stockholder of record, but also to beneficial stockholders even without "written consent" as long as they attach stock certificates to their payment demand letters. So, according to CEC, a beneficial stockholder may personally assert and perfect dissenter's rights if any of three prerequisites are met:

> (a) if he is also the stockholder of record, or
> (b) as a beneficial stockholder if he has written consent of the stockholder of record, or
> (c) *as a beneficial stockholder if he attaches stock certificates **even without written consent** of the stockholder of record.*[2]

But even if dicta from a footnote in <u>Smith</u> was intended to re-write NRS 92A.400(2)(a) as is suggested by CEC in (c) above, it does not help the CEC case. An appraisal demand by a beneficial stockholder, without "written consent" from Cede, is invalid. <u>Roam-Tel Partners</u>, supra. An appraisal demand by a beneficial stockholder, without stock certificates in the name of Cede attached, is invalid. No beneficial stockholder in this case had "written

---

[2] According to CEC, "The Nevada Supreme Court (in <u>Smith</u>) held that the beneficial stockholders (would have had) a right to dissenter's appraisal (if they had) submitted a sufficient demand for payment with their stock certificates attached." CEC Opposition, pg. 4, lines 17-19. So CEC's argument boils down to this: A beneficial stockholder does not need the "written consent" of the stockholder of record to assert dissenters' rights to appraisal, as is explicitly required by NRS 92A.400(2)(a), if the beneficial stockholder attaches stock certificates to his dissenter's (appraisal) rights demand letter.

5

consent" from Cede. No beneficial stockholder in this case had access to stock certificates in the name of record holder Cede & Co. to attach to their purported payment demand letters.

So while CEC is correct that no Defendant beneficial stockholder in this case properly asserted or perfected dissenters rights, it is equally true that **no Defendant beneficial stockholder in this case had the right or authority to assert and perfect dissenters rights** in the first place. Roam-Tel Partners, *supra*. That responsibility and authority fell *solely* upon Cede & Co., the stockholder of record.

The key questions CEC avoids are these: **What gave these Defendant "beneficial" stockholders the authority to assert and perfect dissenters' rights?** Did they have "written consent" from Cede & Co. the record holder? No. Did they attach stock certificates in the name of Cede & Co. to payment demand letters? No.

So how can CEC conclude that the "Defendant (beneficial stockholders) had ... dissenters' rights." CEC Opposition, pg. 2, line 22-23?[3]

Finally we turn to the issue of what Count 1 seeks to accomplish: What does a declaration that "the six Defendant beneficial stockholders did not perfect a right to dissent which they had no authority to assert or perfect" mean? And what would that declaration mean to Cede & Co. which, as

---

[3] Perhaps CEC is arguing that the beneficial shareholders would have had "appraisal rights" *if* Cede & Co. had properly perfected its "dissenters rights." But this merely highlights the obvious fact that Count 1 requires a determination as to whether Cede & Co. did, or did not, perfect their "dissenters' rights." In such case, only the actions or inactions of Cede & Co. in attempting to perfect "dissenters' rights" are relevant to Count 1 – and Cede & Co. is an indispensible party to such determination (indispensible to Count 1, but perhaps not Count 2).

stockholder of record, had *sole* responsibility and authority to assert and perfect dissenters' right to appraisal?

In conclusion, for all practical purposes CEC seeks a declaration that Cede & Co., as the stockholder of record and the only stockholder authorized by Nevada law to assert and perfect dissenters' right to appraisal, failed to properly do so – but CEC conveniently leaves CEC, the only indispensible party, out of the case.[4]

### Cede & Co. has a Compelling Interest in this Case

CEC's contention that "Cede & Co ... has no interest which will be affected by the declaration" blinks reality.[5] Cede & Co. "holds the stock in trust for or as agent of the beneficial stockholder." Smith v. Kisorin USA, Inc., 254 P. 3d 636, 640 (Nev. 2011). The beneficial stockholder Defendants in this case had no choice but to rely upon Cede & Co. to act as reasonably required to assert and perfect dissenters' rights. This is true because only Cede & Co., and not the Defendant beneficial stockholders, had the "authority to assert and perfect appraisal rights." Roam-Tel Partners, *supra*. If this Court finds that Cede & Co. failed to comply with Nevada law in asserting dissenters' rights, Cede & Co. faces inevitable and substantial lawsuits by the beneficial

---

[4] This is tantamount to hosting a one man Mark Twain show on Broadway, but forgetting to invite Mark Twain.

[5] CEC also asserts that "Cede & Co., as record holder, has no right to payment." For practical purposes this is true, but technically this is incorrect. Payment can only legally be made to Cede & Co. as the stockholder of record and the only "dissenter," which will then, pursuant to any applicable contracts and agreements between Cede and the various clearing firms and stockbrokers, make any required payments to the those firms. Finally the clearing firms or stockbrokers will make any payment due to the beneficial stockholders.

stockholders damaged by the Cede & Co. failure to comply with Nevada dissenter rights law. See "Motion to Dismiss for Want of Jurisdiction," Dkt. 212, at n. 5 (numerous causes of action).

Facing possible liability of over $6,000,000 involved in Count 2 of the Complaint, contingent upon this Court's ruling on Count 1 of the Complaint, which directly and solely requires this Court to judge whether Cede & Co. acted properly in asserting their dissenters' rights, Cede & Co. is a *very* "interested party" for purposes of NRS 30.130.[6]

This Court must judge the actions of Cede & Co., as the stockholder of record, in asserting and perfecting appraisal rights. **Nothing** the Defendant beneficial stockholders did or did not do is relevant to disposition of Count 1 of the Complaint.

Finally CEC makes much of the fact Cede has avoided involving itself in this case, even going so far as to ignore subpoenas or provide basic information such as when Cede first received the Dissenters' Rights Notice from CEC. See "Motion to Compel Cede & Co.", Dkt. 130. The argument goes,

---

[6] In the Opposition, pg 5 n.3, CEC states: "Thus, it is undisputed that Cede & Co. did not exercise dissenters' rights." This is just silly. It is undisputed that Cede & Co. *attempted* to exercise dissenters' rights in its own name. See MSJ, Dkt. 183. Cede & Co. delivered numerous and timely dissenters' appraisal demand letters to CEC, on Cede letterhead and signed by Cede. Cede & Co. also delivered to CEC stock certificates for over 2 million shares of dissenting shares of CEC registered in the name of Cede & Co. What is clear is that only Cede & Co., as the stockholder of record, had the right or ability to assert and perfect dissenters' rights. Since no defendant beneficial stockholder had the "written consent" of Cede & Co. to assert dissenters' rights on their own, nor had the Cede stock certificates to attach, it is true that **no defendant in this case exercised (their non-existent) dissenter's rights.** However, Cede & Co. took the steps it believed were legally necessary to perfect dissenters' rights for all the shares held in its name (beneficially owned by whoever) – whether Cede was successful in that endeavor is the precise question before the Court in Count 1 of the Complaint. But, at least as to Count 1 of the Complaint, the dispute is between CEC, the company, and Cede & Co., the only record stockholder with the "authority to assert and perfect dissenters' rights."

"If Cede & Co. had an interest in the result, wouldn't Cede have voluntarily provided helpful information to the Defendants (such as the date the Notice was received)?" But why should they?

If this Court determines that Cede & Co. properly asserted and perfected its dissenters' rights, then Cede & Co. has no (or at least limited) liability. But if this Court finds that Cede & Co. failed to comply with Nevada law and as a result Cede lost its dissenter's right of appraisal, what happens? NRS §30.130 states that "no declaration shall prejudice the rights of persons not parties to the proceeding." So Cede & Co. would not be bound by the declaration that Cede & Co. failed to properly perfect dissenters rights. So all the very same issues involved in Count 1 would be relitigated – this time between suing beneficial stockholders and Cede & Co. It is to avoid just such duplication and circuity of litigation that NRS §30.130 requires that "all persons shall be made parties who have ... any interest which would be affected by the declaration."

## Dismissal of Count 2 Pursuant to NRS 92A.490(3)

CEC does not even bother to dispute in its Opposition that dismissal is warranted pursuant to NRS 92A.490(3), which requires "all dissenters" be named in Count 2, the judicial appraisal count.

NRS 92A.325 defines "stockholder" as "a stockholder of record or a beneficial stockholder."

NRS 92A.330 defines a "stockholder of record" as "the person in whose names shares are registered in the records of the corporation."

NRS 92A.305 defines "beneficial stockholder" as "a person who is the beneficial owner of shares held ... by a nominee as the stockholder of record."

NRS 92A.315 defines "**Dissenter**" as "**a stockholder who is entitled to dissent** ... and who exercises that right when and in the manner required by NRS 92A.400 to 92A.480, inclusive."

As already explained in detail in this Reply, a "**beneficial stockholder**" can qualify as "**a stockholder who is entitled to dissent**" and therefore as a "**dissenter**" under **only** two (maybe three) circumstances:

(a) He can be stockholder of record;
(b) He can be a beneficial stockholder with "written consent" from the stockholder of record authorizing him to dissent;
(c) (Maybe) he can be a beneficial stockholder without "written consent" of the record holder, if he attaches stock certificates to his payment demand.

All the Defendants in this case are beneficial stockholders. None qualified to be a "dissenter" because none provided "written consent" from the stockholder of record, Cede & Co. or attached stock certificates to their payment demand. So no beneficial stockholder in this case, no Defendant named in this case, qualified as a "dissenter." NRS 92A.315

In this case, there is one – and only one – "dissenter" as defined in NRS 92A.315. And that is the stockholder of record, Cede & Co.

NRS 92A.490(3) explicitly and unambiguously states that all "dissenters" **shall** be named in the lawsuit and served. As we have established, the "only" dissenter in this case is the stockholder of record, Cede & Co. Failing to name and serve Cede & Co as a party to Count 2 of the Complaint as required by NRS 92A.490 deprives this Court of jurisdiction.[7]

---

[7] Having failed to commence a valid appraisal proceeding within 60 days as required by NRS 92A.490(1), the only dissenter, Cede & Co. is entitled to payment pursuant to NRS 92A.490(1) in the amounts demanded by each beneficial stockholder (as authorized by, and on behalf of, Cede & Co.)

10

### The Third-Party Complaint

CEC correctly points out that Judge Du found "good cause" for adding Cede & Co. as a party to this case. Dkt. 115.

However, the Third-Party Complaint is of limited aid to CEC, insofar as it involves only one of the six Defendant beneficial stockholders. Only CEC had the authority to properly add Cede & Co. as to all parties to preserve jurisdiction; having willfully failed to do so, the Complaint is simply void and due to be dismissed with prejudice.

### CONCLUSION

No Defendant beneficial stockholder in this case had the "authority to assert and perfect" a dissenter's right to appraisal. Only Cede & Co., as stockholder of record, had the "authority to assert and perfect" a dissenter's right to appraisal. Cede & Co. assumed full responsibility for, and took numerous actions attempting to, successfully assert and perfect dissenters' rights in its own name. Cede & Co. submitted demands for appraisal for all dissenting shares in the name of Cede & Co, and thereafter took numerous additional steps to perfect dissenters' rights in its own name, including delivery to CEC of over 2 million shares of CEC stock registered to Cede & Co.

It is therefore difficult to imagine a more indispensible party to this case than Cede & Co.

**WHEREFORE**, for any of the above reasons, Cede & Co. is an indispensible party to Count 1 pursuant to NRS 92A.440 and NRS 30.130, and an indispensible party to Count 2 pursuant to NRS 92A.490(3). Because of CEC's continued willful refusal to add such indispensible party, its Complaint is due to be dismissed for want of jurisdiction.

Respectfully submitted,

*[signature]*

Michael Sammons, pro se

Certificate of Service

A true and exact copy was mailed or emailed to all parties this 11 day of JUNE, 2014.

*[signature]*

Michael Sammons

12