UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALAN HILL, et al.,<br><br>Defendants,<br><br>ELENA SAMMONS AND MICHAEL SAMMONS,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING<br><br>Third-Party Defendants | Case No. 3:13-cv-562-MMD-VPC<br><br>ORDER<br><br>(Motion to Dismiss and/or to Strike Third-Party Complaint for Failure to Comply with Federal Rule of Civil Procedure 14(a) – dkt. no. 161) |

I.  **SUMMARY**

Before the Court is a Motion to Dismiss and/or to Strike Third-Party Complaint (dkt. no. 161) filed by Third-Party Defendant COR Clearing, LLC ("COR"). The Court has also reviewed Third-Party Plaintiffs' opposition (dkt. no. 165) and COR's reply (dkt. no. 174). For the following reasons, the motion is denied.

II. **BACKGROUND**

This motion arises out of a complaint filed by Plaintiff China Energy Corporation ("CEC") in the First Judicial District Court of the State of Nevada In and For Carson City. (Dkt. no. 128-1 at 1.) CEC seeks either declaratory relief or a judicial determination of its

stock value. (*Id.* at 4-7.) Specifically, CEC seeks a declaration that certain shareholders — including Third-Party Plaintiffs Elena Sammons and Michael Sammons ("the Sammons") — had not properly dissented to a stock split. (*Id.* at 5-7.) CEC alleges that the Sammons "failed to timely deposit [their] stockholder's certificates" (*id.* ¶¶ 33-34), and that their "purported demand was expressed" in the wrong currency. (*Id.* ¶ 35.) Because of these errors, CEC asks the Court to declare that "[n]o defendant is entitled to payment for his or her shares." (*Id.* at 7.) CEC also requests, in the alternative, a "fair value determination" that before the stock split, CEC's stock was worth $0.14 per share. (*Id.* at 6-7.)

After CEC's action was removed, the Sammons filed a Third-Party Complaint against Cede & Co., the Depository Trust Company, and COR (together, "Third-Party Defendants"), pursuant to Federal Rule of Civil Procedure 14 ("Rule 14"). (Dkt. no. 128.) Proceeding pro se, the Sammons allege that the Third-Party Defendants had vitiated their ability to dissent to CEC's stock split.[1] (*Id.* ¶¶ 19, 25, 33-36.) The Sammons allege that in so doing, the Third-Party Defendants had breached a contract, their fiduciary duties, and were negligent. (*Id.* ¶ 41.) If, as CEC requests, this Court declares that the Sammons failed to dissent to CEC's stock split, the Sammons request a declaratory judgment specifying that, but for the Third-Party Defendants' errors, the Sammons would have properly dissented to CEC's stock split.[2] (*Id.* at 11-12.) COR is the only Third-Party Defendant to move to dismiss or strike the Sammons' Third-Party Complaint. (Dkt. no. 161.)

---

[1] Among other allegations, the Sammons allege that Third-Party Defendant Depository Trust Company ("DTC") charged them $400 to "handle" their shareholder dissent. (Dkt. no. 128 ¶ 19.) Next, the Sammons allege that Third-Party Defendant Cede & Co. delivered a form to CEC asserting appraisal rights on behalf of Elena Sammons, but the form had typographical errors misstating Elena Sammons' address and her number of shares. (*Id.* ¶ 25.) Finally, the Sammons allege that the Third-Party Defendants "unnecessarily order[ed] a new physical stock certificate" (*id.* ¶ 32), which delayed the stock certificate's delivery to CEC, rendering it untimely. (*Id.* ¶¶ 33-36.)

[2] The Sammons also seek costs and other awards, as appropriate. (Dkt. no. 128 at 11-12.)

### III. LEGAL STANDARD

Rule 14 allows defending parties to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). In this way, Rule 14 "promote[s] judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (*citing* 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1442, at 202-03 (1971)).

A "crucial characteristic" of a Rule 14 action is "that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [the defendant] by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (*quoting* Wright & Miller, *supra*, § 1446, at 257). Hence, "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Id.* Declaratory judgments that could create a loss for a defendant may be sufficient to implead third-party defendants under Rule 14. *See State Coll. Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 582 (M.D. Pa. 2011); *Pavey v. Univ. of Alaska*, 490 F. Supp. 1011, 1015-16 (D. Alaska 1980) (permitting defendant seeking declaratory judgment and injunctive relief to use Rule 14 to implead third-party defendants).

A party may move to strike a third-party complaint that does not satisfy Rule 14. Fed. R. Civ. P. 14(a)(4); *see also Stewart*, 845 F.2d at 199-200 (affirming a trial court's dismissal on Rule 14 grounds). "The decision to allow a third-party defendant to be impleaded under [R]ule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). This Court must also "liberally construe" documents filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

///

## IV. ANALYSIS

The Sammons have properly impleaded the Third-Party Defendants under Rule 14. COR, however, argues that the Sammons' Third-Party Complaint fails to satisfy Rule 14 because CEC's lawsuit would not attach liability to the Sammons, and, in turn, COR would not be "liable to [the Sammons] for all or part of the claim against [them]." (Dkt. no. 161 at 2 (*quoting* Fed. R. Civ. P. 14(a)(1)).) COR also argues that Ninth Circuit precedent forecloses the Sammons' Third-Party Complaint. (Dkt. no. 174 at 9-12.) As such, COR contends, the Sammons have not complied with Rule 14. (*Id.*)

COR's arguments fall short. First, the Third-Party Complaint would transfer a loss from the Sammons to the Third-Party Defendants. Second, Ninth Circuit precedent does not necessitate dismissal. Finally, the Third-Party Complaint promotes judicial efficiency; to hold otherwise would risk inconsistent outcomes for the parties.

The Sammons' Third-Party Complaint satisfies Rule 14 because it would transfer a loss caused by CEC's lawsuit to the Third-Party Defendants, thus shifting liability to the Third-Party Defendants in the form of a declaratory judgment. *See* Fed. R. Civ. P. 14. The Sammons may lose the fair value of their CEC shares if CEC prevails on its declaratory judgment claim that the Sammons failed to properly exercise their dissenters' rights. (Dkt. no. 128-1 at 7; *see* dkt. no. 128 ¶¶ 34-37, 39-42.) The Sammons seek to transfer this potential loss to the Third-Party Defendants, as permitted by Rule 14, based on the allegation that to the extent errors occurred that affected their rights to dissent to the stock split, the Third-Party Defendants were liable. (Dkt. no. 128 ¶ 41; *see id.* at 11-12); *see also* Fed. R. Civ. P. 14(a). Although this transferred loss departs from the "classic indemnity model" of Rule 14 claims, *State Coll. Area Sch. Dist.*, 825 F. Supp. 2d at 579, it nevertheless satisfies the "crucial element" of a Rule 14 action — the potential loss transfers from the Sammons to the Third-Party Defendants. *See Stewart*, 845 F.2d at 200. The Sammons' Third-Party Complaint thus satisfies Rule 14.

Moreover, contrary to COR's arguments, Ninth Circuit precedent does not demand dismissal of the Sammons' Third-Party Complaint. (*See* dkt. no. 174 at 9-13

(*citing Stewart*, 845 F.2d at 198-200; *One 1977 Mercedes Benz*, 708 F.2d at 446, 452).) In *One 1977 Mercedes Benz*, the Ninth Circuit affirmed a district court's dismissal of a Rule 14 complaint because the claims against the third-party defendants were "related to but not derivative of the original claim," and because "the natures of the two claims [were] entirely different and independent." 708 F.2d at 452. The claimant had challenged a vehicle forfeiture as lacking probable cause, and brought third-party claims alleging constitutional violations associated with the forfeiture. *Id.* at 447, 452. Although the constitutional claims arose from the forfeiture, the court reasoned that they were not "dependent on the outcome of the main [probable cause] claim." *Id.* at 452. In *Stewart*, the Ninth Circuit likewise affirmed the dismissal of a Rule 14 complaint that "failed to show the requisite derivative or secondary liability" because the third-party claims arose from a transaction "completely separate" from the transaction in the original complaint. 845 F.2d at 199-200. There, the defendant alleged that the third parties should be liable for misrepresentations they made to the defendant, which the defendant later repeated to the plaintiff in a different transaction. *See id.* at 198-99.

Neither case demands the dismissal of the Sammons' Third-Party Complaint. Here, unlike in *Stewart*, the Sammons' third-party claims derive from the same transaction that prompted CEC's complaint — the Sammons' shareholder dissent. *See Stewart*, 845 F.2d at 198-200; (Dkt. no. 128 ¶¶ 34-37, 39-42.). Whereas *Stewart* involved two transactions giving rise to separate liabilities, the Sammons' Third-Party Complaint involves the same loss at issue in CEC's action. *See Stewart*, 845 F.2d at 198-200; (dkt. no. 128 ¶¶ 34-37, 39-42; dkt. no. 128-1 at 7.). The Sammons' Third-Party Complaint would thus transfer a potential loss caused by CEC's action to the Third-Party Defendants. (*See* dkt. no. 128 ¶¶ 34-37, 39-42; dkt. no. 128-1 at 7.) In contrast, the defendant in *One 1977 Mercedes Benz* did not transfer liability; rather, the third-party defendants faced liability for constitutional violations that differed from the liability arising in the original complaint. *See* 708 F.2d at 452. Accordingly, because the Sammons seek

///

to transfer to the Third-Party Defendants the same loss that would arise from CEC's complaint, they have properly impleaded the Third-Party Defendants.

Finally, the Sammons' Third-Party Complaint promotes the very purpose of Rule 14: it facilitates judicial efficiency. See Sw. Adm'rs, Inc., 791 F.2d at 777. The Sammons' request for declaratory judgment against the Third-Party Defendants derives from CEC's claim for the same relief. (See dkt. no. 128 at 11-12; dkt. no. 128-1 at 7.) As such, if compelled to file a separate action against the Third-Party Defendants, the Sammons would invite duplicative review of the facts and law regarding the shareholder dissent. Moreover, a separate action would risk inconsistent judgments, where, for example, one court could hold that the Sammons properly dissented to CEC's stock split, and another could conclude that the dissent was improper and subject the Sammons to the loss they seek to transfer to the Third-Party Defendants. Narrowly construing Rule 14 to foreclose the Sammons' Third-Party Complaint would undermine the rule's purpose.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is ordered that Defendant's Motion to Dismiss And/Or to Strike (dkt. no. 161) is denied.

ENTERED THIS 13th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE