Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

Vs.                              Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

**Elena Sammons, et al**
    **Third-party Plaintiffs**

**Vs.**
**Cede & Co., et al**
    **Third–Party Defendants**

**Motion to Vacate Discovery Stay Order**
**and Extend Discovery Deadline 60 Days**

Comes the Third-Party Plaintiff ("TP-P"), Michael Sammons, and moves this Honorable Court vacate the discovery stay Order entered April 25, 2014, Dkt. 205, and to extend the discovery deadline 60 days as to Third-Party Defendants COR/Cede/DTC ("TP-D").[1] See Schedule Order, Dkt. 191.

---

[1] On March 21, 2014 all parties, including the TP-D, had agreed to extend discovery 60 days until June 23, 2014. Dkt. 191. On April 25, 2014, the erroneous stay order was entered. Dkt. 205. On June 13, 2014 the order denying the COR motion to dismiss was entered. Dkt. 226. Therefore, at least as to COR, the erroneous stay order delayed discovery by 49 days (from April 25, 2014 to June 13, 2014). Therefore, a 60 day extension of the current June 23, 2014 discovery deadline is appropriate.

1

For "good cause" Judge Du granted leave to implead Third-Party Defendants Cede & Co. ("Cede"), the Depository Trust Company ("DTC"), and COR Clearing, LLC ("COR") (collectively "TP-D") on January 22, 2014. Dkt. 115. The Amended Third-Party Complaint ("TP-C") was filed and served on or about January 29, 2014. Dkt. 128. Motions to Dismiss and/or Strike soon followed. Dkt. 152 and 161.[2]

By Order filed on April 25, 2014, Magistrate Cooke granted a blanket stay of all discovery involving the TP-D. Dkt. 205. Magistrate Cooke provided no findings of fact or law, citing only Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 603 (D. Nev. 2011), a case which simply held that a judge must be "convinced" the motion to dismiss will be granted to warrant a stay of discovery.[3]

By Order filed June 13, 2014, Judge Du denied the COR motion to dismiss, explicitly rejecting the COR/Cede/DTC Rule 14(a) argument presumably accepted by Magistrate Cooke. Dkt. 226. This Order implicitly vacated the stay order as to COR. But Judge Du's Order did not implicitly vacate the Cede/DTC stay because Cede/DTC had raised an alternative jurisdiction argument as well as the (now rejected) Rule 14(a) argument.

If Magistrate Cooke was (or is now) "convinced" that the Cede/DTC motion to dismiss will be granted on the basis of the alternative Cede/DTC

---

[2] The COR motion to dismiss raised a Rule 14(a) issue. The Cede/DTC motion raised the Rule 14(a) issue as well as a jurisdiction issue.

[3] The Rule 14(a) issue, central to both motions to dismiss, had split district courts around the country. Nevertheless, Magistrate Cooke found it worthy of no findings of fact, law, or discussion. Magistrate Cooke could well be proven right by the Ninth Circuit, and it is unfortunate that Judge Du was, and the Ninth Circuit will be, deprived of the analysis relied upon by Magistrate Cooke in finding Rule 14(a) inapplicable.

jurisdiction argument, then the stay as to Cede/DTC should be continued.[4]  If not so "convinced," the stay as to Cede/DTC should be vacated along with the COR stay.

**WHEREFORE**, the current discovery schedule should be extended as follows:

(1) If the magistrate is not "convinced" that Cede/DTC will prevail on their alternative jurisdiction argument in their motion to dismiss, the discovery stay as to Cede/DTC should be vacated, along with the COR stay;

(2) The discovery deadline as to COR (and possibly Cede/DTC as well) should be extended 60 days until August 22, 2014.

Respectfully submitted,

_/s/ Michael Sammons_
Michael Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the _16_ day of _June_, 2014

_/s/ Michael Sammons_
Michael Sammons, pro se

---

[4] Respecting the magistrate's conviction that the motions to dismiss would be granted, TP-P refiled the TP-C in Nebraska before U.S. District Judge Bataillon.  Cede/DTC have opposed a transfer of the Nebraska case to this court arguing lack of jurisdiction in Nevada.  If the magistrate decides to continue the Cede/DTC stay, "convinced" the alternative Cede/DTC jurisdiction argument will prevail, both Judge Du and Judge Bataillion could benefit from findings of fact or law.  See generally <u>Thompson v. American Family Mutual Insurance Company</u>, No.2:09-Dist. Court, D. Nevada 2011 ("the magistrate judge has made no findings of law or fact in the disputed orders ... (so) ... the court finds it necessary to review the issues *de novo*").  Of course, a magistrate has no obligation to do so.  See Dkt. 209.

3