Michael Sammons, pro se
15706 Seekers St
San Antonio, TX 78255
michaelsammons@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

China Energy Corporation
Plaintiff

Vs. Case No. 3:13-CV-562-MMD-VPC

Alan Hill, et al
Defendants

Elena Sammons
Michael Sammons
Third-party Plaintiffs

Vs.
Cede & Co.
The Depository Trust Company
COR Clearing
Third –Party Defendants

## SUPPLEMENT TO MOTION TO VACATE DISCOVERY STAY ORDER AND EXTEND DISCOVERY DEADLINE 60 DAYS

Comes the Defendant-Third Party Plaintiff ("TP-P"), Michael Sammons, and moves this Honorable Court clarify its stay order dated April 24, 2014, Dkt. 205, in light of Judge Du's denial of the COR Clearing, LLC ("COR") Motion to Dismiss on June 13, 2014, Dkt. 226. **The parties differ in their opinions.**

FACTS

1. In late January, 2014, COR was brought into this case and served with a Third-Party Complaint. Dkt. 128 and 137, along with Cede & Co. ("Cede") and The Depository Trust Company ("DTC").
2. Cede/DTC filed a motion to dismiss on February 20, 2014. Dkt. 152.
3. COR filed a motion to dismiss on February 24, 2014. Dkt. 161.
4. TP-P served his first set of discovery requests on COR in February, 2014, and Meredith Lees, COR's attorney, acknowledged that responses were due March 17, 2014. See March 12, 2014 email of Ms. Lees, attached as Exhibit A. Due to a then recent operation Ms. Lees requested an extension to March 31, 2014 to which the TP-P readily agreed. See email of Michael Sammons, attached as Exhibit B.
5. During a Case Management Conference on March 21, 2014, all parties, ***including the Third-Party Defendants***, agreed to extend the discovery schedule 60 days from April 24, 2014 until June 23, 2014, and extending all other case management deadlines accordingly. Dkt. 191.
6. On April 24, 2014 "convinced"[1] that the motions to dismiss would be granted by Judge Du, Magistrate Cooke ordered a blanket stay of all discovery involving the Third-Party Defendants. Dkt. 205. That Order further stated:

> "In the event the motions (to dismiss) are denied, the parties shall submit a proposed discovery plan and scheduling order with deadlines measured from the date of that decision."

---

[1] Magistrate Cooke made no findings of fact or law, citing only Tradebay, LLC v. Ebay, Inc., 278 FRD 597, 603 (D. Nev. 2011), a case whose only relevance was citation to Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam), ("a district court may stay discovery only when it is ***convinced*** that the Plaintiff will be unable to state a claim for relief.") (emphasis in original)

7. Magistrate Cooke assumed, as did the parties, that Judge Du would issue a single decision dealing with the COR motion to dismiss and the Cede/DTC motion to dismiss, since they presented an identical Rule 14(a) issue. See Stay Order which stated "date of that decision" (not plural "those decisions"). Dkt. 205.

8. Judge Du overlooked the Cede/DTC motion to dismiss when considering the COR motion to dismiss. See Order, Dkt. 230.

9. In an email to COR's counsel on June 17, 2014, the TP-P inquired about a "meet and confer" regarding the "discovery plan and scheduling order" as required by the April 24, 2014 Stay Order. See email of Michael Sammons, attached as Exhibit C. COR did not respond to the June 17, 2014 email.

10. COR served its initial discovery requests upon CEC on June 20, 2014. See Exhibit D, attached.

11. On June 24, 2014, the date the February discovery responses were due, COR objected to all discovery as "premature" because the District Court had not yet decided the Cede/DTC motion to dismiss. See Exhibit E, attached.

**Argument**

On June 24, 2014, COR refused to engage in any further discovery. Exhibit E, attached. One would think that objection has been waived by (1) COR's serving its own discovery on June 20, 2014 upon the Plaintiff, and (2) COR's failure to respond to the TP-P email dated June 17, 2014 offering to engage in a "meet and confer" to set a discovery schedule.

In any event, the issue of what Magistrate Cooke's stay Order of April 24, 2014 means where that Order failed to provide for the possibility that Judge

Du might not decide the Cede/DTC motion at the same time as the COR motion to dismiss, is fairly debatable. Indeed, the TP-P sought guidance from Magistrate Cooke for just such clarification on June 16, 2014, with no response as of yet. Dkt. 228.

We must therefore speculate as to how Magistrate Cooke would now handle discovery where Judge Du did not decide both the COR and Cede/DTC motions at the same time.

COR argues that Magistrate Cooke would further delay all discovery until Judge Du also decides the Cede/DTC motion to dismiss. This argument has two flaws: (1) one should not assume Judge Du will also disagree with Magistrate Cooke on the Cede/DTC motion to dismiss (which raises different issues), and (2) nothing in Judge Du's Order indicates when she will render a decision on the Cede/DTC motion to dismiss (it could be tomorrow or several months from now). We will address each flaw in turn.

**Magistrate Cooke Could be Right**

Magistrate Cooke was "convinced" the Cede/DTC motion to dismiss would be granted. Obviously Magistrate Cooke would have already vacated the Cede/DTC stay if she was not also "convinced" the Cede/DTC motion to dismiss will be granted on alternative grounds, notwithstanding the denial of the COR motion to dismiss. Dkt. 228.

Magistrate Cooke is "convinced" that the Cede/DTC motion to dismiss will be granted, which requires the parties, as a matter of judicial respect, not further delay this case on the remote chance that Judge Du will disagree.

Therefore, the parties *must* proceed as if, as Magistrate Cooke strongly believes, the Cede/DTC motion to dismiss will be granted by Judge Du.

## Judge Du Did Not Indicate When the Cede/DTC motion Would Be Decided

There are fully briefed motions going back to December 2013, with no decision almost seven months later. Despite COR's speculation that a decision on the Cede/DTC motion to dismiss is "forthcoming," Judge Du clearly is under no obligation to render a decision in the near future.

## CONCLUSION

It is true that, but for the erroneous April 24, 2014 Stay Order, discovery in this case, as to all parties ***including the Third-Party Defendants***, would have been completed yesterday, June 23, 2014, and we would now be preparing for trial. Regrettably, honest mistakes happen, and all men of conscience can do in the aftermath is to strive to minimize the effects of the error.

The erroneous stay Order delayed discovery by 49 days, Dkt. 228, and there is no reason to further delay Judge Du's case beyond extending the discovery and case management schedule by an additional 60 days.

**WHEREFORE**, the Court should clarify that Judge Du's Order denying the COR motion to dismiss implicitly vacated the discovery stay as to COR; and further, that having failed to object to the TP-P's proposal to extend the discovery deadline and other case deadlines by 60 days (where the erroneous stay order only delayed the case by 49 days), the June 23, 2014 deadline, and all other case deadlines, should be extended 60 days.

Respectfully submitted:

Michael Sammons, pro se

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 24 day of JUNE, 2014.

Michael Sammons, pro se

EXHIBIT A

**From:** "Lees, Meredith" <mlees@rumberger.com>
**To:** Sammons Family <michaelsammons@yahoo.com>
**Sent:** Wednesday, March 12, 2014 12:57 PM
**Subject:** RE: CEC v. Hill, et al

Mr. Sammons:

I hope you are doing well.

Based on my calculations, COR's responses to the discovery you served are due on Saturday, March 15, which under Rule 6 of the Federal Rules of Civil Procedure would make them due on Monday, March 17th. I had to undergo surgery on Friday and am recovering this week. Also, to respond to the discovery I need to talk to former employees of COR and have not been able to do so this week given my surgery. Therefore, I was hoping that we could agree to extend the deadline for COR to respond to the discovery requests until March 31, 2014. Please let me know if this is agreeable with you. I appreciate your consideration of this request.

Thank you,

Meredith Lees

EXHIBIT B

**Subject:** Re: CEC v. Hill, et al

**From:** Sammons Family (michaelsammons@yahoo.com)

**To:** mlees@rumberger.com;

**Date:** Wednesday, March 12, 2014 2:35 PM

Hi Ms. Lees,

March 31 will be fine. Hope you are feeling better.

Michael and Elena Sammons

EXHIBIT C

**Subject:** CEC v. Hill, et al

**From:** Sammons Family (michaelsammons@yahoo.com)

**To:** bmeich@armstrongteasdale.com; mlees@rumberger.com;

**Date:** Tuesday, June 17, 2014 10:05 AM

To: COR counsel

In light of the June 13th order denying the COR motion to dismiss (but which did not address the Cede/DTC motion to dismiss), are you of the opinion that Judge Cooke's order entered April 25th still requires the parties to "meet and confer and submit a proposed discovery plan and scheduling order"? That order obviously assumed that the COR and Cede/DTC motions to dismiss would be decided at the same time, which did not happen. Does COR prefer taking the lead on this?

The only real issue involving COR I see is the untimely delivery of the certificate. I have an interest in seeing COR effectively mount a defense to that issue - how much time do you need?

Best regards,
Michael Sammons

EXHIBIT D

BRET F. MEICH
State Bar No. 11208
(bmeich@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702-678-5070
Facsimile: 702-878-9995

PETER TEPLEY
(ptepley@rumberger.com), *admitted pro hac vice*
MEREDITH LEES
(mlees@rumberger.com), *admitted pro hac vice*
REBECCA BEERS
(rbeers@rumberger.com), *admitted pro hac vice*
RUMBERGER, KIRK & CALDWELL, PC
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

Attorneys for Third-Party Defendant COR Clearing, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHINA ENERGY CORPORATION,

Plaintiff,

vs.

ALAN HILL, et al.,

Defendants,

ELENA SAMMONS AND MICHAEL SAMMONS,

Third-Party Plaintiffs

vs.

CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING

Third-Party Defendants.

3:13-CV-562-MMD-VPC

**THIRD-PARTY DEFENDANT COR CLEARING, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CHINA ENERGY CORPORATION**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Third-Party Defendant COR Clearing, LLC ("COR") hereby requests that Plaintiff China Energy Corporation ("CEC") respond

7. If a document responsive to these requests was at any time in your possession, custody or control, but is no longer available for production, as to each such document state the following information:

(a) Whether the document is missing or lost;

(b) Whether the document has been destroyed;

(c) Whether the document has been transferred or delivered to another person and, if so, at whose request;

(d) Whether the document has been otherwise disposed of; and

(e) A precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

8. These requests shall be deemed continuing so as to require further and supplemental responses as specified in Fed. R. Civ. P. 26.

**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

1. Identify by name and address all shareholders of CEC who CEC agrees properly perfected their dissenter's rights to the reverse stock split of CEC pursuant to Chapter 92A of the Nevada Revised Statutes.

2. Identify the price per share that the shareholders who CEC agrees properly perfected their dissenter's rights pursuant to Chapter 92A of the Nevada Revised Statutes received for their CEC shares.

3. Identify the seven (7) CEC shareholders of record that reside outside of the People's Republic of China that were sent a form transmittal letter and a dissenter's rights notice in July 2013.

4. Produce all documents that CEC (or its agents, employees, assigns or someone acting on its behalf) received from CEC shareholders who CEC agrees properly perfected their dissenter's rights to the CEC reverse stock split (or their agents or someone acting on their behalf) pursuant to Chapter 92A of the Nevada Revised Statutes.

5. Produce all documents that CEC (or their agents, employees, assigns or someone acting on their behalf) sent to the shareholders of CEC who CEC agrees properly perfected their

Done this the 20th day of June, 2014.

BRET F. MEICH (SBN 11208)
ARMSTRONG TEASDALE, LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702-678-5070
Facsimile: 702-878-9995

PETER TEPLEY (admitted *pro hac vice*)
MEREDITH LEES (admitted *pro hac vice*)
REBECCA BEERS (admitted *pro hac vice*)
RUMBERGER, KIRK & CALDWELL, PC.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

By: */s/ Meredith Jowers Lees*
Meredith Jowers Lees

EXHIBIT E

BRET F. MEICH
State Bar No. 11208
(bmeich@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 678-5070
Facsimile: (702) 878-9995

PETER TEPLEY
(ptepley@rumberger.com), *admitted pro hac vice*
MEREDITH LEES
(mlees@rumberger.com), *admitted pro hac vice*
REBECCA BEERS
(rbeers@rumberger.com), *admitted pro hac vice*
RUMBERGER, KIRK & CALDWELL, PC
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

Attorneys for Third-Party Defendant COR Clearing, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN HILL, et al.,<br><br>Defendants,<br><br>ELENA SAMMONS AND MICHAEL SAMMONS,<br><br>Third-Party Plaintiffs<br><br>vs.<br><br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING<br><br>Third-Party Defendants. | 3:13-CV-562-MMD-VPC<br><br>**THIRD PARTY DEFENDANT COR CLEARING, LLC'S OBJECTIONS TO THIRD-PARTY PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33(b), Third-Party Defendant COR Clearing, LLC ("COR") serves these objections and responses to Third-Party Plaintiff Michael Sammons' First Set of Interrogatories Directed to COR ("Third-Party Plaintiff's Requests").

**GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS**

1. COR objects to the Definitions and Instructions in Third-Party Plaintiff's Requests to the extent that they seek to impose requirements upon COR that exceed its obligations under the Federal Rules of Civil Procedure or seek to alter the definitions or meanings of ordinary words.

2. COR objects to Third-Party Plaintiff's Requests to the extent they request information protected by the attorney-client, attorney work-product privilege, and/or any other privilege conferred by rule, statute, or case law.

3. COR object to Third-Party Plaintiff's Requests to the extent they request information not relevant to this matter and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. These responses are made solely for the purpose of providing responses to the Third-Party Plaintiff's Requests, and each response and the documents and ESI produced in response to the Third-Party Plaintiff's Requests are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all objections that would permit and/or require the exclusion of those documents or ESI from evidence in this matter. All such objections and grounds are expressly reserved and may be interposed at the time attempt to introduce such documents or ESI into evidence in this matter as part of an evidentiary submission or at trial.

**INTERROGATORIES**

1. Did you consider the possibility, because the shares were "book-entry" on the books of the transfer agent (Quicksilver), that it would not be necessary to request a new 650,000 share certificate? If your answer is "yes," (a) what factors did you consider and (b) why did you ultimately decide to request a new certificate?

**RESPONSE: Objection. This request is premature and is not contemplated by the Court's April 25, 2014 Order in which the Court ruled that, "in the event the District Court denies the motions to dismiss [of COR, Cede & Co., and DTC], the parties shall meet and**

**confer and submit a proposed discovery plan and scheduling order that complies with LR 26-1(e), with discovery deadlines measured from the date of the decision of the respective motions to dismiss.[1] Here, the District Court has only ruled on and denied COR's Motion to Dismiss. *See* Doc. # 226. Moreover, the District Court is aware that the motion to dismiss of Cede & Co. and DTC is outstanding, and an order on that motion is forthcoming, as the Court has stated that it "will issue a separate order addressing Cede and DTC's Motion to Dismiss." Doc. # 230 at 2. COR further objects based on Federal Rule of Civil Procedure 26(d) (1) which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Thus, COR objects to responding to any discovery requests, outstanding or otherwise, until the Third-Party Plaintiffs and Defendants have met and conferred, submitted a proposed discovery plan and scheduling order, and received a scheduling order addressing the time for discovery from the Court. COR expressly reserves all objections, both substantive and procedural, to the instant request and will submit its specific objections and responses at such time that this Court orders for the submission of discovery responses.**

2. When the 650,000 share certificate was requested did you consider the possibility of requesting that Quicksilver hold the certificate when printed while appropriate paperwork or documents were shipped to Quicksilver? If your answer is "yes," what factors did you consider and why did you decide to have the certificates shipped away from Quicksilver?

**RESPONSE: Objection. This request is premature and is not contemplated by the Court's April 25, 2014 Order in which the Court ruled that, "in the event the District Court denies the motions to dismiss [of COR, Cede & Co., and DTC], the parties shall meet and confer and submit a proposed discovery plan and scheduling order that complies with LR 26-1(e), with discovery deadlines measured from the date of the decision of the respective motions to dismiss. Here, the District Court has only ruled on and denied COR's Motion to Dismiss.**

---

[1] Once the District Court enters an Order on the DTC Defendants' Motion to Dismiss, COR will participate in a Rule 26 Conference in accordance with the Magistrate's Order. Until the District Court rules on the DTC Defendants' Motion to Dismiss, such a conference would be premature if the DTC Defendants' Motion to Dismiss is denied.

***See* Doc. # 226. Moreover, the District Court is aware that the motion to dismiss of Cede & Co. and DTC is outstanding, and an order on that motion is forthcoming, as the Court has stated that it "will issue a separate order addressing Cede and DTC's Motion to Dismiss." Doc. # 230 at 2. COR further objects based on Federal Rule of Civil Procedure 26(d) (1) which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Thus, COR objects to responding to any discovery requests, outstanding or otherwise, until the Third-Party Plaintiffs and Defendants have met and conferred, submitted a proposed discovery plan and scheduling order, and received a scheduling order addressing the time for discovery from the Court. COR expressly reserves all objections, both substantive and procedural, to the instant request and will submit its specific objections and responses at such time that this Court orders for the submission of discovery responses.**

3. State all dates that communications or item(s) involving the 650,000 shares was mailed, forwarded, emailed, or shipped to CEC, Quicksilver, or United Corporate Services, and for each state (a) description of the correspondence or item sent, (b) date sent, and (c) UPS or FedEx tracking number.

**RESPONSE: Objection. This request is premature and is not contemplated by the Court's April 25, 2014 Order in which the Court ruled that, "in the event the District Court denies the motions to dismiss [of COR, Cede & Co., and DTC], the parties shall meet and confer and submit a proposed discovery plan and scheduling order that complies with LR 26-1(e), with discovery deadlines measured from the date of the decision of the respective motions to dismiss. Here, the District Court has only ruled on and denied COR's Motion to Dismiss. *See* Doc. # 226. Moreover, the District Court is aware that the motion to dismiss of Cede & Co. and DTC is outstanding, and an order on that motion is forthcoming, as the Court has stated that it "will issue a separate order addressing Cede and DTC's Motion to Dismiss." Doc. # 230 at 2. COR further objects based on Federal Rule of Civil Procedure 26(d) (1) which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Thus, COR objects to responding to any discovery requests, outstanding or otherwise, until the Third-Party Plaintiffs and Defendants have met and conferred, submitted**

**a proposed discovery plan and scheduling order, and received a scheduling order addressing the time for discovery from the Court. COR expressly reserves all objections, both substantive and procedural, to the instant request and will submit its specific objections and responses at such time that this Court orders for the submission of discovery responses.**

Respectfully submitted,

DATED: June 24, 2014.

BRET F. MEICH (SBN 11208)
ARMSTRONG TEASDALE, LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702-678-5070
Facsimile: 702-878-9995

PETER TEPLEY (admitted *pro hac vice*)
MEREDITH LEES (admitted *pro hac vice*)
REBECCA BEERS (admitted *pro hac vice*)
RUMBERGER, KIRK & CALDWELL, PC.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

By: */s/ Meredith Jowers Lees*
Meredith Jowers Lees

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2014, I served the foregoing via U.S. Mail, properly addressed and postage prepaid and by electronic mail, as noted.

Justin J. Bustos
Anjali D. Webster
GORDON SILVER
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

Michael N. Feder
GORDON SILVER
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169

Frances Floriano Goins
ULMER & BERNE LLP
1660 West 2"" Street, Suite 1100
Cleveland, OH 44113
*Attorneys for Plaintiff China Energy Corporation*

Richard L. Elmore, Esq.
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
*Attorneys for Defendant Thomas S. Vredevoogd*

Daniel T. Hayward
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
*Attorney for The Depository Trust Company and Cede & Co.*

Michael Sammons
Elena Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendants / Third-Party Plaintiffs Pro Se*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29511
*Defendant Pro Se*

Jun He
231 Split Rock Rd.
The Woodlands, TX 77381