BRET F. MEICH
State Bar No. 11208
(bmeich@armstrongteasdale.com)
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 678-5070
Facsimile: (702) 878-9995

PETER TEPLEY
(ptepley@rumberger.com), *admitted pro hac vice*
MEREDITH LEES
(mlees@rumberger.com), *admitted pro hac vice*
REBECCA BEERS
(rbeers@rumberger.com), *admitted pro hac vice*
RUMBERGER, KIRK & CALDWELL, PC
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone (205) 327-5550
Facsimile (205) 326-6786

Attorneys for Third-Party Defendant COR Clearing, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALAN HILL, et al.,<br><br>　　　　　　Defendants,<br><br>ELENA SAMMONS AND MICHAEL SAMMONS,<br>　　　　　　Third-Party Plaintiffs<br><br>vs.<br><br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING<br><br>　　　　　　Third-Party Defendants. | 3:13-CV-562-MMD-VPC<br><br>**THIRD PARTY DEFENDANT COR CLEARING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED THIRD-PARTY COMPLAINT** |

Third-Party Defendant COR Clearing, LLC ("COR") hereby answers the First Amended Third-Party Complaint (Doc. # 128) and asserts its affirmative defenses to that complaint.

### THE PARTIES

1. COR admits that China Energy Corporation ("CEC") is a Nevada corporation. As to the remaining allegations in Paragraph One, COR lacks knowledge or information sufficient to form a belief about the truth of these allegations, and thus these allegations are effectively denied.

2. Upon information and belief, this allegation is admitted.

3. Upon information and belief, COR admits that Elena Sammons had 650,000 shares of CEC in her rollover Individual Retirement Account ("IRA") with Just2Trade. COR denies the remaining allegations contained in ParagraphThree. For further answer COR states that pursuant to the terms of the retirement account application and customer agreement executed by Elena Sammons, Delaware Charter Guarantee & Trust is the custodian for the Elena Sammons' Individual Retirement account with Just2Trade.

4. Upon information and belief, this allegation is admitted.

5. Upon information and belief, this allegation is admitted.

6. Upon information and belief, this allegation is admitted.

7. Admitted.

8. Denied.

9. COR admits that Michael Sammons is a resident and citizen of Texas but lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph Nine and thus effectively denies those remaining allegations.

10. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

11. Denied.

### JURISDICTION AND VENUE

12. COR denies that the amount in controversy in this action is approximately $3,068.000. Otherwise, the allegations in Paragraph 12 are admitted.

13. Admitted.

-1-

1.  14. Admitted.
2.  15. Admitted.

### GENERAL ALLEGATIONS

16. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

17. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

18. COR admits this allegation to the extent that it accurately quotes Nevada Revised Statute Section 92A.400(2) but denies the allegation to the extent that it does not fully quote the entire statutory section.

19. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

20. Upon information and belief, this allegation is admitted.

21. Upon information and belief, this allegation is admitted.

22. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

23. COR lacks knowledge or information sufficient to form a belief about the truth of this allegation, and thus this allegation is effectively denied.

24. Denied to the extent that the Dissenters' Rights Notice states that actions must be taken "within 30 days of the date that this Notice is delivered," but otherwise the allegations in this paragraph are admitted.

25. COR admits that the letter contained the two typographical errors set forth in Paragraph 25. COR denies the remaining allegations contained in Paragraph 25.

26. Denied to the extent that such letter is actually dated August 5, 2013. Otherwise, this allegation is admitted.

27. Admitted.

28. COR admits that a withdrawal of the assertion of dissenter/appraisal rights for 650,800 shares of CEC and an assertion of dissenter's rights for 650,000 shares of CEC that were

1  beneficially owned by Delaware Charter Guarantee & Trust FBO Elena Sammons R/O IRA were
2  delivered to CEC with an instruction that further correspondence should be directed to "Delaware
3  Charter Guarantee & Trust, FBO Elena Sammons R/O IRA, 15706 Seekers St., San Antonio, TX
4  78255-3302."  COR denies the remaining allegations contained in Paragraph 28.
5      29.  Denied to the extent that such letter is actually dated August 7, 2013, but this
6  allegation is otherwise admitted.
7      30.  COR lacks knowledge or information sufficient to form a belief about the truth of this
8  allegation, and thus this allegation is effectively denied.
9      31.  Denied.
10     32.  Denied.
11     33.  Denied.
12     34.  Denied.
13     35.  Denied.
14     36.  COR admits only that on September 25, 2013, CEC sent Elena Sammons a letter
15  stating that her right to appraisal was terminated.  COR denies all other allegations contained in
16  Paragraph 36, including that subparagraph (b) of CEC's September 25, 2013 correspondence to
17  Elena Sammons is not relevant.
18     37.  Denied.

### CLAIM FOR RELIEF

20     38.  COR adopts and incorporates its by reference its answers to Paragraphs 1-37 above as
21  though set forth fully herein.
22     39.  COR admits that Paragraph 39 correctly reflects what is stated in NRS 92A.440(1).
23  COR denies the remaining allegations contained in Paragraph 39.
24     40.  Denied.
25     41.  Denied.
26     42.  COR denies that the Sammons are entitled to the requested declaration. COR denies
27  that it breached any contract or any fiduciary duties or obligations. COR further denies that it was
28  negligent.

**PRAYER FOR RELIEF**

As concerns Third-Party Plaintiffs' request for damages and declaratory relief, COR denies that Third-Party Plaintiffs are entitled to any of the relief they seek. Moreover, the "WHEREFORE" paragraph does not contain any allegations; therefore, no response is required. To the extent a response is necessary, COR denies the same. COR further denies that it is liable to Third-Party Plaintiffs for any alleged damages, costs, or other claimed relief.

**AFFIRMATIVE DEFENSES**

1. Except to the extent expressly admitted herein, COR denies all substantive factual allegations and legal claims of the Amended Third-Party Complaint.

2. COR reserves the right to assert any further additional defenses that may be developed during the course of discovery in this matter.

3. Third-Party Plaintiffs lack standing to bring this action.

4. Third-Party Plaintiffs' claim for relief is not ripe, and thus this Court is without subject-matter jurisdiction to hear and decide the claim.

5. Third-Party Plaintiffs have not suffered an injury-in-fact sufficient to confer standing to sue COR.

6. To render a decision in this action based on the current facts would be to render an advisory opinion, and this Court lacks subject-matter jurisdiction to render an advisory opinion.

7. COR asserts the affirmative defenses of assumption of the risk, estoppel, and setoff.

8. COR is not liable to Third-Party Plaintiffs, as the doctrine of comparative fault bars Third-Party Plaintiffs' claims, as the negligence on the part of Third-Party Plaintiffs is greater than any alleged negligence on the part of COR.

9. Any liability that COR may have to Third-Party Plaintiffs is limited by the limitation on liability found in the retirement account application and customer agreement executed by Elena Sammons.

10. The contract referred to in paragraph 40 of the Third-Party Complaint does not exist, as there was no meeting of the minds or any other sort of agreement between COR and Third-Party Plaintiffs related to the Third-Party Plaintiffs' exercise of their dissenters rights.

11. The contract referred to in paragraph 40 of the Third-Party Complaint does not exist, as there was no consideration ever paid by Elena Sammons.

12. COR asserts that Third-Party Plaintiffs failed to mitigate any claimed damages.

13. COR denies that it breached any legal duties or obligations allegedly owed to Third-Party Plaintiffs.

14. COR asserts that Third-Party Plaintiff Michael Sammons lacks standing to bring this action in his own name.

15. COR denies that any causal relationship exists between the alleged wrongful conduct of COR and the alleged resulting damages suffered by Third-Party Plaintiffs.

16. A party or parties other than COR are responsible for any damages suffered by Third-Party Plaintiffs.

17. COR asserts that the Amended Third-Party Complaint is not being prosecuted in the name of the real party in interest.

18. COR asserts the affirmative defense of *in pari delicto*.

19. COR asserts the affirmative defense of unclean hands.

20. COR asserts that the Third-Party Plaintiffs have unreasonably delayed in bringing this action to the prejudice of COR and are therefore barred from bringing this action by the doctrine of laches.

21. COR asserts that by their conduct, the Third-Party Plaintiffs have waived any right to recovery on its alleged causes of action in the Third-Party Complaint.

22. COR asserts that should it be judged liable for any fault alleged in the Third-Party Complaint, COR seeks the declaration of this Court that its fault, be apportioned among all parties in proportion to their degrees of fault and any judgment against COR should be reduced or apportioned accordingly.

Respectfully submitted,

DATED: June 27, 2014.

BRET F. MEICH (SBN 11208)
ARMSTRONG TEASDALE, LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169

```
 1                                    Telephone: 702-678-5070
                                      Facsimile: 702-878-9995
 2

 3                                    PETER TEPLEY (admitted pro hac vice)
                                      MEREDITH LEES (admitted pro hac vice)
 4                                    REBECCA BEERS (admitted pro hac vice)
                                      RUMBERGER, KIRK & CALDWELL, PC.
 5                                    2204 Lakeshore Drive, Suite 125
                                      Birmingham, AL 35209-6739
 6                                    Telephone (205) 327-5550
                                      Facsimile (205) 326-6786
 7

 8                                    By: /s/ Peter J. Tepley
                                              Peter J. Tepley
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

CERTIFICATE OF SERVICE

I, Peter J. Tepley, certify that on June 27, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic mail notice list.

A copy was also served by First Class U.S. Mail, postage prepaid on the following individuals:

Elena Sammons
15706 Seekers St.
San Antonio, TX 78255

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551

Jun He
231 Split Rock Road
The Woodlands, TX 77381

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed June 27, 2014, at Birmingham, Alabama.

By: /s/ *Peter J. Tepley*
Peter J. Tepley