AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| China Energy Corporation <br> *Plaintiff* <br> v. <br> Alan T. Hill, et al. <br> *Defendant* | Civil Action No. 3:13-CV-0562-MMD-VPC <br> (If the action is pending in another district, state where:) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: TD Ameritrade Clearing, Inc. c/o CSC - Lawyers Incorporating Service Company
233 South 13th Street, Suite 1900; Lincoln, NE 68508

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Attached hereto as "Exhibit A"

| Place: GORDON SILVER <br> 100 W. Liberty Street, Suite 940 <br> Reno, NV 89501 | Date and Time: <br> 07/11/2014 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 6/16/2014

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* China Energy Corporation
_____, who issues or requests this subpoena, are:

Justin J. Bustos   jbustos@gordonsilver.com
GORDON SILVER    775-343-7500
100 W. Liberty Street, Suite 940; Reno, NV 89501

STATE OF _____NEBRASKA_____ )
                                    ) ss.         **AFFIDAVIT OF SERVICE**
COUNTY OF ____LANCASTER____ )

_____Bill Greiner_____, being duly sworn says: That at all times, herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _1_ copy(ies) of the _Subpoena to produce documents, information, or objects or to permit inspection of premises_ on the _17th_ day of _June, 2014_ and served the same on the _19th_ day of _June, 2014_ by:

**(affiant must complete the appropriate paragraph)**
1. delivering and leaving a copy with the defendant _____.
at (state address) _____.

2. serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at: (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)
3. serving the defendant _TD Ameritrade c/o CSC Lawyers Inc Service co._ by personally delivering and leaving a copy at (state address) _233 SO. 14th Street Ste 1900 Lincoln, NE 68508_

    a.     with _Kristi Rohr_ as _(Staff member for CSC Lawyers, Registered agent for TD Ameritrade)_, an agent lawfully designated by statute to accept service of process;

    b.     with _____ pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):
         _____ ordinary mail
         _____ certified mail, return receipt requested
         _____ registered mail, return receipt requested
address to the defendant _____ at the defendant's last known address which is (state address)_____.

**SUSCRIBED AND SWORN** to before me this
_3rd_ Day of _July_, _2014_.

_____
NOTARY PUBLIC in and for said County and State
My commission expires: _Sept. 8, 2015_
(SEAL)

_____
Signature of Person Making Service

GENERAL NOTARY - State of Nebraska
BRAD R. TYRRELL
My Comm. Exp. Sept. 8, 2015

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## "EXHIBIT A"

### DEFINITIONS

The following definitions apply to the document requests contained in this Exhibit A:

A.  The terms "**You**" and "**Your**" refer to TD Ameritrade Clearing, Inc. and all of its respective past and present affiliates, partners, representatives, agents, employees, and assigns.

B.  The term "TD Ameritrade" means the securities brokerage firm, which is a division of TD Ameritrade Inc., whose principal place of business is located in Omaha, NE 68103-2209.

C.  The term "**document**" means all tangible forms of expression, any written, printed, typewritten, transcribed, recorded, electronically transmitted, or graphic matter, however created, produced, reproduced, or stored (manually, mechanically, computerized, on hard drives or diskettes, electronically, electromagnetically or otherwise), including (without limitation) writings, correspondence, microfilm, microfiche, laser disks, compact discs, CD-ROMs, databases, spreadsheets, computer messages, computer tapes of any type, computer disks of any type, electronic mail, telegrams, telexes or other written communications, facsimile transmissions, contracts, records, agreements, shipping records, invoices, order forms, notes, memoranda, commentaries, summaries, analyses, sheets, bills, money orders, checks, drafts, studies, surveys, diaries, calendars, travel or expense records and vouchers, transmittal slips, cover sheets, reports, minutes, legal pleadings, leases, press releases, mass mailings, promotional literature, books, newspapers, magazines, clippings from newspapers or magazines, brochures, flyers, pamphlets, publications, journals, ledgers, books of account, income tax returns, computations, projections, forecasts, estimates, interoffice communications, intraoffice communications, working papers, diagrams, charts, graphs, indices, studies, questionnaires, tests, surveys, speeches, transcriptions, films, audio tapes, cassettes, and recordings (including, but not limited to, recorded telephone messages), videotapes, cassettes, drawings, graphs, charts, phono-records and recordings, photographs, and any other medium used for the recording, compilation, transmission or storage of information and/or data, whether mechanical, electromagnetic, or other, together with all programs or manuals necessary to interpret such data, and any other data compilations from which information can be obtained or translated if necessary.  Originals, translations, drafts, excerpts, fragments, and nonidentical or annotated copies are deemed to be separate documents.  References herein to an agreement shall include any amendment, modification or extension thereof.

D.  The term "**relating to**" means defining, describing, containing, discussing, embodying, evidencing, mentioning, reflecting, identifying, stating, dealing with, analyzing, or in any way referring to, pertaining to, or relating to something or someone.

E.  The terms "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside its scope.

F. The term **"communication"** means the transmittal of information by any means.

G. The term **"including"** means including but not limited to.

## DOCUMENT REQUESTS

1. All documents relating to any Individual Retirement Accounts ("IRA") associated with TD Ameritrade Account Number: 754-126070 and owned by or for the benefit of Alan T. Hill, whose home address is 9501 Avenida Del Oso N.E., Albuquerque, NM 87111-1505 (collectively the "Alan Hill Account").

2. All documents relating to any transfer of shares of stock in China Energy Corporation (stock ticker symbol CHGY) to or from the Alan Hill Account.

3. All documents relating to any deposit, withdrawal, purchase, sale and/or transfer of shares of stock in China Energy Corporation made by you, by Alan T. Hill, by TD Ameritrade, by Cede & Co., by The Depository Trust Company and/or by any other person or entity in connection with the Alan Hill Account.

4. Any agreement, including but not limited to the trust agreement, customer agreement, and/or custodian agreement, if any, and all other documents relating to the Alan Hill Account, and all amendments thereto.

5. Any contract or other documents that identifies or names any trustee, custodian or other fiduciary of the IRA associated with TD Ameritrade Account Number: 754-126070.

6. All documents relating to the relationship between Alan T. Hill and TD Ameritrade and/or any trustee, custodian or other person or entity with authority over the Alan Hill Account.

7. All communications between Alan T. Hill, TD Ameritrade, Cede & Co., The Depository Trust Company and/or any other person or entity and TD Ameritrade Clearing, Inc. relating in any way to the Alan Hill Account for the time period January 1, 2011 to the present.

8. All documents relating to the exercise (and/or attempted exercise) of dissenters or appraisal rights by Alan T. Hill, by you, by Just2Trade, by Cede & Co., by The Depository Trust Company and/or by any other person or entity with respect to shares of stock of China Energy Corporation held in the Alan Hill Account.

9. All documents, including but not limited to account statements, reflecting holdings in and for the Alan Hill Account for the time period January 1, 2011 to the present.

GORDON SILVER - GENERAL ACCOUNT                                         1667

TD Ameritrade Clearing, Inc. - $30.00 - Witness Fee - #104370-002

---

**GORDON SILVER**
GENERAL ACCOUNT
100 W. LIBERTY ST., SUITE 690
RENO, NV 89501

NEVADA STATE BANK
THE DOOR TO YOUR FUTURE
P.O BOX 990, LAS VEGAS, NEVADA 89125-0990
www.nsabank.com

1667
94-77/1224

DATE: 6/16/14
AMOUNT: $30.00

2 SIGNATURES REQUIRED OVER $500.00

PAY TO THE ORDER OF: TD Ameritrade Clearing, Inc.

*Cindy S. Grinstead* — AUTHORIZED SIGNATURE

⑈⑈00 1667⑈⑈  ⑆122400779⑆  0612074682⑈⑈

---

GORDON SILVER - GENERAL ACCOUNT                                         1667

Please Reorder from Priority Business Checks Ph. (702) 263-2435 Fax (702) 263-2436 (Ask About All Your Printing Needs)