Michael and Elena Sammons
15706 Seekers St
San Antonio, TX 78255
210-858-6199
michaelsammons@yahoo.com

August 13, 2014

The Honorable Miranda Du
U.S. District Court
400 S. Virginia St.
Reno, NV  89501

Re:  China Energy Corporation v. Hill, et al (motion status inquiry)

Dear Judge Du:

I am a pro se Defendant in the case China Energy Corporation v. Alan Hill, et al, Case No. 3:13-CV-562-MMD-VPC, a case in which six dissenting shareholders seek judicial appraisal of their stock.

Pursuant to Local Rule 7-6(b) I am requesting a status inquiry regarding two dispositive *jurisdictional* motions which have been fully briefed for more than sixty (60) days.  See "Motion to Dismiss and/or Strike by Third-Party Defendants Cede & Co. and Depository Trust Company," Dkt. 152, filed February 20, 2014, and the related "Objection and Motion for District Judge to Review Stay Order," Dkt. 210, filed May 1, 2014.

U.S. Magistrate Cooke was convinced the Cede/DTC motion to dismiss would be granted, based upon lack of jurisdiction, and on April 25, 2014 stayed any further discovery or participation in this case by Cede and the DTC.  Order, Dkt. 205.  Discovery would have closed on June 23, 2014.

The stay and thoughtful analysis of Magistrate Cooke convinced the Defendants/Third-Party Plaintiffs that jurisdiction might indeed not exist in this Court, and so a new (identical) lawsuit was immediately filed in the U.S. District Court for Nebraska on April 28, 2014.  Sammons v. COR Clearing, Cede & Co., and the DTC, No.  8:14-cv-00136 (D. Neb.)

On May 23, 2014 the U.S. District Court in Nebraska stayed the Nebraska case (except for an answer or other pleading to the complaint) pending formal dismissal of the Third-Party Complaint in this Court as foretold by Magistrate Cooke.

On June 13, 2014 Judge Du, disagreeing with the Magistrate, denied the COR motion to dismiss but overlooked the similar pending Cede/DTC motion to dismiss. Dkt. 226 and 230. This denial implicitly vacated the COR stay but the Cede/DTC stay continues. Also as a result of that denial, the Nebraska case against COR will probably be dismissed – but the Nebraska court must await a decision by Judge Du on the Cede/DTC jurisdictional motion to dismiss before deciding whether to dismiss Cede/DTC as well.

When the COR stay was vacated the entire discovery schedule had to be extended three months. When the Cede/DTC motion to dismiss is denied the case will again be delayed at least another three months. For all practical purposes the erroneous April 25th stay order has stopped this case in its tracks. Even more troubling, U.S. District Judge Joseph F. Bataillon in Nebraska, at cost to his current docket, can make no progress until Judge Du rules upon the Cede/DTC jurisdictional motion.

While many pending cases have fully briefed motions awaiting decision, those cases can at least make discovery progress. The Cede/DTC stay in this case makes it impossible for the parties to conclude discovery or to make any real progress in preparing this case for trial.

THEREFORE, the Defendant requests a status update on the pending Cede/DTC motion to dismiss, Dkt. 152, and/or the related motion to review the ongoing discovery stay order, Dkt. 210, to allow the parties to complete discovery and prepare for trial, and to allow Judge Bataillon to conclude the related Nebraska case.

Respectfully,

Michael Sammons, pro se

cc: All parties