1  **GORDON SILVER**
   MICHAEL N. FEDER
2  Nevada Bar No. 7332
   Email: mfeder@gordonsilver.com
3  JUSTIN J. BUSTOS
   Nevada Bar No. 10320
4  Email: jbustos@gordonsilver.com
   ANJALI D. WEBSTER
5  Nevada Bar No. 12515
   Email: awebster@gordonsilver.com
6  100 W. Liberty Street, Suite 940
   Reno, Nevada 89501
7  Tel: (775) 343-7500
   Fax: (775) 786-0103

8  **ULMER & BERNE LLP**
   FRANCES FLORIANO GOINS *(Admitted Pro Hac Vice)*
9  Email: fgoins@ulmer.com
   1660 West 2nd Street, Suite 1100
10 Cleveland, OH 44113
   Tel: (216) 583-7202
11 Fax: (216) 583-7203

12 *Attorneys for Plaintiff*

13
                         UNITED STATES DISTRICT COURT
14
                              DISTRICT OF NEVADA
15

16 | CHINA ENERGY CORPORATION, a Nevada corporation, | CASE NO. 3:13-cv-00562-MMD-VPC |
17 | Plaintiff, | |
18 | vs. | |
19 | ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 1007/2008, JUN HE, and RANDY DOCK FLOYD, | |
20 | | |
21 | | |
22 | Defendants. | |

23
    **PLAINTIFF CHINA ENERGY CORPORATION'S RESPONSES TO THIRD-PARTY
24  DEFENDANT COR CLEARING, LLC'S FIRST SET OF INTERROGATORIES AND
    REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF
25  CHINA ENERGY CORPORATION**

26     Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, PLAINTIFF

27 CHINA ENERGY CORPORATION ("CEC"), by and through its attorneys at the law firms of

28

EXHIBIT 2

1  GORDON SILVER and ULMER & BERNE LLP, hereby objects and responds to Third-Party
2  Defendant COR Clearing, LLC's ("COR") discovery requests as follows:

### GENERAL OBJECTIONS

A. CEC objects to each discovery request to the extent that it seeks the disclosure of information, documents, or data that is vexatious or unduly burdensome to ascertain or obtain, or unjustifiably or unreasonably requires CEC to do the Third-Party Defendant's work. ("Undue Burden").

B. CEC objects to each discovery request to the extent that it seeks the disclosure of information, documents, or data which are beyond the permissible scope of Rule 26(b) of the Federal Rules of Civil Procedure as being irrelevant to the subject matter of this action and not reasonably calculated to lead to the document of admissible evidence. ("Relevance").

C. CEC objects to each discovery request to the extent that it requests the disclosure of information, documents or data incorporating or containing information which is protected by the attorney-client privilege, the work product privilege or other privileges, or which is material prepared in anticipation of litigation or for trial within the meaning of the Federal Rules of Civil Procedure, upon the grounds that such privileged matter is exempt from discovery, and that trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which prerequisites have not been satisfied. ("Privilege").

D. CEC objects to each discovery request to the extent that it seeks the disclosure of confidential, proprietary, and/or trade secret information. ("Confidential Information").

E. CEC objects to each discovery request to the extent that it requests that CEC respond on behalf of any entity other than CEC, and to the extent that it seeks information or documents from or with respect to other entities, which information is not available to CEC or which documents are not within the possession, custody or control of CEC, upon the ground that

such request exceeds the permissible scope of discovery under Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. ("Availability and Control").

      F.    CEC objects to each discovery request to the extent that it is vague, ambiguous, confusing or overbroad or otherwise lacks sufficient precision or particularity to permit formulation of a response. ("Vagueness and Overbreadth").

      G.    CEC objects to each discovery request to the extent that it calls for a response, identification of documents or other action by Defendant beyond that required by Rules 26, 33, or 34 of the Federal Rules of Civil Procedure. ("Scope").

      H.    CEC objects to each discovery request to the extent that it seeks information or documents that, because discovery is ongoing, are not yet available to CEC or that will be governed by scheduling and trial orders not yet issued by the Court. ("Premature").

CEC asserts each of the general objections stated above (the "General Objections") to each of the Interrogatories and Requests for Production of Documents below that is objectionable on the stated ground. The specific enumeration of objections below is for the sake of the Defendant's convenience. By stating such specific enumerations below, the undersigned does not intend to limit or restrict the General Objections contained in the responses below.

### REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

**Request / Interrogatory No. 1.** Identify by name and address all shareholders of CEC who CEC agrees properly perfected their dissenter's rights to the reverse stock split of CEC pursuant to Chapter 92A of the Nevada Revised Statutes.

**RESPONSE:**

**General Objections: Vagueness & Overbreadth; Relevance. This litigation concerns the Defendants Alan Hill, Michael Sammons, *et al.* and their failure to properly perfect their dissenters' rights. This interrogatory, which asks the Plaintiff to identify stockholders who Plaintiff believes "properly perfected" their dissenters' rights, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving those objections or any of Plaintiff's General Objections, all of which are incorporated by reference as if fully rewritten herein, Plaintiff states that while the vast majority of Plaintiff's stockholders of record (and related beneficial owners) accepted**

Plaintiff's fair value determination and completed and returned the documentation necessary to receive payment for their pre-split shares, in cash, only the defendants in this case elected to exercise dissenters' rights, and all of them failed to properly exercise and perfect their dissenters' rights pursuant to Chapter 92A of the Nevada Revised Statutes.

**Request / Interrogatory No. 2.** Identify the price per share that the shareholders who CEC agrees properly perfected their dissenter's rights pursuant to Chapter 92A of the Nevada Revised Statutes received for their CEC shares.

**RESPONSE:**

General Objections: Vagueness & Overbreadth; Relevance. This litigation concerns the Defendants Alan Hill, Michael Sammons, *et al.* and their failure to properly perfect their dissenters' rights. This interrogatory, which asks the Plaintiff to state the amount received by stockholders who Plaintiff believes "properly perfected" their dissenters' rights, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. Furthermore, this interrogatory proceeds from a false premise because Plaintiff is not aware of any stockholders that properly perfected their dissenters' rights.

**Request / Interrogatory No. 3.** Identify the seven (7) CEC shareholders of record that reside outside of the People's Republic of China that were sent a form transmittal letter and a dissenter's rights notice in July 2013.

**RESPONSE:**

The seven (7) CEC stockholders of record that resided outside of China and that were sent a form transmittal letter and dissenters' rights packages in July 2013 were the following: (1) Cede & Co.; (2) Robert Drewett; (3) Matthew Hayden; (4) William D. Heurlin; (5) Kingdom Building Inc.; (6) Johnny Lai; and (7) Scott Powell.

**Request / Interrogatory No. 4.** Produce all documents that CEC (or its agents, employees, assigns or someone acting its behalf) received from CEC shareholders who CEC agrees properly perfected their dissenter's rights to the CEC reverse stock split (or their agents or someone acting on their behalf) pursuant to Chapter 92A of the Nevada Revised Statutes.

**RESPONSE:**

General Objections: Vagueness & Overbreadth; Availability & Controls Relevance. This litigation concerns the Defendants Alan Hill, Michael Sammons, *et al.* and their failure to properly perfect their dissenters' rights. This interrogatory, which asks the Plaintiff to state the amount received by stockholders who Plaintiff believes "properly perfected" their dissenters' rights, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. Furthermore, this request proceeds from a false premise

because Plaintiff is not aware of any stockholders that properly perfected their dissenters' rights.

**Request / Interrogatory No. 5.** Produce all documents that CEC (or their agents, employees, assigns or someone acting on their behalf) sent to the shareholders of CEC who CEC agrees properly perfected their dissenter's rights to the CEC reverse stock split (or their agents or someone acting on their behalf) pursuant to Chapter 92A of the Nevada Revised Statutes.

**RESPONSE:**

General Objections: Vagueness & Overbreadth; Relevance. This litigation concerns the Defendants Alan Hill, Michael Sammons, *et al.* and their failure to properly perfect their dissenters' rights. This interrogatory, which asks the Plaintiff to state the amount received by stockholders who Plaintiff believes "properly perfected" their dissenters' rights, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. Furthermore, this request proceeds from a false premise because Plaintiff is not aware of any stockholders that properly perfected their dissenters' rights.

DATED this 23rd day of July, 2014.

**GORDON SILVER**

/s/ signature

MICHAEL N. FEDER
Nevada Bar No. 7332
JUSTIN J. BUSTOS
Nevada Bar No. 10320
ANJALI D. WEBSTER
Nevada Bar No. 12515
100 W. Liberty Street, Suite 940
Reno, Nevada 89501

**ULMER & BERNE LLP**
FRANCES FLORIANO GOINS
*(Admitted Pro Hac Vice)*
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned, an employee of Gordon Silver, hereby certifies that she served a copy of **PLAINTIFF CHINA ENERGY CORPORATION'S RESPONSES TO THIRD-PARTY DEFENDANT COR CLEARING, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF CHINA ENERGY CORPORATION** VIA Email, on July 23rd 2014 to the following individuals:

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
RElmore@hollandhart.com

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
michaelsammons@yahoo.com

Edmund J. Gorman Jr.
Attorney at Law, Ltd.
335 W. First Street
Reno, Nevada 89503
ejgormanjr@ejgormanlaw.com

Daniel T. Hayward, Esq.
LAXALT & NOMURA
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com

Bret F. Meich
ARMSTRONG TEASDALE
3770 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169
bmeich@armstrongteasdale.com

Peter J. Tepley
Meredith Lees
Rebecca Beers
RUMBERGER KIRK & CALDWELL
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209
ptepley@rumberger.com

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
draelena@yahoo.com

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
dockflo@yahoo.com

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
jun_helen@yahoo.com

*/s/ Stephanie*
An employee of GORDON SILVER

2101778v22