UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ALAN HILL, et al.,<br><br>　　　　　　　Defendants,<br><br>ELENA SAMMONS and MICHAEL SAMMONS,<br><br>　　　　　　　Third-Party Plaintiffs,<br>v.<br><br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, and COR CLEARING<br><br>　　　　　　　Third-Party Defendants | Case No. 3:13-cv-00562-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion to Intervene – dkt. no. 53) |

　　　Before the Court is Defendant Michael Sammons' Motion to Intervene. (Dkt. no. 53.) For the following reasons, the motion is denied.

　　　Plaintiff China Energy Corporation ("CEC") asserts two claims for relief against several defendants, including Michael and Elena Sammons, who are the beneficial owners of certain shares of CEC. (Dkt. no. 2-1.) CEC's complaint identifies the Sammons as the joint beneficial owners of 350,000 shares and Dr. Elena Sammons as the beneficial owner of 650,000 shares through Delaware Charter Guarantee & Trust, as Trustee of a Roth IRA. (*Id.* at 3.) The first claim for relief seeks a declaration that these shareholder defendants did not properly dissent to a stock split. (*Id.* at 4-7.) The second

claim seeks, in the alternative, a fair value determination of the shares identified in the complaint. (*Id.* at 8-9.)

Defendant Michael Sammons moves to intervene as a party with respect to CEC's allegations relating to the 650,000 shares held by Elena Sammons for the purpose of protecting his community property interest. Mr. Sammons argues that he must intervene because Dr. Sammons has expressed a desire to be minimally involved in this litigation, and because he is retired, has a law degree, and has time to do the needed legal research.

The Court agrees with CEC that intervention as contemplated by Mr. Sammons is not proper under Fed. R. Civ. P. 24. Rule 24 allows a third party to intervene and become a party in the lawsuit. Mr. Sammons is already a party and cannot seek to intervene with respect to allegations about the 650,000 shares held by Dr. Sammons. Moreover, CEC's claims remain the same regardless of who holds a beneficial interest in the shares. Setting aside the fact that Mr. Sammons is already a party, he cannot seek to intervene to protect his community property interest because Dr. Sammons has neither the time (due to her commitment to her profession) nor the desire to be involved in this action. Notwithstanding her lack of time or desire, Dr. Sammons may adequately represent the community property interest at issue.

It is therefore ordered that Defendant's Motion to Intervene (dkt. no. 53) is denied.

ENTERED THIS 15th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE