Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff
    vs.
Alan Hill, et al
    Defendants

Case No.   3:13-CV-562-MMD-VPC

Elena Sammons
Michael Sammons
    Third-party Plaintiffs
    vs.
COR Clearing
    Third–Party Defendant

## MOTION FOR LEAVE TO BE HEARD

Comes the Defendant, Michael Sammons, and moves he be allowed to be heard on all matters affecting his vested 50% community property interest[1] in the 650,000 shares of China Energy Corporation ("CEC"), for which CEC seeks forfeiture of the right to judicial appraisal (and so of fair value), and which shares are held in the name of his wife, Defendant Elena Sammons. Dkt. 2.

This Court denied Mr. Sammons' motion to intervene as to the 650,000 community property shares of CEC held in his wife's name on September 15,

---

[1] United States v. Davis, 370 US 65, 70 (1962)(equating community property in community property states to "co-ownership").   See also Poe v. Seaborn, 282 US 101, 110-111 (1930)("it is clear the wife has … a vested property right in the community property, equal with that of her husband").

1

2014, finding that (a) Rule 24, FRCP, does not allow an "existing party" to intervene, and (b) because presumably there is some remote possibility that Elena Sammons can adequately represent Mr. Sammons' community property interest. Dkt. 256. A notice of appeal was filed on September 15, 2014, and a motion to expedite that appeal was filed on September 16, 2014. The Appellant's Brief was filed on September 20, 2014.

## ARGUMENT

This Court has held that Dr. Elena Sammons "may" adequately represent Mr. Sammons' interests *for purposes of Rule 24 FRCP*. Dkt. 256.

However, Dr. Sammons (a) has no personal knowledge of any fact in this case (all investments accounts handled by Mr. Sammons), (b) as an immigrant she has no remote knowledge or understanding of our legal system, (c) has no time due to her medical career to actively participate, and (d) has no willingness to actively participate.[2]

This Court held that, as a matter of law, a showing by affidavit that a party is "neither capable nor willing" to adequately defend another's interests does not meet the "minimal" showing of inadequate representation necessary under Rule 24, FRCP for intervening. That question of law is on appeal and cannot be reconsidered here.[3]

---

[2] Of course, Dr. Sammons "may" adequately represent her husband's interests if she retains an attorney. She can certainly afford to do so. But litigants may chose not to retain an attorney for any number of reasons. Studies have shown that almost 50% of pro se litigants could afford to retain an attorney if they chose. Deborah J. Cantrell, Justice for Interests of the Poor: The Problem of Navigating the System Without Counsel, 70 FORDHAM L. REV. 1573, 1582 (2002). In any event, the due process rights of Michael Sammons "to be heard" do not hinge upon the decision of his wife as to whether to retain counsel or not – constitutional rights are personal and cannot be waived by another person's actions or inactions.

[3] The Ninth Circuit has repeatedly held that adequate representation by another party requires the other party be "capable and willing." See Blake v. Pallan, 554 F. 2d 947, 955-56 (9th Cir. 1977)("capable and willing"); Sagebrush Rebellion, Inc. v. Watt, 713 F. 2d 525, 528

But even if, as the Court held, Mr. Sammons' participation is not allowed or appropriate under Rule 24, FRCP, this Court would nevertheless have the discretion, authority, and obligation **outside of Rule 24, FRCP**, to allow Mr. Sammons to be heard. Grannis v. Ordean, 234 U. S. 385, 394 (1914). ("The fundamental requisite of due process of law is the opportunity to be heard.")

It is surely beyond cavil that a husband has a due process right to be heard before jointly owned community property held in his wife's name is forfeit (in this case forfeit of the right to judicial appraisal and fair payment). Due process will not allow a husband to be forced to stand silently by, allowed to say or do nothing, while jointly owned community property held in his wife's name is taken from him.[4]

An instructive analogy is the forfeiture of property in community property states. *Every* community property state by statute allows a spouse to be heard before an order of forfeiture is entered against the other spouse and their community property forfeit. But this springs not from state law, but rather from respect for one of the most cherished of our constitutional protections: the due process right to be heard before a court deprives a person of his property.

The Magistrate has consistently misapprehended the issue by holding that

---

(9th Circuit 1983) (capable of and willing"); Prete v. Bradbury, 438 F. 3d 949, 956 (9th Cir. 2006)("capable of and willing"); Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)("capable and willing"). Whether "capable and wiling" requires something more than a warm body is one of the issues to be addressed by the Ninth Circuit in appeal.

[4] CEC argues that there is no need to allow Mr. Sammons to "be heard" as to the forfeiture CEC seeks against Elena Sammons because he can raise the same issues against COR in his third-party complaint. Of course, this is incorrect. The third-party complaint against COR concerns only errors which COR committed which would invalidate the dissent – the Count 1 complaint against Elena Sammons and the 650,000 community property shares of CEC involves several errors alleged in the complaint, some of which have *nothing whatever to do with COR.*

3

Mr. Sammons has no right to represent his wife. While certainly true, this misses the point. Mr. Sammons cannot, of course, represent his wife or his wife's interests because he is not a licensed attorney – but he does not seek to. Mr. Sammons has a 50% vested community property ownership interest in the 650,000 CEC shares held in his wife's name, and he *only* seeks to defend *his* 50% share and *his* interests in the community property subject to forfeit, as previously recognized by Judge Du. See Order, Dkt. 256 ("for the purpose of protecting *his* community property interest")(emphasis added).

Therefore, even if Mr. Sammons does not meet the requirements of Rule 24, FRCP to intervene, this Court nevertheless has the discretion, authority, and *obligation* to allow him "to be heard" before the 650,000 joint community property shares of CEC equally owned by he and his wife are declared by this Court to be forfeit. Due process and fundamental fairness require no less.

**WHEREFORE**, this Court should allow Michael Sammons to be heard on any matter affecting his interests in the 650,000 community property shares of CEC for which CEC seeks forfeiture of the right to judicial appraisal and fair value under Count 1 of the original Complaint. Dkt. 2.

Respectfully submitted:

*/s/ Michael Sammons*
Michael Sammons, pro se

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 21 day of September, 2014.

*/s/ Michael Sammons*
Michael Sammons, pro se