Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
     Plaintiff

     vs.

Alan Hill, et al
     Defendants           **Case No.   3:13-CV-562-MMD-VPC**

Elena Sammons
Michael Sammons
     Third-party Plaintiffs

     vs.

COR Clearing
     Third –Party Defendant

# MICHAEL SAMMONS' RESPONSE TO COR'S
# REQUESTS FOR DISCOVERY EXTENSION AND CONFERENCE

Comes the Third-Party Plaintiff, Michael Sammons, and responds to COR's motions for discovery extension, Dkt. 264, and motion for a conference, Dkt. 266, as follows:

1. Michael Sammons – and I am told – Elena Sammons - the Third-Party Plaintiffs, **do not oppose** the COR request for a discovery extension.

2. As to the need for a conference, based upon the email exchanges (and lack of emails), I do not know of any Defendant in this case who opposes the extension – each probably is interested in what COR obtains from Cede/DTC (COR has already noticed its subpoenas duces tecum to Cede/DTC) - but if a conference is required for this or for another purpose the parties could better prepare with an agenda.

## IF A CONFERENCE IS SCHEDULED

On the last conference call[1] the Court spend the majority of the time reading off Michael Sammons' docket entries.[2] If it would ease the Court's burden Michael Sammons would be happy to email all parties a complete

---

[1] It could have been the next to last conference call – memory fails.

[2] The Court was clearly agitated by the Sammons litigation style: leave no stone unturned. A pro se litigant, unlike an experienced attorney, lacks the experience to decide which stones can remain unturned. And in the pro se pursuit of truth and justice it is better to turn over too many stones than too few. In any event, Michael Sammons has repeatedly stated that he is ready, willing, and able to defend the reason for filing any pleading in this case. If the Court will but specify which docket entry(s) trouble the Court, he will be happy to fully brief his rationale with citations. Also, and regrettably, Mr. Sammons has, in such pursuit of truth and justice, been compelled not to follow the Magistrate's "suggestion" at the last conference that he not file more motions for summary judgment, or letters for status update as allowed by LR 7-6(b), etc. Of course, should the Magistrate issue a formal order on any such matter he will fully comply. To perhaps be considered in mitigation, regardless of the Magistrate's criticism of the Sammons litigation style, the fact is that it has produced 12 material and beneficial documents and affidavits. See exhibits to Motion for Partial Summary Judgment Against COR. Dkt. 229. And Mr. Sammons has managed to obtain rulings by the district judge on two of his motions (one "yes," one "no"). And as for appeals of the Magistrate's rulings, perhaps the score is also one "yes" (COR) and one "no" (Cede/DTC). Finally, and notwithstanding the efforts of a battalion of opposing counsel, "almost" all the material facts have now been revealed to allow the Court to render a just and correct verdict in a significantly shorter trial - if a trial proves necessary.

docket sheet prior to the conference call.

Also on the last conference call the Court questioned why any pending motions by Michael Sammons had been filed.  Below are the current pending Sammons motions:

1. Dkt. 72:   "Amended Motion for Partial Summary Judgment re. Right to Appraisal of 350,000 Shares of CEC"
2. Dkt. 92:   "Motion for Partial Summary Judgment regarding Substantial Compliance and Prejudice"
3. Dkt. 223: "First Motion in Limine"
4. Dkt. 254: "Objection to CEC Reply to COR's Opposition to MPSJ"
5. Dkt. 257: "Notice of Appeal"
6. Dkt. 263: "Motion for Leave to File Second Amended Third-Party Complaint"
7. Dkt. 267: "Motion for Leave to be Heard"

The first two motions were explained at the last conference. Dkt 72 and 92.  Frankly those motions are *so* old that if the Court wishes to discuss them in detail some advance warning would be appreciated – my copies have faded.

The motion in limine concerns admissibility of a business record electronic message.  Dkt. 223.   It is not premature because if denied it seeks an out-of-time deposition.

The "Objection to CEC's Reply to COR's Opposition to MPSJ" objects to an argument for summary judgment first raised by CEC against Sammons in a supplemental reply brief.[3]  Dkt. 254.

---

[3] Sammons concedes he had briefed the issue in a *subsequent* Sammons' motion for partial summary judgment. Dkt. 72.   The problem, of course, is that the Court in deciding the CEC motion for summary judgment, Dkt. 71, might never get to the subsequent Dkt. 72 filing.

Perhaps the Magistrate also disapproves of the Notice of Appeal, Dkt. 257 (and motion to expedite appeal).  Nevertheless, the issues raised therein are important (including one of first impression in *any* federal court):

(1)    Whether the court erred, as a matter of law, in holding that although Rule 24, FRCP states that "the court ***must*** permit ***anyone*** to intervene," the rule really means "anyone ***except existing parties***," and therefore an existing party to a lawsuit can ***never*** intervene as to another defendant, even if he cannot otherwise be heard as to that other defendant to protect his own interests.

(2)    Whether the court erred in holding that even if wife was neither "capable nor willing" to adequately protect her husband's community property interests threatened by a forfeiture count which named only the wife, husband had no right to intervene to protect ***his*** community property interests.

The "Motion for Leave to File Second Amended Third-Party Complaint," Dkt. 263, should really not upset the Court, as it seeks to reduce and eliminate all but a single issue (as framed by Judge Du) from the third-party declaratory judgment action.

Finally the "Motion for Leave to be Heard," Dkt. 267, presents an issue of grave constitutional concern.  This Court has, so far, held that a husband has no right to be heard before the Court orders the forfeit of his vested 50% interest in community property held in his wife's name.[4]  The position that a

---

[4] The Magistrate sees this issue as simply whether Mr. Sammons can represent his wife. But, contrary to the Magistrate's view, the obvious answer does not end the matter.  While Mr. Sammons cannot, of course, represent his wife because he is not a licensed attorney – he does not seek to.  Michael Sammons has a 50% vested community property ownership interest in the 650,000 CEC shares held in his wife's name, and he ***only*** seeks leave to be heard to defend ***his*** 50% share and ***his*** interests in the community property subject to forfeit (forfeit of the right to judicial appraisal and payment of fair value for the shares).

court can order that property be taken from its lawful owner without allowing a full and fair opportunity to be heard is contrary to the letter and spirit of the Due Process Clause and every decision on due process since the Supreme Court's establishment in 1789.

**IN CONCLUSION**, this Third-Party Plaintiff does not oppose the COR motion to extend third-party discovery. Whether this Court grants some or all of the requested extension, an extension for all parties, or an extension for just COR, is fine. If the Magistrate needs a conference on this issue, or desires a conference for any other purposes, hopefully the above information will ease the Court's burden.

Respectfully submitted,

Michael Sammons, pro se

Certificate of Service

A true and exact copy was mailed or emailed to all parties this 21 day of Sept 2014.

Michael Sammons