Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff
    vs.                                     **Case No.   3:13-CV-562-MMD-VPC**
Alan Hill, et al
    Defendants

Elena Sammons, et al
    Third-party Plaintiffs
    vs.
COR Clearing
    Third–Party Defendant

## MOTION TO RECONSIDER ORDER DENYING
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## re. RIGHT TO APPRAISAL OF 350,000 SHARES OF CEC

Comes the Defendant, Michael Sammons, and moves this Honorable Court to reconsider its Order filed on September 29, 2014 which denied "as moot" the Plaintiff's "Amended Motion for Partial Summary Judgment re Right to Appraisal of 350,000 Shares of CEC." Order, Dkt. 269.  FRCP, Rule 1 and 54(b).

In support thereof the Plaintiff would show that the Court *overlooked* one additional issue, involving undisputed facts, raised in the motion, which was not rendered "moot," and which if considered should dispose of Count 1 as to all defendants.  Such reconsideration would eliminate the need for another year of needless litigation over Count 1 of the Complaint, and allow the parties to

proceed to the real point of this case, Count 2, which seeks evaluation of shares unilaterally taken from the Defendants by the Plaintiff.[1] Dkt. 1.

The overlooked argument in the Plaintiff's motion is that the Dissenter's Rights Notice was ***"void as a matter of law for failure to set a date"***:

> "**WHEREFORE**, the Defendants are entitled to a partial summary judgment as to Count 1 of the Complaint finding that (a) the defective Dissenters' Rights Notice is **void as a matter of law for failure to set a date** for shareholder action or to provide information adequate to allow shareholders to calculate such a date ..." Dkt. 95, pg. 23 (emphasis added)

The Court appeared to hold that *any* issue raised in the motion which required calculation of the beginning and end of the 30-day period stated in the notice for delivery of stock certificates was rendered "moot." Dkt. 269, Order, pg. 12.  Perhaps this is because there is a factual dispute as to when, if ever, Cede & Co. (stockholder of record for all Defendant shares) actually received the notice from Plaintiff China Energy Corporation ("CEC"). Dkt. 269, Order, pg. 3 ("The parties dispute the date on which Cede, the stockholder of record for the Sammons' shares, received the Dissenters' Rights Notice.") Whether "moot" or not, the issue was therefore not "ripe" for review given the factual dispute.

But the Court appears to have overlooked the *additional* argument raised by the Plaintiff that, because the notice "failed to set a date," all issues as to when the notice was received, as well as all issues relative to deadlines imposed by the notice, are irrelevant.

This Court explicitly held "that CEC's Dissenters' Rights Notice failed to comply with NRS § 92A.430" because it "failed to set a date." Dkt. 269, Order, pg. 12.  Having made this key finding of law (statutory non-compliance) on the

---

[1] By order of the U.S. Magistrate, discovery on Count 2 of the Complaint cannot even begin until after the trial on Count 1.

undisputed facts (as the notice speaks for itself), the Court overlooked the *additional* issue raised by Plaintiff that the notice is simply "void as a matter of law for failure to set a date."[2] Dkt. 95 at pg. 23. Presumably, because this question of law – ripe on the undisputed facts - should completely resolve Count 1 as to all defendants (assuming the Court held that a failure to set a date rendered a dissenter's rights notice void), the Court simply overlooked this additional intended issue in the inartfully drafted pro se motion; nevertheless, the issue is ripe, the facts undisputed, and the question of law should be decided since it should completely dispose of Count 1 of the Complaint as to all parties.

If the notice was "void," then if and when the notice was received, as well as the start and end date of any deadlines, are all irrelevant – simply stated, absent a valid notice setting a specified deadline date, there was **no deadline**.[3]

"If" the notice is simply "void," then legally it is if no notice was delivered at all. In such case, the 30-day clock (or any clock) never began to tick:

---

[2] Reading the pro se motion liberally as required by Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the 10-page motion implicitly, and the subsequent reply explicitly, raised the issue that the notice was "void as a matter of law for failure to set a date."

[3] CEC will no doubt argue that all this was probably obvious to the Court – and given the undisputed notice facts and finding that it failed to comply with NRS 92A.430 – by failing to further conclude such failure rendered the notice void as a matter of law, the Court "implicitly" held that the notice was not simply "void." If, as a matter of law, the notice is simply "void' such that there are no applicable deadlines to meet, then certainly the Court would have stopped an enormous waste of private and judicial resources threatened by another year of unnecessarily litigating Count 1 (before discovery even starts on Count 2). The CEC argument is that since the Court could have easily held the undisputed notice language was "void as a matter of law," disposing of Count 1 as to all parties, the fact the Court elected not to do so could only mean the notice was not, as a matter of law, void. But CEC knows full well that the Court simply *overlooked* this issue, and the only reason the Court overlooked this single question of law which disposes of Count 1 on undisputed notice facts, is that the pro se issue, *though clearly present*, was not as artfully framed as it could have been.

"As a result of the corporation's failure to send the notice required by section 12(b) of the dissenters' rights statute, the clock prescribed by Indiana Code section 23-1-44-12(b)(4) leading to a specific date for the dissenting shareholders to demand payment did not start to tick. Specifically, the plaintiffs were not told where and when to submit their shares." Galligan v. Galligan, 741 NE 2d 1217, 1224 (Ind. 2001)

A deadline for filing notice is subject to strict compliance. Markowitz v. Saxon Special Servicing, 310 P. 3d 569, 572 (Nev. 2013). Missing the deadline for filing notice by even one day will terminate a shareholders dissenter's rights. Nelson v. Frank E. Best, 768 A. 2d 473 (Del. Ch. 2000). And if strict compliance applies to meeting a notice deadline, then strict compliance must also apply to stating the actual notice deadline date of compliance in such notice.[4]

If (as argued by Plaintiff's motion and reply) the notice was "void as a matter of law for failure to set a date" then there is no point in litigating Count 1 of the Complaint for another year[5] – since no legally adequate notice was

---

[4] Jackson v. Turnbull, 1994 WL 174668, at *6 (Del.Ch. Feb.8, 1994) ("Corporations should be held to the same standard.")

[5] CEC could argue that extended unnecessary litigation on Count 1 for another year will not prejudice the Defendants because, having failed to provide proper notice, all legal fees of the Defendants must ultimately be borne by CEC rather than the Defendants. Galligan v. Galligan, 741 NE 2d 1217, 1227 (Ind. 2001)(award of attorney fees "when the corporation fails to comply with the requirements of notice"). Indeed, CEC could argue that the Defendants could actually materially gain from such extended litigation, since, if a receiver is ultimately appointed for collection in this case, a source of funds could be a receiver action seeking recovery for damages resulting from the defective notice (recovering for attorney fees on both sides and for any other damage to CEC). However, while persuasive, these arguments fail to consider the pending and unnecessary expedited litigation now before the Ninth Circuit. Dkt. 275. If this Court finds, as a matter of law, that the notice is void, the entire Count 1 is disposed of as well as the appeal (which only pertains to Count 1). A decision as a matter of law that a notice which fails to "set a date" for compliance is void could spare 8 parties, 10 attorneys, and at least 4 federal judges a year of unnecessary litigation. On balance, and as counseled by FRCP Rule 1 ("speedy and inexpensive determination"), facing this single and inevitable question of law on the undisputed facts is better decided sooner rather than later.

delivered to *any* defendant in this case, *all* defendants are entitled to appraisal of their CEC shares pursuant to Count 1 of the Complaint.[6]

**WHEREFORE**, pursuant to FRCP Rules 1 and 54(b), in the interests of justice, judicial economy, and to avoid an additional year of unnecessary litigation as to the preliminary Count 1, the Court should amend its Order of September 29, 2014 to include a finding that the Dissenter's Rights Notice not only fails to comply with statutory requirements but is *also* "void as a matter of law" and that all Defendants are therefore entitled to prevail on Count 1 and to payment of "fair value" for their CEC shares pursuant to Count 2.

Respectfully submitted:

/s/ Michael Sammons
Michael Sammons, pro se


Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 19 day of Oct, 2014.

/s/ Michael Sammons
Michael Sammons, pro se

---

[6] If by "moot" the Court actually meant it would prefer not to decide the question of law on undisputed facts without further briefing, then this motion and CEC's response have fully allayed such concern.

5