AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| China Energy Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:13-CV-0562 |
| Alan T. Hill, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Depository Trust Company, 55 Water St., New York, NY 10041
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED "EXHIBIT A"

| Place: Spizz, Cohen and Serchuk, P.C.<br>425 Park Avenue; New York, NY 10022 | Date and Time:<br>11/03/2014 1:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10-21-14

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff China Energy Corporation , who issues or requests this subpoena, are:
Jusin J. Bustos, 100 W. Liberty Street, Suite 940, Reno, NV 89501, jbustos@gordonsilver.com, (775) 343-7500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:13-CV-0562

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Depository Trust Company on *(date)* 10/24/2014.

☒ I served the subpoena by delivering a copy to the named person as follows: Sheetal Patel, Paralegal, At 55 Water Street, New York, NY 10041 on *(date)* 10/27/2014; or 11:54 AM

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 10/28/2014

*Server's signature:* Stanley Rollerson

*Printed name and title:* Stanley Rollerson, Process Server

*Server's address:* 115 West 137th Street, 3A, New York, NY 10030

646-626-2128

Additional information regarding attempted service, etc.:

John W. Freer  10/28/2014

JOHN W FREER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FR6245512
Qualified in Suffolk County
My Commission Expires July 25, 2015

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## "EXHIBIT A"

## DEFINITIONS

The following definitions apply to the document requests contained in this Exhibit A:

A. The terms **"You"** and **"Your"** refer to the Depository Trust Company and all of its respective past and present affiliates, partners, representatives, agents, employees, assigns, and nominees, including but not limited to Cede & Co.

B. The term **"document"** means all tangible forms of expression, any written, printed, typewritten, transcribed, recorded, electronically transmitted, or graphic matter, however created, produced, reproduced, or stored (manually, mechanically, computerized, on hard drives or diskettes, electronically, electromagnetically or otherwise), including (without limitation) writings, correspondence, microfilm, microfiche, laser disks, compact discs, CD-ROMs, databases, spreadsheets, computer messages, computer tapes of any type, computer disks of any type, electronic mail, telegrams, telexes or other written communications, facsimile transmissions, contracts, records, agreements, shipping records, invoices, order forms, notes, memoranda, commentaries, summaries, analyses, sheets, bills, money orders, checks, drafts, studies, surveys, diaries, calendars, travel or expense records and vouchers, transmittal slips, cover sheets, reports, minutes, legal pleadings, leases, press releases, mass mailings, promotional literature, books, newspapers, magazines, clippings from newspapers or magazines, brochures, flyers, pamphlets, publications, journals, ledgers, books of account, income tax returns, computations, projections, forecasts, estimates, interoffice communications, intraoffice communications, working papers, diagrams, charts, graphs, indices, studies, questionnaires, tests, surveys, speeches, transcriptions, films, audio tapes, cassettes, and recordings (including, but not limited to, recorded telephone messages), videotapes, cassettes, drawings, graphs, charts, phono-records and recordings, photographs, and any other medium used for the recording, compilation, transmission or storage of information and/or data, whether mechanical, electromagnetic, or other, together with all programs or manuals necessary to interpret such data, and any other data compilations from which information can be obtained or translated if necessary. Originals, translations, drafts, excerpts, fragments, and nonidentical or annotated copies are deemed to be separate documents. References herein to an agreement shall include any amendment, modification or extension thereof.

C. The term **"relating to"** means defining, describing, containing, discussing, embodying, evidencing, mentioning, reflecting, identifying, stating, dealing with, analyzing, or in any way referring to, pertaining to, or relating to something or someone.

D. The terms **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside its scope.

E. The term **"communication"** means the transmittal of information by any means.

F. The term **"including"** means including but not limited to.

## DOCUMENT REQUESTS

1. All documents and communications that refer or relate to the reverse stock split effectuated by China Energy Corporation ("CEC") on July 3, 2013, including all communications with CEC and any of its agents, including all employees and/or agents of United Corporate Services, Quicksilver Stock Transfer, LLC, and Ulmer & Berne LLP.

2. All communications between You with any stockholder of CEC and/or any agent of any stockholder, whether the stockholder is consenting or dissenting, that relate to CEC's reverse stock split.

3. All documents that relate to Your receipt of a general notice package from CEC regarding its reverse stock split or any other communications from CEC or any of its agents regarding the reverse stock split, including: any time-stamped envelopes; mailing receipts; a copy of the original notice received by You; and any internal communications, logs, notes and documents relating to Your receipt of and response to any notice or communication regarding the reverse stock split, including the dates or scheduled dates of such receipt and response.

4. All dissenters rights notices received by You from any Nevada corporation in the last 5 years.

5. All dissenters rights notices received by You from any Washington, Hawaii, Arkansas, Utah, Nebraska, Montana, South Carolina, Michigan, Kentucky, Oregon, and Alabama corporations in the last 5 years.

6. All internal manuals, policies, and procedures that relate to Your handling of or responding to dissenters' rights notices, including any documents that refer or relate to obtaining hard-copy stock certificates in connection with exercising dissenter's rights.


I certify that I am an employee of GORDON SILVER, and that on this date, pursuant to FRCP 5(b), hereby certifies that she served a copy of the **SUBPOENA TO DEPOSITORY TRUST COMPANY** and via CM/ECF to the following individuals:

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
*Attorney for Thomas S. Vredevoogd,
Trustee of the Kimberly J. Vredevoogd
Trust UA 1007/2008*

Edmund J. Gorman Jr.
Attorney at Law, Ltd.
335 W. First Street
Reno, Nevada 89503

Bret F. Meich
ARMSTRONG TEASDALE
3770 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Daniel T. Hayward, Esq.
LAXALT & NOMURA
9600 Gateway Drive
Reno, Nevada 89521

Peter J. Tepley
Meredith Lees
Rebecca Beers
RUMBERGER KIRK & CALDWELL
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209

And by U.S. Mail, postage prepaid, to the following individuals:

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
Defendant in Proper Person

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
*Defendant in Proper Person*

DATED this 30th day of October, 2014.

    /s/ Stephanie J. Glantz
    An employee of GORDON SILVER