Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

China Energy Corporation
    Plaintiff

vs.                                                          Case No.   3:13-CV-562-MMD-VPC

Alan Hill, et al
    Defendants

## DEFENDANT SAMMONS OBJECTION
## TO PLAINTIFF CEC'S MOTION TO EXTEND

    Comes the Defendant, Michael Sammons, and would object to Plaintiff China Energy Corporations ("CEC")'s motion to extend the time to respond to the motion to reconsider by six weeks.  Dkt. 278.

    CEC clearly misunderstands the motion to reconsider.  The Court has already ruled that the Dissenter's Rights Notice in this case failed to "set a date" for delivery of stock certificates as required by Nevada law.  Dkt. 269.  The motion to reconsider simply asks, as did the original motion for partial summary judgment, whether, as a result, the notice is void as a matter of law.  The answer requires nothing more than application of the law to the now established "fact" that the notice "failed to set a date."  The notice speaks for itself and no possible new evidence can change the defective notice.  All that is left is a question of law – particularly appropriate for summary disposition.

    The motion to reconsider simply notes that the Defendant's motion for partial summary judgment, which the Court held was "moot," also presented

1

the issue of whether a dissenter's rights notice which fails to "set a date" for compliance is void as a matter of law – an issue which could not have been rendered "moot." That question of law was ripe then, and is ripe now.

CEC argues it needs time to receive documents from Cede/DTC. But Cede/DTC had nothing whatsoever to do with writing the defective CEC notice. How could anything from Cede/DTC possibly be relevant to this narrow question of law? The notice speaks for itself and was submitted to the Court in its entirety as an exhibit by CEC. No additional evidence could possibly be relevant – the notice says what it says (or doesn't say in this case).

If granted, and this Court holds the notice void as the Defendant argued in the original motion for partial summary judgment, then ALL the pending discovery, all contemplated dispositive motions (from all parties) as to Count 1, not to mention the Ninth Circuit appeal, would all be moot – and the parties can proceed to Count 2 (stock valuation).

No amount of delays, no possible evidence or testimony, could possibly change the fact the notice "fails to set a date." The Court has already made such finding. But does that failure render the notice void as a matter of law? That question, raised by the Defendant's motion for partial summary judgment, is not "moot" and, as wholly a question of law, is ripe for decision.

CEC's motion to delay, which seeks evidence which cannot possibly be relevant to the "question of law" presented, is due to be denied.

Respectfully submitted,

*/s/ Michael Sammons*
Michael Sammons, pro se


Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed or emailed to all parties this the 5 day of Nov, 2014

_____
Michael Sammons, pro se