Edmund J. Gorman, Jr.
Attorney at Law, Ltd.
State Bar No. 11581
335 W. First St.
Reno, NV 89503
(775) 622-3274
ejgormanjr@ejgormanlaw.com
Attorney for Defendant Alan T. Hill

# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHINA ENERGY CORPORATION, a Nevada corporation, | ) ) ) | 3:13-CV-00562-MMD-VPC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOORGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 10/7/2008, JUN HE, and RANDY DOCK FLOYD, | ) ) ) ) ) ) ) ) | **MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Defendants. | ) | |

COMES NOW Defendant Alan T. Hill, by and through counsel, Edmund J. Gorman Jr., of Edmund J. Gorman Jr., Attorney at Law, Ltd, and moves the Court to grant summary judgment in favor of the Defendant on the first cause of action alleged in Plaintiff China Energy Corporation's Complaint in this case.  In support of this Motion, Defendant shows the following memorandum of points and authorities, the exhibits and affidavits attached hereto, and the and the pleadings and papers filed in this case.

Dated this 10th Day of November, 2014.

/s/Edmund J. Gorman, Jr.
Edmund J. Gorman, Jr.
Attorney at Law, Ltd.
335 W. First St.
Reno, NV 89503
(775) 622-3274

**Memorandum of Points and Authorities**

**I. Summary of Motion**

By this Motion, Defendant Alan T. Hill seeks summary judgment on the first cause of action of Plaintiff China Energy Corporation ("CEC"). That claim seeks declaratory judgment that Defendant Alan T. Hill did not properly exercise his dissenters' rights to appraisal of his shares of the Plaintiff corporation. Defendant Hill asserts that he properly perfected his rights and is entitled to judicial appraisal. Following discovery by both parties, there is no material dispute as to the operative facts in this case. Because CEC's notice to stockholders of its corporate restructuring did not set a deadline for dissenting, the Court must determine what Mr. Hill's obligations were in order to dissent, and whether, under the facts here demonstrated, he met those obligations.

**II. Legal Basis**

    **A. Summary Judgment**

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Although a court should view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in [its] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The nonmoving party must satisfy its burden by offering more than a mere "scintilla of evidence" in support of its position; indeed, conclusory allegations and unsupported speculation, without more, are insufficient to preclude summary judgment. Anderson, 477 U.S. at 252. Finally, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut," but as a useful mechanism "to secure the just, speedy and inexpensive determination" of appropriate actions. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

**B. Dissenters' Rights in Nevada**

The rights of shareholders to dissent and obtain fair value for their shares in the face of certain corporate actions are set out in NRS 92A.300 – NRS92A.500, inclusive.  Either a stockholder of record or a beneficial owner of stock may assert dissenter's rights.  NRS 92A.400.

A corporation subject to the actions giving rise to dissenters' rights must send written notice to all stockholders of record. Such notice must:

*(a)  State where the demand for payment must be sent and where and when certificates, if any, for shares must be deposited;*

*(b)  Inform the holders of shares not represented by certificates to what extent the transfer of the shares will be restricted after the demand for payment is received;*

*(c)  Supply a form for demanding payment that includes the date of the first announcement to the news media or to the stockholders of the terms of the proposed action and requires that the person asserting dissenter's rights certify whether or not the person acquired beneficial ownership of the shares before that date;*

*(d)  Set a date by which the subject corporation must receive the demand for payment, which may not be less than 30 nor more than 60 days after the date the notice is delivered and state that the stockholder shall be deemed to have waived the right to demand payment with respect to the shares unless the form is received by the subject corporation by such specified date; and*

*(e)  Be accompanied by a copy of NRS 92A.300 to 92A.500, inclusive.*

NRS 92A.430.

Once received, a shareholder wishing to assert dissenter's rights must:

*(a)  Demand payment;*

*(b)  Certify whether the stockholder or the beneficial owner on whose behalf he or she is dissenting, as the case may be, acquired beneficial ownership of the shares before the date required to be set forth in the dissenter's notice for this certification; and*

 *(c)  Deposit the stockholder's certificates, if any, in accordance with the terms of the notice.*

NRS 92A.440.

In this Motion, Defendant Alan T. Hill argues that CEC's notice did not meet each of the requirements of NRS 92A.430, but that Alan T. Hill nevertheless met all of his obligations under NRS 92A.440.  These circumstances entitle him to judgment in his favor, and nulls CEC's claim for declaratory relief that he is not entitled to an appraisal under NRS Chapter 92A.

Motion for Partial Summary Judgment - 3

### III. Relevant Facts

1. CEC is a Nevada domestic corporation. Complaint ¶¶1, 12 (Dkt. No. 2-1).

2. Defendant Alan T. Hill, a resident of New Mexico, was the beneficial owner of 665,039 shares of CEC stock, 479,639 shares in his own name and 185,400 in the name of an Individual Retirement Arrangement ("IRA") account with TD Ameritrade as custodian. See Affidavit of Alan T. Hill, Exhibit 1; Responses of Defendant Alan T. Hill to Plaintiff China Energy Corporation's First Request for Production of Documents, Exhibit 2, at p. ATH0044- ATH0045 and ATH0056 – ATH0057 (TD Ameritrade Account Statements of Alan Hill indicating position in "CHGY").

3. The shareholder of record for all shares relevant to this case was Cede & Co. Complaint, ¶16 (Dkt. No. 2-1).

4. Cede & Co is a clearing house that holds shares of stock in "street name" for beneficial owners of stock. Complaint , ¶17 (Dkt. No. 2-1). The purpose of holding stock in street names like Cede & Co. is to expedite stock transactions. Id. Cede & Co. acts as a nominee of the Depository Trust Company ("DTC"). See Smith v. Kisorin, 254 P.3d 636, 638 (2011) (factual summary of the role of Cede & Co. and DTC in stock transfers).

5. On July 3, 2013, CEC filed a Certificate of Amendment to its Articles of Incorporation that effectuated a 12,000,000 to 1 reverse stock split (the "Reverse Stock Split"). Complaint, at ¶13) (Dkt. No. 2-1).

6. On July 11th, 2013, CEC, through its agent, Quicksilver Stock Transfer LLC, allegedly sent to all registered stockholders, including Cede & Co., a collection of notices regarding the Reverse Stock Split, which included, among other things, a form transmittal letter for consenting stockholders, a form demand letter for potential dissenting stockholders, and a copy of Chapter 92A of the Nevada Revised Statutes (the "General Notice Package"). See Affidavit of Alan Shinderman, Exhibit 5 to Plaintiff CEC's Motion for Partial Summary Judgment on Count 1 of the Complaint as to the Sammons Defendants (Dkt. No. 71-5).

7. This notice was apparently never received by Cede & Co. See Exhibit 3, at CEC0217 – CEC0220 (emails from DTC to counsel for CEC, including request for courtesy copy).

8. The General Notice Package instructed the stockholders of record that, should any stockholder wish to assert dissenters' rights, they had to comply with the mandates of NRS 92A.440 "within 30 days of the date that this Notice is delivered." The General Notice Package did not indicate a date certain by which dissenting shareholders must comply with NRS 92A.440. Id. at p. 11.

9. On July 29, 2013, Alan T. Hill sent two "Demand Letter for Payment of Fair value of Fractional Share in Connection with Reverse Stock Split" to China Energy Corporation, care of United Corporate Services, Inc. in Carson City, Nevada, CEC's registered agent ("UCS"). One such letter was in reference to 479,639 shares beneficially owned by Mr. Hill in an IRA, and another was in reference to 185,400 shares beneficially owned by Mr. Hill in an unqualified account. Affidavit of Alan T. Hill, Exhibit 1; Exhibit 4 at CEC0139 – CEC0145 (the "Hill Demand Letters").

10. On July 30, 2013, Quicksilver Stock Transfer LLC ("Quicksilver"), an agent of CEC, received a request that new certificates be printed for the shares representing the holdings of Alan T. Hill. The next day, two new certificates representing Mr. Hill's shares were printed by Quicksilver. See Plaintiff China Energy Corporation's Answers to Defendant Alan T. Hill's First Set of Interrogatories to China Energy Corporation, Exhibit 5, at No. 6; Exhibit 4 at CEC0173 – CEC0174 (certificate for 185,400 shares), CEC 0176 – CEC0177 (certificate for 479, 639 shares). The reverse of the certificates shows an endorsement by Cede & Co. in favor of TD Ameritrade Clearing, Inc., as Attorney, on August 9th, 2013. Id.

11. Upon TD Ameritrade Clearing, Inc.'s receiving the new certificates, they were immediately sent to United Corporate Services according to the General Notice Package on August 13th, 2013, and were received August 14th, 2013. Exhibit 4 at CEC0171 – CEC0177 (packages received by UCS); Plaintiff China Energy Corporation's Responses to Defendant Alan Hill's Amended First Requests for Admission Directed to Plaintiff, Exhibit 7, at Request 10 (authenticating transmittal email by UCS); Plaintiff China Energy Corporation's Answers to Defendant Michael Sammons' First Set of

Motion for Partial Summary Judgment - 5

Interrogatories Directed to Plaintiff, Exhibit 7 at Interrogatory No. 3 (confirming date of receipt as August 14th, 2013).

12. These certificates were sent along with letters from Cede & Co., at the behest of TD Ameritrade Inc., asserting dissenters' rights, identifying the beneficial owner of the shares as "Alan Hill" (with respect to 185,400 shares), and "Alan T. Hill Roth IRA" (with respect to 479,639 shares). See Exhibit 4 at CEC0172 – CEC0175 (the "Cede & Co. Demands").

13. There is no legitimate dispute that all of the requirements of NRS 92A.440 were met by Alan T. Hill on or before August 14th, 2014, the date the Cede & Co. Demands were received by UCS along with the certificates.

**IV. Argument**

    **A. Plaintiff CEC's Dissenters' Rights Notice was Deficient[1]**

The General Notice Package sent by CEC to Cede & Co. for Mr. Hill's shares was deficient because no reasonable person receiving and reading the notice could discern when the response was due. The General Notice Package was not only deficient by statute, but also inequitably deprived shareholders of notice of the limits of their rights.

First, the General Notice Package, and the dissenter's rights notice in particular, was undated, giving no indication of what the earliest possible effective date of the notice might be. Furthermore, it provides a deadline of "30 days of the date that this notice is delivered," but it **does not indicate what date that is**. CEC may attempt to rely on NRS 78.150(7)(b) to define "delivery" as deposit in the United States mail, but that statute does not define "delivery." That statute clarifies the the "effective date" for a particular notice, but it does not indicate that "delivery" means anything else than is commonly denoted by that term: receipt by the intended recipient. Cf. NRS 75.020 ("Delivery" . . . "means any method of delivery used in conventional commercial practice.")

---

[1] The findings of the Court in its Order of September 29th, 2014 (Dkt. No. 269) may be favorably dispositive of Defendant's arguments in this section.

Furthermore, NRS 75.150(9) provides: "If any provision of this title prescribes requirements for notices or other communication in particular circumstances, those requirements govern." In the case of NRS 92A.430, those requirements are that the corporation "must set a **date** not less than 30 . . . days after the notice is **delivered**. . ." The statute ties the deadline to "delivery" of the notice, not the "effective date" of the notice. It was CEC's statutory burden to set a date, not a period, by which to assert dissenter's rights. CEC could have dated the notice, sent it the same day, and set the deadline on a date thirty days from its mailing. Cf. Smith v. Kisorin U.S. Inc., 254 P.3d 636, 127 Nev. Adv. Op. 37 (2011) (case where notice specifically required a response "within 45 days after the *date of mailing* of the dissenter's notice" [emphasis added].) Instead, CEC's notice did not set a date certain for dissenting, and did not indicate an effective date or a date of mailing or delivery. A recipient reading the notice is left to guess what date CEC had in mind in determining eligibility of its shareholders to dissent. Without a beginning date on the letter, or an end date by which to comply, CEC's General Notice Package was legally and equitably deficient and CEC must be estopped from relying on timeliness as a pretext for rejecting the rights of dissenting shareholders in this case. Because CEC's notice was deficient, there is as yet no deadline for submitting a shareholder's submitting a payment demand and certificates pursuant to NRS 92A.440. In the alternative, having not set a date by which to return the required information, the Court must at least find that CEC was required to allow a "reasonable time" to return the certificates and the demand. And, the Court may find that as a matter of law, Alan T. Hill's compliance with NRS 92A.440 by August 14th, 2013 was well within such reasonable time. In either case, there is no genuine or material dispute that Alan Hill's payment demands and certificates were transmitted in a "timely" manner as a matter of law, and if these demands were sufficient, he has the rights of a dissenting shareholder pursuant to NRS Chapter 92A.

**B. Alan T. Hill's Payment Demands Were Sufficient Under NRS 92A.**

The response of Alan T. Hill to the notice sent by CEC was comprised of two separate items of correspondence for each of Defendant's two accounts. These are the Hill Demand Letters, Exhibit 3 at CEC0139 – CEC0145, sent July 29th, 2013, and the Cede & Co. Demands sent with the applicable

certificates on Mr. Hill's behalf on August 13th, 2013, Id. at CEC0172 – CEC0177.  See Affidavit of Alan T. Hill, Exhibit 1 (confirming dates of mailing).  These documents, considered individually or together, meet the first two requirements of NRS 92A.440. The first Hill Demand Letters, sent by Alan Hill personally, meet the first two requirements of NRS92A.440 because they demand payment, they certify that the shareholder acquired the shares before the announcement date of the stock split, and they propound a "fair value" of 20 Chinese Yuan per share.[2]  Although these Hill Demand Letters were not accompanied by share certificates, those certificates were deposited later at the earliest possible date, August 14th, 2013, attached to the Cede & Co. Demands.  See Section III, above, at ¶11.

Plaintiff, in its September 25th, 2013 letter asserting that Defendant had not perfected his rights for his shares held in his IRA, asserts that the Hill Demand Letter concerning the Defendant's 479,639 shares is deficient because those shares are held in an Individual Retirement Arrangement account and therefore the Defendant was not the beneficial owner.  Exhibit 2, ATH0008 – ATH0010.  This argument cannot be availing.  Alan Hill is undisputedly the beneficial owner of the IRA, and therefore the beneficial owner of its shares.  See Section III, ¶3, above.  There is no genuine dispute about whose benefit the account was for, or who had ultimate control over the assets- Defendant Alan T. Hill.  TD Ameritrade, Inc. was a "Custodian" of Mr. Hill's IRA account, but this account was not a separate legal entity.  See Exhibit 2, at ATH0044 and ATH0056 (Statements addressed to Defendant, listing TD Ameritrade as "Custodian").  Therefore, the Hill demand referencing the IRA shares was sufficient coming from the Defendant personally.

And even if Defendant Alan Hill were not authorized to dissent on behalf of his shares held in his IRA, the later Cede & Co. demand referencing these shares, Exhibit 3 at CEC0175, is sufficient to invoke dissenters' rights for these shares because it comes from the shareholder of record, not the beneficial owner, and affirms that it was directed by the IRA custodian, "TD Ameritrade #188" to dissent.  It then

---

[2] Any argument that a fair value stated in Yuan (RMB) makes the payment demand deficient is without merit.  Neither the statute nor any case law requires that the value be stated in USD.  Defendant submits he could have stated his demand in dollars, drachmas, dinars, or any other currency or commodity whose value is readily ascertainable and reasonably accepted in commerce.  A payment demand serves as a first offer in a negotiation- it does not require the recipient to pay in the requested currency.

Motion for Partial Summary Judgment - 8

directs correspondence to "Alan T. Hill Roth IRA" at his personal address, with copies to TD Ameritrade offices. <u>Id.</u> The Cede & Co. Demands cure any possible defects in the Hill Demand Letters. They act as a consent to the Hill Demand Letters, <u>cf.</u> NRS92A.400(2)(a), and they come from the shareholder of record, making moot any question as to the beneficial owner of the shares or his authority to dissent personally. Finally, they contained share certificates as required by NRS 92A.440(c).

Both of the Cede & Co. Demands, while they cure any deficiency in the Hill Demand Letters, are also sufficient in themselves to invoke Defendant Hill's appraisal rights. These latter demands were received August 14th, 2014, accompanied by the requisite stock certificates. <u>See</u> <u>Exhibit 3</u> CEC0171 – CEC0177; <u>CEC's Responses to Requests for Admission, Exhibit 7</u> (authenticating the email of UCS confirming receipt). These Cede & Co. Demands provided CEC with adequate and legally sufficient notice that the legal and beneficial owners were asserting Mr. Hill's rights to payment of fair value for his shares. Without question, therefore, Mr. Hill met all of the requirements of NRS 92A.440, with respect to all shares held by him personally and in his IRA. Because CEC cannot assert untimeliness in this case, Mr. Hill is entitled to summary judgment.

## V. Conclusion

By this Motion, Defendant Alan T. Hill seeks judgment against CEC, quashing CEC's attempt to read NRS 92A.440 so narrowly as to deprive United States investors out of fair value for their shares as the company is taken private half a world away. CEC's invention of hyper-technical reasons for refusing to honor the Defendants' dissenters' rights is a blatant abuse of Nevada law, reeks of iniquity, and cannot be allowed by the Court.

In light of the admitted and uncontestable facts established in this Motion, there is no material dispute that, even in light of a legally deficient notice of his rights from CEC, Defendant Alan T. Hill sent a sufficient assertion of dissenters' rights and payment demand, and deposited his share certificates prior to any date actually set by CEC for doing so, fulfilling the requirements of NRS 92A.440. It would be inequitable for the Court to grant CEC's prayed-for relief, holding that Defendant Hill's demand for

payment in yuan, or his late deposit of share certificates, or his relationship with TD Ameritrade as Custodian rendered his demands void. Alan T. Hill complied both substantially and strictly with the provisions of NRS 92A.440, and is entitled to an appraisal of his shares.[3]

**WHEREFORE**, Defendant prays the Court enter an Order:

1. Finding that CEC's "General Notice Package" was legally deficient pursuant to NRS 92A.430, and therefore there was no deadline for Defendant Alan Hill to comply with the provisions of NRS 92A.440, or that he only had to comply in a "reasonable time," which period would have ended some time after August 14th, 2014;

2. Finding that Defendant Alan Hill properly complied with the provisions of NRS 92A.440 on or before August 14th, 2014, perfecting his dissenters' rights, and finding that his demand remains "unsettled" pursuant to NRS 92A.490;

3. For Judgment against Plaintiff, denying declaratory relief in favor of Plaintiff on the first cause of action in its Complaint; and

4. For such other or additional relief as the Court deems just and proper.

Dated this 10th Day of November, 2014

/s/Edmund J. Gorman, Jr.
Edmund J. Gorman, Jr.
Attorney at Law, Ltd.
335 W. First St.
Reno, NV 89503

---

[3] Defendant Hill's dissenters' right to fair value for his shares will be vindicated through the prosecution of CEC's second claim for relief, a petition for judicial appraisal pursuant to NRS 92A.490.

**Proof of Serive**

Alan T. Hill, by and through counsel, Edmund J. Gorman Jr., Attorney at Law, Ltd., has served to the interested persons listed below a true copy of the Motion for Partial Summary Judgment, by service through CM/ECF to:

| | |
|---|---|
| Richard L. Elmore, Esq.<br>Tamara Reid, Esq.<br>Holland & Hart<br>5441 Kietzke Lane, 2nd Floor<br>Reno, NV 89511 | Michael Sammons<br>15706 Seekers St<br>San Antonio, TX 78255<br>*Defendant in Proper Person* |
| Bret F. Meich, Esq.<br>ARMSTRONG TEASDALE<br>50 W. Liberty Street, Suite 950<br>Reno, NV 89501 | Daniel T. Hayward, Esq.<br>LAXALT & NOMURA<br>9600 Gateway Drive<br>Reno, Nevada 89521 |
| Frances Floriano Goins, Esq.<br>Ulmer & Berne LLP<br>1660 West 2nd Street, Ste 1100<br>Cleveland, OH 44113 | Peter J. Tepley, Esq.<br>Meredith Lees, Esq.<br>Rebecca Beers, Esq.<br>RUMBERGER KIRK & CALDWELL<br>2204 Lakeshore Drive, Suite 125<br>Birmingham, AL 35209 |
| Justin J. Bustos, Esq.<br>Gordon and Silver,<br>100 W. Liberty St., Ste. 940<br>Reno, Nevada 89501 | |

And via US Mail, postage prepaid, to the following:

| | |
|---|---|
| Elena Sammons<br>15706 Seekers St<br>San Antonio, TX 78255<br>*Defendant in Proper Person* | Randy Dock Floyd<br>4000 Goff Road<br>Aynor, SC 29551<br>*Defendant in Proper Person* |

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

I declare under penalty of perjury under the laws of the State of Nevada and the United States of America that the foregoing is true and correct.

Dated this 10th Day of November, 2014.

/s/ Edmund J. Gorman, Jr.
Edmund J. Gorman, Jr.
Attorney at Law, Ltd.
335 W. First St.
Reno, NV 89503

# INDEX OF EXHIBITS

| Name | Descriptions | No. of Pages |
|---|---|---|
| Exhibit 1 – | Affidavit of Alan T. Hill | 1 |
| Exhibit 2 – | Responses of Defendant Alan T. Hill to Plaintiff China Energy Corporation's First Request for Production of Documents [Excerpts] | 37 |
| Exhibit 3 – | Plaintiff China Energy Corporation's Responses to Third-Party Defendant COR Clearing LLC's Second Set of Discovery Requests Directed to Plaintiff China Energy Corporation [Excerpts] | 12 |
| Exhibit 4 – | Plaintiff China Energy Corporation's Third Supplemental Disclosures [Excerpts] | 17 |
| Exhibit 5 – | Plaintiff China Energy Corporation's Answers to Defendant Alan T. Hill's First Set of Interrogatories to China Energy Corporation | 9 |
| Exhibit 6 – | Plaintiff China Energy Corporation's Answers to Defendant Michael Sammons' First Set of Interrogatories Directed to Plaintiff | 8 |
| Exhibit 7 - | Plaintiff China Energy Corporation's Answers to Defendant Alan T. Hill's First Set of Requests for Admission to China Energy Corporation | 5 |

# INDEX OF EXHIBITS