UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>ALAN T. HILL, et al.,<br><br>　　　　　　　　　　　　Defendants,<br>ELENA SAMMONS and MICHAEL SAMMONS,<br><br>　　　　　　　　　Third-Party Plaintiffs,<br>　　v.<br>COR CLEARING, LLC,<br><br>　　　　　　　　Third-Party Defendant. | Case No. 3:13-cv-00562-MMD-VPC<br><br>ORDER |

Before the Court is Defendant Michael Sammons's Motion to Reconsider Order Denying Motion for Partial Summary Judgment re Right to Appraisal of 350,000 Shares of CEC ("Motion to Reconsider") (dkt. no. 276). The Court has also reviewed Plaintiff China Energy Corporation's ("CEC") Motion for Additional Time to respond to the Motion to Reconsider (dkt. no. 278) and Defendant's opposition (dkt. no. 279). The Court denies without prejudice Defendant's Motion to Reconsider and denies as moot Plaintiff's Motion for Additional Time.

Defendant asks the Court to reconsider its Order (dkt. no. 269) denying as moot a Motion for Partial Summary Judgment ("MPSJ") (dkt. no. 73) that Defendant filed in

December 2013. Defendant argues that the Court's Order overlooked an argument — that the dissenter's rights notice at issue is void as a matter of law — that Defendant raised implicitly in the MPSJ and explicitly in his reply. (*See* dkt. no. 276 at 3 n.2.) Although Defendant is correct that the reply discusses whether the dissenter's rights notice is void (*see* dkt. no. 95 at 4-5, 23), the MPSJ sought "a partial summary judgment finding that [Defendants Michael Sammons and Elena Sammons] have met the requirements of NRS 92A.300-500 for perfecting their dissenter's rights," and a finding that "the Defendants are entitled to a judicial appraisal of the 'fair value' of their 350,000 shares of CEC." (Dkt. no. 73 at 10.) In light of the MPSJ's arguments, Plaintiff's opposition focused on the deadline by which Defendant should have perfected his dissenter's rights. (*See* dkt. no. 94 at 4-7.) Because only Defendant's reply addressed whether Plaintiff's dissenter's rights notice is void as a matter of law, the issue was not fully briefed.

The Court therefore denies Defendant's Motion to Reconsider (dkt. no. 276) without prejudice. Defendant may file a separate motion addressing whether Plaintiff's dissenter's rights notice is void as a matter of law. Moreover, because Plaintiff seeks additional time to respond to Defendant's Motion for Reconsideration, the Court denies as moot Plaintiff's Motion for Additional Time (dkt. no. 279).

DATED this 10th day of November 2014

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE