1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                * * *
9   CHINA ENERGY CORPORATION,              Case No. 3:13-cv-00562-MMD-VPC
10                         Plaintiff,       ORDER
11        v.
12  ALAN T. HILL, et al.,
13                        Defendants,
14  ELENA SAMMONS and MICHAEL
    SAMMONS,
15                   Third-Party Plaintiffs,
16        v.
17  COR CLEARING, LLC,
18                 Third-Party Defendant.

19

20        Before the Court is Defendant Michael Sammons's Motion to Reconsider Order

21  Denying Motion for Partial Summary Judgment re Right to Appraisal of 350,000 Shares

22  of CEC ("Motion to Reconsider") (dkt. no. 276). The Court has also reviewed Plaintiff

23  China Energy Corporation's ("CEC") Motion for Additional Time to respond to the Motion

24  to Reconsider (dkt. no. 278) and Defendant's opposition (dkt. no. 279). The Court denies

25  without prejudice Defendant's Motion to Reconsider and denies as moot Plaintiff's

26  Motion for Additional Time.

27        Defendant asks the Court to reconsider its Order (dkt. no. 269) denying as moot a

28  Motion for Partial Summary Judgment ("MPSJ") (dkt. no. 73) that Defendant filed in

December 2013. Defendant argues that the Court's Order overlooked an argument —
that the dissenter's rights notice at issue is void as a matter of law — that Defendant
raised implicitly in the MPSJ and explicitly in his reply. (*See* dkt. no. 276 at 3 n.2.)
Although Defendant is correct that the reply discusses whether the dissenter's rights
notice is void (*see* dkt. no. 95 at 4-5, 23), the MPSJ sought "a partial summary judgment
finding that [Defendants Michael Sammons and Elena Sammons] have met the
requirements of NRS 92A.300-500 for perfecting their dissenter's rights," and a finding
that "the Defendants are entitled to a judicial appraisal of the 'fair value' of their 350,000
shares of CEC." (Dkt. no. 73 at 10.) In light of the MPSJ's arguments, Plaintiff's
opposition focused on the deadline by which Defendant should have perfected his
dissenter's rights. (*See* dkt. no. 94 at 4-7.) Because only Defendant's reply addressed
whether Plaintiff's dissenter's rights notice is void as a matter of law, the issue was not
fully briefed.

The Court therefore denies Defendant's Motion to Reconsider (dkt. no. 276)
without prejudice. Defendant may file a separate motion addressing whether Plaintiff's
dissenter's rights notice is void as a matter of law. Moreover, because Plaintiff seeks
additional time to respond to Defendant's Motion for Reconsideration, the Court denies
as moot Plaintiff's Motion for Additional Time (dkt. no. 279).

DATED this 10th day of November 2014

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2