AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| China Energy Corporation | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:13-cv-00562 |
| Alan T. Hill, et al. | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Depository Trust Company, through its designated Corporate Representative pursuant to Fed. R. Civ. P. 30(b)(6); 55 Water Street, New York, NY 10041

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see "Exhibit A" attached hereto.

| Place: Spizz, Cohen and Serchuk, P.C. 425 Park Avenue, NY 10022 | Date and Time: 11/18/2014 10:00 |
|---|---|

The deposition will be recorded by this method: __Certified Court Reporter__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/10/2014

*CLERK OF COURT*

OR  /s/ Frances _____

_____   _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __China Energy Corporation__, who issues or requests this subpoena, are:

Frances Floriano Goins; ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100; Cleveland, OH 44113
(216) 583-7202; fgoins@ulmer.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:13-cv-00562

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Depository Trust Company on *(date)* 11/10/2014.

☑ I served the subpoena by delivering a copy to the named individual as follows: Edith Funk, Paralegal/ authorized at 55 Water Street, New York, New York 10041 @ 9:35 AM on *(date)* 11/12/2014 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 46.94 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/12/2014

*Server's signature*

RICARDO DELPRATT, Private Process Server

*Printed name and title*

Veritex Records
1301 East Ninth Street, Suite 100
Cleveland, Ohio 44114

*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## "EXHIBIT A"

### DEFINITIONS

The following definitions apply to the Topics for Examination and Instructions contained in this Exhibit A:

A.   The term "**DTC**" refers to the Depository Trust Company and all of its respective past and present affiliates, subsidiaries, parent companies, partners, representatives, agents, employees, assigns, and nominees, including but not limited to Cede & Co.

B.   The term "**CEC**" refers to China Energy Corporation, a Nevada corporation.

### INSTRUCTIONS

CEC has served this subpoena on DTC pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 30(b)(6). To comply with this subpoena, DTC must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the Topics for Examination listed below, in accordance with Fed. R. Civ. P. 30(b)(6). If DTC chooses to designate more than one person to testify regarding the Topics for Examination listed in below, DTC should advise CEC as to who will be testifying regarding each of the Topics for Examination. The person or persons designated by DTC to testify on its behalf must testify about all information known or reasonably available to DTC.

### TOPICS FOR EXAMINATION

1. DTC's processes, practices, policies, and procedures for handling and responding to dissenters' rights notices, which are sometimes called appraisal rights notices.

2. DTC's processes, practices, policies, and procedures for obtaining stock certificates in connection with responding to dissenters' rights notices and/or perfecting beneficial stockholders' rights to dissent and/or appraisal, including the specific procedures and practices DTC followed in connection with dissenters' rights demands and notices relating to the reverse stock split effectuated by CEC on July 3, 2013.

3. DTC's practice of and reasons for holding stock shares for which it is the record owner in book entry form.

4. All aspects of DTC's handling of demands for dissenters' rights in connection with the reverse stock split effectuated by CEC on July 3, 2013, including, but not limited to, its handling of beneficial stockholders' demands for appraisal and determination of the deadline to submit such demands for dissenters' rights.

5. The documents produced by DTC in response to CEC's subpoena served upon DTC in this case.

I certify that I am an employee of GORDON SILVER, and that on this date, pursuant to FRCP 5(b), I served a copy of the fully executed **SUBPOENA TO DEPOSITORY TRUST COMPANY** via CM/ECF to the following individuals:

Richard L. Elmore, Esq.
Holland & Hart
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
*Attorney for Thomas S. Vredevoogd, Trustee of the Kimberly J. Vredevoogd Trust UA 1007/2008*

Edmund J. Gorman Jr.
Attorney at Law, Ltd.
335 W. First Street
Reno, Nevada 89503

Bret F. Meich
ARMSTRONG TEASDALE
3770 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169

Michael Sammons
15706 Seekers St
San Antonio, TX 78255
*Defendant in Proper Person*

Daniel T. Hayward, Esq.
LAXALT & NOMURA
9600 Gateway Drive
Reno, Nevada 89521

Peter J. Tepley
Meredith Lees
Rebecca Beers
RUMBERGER KIRK & CALDWELL
Park Place Tower
2001 Park Place North, Suite 1300
Birmingham, AL 35203

And by U.S. Mail, postage prepaid, to the following individuals:

Elena Sammons
15706 Seekers St
San Antonio, TX 78255
Defendant in Proper Person

Jun He
231 Split Rock Rd
The Woodlands, TX 77381
*Defendant in Proper Person*

Randy Dock Floyd
4000 Goff Road
Aynor, SC 29551
*Defendant in Proper Person*

DATED this 13th day of November, 2014.

    /s/ Stephanie J. Glantz_____
An employee of GORDON SILVER