UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　Plaintiff,<br>　v.<br>ALAN HILL, et al.,<br>　　　　　　Defendants,<br>ELENA SAMMONS AND MICHAEL SAMMONS,<br>　　　　　　Third-Party Plaintiffs,<br>　v.<br>CEDE & CO., THE DEPOSITORY TRUST COMPANY, AND COR CLEARING<br>　　　　　　Third-Party Defendants | Case No. 3:13-cv-00562-MMD-VPC<br><br>ORDER<br><br>(Motion for Attorney's Fees and Related Expenses – dkt. no. 299) |

**I.　SUMMARY**

Before the Court is Third-Party Defendant COR Clearing, LLC's ("COR") Motion for Attorney's Fees and Related Expenses, seeking fees and costs against Plaintiff China Energy Corporation ("CEC") ("Motion"). (Dkt. no. 299). The Court has also reviewed CEC's opposition (dkt. no. 312) and COR's reply (dkt. no. 315).[1] For the following reasons, the Motion is denied.

---

[1] The Court recently granted CEC's former counsel's request to withdraw. (Dkt. no. 333.) This decision does not affect the Court's ruling on the Motion, which was fully briefed before CEC's counsel filed their motion to withdraw.

## II. BACKGROUND

The facts giving rise to this action are recited in the Court's previous Orders. (*See* dkt. nos. 226, 269.) The Court will summarize only the facts and procedural history that are pertinent to COR's Motion.

CEC asserts two claims against Plaintiffs. The first claim seeks a declaration that certain shareholders — including Third-Party Plaintiffs Elena Sammons and Michael Sammons ("the Sammons") — had not properly dissented to a stock split. (Dkt. no. 2-1 at 5-7.) The second claim is an alternative request for a "fair value determination" that before the stock split, CEC's stock was worth $0.14 per share. (*Id.* at 7-8.)

The Sammons filed a Third-Party Complaint against COR and other third party defendants (together, "Third-Party Defendants"). (Dkt. no. 128.) They allege that the Third-Party Defendants had vitiated their ability to dissent to CEC's stock split. (*Id.* ¶¶ 19, 25, 33-36.) The Sammons allege that, in so doing, the Third-Party Defendants had breached a contract, their fiduciary duties, and were negligent. (*Id.* ¶ 41.) If, as CEC requests, this Court declares that the Sammons failed to dissent to CEC's stock split, the Sammons request a declaratory judgment specifying that, but for the Third-Party Defendants' errors, the Sammons would have properly dissented to CEC's stock split. (*Id.* at 11-12.)

COR moved for dismissal of the Sammons' third party claim, which this Court denied. (Dkt. nos. 161, 226.)

CEC then moved for partial summary judgment on their first claim, contending that the Sammons failed to comply with NRS § 92A.440 because they submitted an untimely dissent, and because they improperly demanded payment in a foreign currency. (Dkt. no. 71 at 4-5, 4 n.6.) The Court denied summary judgment, finding that CEC's Dissenters' Rights Notice failed to comply with NRS § 92A.430 because it did not set a date for stockholders' responses. (Dkt. no. 269.)

///
///

Pursuant to the parties' stipulation, the Court dismissed CEC's first claim. (Dkt. no. 297.) COR then moved for an assessment of fees and related costs against CEC. (Dkt. no. 299.)

## III. DISCUSSION

"In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law . . . giving a right [to attorney's fees], which reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v. Am. Telephone & Telegraph Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.3). COR relies on NRS § 92A.500(2)(a)[2] as the authority under Nevada law for assessment of attorney's fees and related costs against CEC.

Section 92A.500 of the Nevada Revised Statute provides that in a proceeding to determine fair market value,

> 2. The court may also assess the fees and expenses of the counsel and experts for the respective parties, in amounts the court finds equitable:
>
> (a) Against the subject corporation and in favor of all dissenters if the court finds the subject corporation did not substantially comply with the requirements of NRS 92A.300 to NRS 92A.500, inclusive; or
>
> (b) Against either the subject corporation or a dissenter in favor of any other party, if the court finds that the party against whom the fees and expenses are assessed acted arbitrarily, vexatiously or not in good faith with respect to the rights provided by NRS 92A.300 to NRS 92A.500, inclusive.

NRS § 92A.500(2)(a). COR contends that assessment of fees and expenses is appropriate because the Court found that CEC did not substantially comply with NRS § 92A.430, and that it falls within NRS § 92A.500(2)(a)'s definition of "parties." CEC counters that NRS § 92A.500(2)(a) limits recovery to "all dissenters." (Dkt. no. 312 at 3.)

---

[2] CEC claims entitlement to attorney's fees under NRS § 92A.500, which contains 5 subsections. It is apparent that CEC relies on subsection 2 because it quotes from this subsection. (Dkt. no. 299 at 4.)

In reply, COR argues that the term "respective parties" encompasses third parties. The Court disagrees.

Section 92A.500(2) gives the court discretion to assess fees and expenses as follows: (a) "[a]gainst the subject corporation and in favor of all dissenters" or (b) "[a]gainst either the subject corporation or a dissenter in favor of any other party" where the court found arbitrary or vexatious conduct. NRS § 92A.500(2). COR is seeking an assessment of fees and expenses under subsection (a), which is only available to "all dissenters." Third parties such as COR are not entitled to assessment of fees and related costs under NRS § 92A.500(2)(a).

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is ordered that COR Clearing, LLC's ("COR") Motion for Attorney's Fees and Related Expenses (dkt. no. 299) is denied.

ENTERED THIS 29th day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE